UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | PLAINTIFF'S MOTION FOR |
| ) | REMAND TO THE WORCESTER |
| UNITED STATES FIDELITY AND ) | SUPERIOR COURT PURSUANT |
| GUARNTY COMPANY ) | TO 28 U.S.C.A. § 1446 |
| ) | |
| Defendant ) | |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and moves this Honorable Court for remand to the Worcester County Superior Court. As grounds for this motion, the Plaintiff states as follows:

I.   NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this lawsuit in the Worcester Superior Court on or about April 11, 2005 seeking relief against the surety of a defunct general contractor under M.G. L. c. 149 § 29 and M.G. L. c. 176D. Service was duly made on the Defendant, United States Fidelity and Guaranty Co ("the Surety") On or about May 12, 2005, the Surety filed its Notice of Removal to this court, stating diversity of the parties as the basis of removal. The Plaintiff now moves for remand on the grounds that there is no diversity of the parties, that the Surety has acceded to jurisdiction over it in the Worcester Superior Court, that jurisdiction over this matter has been reserved to the superior court by the state legislature and that the interests of justice and the general public require adjudication in the state court.

1

II.    RELEVANT FACTS

The Plaintiff is a New Hampshire-based landscape contractor who entered into a contract with Standen Contracting Company, Inc. of 445 Faunce Corner Road in North Dartmouth, in the Commonwealth of Massachusetts. The work to be performed by the Plaintiff was located at the Shrewsbury Middle School ("the Project") in Shrewsbury, in Worcester County, in the Commonwealth of Massachusetts. The town of Shrewsbury is a political subdivision of the Commonwealth of Massachusetts. Standen, as principal, was bonded by the Surety, who listed its principal place of business at 124 Grove Street in Franklin, in Norfolk County in the Commonwealth of Massachusetts. The Project at all times proceeded under M.G.L. c. 149, one of the Commonwealth's two public contracting statutes.

Standen has ceased operations. The Surety has assumed responsibility for the work and now stands in the shoes of Standen, its principal. The Surety ultimately retained, as its managing agent of the Project, Jackson Construction, a Massachusetts corporation conducting its business at 20 Dan Road in Canton, Norfolk County in the Commonwealth of Massachusetts.

Despite that the Plaintiff has performed its work, it has not been paid for its work.

On or about April 20, 2005, the Plaintiff filed suit against the Surety in the Worcester County Superior Court pursuant to M.G. L. c. 149 § 29 and M.G. L. c. 176D. M.G.L. c. 149 § 29 states, in part, that claims under this statute are brought by "prosecuting the claim thereafter by trial *in the superior court* to final adjudication…"

On April 21, 2005, the Surety was served at its facility at 300 Crown Colony Drive in Quincy in Norfolk County in the Commonwealth of Massachusetts, in hand by the Norfolk County Deputy Sheriff. See, proof of service, attached hereto.

III. ARGUMENT

A. THERE IS NO BASIS FOR ANY CLAIM OF DIVERSITY OF CITIZENSHIP THUS INVOKING THE JURISDICTION OF THE FEDERAL COURT

There is no instance of diversity in this case warranting adjudication in the United States District Court. For purposes of this claim, the Plaintiff, though a New Hampshire resident, has waived any claim of lack of jurisdiction by the Massachusetts court over it based on diversity.

As to the Surety, it is a Massachusetts resident for purposes of this suit. The Surety has a physical facility in Quincy, in the Commonwealth of Massachusetts. It conducts its business there, has employees there, receives mail there and can be lawfully served there. For the purpose of its bond, the Surety identifies its *principal place of business* as being in the Commonwealth of Massachusetts. This is not an issue of law—the Surety admits as a matter of fact that its principal place of business is in the Commonwealth as to its bonds.

In addition, the Surety is standing in the shoes of Standen Contracting, its principal, for the purposes of claims in this case. Standen was a Massachusetts corporation.

There are likely two indispensable parties to this lawsuit who may be brought into this suit. These parties include Jackson Construction, a Massachusetts corporation, and the town of Shrewsbury, a political subdivision of the Commonwealth of Massachusetts.

In short, the only party to this dispute who is not a Massachusetts resident is the Plaintiff, and the Plaintiff has no objection to being subject to the state court of the Commonwealth.

In short, there is simply no diversity in this case, thus warranting full remand to the Worcester Superior Court, such that this motion should be ALLOWED.

