UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC, </br></br>Plaintiff </br></br>v. </br></br>UNITED STATES FIDELITY AND </br>GUARANTY COMPANY, </br></br>Defendant | ) </br>) </br>) </br>) </br>) </br>) </br>) C.A. No. 05-40072 </br>) </br>) </br>) </br>) |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant United States Fidelity and Guaranty Company, ("USF&G"), and for its memorandum in opposition to plaintiff Landworks Creations, LLC's ("Landworks") motion to remand to the Worcester County Superior Court, states as follows:

I.  SUMMARY.

Landwork's Motion to Remand to the Worcester County Superior Court (hereinafter "Motion") must be denied as defendant USF&G has made a timely petition for removal pursuant to 28 U.S.C. §1446. Pursuant to 28 U.S.C. §1332 this court has jurisdiction over disputes among parties of diverse citizenship in which the amount in controversy exceeds $75,000, and the Motion fails to establish any factual element precluding this court's exercise of jurisdiction.

II.  RELEVANT FACTS.

Landworks filed this lawsuit in the Worcester Superior Court on April 11, 2005 seeking to recover on a payment bond issued by USF&G, as surety, on the behalf of Standen Contracting Company, Inc., as principal (hereinafter "Standen") for damages sustained as a result of Standen's alleged failure to pay for labor and materials allegedly provided to a Massachusetts

public project commonly known as the Shrewsbury Middle School Project ("the Project"), in Shrewsbury, Massachusetts. Landworks is a New Hampshire limited liability corporation with its principal place of business in the State of New Hampshire. USF&G is a Maryland Corporation with its principal place of business located at 11 Schilling Road, Hunt Valley, MD 21031. Standen, upon information and belief is a Massachusetts corporation, with its principal place of business in the Commonwealth of Massachusetts. Standen is not a party to the action.

III.   ARGUMENT.

    A.   BOTH PARTIES TO THE ACTION ARE DIVERSE.

A defendant's removal of a state action to the United States District Court is governed by the terms of 28 U.S.C. §1446, which provides, in relevant part:

> (a) A defendant or defendants, desiring to remove any civil action…from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal[.]

28 U.S.C. §1446, *portions omitted*.

USF&G filed its notice of removal in the time and manner prescribed by 28 U.S.C. §1446, stating diversity of citizenship among the parties and an amount in controversy greater than $75,000 pursuant to 28 U.S.C. §1332. In its Notice of Removal (hereinafter "Notice") USF&G provided:

> USF&G is a Maryland Corporation and Landworks is a Limited Liability Corporation with its principal place of business in the State of New Hampshire. Plaintiff Landworks seeks to recover One Hundred Thirty Five Thousand One Hundred One Dollars ($135,101.00) in damages and therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs. "USF&G are parties of diverse citizenship, as defined by 28 U.S.C. §1332.

Notice at ¶3.

28 U.S.C. § 1332(a) states that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between- (1) citizens of different states." "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. §1332(c)(1).

Landwork's Motion fails to refute USF&G's basis of jurisdiction as stated in the Notice. Rather, Landwork's basis for remand rests on an assertion that there exists no diversity of citizenship because Landworks has waived its diversity by filing suit in the superior court, USF&G has an office or representative within the Commonwealth of Massachusetts, and that USF&G has consented to jurisdiction in the state courts of the Commonwealth of Massachusetts by issuing a payment bond pursuant to M.G.L.c. 149 §29 and by remaining a party to other actions in Massachusetts state courts. None of these arguments provide a basis for this court to refuse to exercise its original jurisdiction.

    B.    SUBJECT MATTER JURISDICTION CANNOT BE WAIVED.

Landworks argues in its Motion that "[f]or purposes of this claim, [Landworks], though a New Hampshire resident, has waived any claim of lack of jurisdiction by the Massachusetts court over it based on diversity." Landwork's argument is based on a confusion of legal principles. The relevant issue is this court's subject matter jurisdiction. Landworks alleged waiver does not impact the ability of this court to exercise jurisdiction. Landwork's argument sounds in personal jurisdiction, deficiencies of which can be waived by the actions of the parties. Subject matter jurisdiction, however, is a separate and distinct issue, that is not impacted by the actions of the parties. Article III, §1 of the United States Constitution provides that the judicial power of the United States is vested in the Supreme Court and "in such inferior courts as from

time to time Congress may ordain and establish." Congress has established the power of the United States Courts, including the District Court under Title 28, United States Code. Article III, §2 provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;…between Citizens of different states." The subject matter jurisdiction at issue here was granted to the United States District Court via Congress' enactment of 28 U.S.C. §1332. Further, Congress has provided a procedure under which defendants can remove an action pending in a state court to the United States District Court, as provided in 28 U.S.C. §1446.

