UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES FIDELITY AND<br>GUARANTY COMPANY,<br><br>      Defendant | CIVIL ACTION NO. 05-40072 |

## ANSWER

Defendant United States Fidelity and Guaranty Company ("USF&G"), and submits its Answer to the Plaintiff Landworks Creations, LLC's (hereinafter "Landworks") Complaint.

1. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. USF&G admits that it is an insurance company with its principal place of business in Baltimore, Maryland. USF&G denies any remaining inconsistent allegations.

3. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. USF&G admits that it issued certain bonds to Standen, as principal, the terms of which are self-explanatory.

6. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8of the Complaint.

## COUNT I

## BREACH OF CONTRACT

9. USF&G restates its responses to paragraphs 1 through 8 as if fully set out herein.

10. USF&G denies the allegation set forth in paragraph 10 of the Complaint.

11. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

## COUNT II

## VIOLATION OF G.L. c. 93A and 176D

12. USF&G restates its responses to paragraphs 1 through 11 as if fully set out herein.

13. USF&G denies the allegations set forth in paragraph 13 of the Complaint.

14. USF&G denies the allegations set forth in paragraph 14 of the Complaint.

15. USF&G denies the allegations set forth in paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Landowork's damages were caused, if at all, by Landwork's own acts, omissions or errors, or the acts, omissions or errors of third parties over whom USF&G exercises no control and for whom USF&G has no responsibility.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the failure of Landworks to comply with the terms of the bond and the statutory and contractual conditions precedent to bringing this action.

### FOURTH AFFIRMATIVE DEFENSE

The allegations against the principal relating to the bond in question are subject to defenses, whether or not asserted, by the bonded principal, and USF&G incorporates each of the principal's defenses by reference herein and asserts the benefit of the same as a defense barring any action against it under the bond.

### FIFTH AFFIRMATIVE DEFENSE

Landworks has waived and/or is estopped from asserting the claims alleged in its Complaint against USF&G.

### SIXTH AFFIRMATIVE DEFENSE

Landwork's claims are barred or limited because plaintiff failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Landwork's claims are barred by the relevant statute of limitations, including any limitations period set forth in the Bond.

## EIGHTH AFFIRMATIVE DEFENSE

Landwork's claims are barred by the terms of M.G.L. c. 149 §29.

WHEREFORE, United States Fidelity & Guaranty Company requests that Plaintiff's Complaint be dismissed, with prejudice, awarding USF&G costs, and expenses, including reasonable attorneys' fees, and such other and further relief as may be just and appropriate.

Respectfully submitted,
UNITED STATES FIDELITY &
GUARANTY COMPANY,
By its attorneys,

/s/ Bradford R. Carver
_____
Bradford R. Carver BBO #565396
Cetrulo & Capone LLP
Two Seaport Lane
Boston, MA 02210
(617) 217-5500

Date: June 3, 2005

01037-0100
375669v1