UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff ) | SUPPLEMENTAL |
| ) | MEMORANDUM IN SUPPORT |
| v. ) | OF PLAINTIFF'S MOTION FOR |
| ) | REMAND TO THE WORCESTER |
| UNITED STATES FIDELITY AND ) | SUPERIOR COURT PURSUANT |
| GUARNTY COMPANY ) | TO 28 U.S.C.A. § 1446 |
| ) | |
| Defendant ) | |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and provides a supplemental memorandum in support of its motion for remand to the Worcester County Superior Court, filed with this Court on or about May 13, 2005. As of this date, the Court has not acted on the motion for remand.

This is a dispute between the Plaintiff, a site contractor, and a surety concerning a public project in Massachusetts that was directed and controlled by M.G.L. c. 149. The Plaintiff worked under contract to Standen, a now-defunct contractor. The Defendant provided the surety bond that covered both payment obligations and performance obligations of Standen. After Standen left the project that is the subject matter of this suit ("the Project"), the Defendant retained Jackson Construction to perform construction management services at the project.

Although the Plaintiff performed its work, and its requests for payment were approved by Jackson, the Plaintiff was not paid for its work. The Plaintiff has never understood the surety's failure to make payments to the Plaintiff under the tendered invoices and has not been apprised of defenses to payment that are consistent with the facts in this case.

1

The Plaintiff has just learned that the surety has filed a lawsuit in the United States District Court, known as <u>USF & G v. Jackson Construction Company et al</u>, 05-11397-NMG ("the Jackson Suit") In the Jackson Suit, the surety makes the extraordinary admission in paragraph 20 that "in late 2004 and early 2005, USF & G became aware of an increasing trend of claims of late payment and lack of payment by Jackson's subcontractors both on projects with respect to which USF & G had executed bonds on behalf of Jackson and on two separate projects where USF & G had hired Jackson to complete work under bonds issued to a third party." The Jackson Suit then relates that Jackson's principals proceeded to transfer Jackson's assets in violation of Massachusetts state law in April of 2005.

The Jackson Suit indicates that the Defendant in this case knew that Jackson was either failing to convey funds or failing to make payment of funds to subcontractors for work performed at least six months prior to the filing of this suit in Worcester Superior Court. The Jackson Suit seems to confirm the belief that the failure of payment to this Plaintiff had everything to do with financial impropriety of Jackson,, and nothing to do with the Plaintiff's conduct at the Project. The Jackson Suit also seems to confirm that the surety had reason to know that Jackson was not being honest with the surety, and that the surety's reliance on Jackson's bases for non-payment were unlikely to withstand scrutiny. Notwithstanding that knowledge, the defendant has failed to pay the Plaintiff's unpaid bills as required by the bond. The Plaintiff's business has been harmed by the conduct both of the surety in failing to pay approved claims, and by Jackson's apparent fraud.

It has now become apparent that the Plaintiff must amend its Complaint to incorporate claims against both Jackson and the town of Shrewsbury, the owner of the project which has received the benefit of the work performed. The addition of these two parties would certainly destroy the

2

validity of any claim of diversity now claimed by the surety. In addition, there is now greater grounds for the state claims under c. 176D against the surety, and more interest in the state court to hear matters pertaining to what appears to be massive fraud by Jackson in the public construction sphere in Worcester County.

The plaintiff, therefore, respectfully augments and supplements its motion for remand so that this matter may be returned to the state court, where all necessary parties (who are not diverse for the purposes of federal jurisdiction) may be brought before the court for speedy trial as permitted by G.L. c. 149 § 29.

Respectfully Submitted,<br>
**Landworks Creations, LLC**<br>
By its attorney,<br>
<br>
_____<br>
Robert N. Meltzer, BBO #564745<br>
PO Box 1459<br>
Framingham, MA 01701<br>
Phone: (508) 872-7116

Dated: September 14, 2005

## CERTIFICATE OF SERVICE

    I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hinshaw & Culbertson
One International Place
Boston, MA 02210
Attn: Bradford Carver, Esq.

                                                                          Robert N. Meltzer

September 14, 2005