## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LANDWORKS CREATIONS, LLC**  )  <br> ) <br> **Plaintiff,**  ) <br> ) <br> **v.**  ) <br> ) <br> ) <br> **UNITED STATES FIDELITY &**  ) <br> **GUARANTY COMPANY**  ) <br> ) <br> **Defendant,**  ) <br> ) | **C.A. No. 4:05-CV-40072-FDS** |

### DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S
### SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Pursuant to the Court's Order of October 21, 2005, Defendant United States Fidelity & Guaranty Company ("USF&G") hereby submits a Supplemental Memorandum in Opposition to Plaintiff Landworks Creations, LLC's ("Landworks") motion to remand to the Worcester County Superior Court, specifically addressing the applicability of 28 U.S.C. § 1332(c) to Defendant USF&G. Attached as Exhibit A is the Affidavit of James M. Peters, Jr. regarding USF&G's state of incorporation and principal place of business.

I.    SUMMARY

Landworks, a subcontractor that worked on the Shrewsbury Middle School construction project (the "Project"), seeks to recover against USF&G for claims related to surety bonds issued by USF&G to Standen Contracting Company, Inc. ("Standen"), the general contractor for the Project. Under these circumstances, USF&G was not an "insurer of a policy or contract of liability insurance," and is not deemed to be a citizen of the same state as Standen (i.e.,

Massachusetts). Rather, USF&G is deemed to be a citizen of the state of its incorporation (*i.e.*, Maryland) and of the state where it has its principal place of business (*i.e.*, Minnesota).

II.     RELEVANT FACTS

USF&G is a Maryland corporation with its principal place of business located at 385 Washington Street, St. Paul, MN 55102. (See, Affidavit of James M. Peters, Jr., attached as Exhibit A.) USF&G did not issue a policy or contract of liability insurance to Standen regarding the Project. Rather, USF&G issued performance and payment bonds to Standen pursuant to M.G.L. c. 149, § 29, naming the Town of Shrewsbury as obligee.

III.    ARGUMENT

When determining whether there is complete diversity of citizenship between the parties to an action, 28 U.S.C. § 1332(c)(1) provides that:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that <u>in any direct action against the insurer of a policy or contract of liability insurance</u>, whether incorporated or unincorporated, <u>to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen</u>, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business;

(emphasis added). The question at hand is whether USF&G should be considered "the insurer of a policy or contract of liability insurance" under the statute.

Although there are no decisions from the 1st Circuit on this issue, <u>District of Columbia, ex. rel. American Combustion, Inc. v. Transamerica Insurance Company</u>, 797 F.2d 1041 (D.C. Cir. 1986) answers the question directly. That case arose out of a public construction project in the District of Columbia. Pursuant to the District of Columbia's payment bond statute (the "Little Miller Act"), the prime contractor was required to obtain performance and payment bonds "to protect the District of Columbia should the contract not be satisfactorily completed and to

ensure that all laborers and materialmen on the project will be paid regardless of the prime contractor's solvency." Id. at 1042.  American Combustion, a subcontractor, sued Transamerica, the provider of the bonds, for payment pursuant to a payment bond.  Id. at 1043.  Transamerica claimed on appeal that diversity of citizenship did not exist because it should have been deemed to have assumed the citizenship of the prime contractor, a corporation not diverse to American Combustion.  Id.

Considering the application of 28 U.SC. § 1332(c), the Court explained that:

> **[a]lthough a suit on a performance bond is in some ways logically equivalent to a suit on a liability policy, the language of the section simply does not cover this case.** The fact that under both a surety bond and a policy of liability insurance the victim of a wrong (in one case a tort, in the other a breach of contract) can look to someone besides the wrongdoer to make him whole is simply not enough to bring Little Miller Act suits within the purview of the direct action statute. No policy of liability insurance is involved in this action. And although the action by ACI against Transamerica could be said to be "direct," it was not made so by a statutory change in the law (the creation of a direct right of action against an insurance company by legislative pronouncement). **Unlike the derivative liability that arises under an insurance policy, a surety's obligation to pay, by design, is owed to the beneficiary.**

(emphasis added).  The court also examined the legislative history of 28 U.S.C. § 1332(c), and concluded that "suits like the one here were clearly not what Congress had in mind when it amended § 1332(c) to include the provision at issue."  Id.  Ruling against Transamerica, the court explained that:

> **[g]iven the limited and precise purpose behind the relevant language in § 1332(c), and the narrowness of the language itself, it would be inappropriate and unwise to extend that section to cover the situation here**. While it may be sound policy to remove tort suits brought under direct-action statutes from the federal courts, we decline to extend the statute to bar all claims that are arguably analogous. If Congress wishes to exclude Little Miller Act cases from the federal courts, it can do so, but it must do so expressly.

Id. (emphasis added).

This result is consistent with the law in Massachusetts regarding the difference between surety bonds and insurance policies. Specifically, M.G.L. c. 175, § 107 provides that, "[t]he bonds on which such company becomes surety shall not be deemed insurance contracts." Furthermore, other federal courts similarly have ruled that a surety is not "the insurer of a policy or contract of liability insurance" in the context of other types of surety bonds. See Burgoyne v. Frank B. Hall & Company of Hawaii, 781 F.2d 1418 (9th Cir. 1985)(supersedeas bond); A.J. Kellos Construction Co., Inc. v. Balboa Ins. Co., 495 F.Supp. 408 (S.D. Ga. 1980)(performance bond); and Lank v. Federal Ins. Co., 309 F.Supp. 349 (D. Del. 1970)(fidelity bond).

Just like Transamerica in the American Combustion case, USF&G acted as a surety when it issued performance and payment bonds to Standen pursuant to M.G.L. c. 149, § 29, naming the Town of Shrewsbury as obligee. USF&G did not issue a policy or contract of liability insurance. Accordingly, USF&G is deemed to be a citizen of the state of its incorporation (i.e., Maryland) and of the state where it has its principal place of business (i.e., Minnesota), pursuant to 28 U.S.C. §1332(c). Therefore, unless the Plaintiff can establish that it is a citizen of Maryland or Minnesota, diversity exists, this Court has subject matter jurisdiction over this case and the Plaintiff's motion to remand should be denied.

Respectfully submitted,

**UNITED STATES FIDELITY &
GUARANTY COMPANY**

_____
Kevin J. O'Connor, BBO No. 555249
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
        SPEARING, P.C.
265 Franklin Street
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Dated: November 2, 2005

### CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of November, 2005, I served the foregoing document, upon Robert N. Meltzer, Attorney at Law, P.O. Box 1459, Framingham, MA 01710.

_____
Kevin J. O'Connor

G:\DOCS\SSS\ST Paul Travelers\JacksonConstruction\Landworks\Pleadings\Supplemental Brief in Opposition to Plaintiff's Motion to Remand.doc