UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | )<br>) |
| Plaintiff | )<br>) |
| v. | ) PLAINTIFF'S REPLY TO<br>) DEFENDANT, USF & G'S<br>) SUPPLEMENTAL BRIEF |
| UNITED STATES FIDELITY AND<br>GUARANTY COMPANY | ) IN OPPOSITION TO<br>) PLAINTIFF'S MOTION<br>) TO REMAND |
| Defendant | )<br>) |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and replies to the Defendant's Supplemental Brief in Opposition to Plaintiff's Motion to Remand. Such a reply is necessary to rebut the contention that the case <u>District of Columbia ex rel American Combustion, Inc. v. Transamerica Insurance Company</u>, 797 F.2d. 1041 (D. C. Circ. 1986) has any applicability to this case.[1] Indeed, it is the Plaintiff's position that the case is so factually distinguishable and legally insupportable as to be completely irrelevant to this Court in terms of precedential value. The Plaintiff further states as follows:

A. THE <u>AMERICAN COMBUSTION</u> CASE IS FACTUALLY DISTINGUISHABLE FROM THE CASE AT BAR, TO AN EXTENT THAT IT HAS NO PRECEDENTIAL VALUE TO THIS COURT AND SHOULD NOT BE USED TO BAR REMAND

As noted in Plaintiff's motion for remand, these lawsuits are highly fact specific. The American Combustion matter is entirely distinguishable from the case at bar. <u>American Combustion</u> involved "the Little Miller Act," the law created by Congress governing public

---

[1] The parties seem to agree on one point—that precedent on this issue is remarkably thin and basically non-existent in this circuit. The Plaintiff suggests that this is true because the Defendant's removal is radical and unique and contrary to the clear intent of the relevant statutes. These cases are uniformly resolved in state courts, which is where they belong.

1

works within the District of Columbia. The case is a pure payment bond case. As the Court noted, "The District of Columbia hired the Ronald Hsu Construction Company to repair and replace oil burners at three D.C. schools. Hsu subcontracted some work to ACI and other work at D & L Contractors. D & L in turn subcontracted some of its work to ACI. ACI was not paid for all the work it did at the schools." ex rel American Combustion, Inc., 797 F.2d. at 1043.

Apparently, the obligation of payment to ACI was created *before* the demand was made upon the bond. Thus, the obligation being demanded against Transamerica was in a "pure" payment bond context—the surety comes along after the fact to complete the obligations of its principal.

As noted in the Plaintiff's brief, the claim against USF & G in the case at bar arises in an entirely different context. In the case at bar, USF & G had already stepped into the shoes of Standen Construction (the Massachusetts entity) *before* the obligation from USF & G was incurred. USF & G incurred the obligation when it was already acting as its principal, Standen. Thus, under the law already cited, the posture is entirely different, as the surety was acing in a "direct" capacity, without contingent liabilities, under its policy of insurance. It is an important distinction.

The Court also noted that "…this case was not first brought in Superior Court and then removed…" ex rel American Combustion, Inc., 797 F.2d. at 1046. In other words, American Combustion, Inc. was not a remand case, and had never been a remand case, and the Court did not consider this case as a remand case. In fact, the Court appears to have been heavily influenced by the fact that the Plaintiff elected its forum in the federal court in the first place as being determinative of the diversity issue. The Plaintiff selected its forum. The Defendant accepted the forum. The Court respected that choice.

This is also factually different from the case at bar, where the Plaintiff has elected the state forum, where it believes that this case must be resolved.

The American Combustion case was not decided on the same facts, or under the same procedural process as the case at bar, and the Plaintiff thus believes that it has no applicability to the case at bar, and that the Motion for Remand must be ALLOWED.

B. THE AMERICAN COMBUSTION CASE IS LEGALLY INCONSISTENT ON THE ISSUE OF INTENT OF CONGRESS, AND IS SO INCOMPREHENSIBLE ON THIS POINT THAT IT CANNOT SERVE AS PRECEDENT IN THE CASE AT BAR

The Little Miller Act was created by Congress to apply to public works projects in the District of Columbia.

The Little Miller Act, written by Congress and applying to surety bonds for public projects, states that "the Little Miller Act provides that suits brought under it 'shall' be brought in D.C. Court." The Plaintiff is unaware of a single surety company located in the District of Columbia providing surety bonds to the construction industry for public work.

It seems an inescapable conclusion that any act written by Congress must demonstrate the mindset and intent of Congress. Congress clearly believed, when it wrote the Little Miller Act, that surety cases belonged outside of the federal system, and legislated accordingly. Indeed, the Court itself notes that the courts must give deference to Congressional intent. ex rel American Combustion, Inc., 797 F.2d. at 1046. The Court then, remarkably, concludes that it is not persuaded that Congress intended to strip the diversity provisions of their meaning in the Little Miller Act case.

In ex rel American Combustion, Inc., the Court concludes that Congress, in stating that Little Miller Cases "shall" be heard in Superior Court was acting contrary to the intent of Congress in

3

drafting 1332(c). The holding is entirely circular, and seems to suggest that the United States Congress that drafted 1332(c) was not the same United States Congress that drafted the Little Miller Act. But, of course, it was the same legislative body that drafted both statutes.

This holding leaves one to ponder: if Congress did not intend that Little Miller Act cases should only be heard in the superior court of the District of Columbia, and if this intent was contrary to 1332(c), then what, exactly, was Congress saying and doing when it wrote the Little Miller Act? There is a presumption that an act of Congress, if created within Congress's constitutional authority, must have a purpose.

