UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & ) | |
| GUARANTY COMPANY ) | |
| ) | |
| Defendant, ) | |

**DEFENDANT UNITED STATES FIDELITY & GUARANTY COMPANY'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Pursuant to the Court's Order of October 21, 2005, Defendant United States Fidelity & Guaranty Company ("USF&G") hereby submits a Reply to Plaintiff's Supplemental Memorandum in Support of Plaintiff Landworks Creations, LLC's ("Landworks") Motion to Remand to the Worcester County Superior Court. The Court instructed Landworks to address its citizenship, as a limited liability corporation, for diversity purposes in the Supplemental Brief. The Court also instructed Landworks to file an affidavit identifying its state of incorporation and the citizenship of each of its members.

**I.   SUMMARY**

For the purpose of determining diversity jurisdiction, Landworks is a citizen of the State of Maine, which is where its sole member resides. Diversity exists between Landworks and USF&G, which is a citizen of the state of its incorporation (*i.e.*, Maryland) and of the state where it has its principal place of business (*i.e.*, Minnesota). In addition, the present matter is not a

"direct action" and Landworks concedes that USF&G is not an "insurer of a policy or contract of liability insurance," such that the insurer proviso of 28 U.S.C. § 1332(c)(1) does not apply to USF&G. Finally, Mass. Gen. L. ch. 149, § 29 does not preempt federal diversity jurisdiction, and the present matter is not among the certain exceptional cases where exercise of the federal jurisdiction might not be appropriate.

## II.    ARGUMENT

### A. For the purpose of diversity jurisdiction under 28 U.S.C. § 1332, Landworks is a citizen of the State of Maine.

In JMTR Enterprises, LLC, v. Duchin, 42 F.Supp.2d 87 (D.Mass. 1999), the court addressed, as a matter of first impression in the First Circuit, the determination of a limited liability corporation's citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1). The court held that, "a limited liability corporation is a citizen of the state or states of which its members are citizens." Id. at 93. Furthermore, "[a] limited liability corporation is not a citizen of the state in which it was organized, unless one of its members is a citizen of that state." Id. To date, the First Circuit Court of Appeals has not addressed this issue.

According to the Affidavit of Neal Matthews, which was filed on November 1, 2005, Mr. Matthews is the sole member of Landworks and a resident of the State of Maine. Therefore, Landworks is deemed to be a citizen of the State of Maine, and is diverse from USF&G. As explained in USF&G's Supplemental Brief in Opposition to Plaintiff's Motion to Remand, USF&G is a citizen of the state of its incorporation (*i.e.*, Maryland) and the state where it has its principal place of business (*i.e.*, Minnesota).

**B. The present litigation is not a "direct action" against the insurer of a policy or contract of liability insurance.**

As provided in part by 28 U.S.C. § 1332(c)(1):

> in any <u>direct action against the insurer</u> of a policy or contract of liability insurance … to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

(emphasis added). In support of its contention that the present matter is such a "direct action," Landworks cites <u>A.J. Kellos Construction Co., Inc. v. Balboa Ins. Co.</u>, 495 F.Supp. 408 (S.D. Ga. 1980). Landworks reliance upon that case is peculiar, as the court did not reach the issue of direct action, instead ruling that the above-quoted portion of 28 U.S.C. § 1332(c)(1) did not apply because the performance bond at issue was not liability insurance:

> [t]hus, in the terminology of the section 1332(c) proviso, the bond may not be defined as a contract of liability insurance. This conclusion forecloses application of the proviso and renders analysis of the direct action requirement unnecessary.

<u>A.J. Kellos Construction Co., Inc. v. Balboa Ins. Co.</u>, *supra* at 413.