### B. THE SURETY HAS ALREADY CONSENTED TO JURISDICTION IN THE STATE COURTS OF THE COMMONWEALTH AND THE PUBLIC INTEREST REQUIRES ADJUDICATION IN THAT COURT

The Surety issued a payment bond in Massachusetts with regard to a project under M.G.L. c. 149. Its payment bond specifically identifies the bond as relating to a "public contract-Commonwealth of Massachusetts." The statute clearly states that surety claims must be brought in the Superior Court, not "a court of competent jurisdiction" or some other such language which would suggest that the United States District Court would be appropriate. The language of the statute is clear—when a surety issues a bond for a public project in the Commonwealth, it is specifically subjecting itself to the jurisdiction of the Superior Court.

This Surety has routinely submitted itself to the jurisdiction of the Worcester County Superior Court in cases of this nature. By way of two examples, the Surety is represented by the same counsel in the Worcester County Superior Court with regard to the Shrewsbury High School project brought by another landscaper represented by Plaintiff's counsel, R.W. Granger v. Emanouil Brothers v. USF & G, Worcester Superior Court CA 03-1021. See, also R.A. Hammond Construction v. U.S. F & G. et al Worcester Superior Court CA# 05-0153.

These lawsuits involve construction of public works in the Commonwealth of Massachusetts. The legislature has clearly stated that the state's superior court is the appropriate court for these matters. The Worcester County Superior Court routinely handles these matters, and has experience and expertise in processing these strictly state claims in an expeditious manner under its time standards system. The county court has an interest in prompt and

4

predictable adjudication of matters pertaining to construction within its county. There is no reason, as the saying goes, "to make a federal case" out of this.

The Plaintiff recognizes this fact, and has consciously agreed to submit itself to the jurisdiction of the Superior Court. The Plaintiff has every right to select its forum. The Surety's attempt to thwart that selection, and to remove this matter from the venue best able to handle this matter, simply smacks of more bad faith by this Surety against this Plaintiff.

Because the legislature determined that these cases should proceed in the Superior Court, and because the Superior Court is best suited to adjudicate these matters, and because the state courts have a broader public interest in maintaining jurisdiction, and because there is absolutely no basis for a claim of lack of diversity, this Honorable Court should remand this case to the state court, and the motion for remand should be ALLOWED.

IV.   CONCLUSION

For the foregoing reasons, that this Court lacks any jurisdictional authority to exercise its power over this case, including the lack of diversity, the Surety's willful and voluntary submission to the state court, and the public interest in retaining these matters in state court, the Motion for Remand should be ALLOWED.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

_____
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: May 13, 2005

## CERTIFICATE OF SERVICE

    I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Cetrulo & Capone
Two Seaport Lane
Boston, MA 02210
Attn: Bradford Carver, Esq.

                                                                     Robert N. Meltzer

May 13, 2005

# UNITED STATES FIDELITY AND GUARANTY COMPANY

EXECUTED IN FOUR (4) COUNTERPARTS

(A Stock Company)

Bond No. SW5041

## PAYMENT BOND
(PUBLIC CONTRACT—COMMONWEALTH OF MASSACHUSETTS)

**KNOW ALL MEN BY THESE PRESENTS:**

That  STANDEN CONTRACTING COMPANY, INC.

445 Faunce Corner Road, North Dartmouth, MA  02747

as Principal, hereinafter called Contractor, and UNITED STATES FIDELITY AND GUARANTY COMPANY

as Surety, hereinafter called Surety, are held and firmly bound unto  TOWN OF SHREWSBURY

100 Maple Avenue, Shrewsbury, MA  01545

as Obligee, hereinafter called Owner, in the penal sum of  FOURTEEN MILLION SIX HUNDRED EIGHTY SIX THOUSAND EIGHT HUNDRED SEVENTY TWO AND 00/100ths  Dollars ($ 14,686,872.00 ) for the payment of which sum well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**WHEREAS,** Contractor has by written agreement dated  October 3, 2002  entered into a Contract with Owner for

Renovation of former Shrewsbury High School into Middle School

**NOW THEREFORE,** if the Contractor and his subcontractors shall pay for labor performed and materials used or employed in the prosecution of the work provided for in said contract, and for all other items of the kind and nature specified in Chapter 149, Section 29, of the General Laws of Massachusetts, then this obligation shall be void; otherwise to remain in full force and effect;

**PROVIDED, HOWEVER,** that in order to obtain the benefits of this bond, all claimants shall comply with all the provisions of said Chapter 149, Section 29, which are pertinent to their claims, and all rights and liabilities on this bond shall be determined and limited by said section to the same extent as if this were copied at length herein.