USF&G's Notice does not stand for the proposition that the Worcester County Superior Court lacks either personal or subject matter jurisdiction to resolve Landwork's claim, but rather that it prefers to exercise its Constitutional and statutory right to defend such claim in the United States District Court. Landwork's filing in the Worcester Superior Court can in no way stand to deprive USF&G of its right to defend itself in the United States District Court.

Landworks also argues that the parties in this action are not diverse as a result of USF&G's ongoing business in Massachusetts. Although USF&G admittingly issues bonds throughout the United States, its citizenship, as defined by 28 U.S.C.§1332(c)(1), is in both the State in which it is incorporated (Maryland) and the State in which it has its principal place of business (also Maryland). USF&G's activities within the Commonwealth of Massachusetts serve in no way to deprive this court of its subject matter jurisdiction.

C.  FEDERAL PREEMPTION.

Landworks further argues that M.G.L. c. 149 §29 vests the Superior Court with exclusive jurisdiction over issues concerning public payment bonds. Landwork's argument is

misplaced. Any such an argument is contrary to the Supremacy Clause found in Paragraph Two, Article 6 of the United States Constitution which provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Landwork's argument would mean that the Massachusetts Legislature can enact legislation that can restrict the jurisdictional authority of the United States District Court as granted by Congress. A proper reading of M.G.L. c. 149 §29, would construe the phrase "by trial in the superior court" as restricting the jurisdiction of the Municipal and District courts of the Commonwealth of Massachusetts and requiring that claimants prosecute their claims in a court of record.

Landwork's reading of M.G.L. c. 149 §29 is further contradicted by a reference to past matters (none of which discuss the matter of diversity jurisdiction directly) involving Massachusetts c. 149 §29 projects litigated in the United States District Court on the basis of diversity jurisdiction; See County of Middlesex v. Gevyn Construction Corp., 450 F.2d 53 (1st Cir. 1971); Limbach Co. v. Gevyn Constr. Corp., 544 F.2d 1104 (1st Cir. 1976); Cf. Carpenters Local Union No. 26 v. United States Fid. & Guar. Co., 215 F.3d 136 (1st Cir. 2000) (Grant of United States Fidelity & Guaranty Company's removal on basis of preemption of ERISA over M.G.L. c. 149 §29 claim was reversed and remanded to examine whether other grounds for federal jurisdiction exist).

    D.  JURISDICTION IN THE SUPERIOR COURT IS NOT EXCLUSIVE.

In support of remand Landworks also argues, "[t]his Surety has routinely submitted itself to the jurisdiction of the Worcester County Superior Court in cases of this nature." Motion page

4 at ¶2. Landworks continues by citing a collection of cases in which USF&G, and defended claims in the Worcester Superior Court. Again, as discussed above USF&G is not contesting the jurisdiction of the Worcester Superior Court. However, such jurisdiction is not exclusive, and in no manner precludes USF&G from of this case under 28 U.S.C. §1446. Landworks has failed to present any case law in support of its proposition that a defendant can waive its right to removal to the United States District Court, by failing to do so in unrelated actions.

Further, Landworks has failed to show how its interests or the efficient and fair resolution of this matter will be impacted by this court's exercise of jurisdiction. Landwork's conclusory statement that "there is no reason, as the saying goes, 'to make a federal case' out this[,]" Motion page 5 at ¶1, is simply incorrect. USF&G has set forth several reasons to make a "federal case out of this" matter, the most important of which being that USF&G has properly asserted its right as a citizen of a state other other than Massachusetts to remove this matter from the Worcester County Superior Court and defend in the United States District Court, a court afford jurisdiction over such matters by the United States Constitution and 28 U.S.C. §1332.

IV. CONCLUSION.

Landwork's Motion must be denied. Defendant USF&G has made a timely petition for removal pursuant to 28 U.S.C. §1446. Pursuant to 28 U.S.C. §1332 this court has jurisdiction over disputes among parties of diverse citizenship in which the amount in controversy exceeds $75,000, and the Motion fails to establish any factual element precluding this court's exercise of jurisdiction. For the foregoing reason, the Motion should be DENIED.

Respectfully submitted,

UNITED STATES FIDELITY &
GUARANTY COMPANY

By his attorneys,

Bradford R. Carver BBO #565396
Cetrulo & Capone
Two Seaport Lane
Boston, MA 02210
(617) 217-5500

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of May, 2005, I served the foregoing Memorandum by causing a copy of same to be mailed to Robert N. Meltzer, Esq., P.O. Box 1459, Framingham, MA 01701.

Bradford R. Carver

02060-0100
374095v1