Congress's clear purpose was to devolve to the local court the power and authority to hear and decide surety bond cases, without any specific devolution of that power in the Little Miller Act law or in 1332(c) on the basis of direct action.

The Court concludes its opinion with a statement of Congressional intent, citing from the legislative history of the United States Senate that "the purpose of the legislation [1332(c)] is to eliminate under the diversity jurisdiction of the U.S. district court, suits on certain tort claims in which both parties are local residents, but which, under a state 'direct action' statute may be brought directly against a foreign insurance carrier...." ex rel American Combustion, Inc., 797 F.2d. at 1049. The Court then concludes that "[t]he report went on to explain in detail how direct action statutes in certain states threatened a deluge of purely local tort claims in the federal courts..." ex rel American Combustion, Inc., 797 F.2d. at 1049

This legislative history does not state that Congress intended 1332(c) *to apply* only to tort cases. The legislative history only states that the "deluge" of tort claims spurred Congress to action. Clearly, if Congress had intended the statute to apply *only* to tort cases, it could have so stated. The legislative history, rather than limiting the statute to tort claims, makes clear that

4

Congress's intent was to stop a deluge of classes of state causes of action into the federal court system based upon state law's permitting direct action.

The Plaintiff's position is consistent with this legislative intent. Cases, such as the case at bar, fit within a class of direct action matters created by state law. Congress has not interfered with the right of states to so legislate. The case at bar is part of a large class of cases brought that deal with a strictly local issue—public construction. The Massachusetts statue, which mandates a hearing in the Superior Court, is consistent with Congress's statute in the Little Miller Act mandating a hearing in the Superior Court. Any suggestion that the Plaintiff's contention is logically inconsistent with Congress's intent is not supported by case law.

In fact, it is intriguing that that the Court in ex rel American Combustion, Inc. failed to consider the legislative intent of Congress in drafting the jurisdictional requirements of the Little Miller Act in making its determination of this case. One would assume that the legislative history would have been rather illuminating.

The Little Miller Act, written by Congress, demonstrates explicitly that Congress viewed public construction matters, even in the federal district, to be a matter of local concern. Congress had a golden opportunity in drafting the Little Miller Act to clarify its position as the diversity issue and 1332(c). It did so by expressing its clear belief that surety cases fit within the category of local, direct, matters that should be considered by the local court, and that should not be deluging the federal courts with purely local matters.

The Defendant's reliance on ex rel American Combustion, Inc. is misplaced. The holding, while citing the apparent intent of Congress, results in a holding that apparently is entirely inconsistent with the intent of Congress.

Congress clearly intended classes of local cases to be heard in state courts. Congress clearly was acting to prevent a deluge of purely local matters into the state courts. This Court should respect that intent, and the motion for remand should be ALLOWED.

### C. EVEN IF THIS COURT ACCEPTS THE HOLDING OF EX REL AMERICAN COMBUSTION, INC. AS BINDING, THE EX REL AMERICAN COMBUSTION, INC. HOLDING SUPPORTS THE PLAINTIFF'S CLAIM FOR REMAND

Notwithstanding that the Plaintiff's claim is substantially a payment bond claim, it has gone unremarked that the Plaintiff's claim is also a direct action tort case. Count II of the Plaintiff's Verified Complaint seeks relief under G.L. c. 93A and G.L. c. 176D, direct-action claims against the surety for violation of statutory obligations within the Commonwealth.

The Plaintiff performed work for the surety. The Plaintiff did the work as requested and can demonstrate, by writings, that the work was done pursuant to specific request. The Defendant has no defenses to explain why the Plaintiff has not been paid for its work. The liability for payment has been reasonably clear for more than a year. The Plaintiff has brought its state tort claims against the surety based upon what appears to be a willful and bad faith refusal to pay for work performed at its own request.

Even if this Court accepted the proposition that 1332(c) was intended to apply to tort cases, and that classes of direct-action tort cases are not subject to removal on the grounds of diversity, then the Court must remand this case based upon the fact that this lawsuit contains substantial claims of torts. Indeed, based upon the conduct of this surety, this Court may assume that if remand were blocked, this Court will be deluged by a tidal wave of direct-action tort cases against this surety in the federal courts, the very thing that Congress was trying to preclude.

Under any scenario, this matter should proceed in the state court, and the motion for remand should be ALLOWED.

This lawsuit is a strictly, state-based cause of action against an insurance company acting in the shoes of a Massachusetts insurance company. The claim of diversity by the surety is based upon attempts to extrapolate the meaning of 1332(c) from cases that are not factually similar and that are not even internally consistent. There is no clear statement of the law that demonstrates that diversity exists in this case, or that the Court must recognize diversity in this case. The claim for diversity is nominal at best, non-existent at worst. Barring remand does not reflect a respect for Congressional intent; barring remand invites a deluge of cases into this Court in a manner which conflicts with an expressed intention of Congress. Just because this Court could hear this case does not mean that it should, or that it must, or that it should wish to do so.

The Defendant has not made a showing that barring remand is appropriate. It is clear that barring remand would serve as a detriment to this Court and its docket.

In the absence of any compelling facts, case law or statutes that preclude remand, this Court should exercise its power to return this case to its proper court, and the motion for remand should be ALLOWED.

Respectfully Submitted,

**Landworks Creations, LLC**
By its attorney,

_/s/ Robert N. Meltzer_
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: November 4, 2005

7

## CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing  
111 Devonshire Street, Eighth Floor  
Boston, MA 02109  
Attn: Kevin J. O'Connor, Esq.

                                                Robert N. Meltzer

November 4, 2005