As noted in <u>District of Columbia, ex. rel. American Combustion, Inc. v. Transamerica Insurance Company</u>, 797 F.2d 1041, 1049 (D.C. Cir. 1986), although an action by a subcontractor against a surety for recovery under a payment bond issued to a general contractor/ principal "could be said to be 'direct,' it was not made so by a statutory change in the law (the creation of a direct right of action against an insurance company by legislative pronouncement)." As explained by the court in <u>White v. United States Fidelity and Guaranty Company</u>, 356 F.2d 746, 747-8 (1st Cir. 1966), direct action "refer[s] to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." <u>See</u> S. Rep. No. 1308, 88th Cong., 2nd Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 2778, 2778-9. Prior to the amendment of 28 U.S.C. § 1332(c)(1), such

3

direct action statutes permitted "tort cases involving only local residents, which in other states would come within the exclusive jurisdiction of the State courts [to be filed as] law suits in the U.S. district courts in the respective states." S. Rep. No. 1308, 88th Cong., 2nd Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 2778, 2779. The proviso does not apply to just "any action against the insurer," but rather only to such statutory "direct actions." White v. United States Fidelity and Guaranty Company, supra at 748.

Quite simply, Mass. Gen. L. ch. 149, § 29 is not a "direct action" statute, similar to those in Louisiana (La. Rev. Stat. Ann. § 22:655) and Wisconsin (Wis. Stat. Ann § 632.24). The present matter is not a "tort case involving only local residents" that would fall within the exclusive jurisdiction of the courts of Massachusetts but for the statute. Landworks has asserted causes of action (breach of contract and violations of the consumer protection act) against USF&G that will be resolved based upon the conduct of USF&G and Landworks, and not the "negligence of the principal."

### C. Landworks does not dispute that USF&G is not an "insurer of a policy or contract of liability insurance."

Nowhere in its Supplemental Brief does Landworks contend that USF&G was an "insurer of a policy or contract of liability insurance." Rather, Landworks uniformly refers to USF&G as a surety that issued a payment bond. As explained in USF&G's Supplemental Brief in Opposition to Plaintiff's Motion to Remand, surety bonds are not policies or contracts of liability insurance. See Mass. Gen. L. ch. 175, § 107; and District of Columbia, ex. rel. American Combustion, Inc. v. Transamerica Insurance Company, 797 F.2d 1041 (D.C. Cir. 1986).

### D. Mass. Gen. L. ch. 149, § 29 does not pre-empt the United States Constitution and federal statutory law.

Finally, Landworks argues that Mass. Gen. L. ch. 149, § 29 somehow overrides the United States Constitution (U.S. Const. art. II, § 2, cl. 1) and federal law (28 U.S.C. § 1332) to preempt diversity jurisdiction in the federal courts. The Court's prior summary rejection of this argument was appropriate.

The Supremacy Clause (U.S. Const. art VI, cl. 2) ensures that state law can not preempt federal law. In addition, the present matter is not among the "certain exceptional cases where exercise of the federal jurisdiction might not be appropriate," as described in In Re President and Fellows of Harvard College, 149 F.2d 69, 72 (1st Cir. 1945). As explained by the court:

> [n]o public policy or interest would be served by withholding from [the defendant] 'the benefit of the jurisdiction which Congress has created with the purpose that it should be availed of the exercised subject only to such limitations as traditionally justify courts in declining to exercise the jurisdiction which they possess.'

Id. (quoting Meredith v. Winter Haven, 320 U.S. 228, 237 (1946)).

Likewise, USF&G should not be deprived of the benefit of diversity jurisdiction in the federal courts. Landworks assertion that "[t]here are hundreds of thousands of state construction cases which fit the same profile as this case," is wildly speculative and most likely incorrect. The typical case involves non-diverse parties, and could not be filed in or removed to federal court. In the present case, there is complete diversity between the parties.

For the reasons contained herein and in USF&G's Supplemental Brief in Opposition to Plaintiff's Motion to Remand, Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)
koconnor@hnso.org
ehipp@hnso.org

Dated: November 7, 2005

G:\DOCS\KJO\ST Paul Travelers\Landworks Creations\Pleadings\Reply to Plaintiff's Supplemental Brief in Support of Plaintiff's Motion to Remand.doc