**IN WITNESS WHEREOF,** the parties hereto have hereunto set their hands and affixed their seals on  October 4, 2002

Witness as to Principal:

_[signature]_
_[signature]_ Ronald C. Meek

STANDEN CONTRACTING COMPANY, INC. (Seal)

By _[signature]_ (Seal)

UNITED STATES FIDELITY AND GUARANTY COMPANY

By _[signature]_
Kathleen M. Flanagan, Attorney-in-Fact

Contract 236 (7-62) (Mass.)

EXECUTED IN FOUR (4) COUNTERPARTS

AIA Document A312

# Performance Bond

Bond #SW5041

Conforms with the American Institute of Architects, AIA Document A312.
Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

CONTRACTOR (Name and Address):
STANDEN CONTRACTING COMPANY, INC.
445 Faunce Corner Road
North Dartmouth, MA 02747

SURETY (Name and Principal Place of Business):
UNITED STATES FIDELITY AND GUARANTY COMPANY
124 Grove Street
Franklin, MA 02038

OWNER (Name and Address):
TOWN OF SHREWSBURY
100 Maple Avenue
Shrewsbury, MA 01545

CONSTRUCTION CONTRACT
   Date: October 3 2002
   Amount: FOURTEEN MILLION SIX HUNDRED EIGHTY SIX THOUSAND EIGHT HUNDRED SEVENTY TWO
      AND 00/100ths ($14,686,872.00)
   Description (Name and Location): Renovation of former Shrewsbury High School into a Middle School

BOND
   Date (Not earlier than Construction Contract Date): October 4 2002
   Amount: FOURTEEN MILLION SIX HUNDRED EIGHTY SIX THOUSAND EIGHT HUNDRED SEVENTY TWO
      AND 00/100ths ($14,686,872.00)
   Modifications to this Bond:    ☒ None    ☐ See Page 2

CONTRACTOR AS PRINCIPAL
Company:                              (Corporate Seal)
STANDEN CONTRACTING COMPANY, INC.
Signature: _____
Name and Title:
(Any additional signatures appear on page 2.)

(FOR INFORMATION ONLY - Name, Address and Telephone) AGENT or BROKER:
Lockton Companies, Inc.
80 Scott Swamp Road, Farmington, CT 06032

SURETY
Company: UNITED STATES FIDELITY      (Corporate Seal)
AND GUARANTY COMPANY
Signature: _____
Name and Title: Kathleen M. Flanagan, Attorney-in-Fact

OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

1  The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

2  If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except to participate in conferences as provided in Subparagraph 3.1.

3  If there is no Owner Default, the Surety's obligation under this Bond shall arise after:

   3.1 The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default; and

   3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and

   3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

4  When the Owner has satisfied the conditions of Paragraph 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

**Norfolk County Sheriff's Department**   P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787

*Norfolk, ss.*

April 26, 2005

I hereby certify and return that on 4/21/2005 at 12:48PM I served a true and attested copy of the summons, complaint, request production of documents, interrogatories and statement of damgs. in this action in the following manner: To wit, by delivering in hand to Cheryl Cavanaugh, legal asst., , person in charge at the time of service for USF & G, at 300 Crown Colony Drive, Quincy, MA 02169.Basic Service Fee ($30.00), Copies-Attestation ($5.00), Conveyance ($4.50), Postage and Handling ($1.00), Travel ($20.80) Total Charges $61.30

Deputy Sheriff Ronald Goguen

Deputy Sheriff

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS

Superior Court Civil Action

No.

................Plaintiff

v.

................Defendant

Worcester, ss.

RECEIVED

SUMMONS

(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 05-0647 C

*[handwritten plaintiff name]*

)
)
)
)
Plaintiff (s)  )
)  **SUMMONS**
v.  )
)
*[handwritten defendant name]*  )
)
Defendant (s)  )

✱ To the above-named Defendant:

You are hereby summoned and required to serve upon *[handwritten]*, plaintiff's attorney, whose address is *[handwritten]* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse *[redacted]*, Esquire, at Worcester, the _____ day of _____ in the year of ~~our Lord~~ two thousand and _____.

*[signature]*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✱ NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

CERTIFICATE OF COMPLIANCE WITH L.R. 7.3

Landworks Creations, LLC is a non-governmental corporate party which does not have a parent company or a 10% stock ownership by any publicly held company

                                      Respectfully Submitted,
                                      **Landworks Creations, LLC**
                                      By its attorney,

                                      _____
                                      Robert N. Meltzer, BBO #564745
                                      P.O. Box 1459
                                      Framingham, MA 01701
                                      Phone: (508) 872-7116

Dated: May 13, 2005