UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 05-40072-FDS |
| ) | |
| UNITED STATES FIDELITY AND ) | |
| GUARANTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO REMAND

SAYLOR, J.

This is an action by a subcontractor against a surety on a performance bond, arising out of a default by a contractor on a public-works project. The question before the Court is whether the matter should be remanded to state court for lack of federal jurisdiction. For the reasons set forth below, this matter was properly removed to this Court, and therefore plaintiff's motion to remand will be denied.

I.  **Background**

Plaintiff Landworks Creations, LLC, alleges that it was a subcontractor to Standen Contracting Company, Inc., in connection with the renovation of the middle school in Shrewsbury, Massachusetts. Defendant United States Fidelity and Guaranty Company ("USF&G") issued a performance bond to Standen. At some point, Standen defaulted, and USF&G assumed responsibility for completion of the work and hired a new contractor to complete the project. Landworks alleges that it has not been paid for at least some of its work.

Landworks filed an action in Massachusetts Superior Court against USF&G, alleging breach of contract and violations of Mass. Gen. Laws ch. 93A and 176D. USF&G timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction.

Landworks has moved to remand on the basis of lack of federal jurisdiction.[1] Landworks alleges four jurisdictional defects, claiming (1) that USF&G has a principal place of business in Massachusetts, and therefore cannot remove this action under 28 U.S.C. § 1441(b); (2) that USF&G is an "insurer of a policy or contract of liability insurance" within the meaning of 28 U.S.C. § 1332(c)(1), is therefore deemed to be a citizen of Massachusetts, and therefore cannot remove this action; (3) that the removal was precluded by Mass. Gen. Laws ch. 149, § 29, which confers jurisdiction on the Massachusetts Superior Court to hear certain claims to the benefit of a bond furnished for security for certain public works projects; and (4) that USF&G has waived its right to seek to remove this matter to federal court.

## II. Analysis

As an initial matter, there is no question that the parties are diverse and that the amount in controversy exceeds $75,000. Landworks is a limited-liability corporation. For purposes of determining diversity, citizenship of a limited-liability corporation is that of each of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *JMTR Enterprises, L.L.C. v. Duchin*, 42 F. Supp. 2d 87, 93 (D. Mass. 1999). The sole member of Landworks is a citizen of Maine.

---

[1] The Court notes plaintiff's lack of compliance with Local Rule 7.1 in connection with the filing of its motion, including plaintiff's failure to certify that it conferred and had attempted in good faith to resolve or narrow the subject of the motion with opposing counsel; plaintiff's failure to support with affidavits or other documents the facts it set forth in its motion; and plaintiff's failure to request leave to file its supplemental memorandum.

USF&G is a corporation.  Under the statute, a corporation is a citizen of both the place of its incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).[2]  USF&G is incorporated in Maryland.  As noted below, the parties dispute whether its principal place of business is in Minnesota or Massachusetts.  Under either parties' version of the facts, however, Landworks (Maine) is diverse from USF&G (Maryland and Minnesota or Massachusetts).

### A.     Whether USF&G Is a Citizen of Massachusetts

Landworks first argues that removal was improper because USF&G is (it alleges) a citizen of Massachusetts.  The statute does not permit removal on the basis of diversity jurisdiction where the removing party is a citizen of the state in which the case was brought.  28 U.S.C. § 1441(b) ("[S]uch action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

USF&G is a wholly-owned corporate subsidiary of The St. Paul Companies, Inc., and is incorporated in Maryland.  A vice president of The St. Paul Companies submitted an affidavit attesting that USF&G's principal place of business is in Minnesota.  Landworks, however, has submitted a copy of the bond, which states, under the heading "Surety (Name and Principal Place of Business)" the following: "United States Fidelity and Guaranty Company, 124 Grove Street, Franklin, MA 02038."  Landworks claims that USF&G has thereby admitted that it is a Massachusetts citizen.

Although that statement on the bond is *evidence* that the principal place of business of USF&G is in Massachusetts, the Court does not find that the statement is a conclusively binding

---

[2] Under certain circumstances, and as discussed below, insurers may be deemed to be citizens of more than two states.  *See* 28 U.S.C. § 1332(c)(1).

admission. Instead, the Court chooses to credit the affidavit, signed under the pains and penalties of perjury by vice president James M. Peters of The St. Paul Companies, attesting that the principal place of business of USF&G is in Minnesota. Landworks has not seriously controverted Peters's statement, nor offered any evidence other than the statement on the bond. Under these circumstances, the Court finds that USF&G has met its burden to establish that it is not a citizen of Massachusetts. *See Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235-36 (1st Cir. 1991) (party seeking to establish diversity jurisdiction must set forth adequate evidence "to establish the location of a corporation's principal place of business at the time the complaint was filed.")

      **B.**    **Whether USF&G Is an "Insurer of a Policy or Contract of Liability Insurance"**

Landworks further argues that USF&G should be deemed, under 28 U.S.C. § 1332(c)(1), to have the same citizenship as Standen, whose performance it guaranteed. Because Standen is a citizen of Massachusetts, Landworks argues, USF&G cannot remove this action under § 1441(b).

Section 1332(c)(1) provides that, "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant," the insurer shall be deemed to be a citizen of the state of which the insured is a citizen. It is well-established, however, that a performance bond is not a liability insurance policy within the meaning of § 1332(c)(1). *See, e.g., American Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1048-49 (D.C. Cir. 1986) ("[G]iven the limited and precise purpose behind the relevant language in § 1332(c), and the narrowness of the language itself, it would be inappropriate and unwise to extend that section to cover [an action on a performance bond].");

*see also White v. United States Fidelity and Guaranty Co.*, 356 F.2d 746, 747-48 (1st Cir. 1966) (Congress's purpose in enacting § 1332(c)(1) was to cover only "cases brought by an alleged victim of a tort under a 'direct action' statute against the liability insurer of the alleged torfeasor"); *Burgoyne v. Frank B. Hall & Co. of Hawaii, Inc.*, 781 F.2d 1418, 1420 (9th Cir. 1986) (surety not a "liability insurer" under § 1332(c)(1) with respect to issuance of supersedeas bond because it protects the holder of the bond, not the surety's principal).  For the same reasons, the Court holds that § 1332(c)(1) does not apply to this case, and USF&G will not be deemed to be a citizen of Massachusetts.

        **C.**      **Whether Mass. Gen. Laws ch. 149, § 27 Deprives This Court of Jurisdiction**

Next, Landworks argues that the enactment of Mass. Gen. Laws ch. 149, § 27 demonstrates a legislative intent that disputes such as this be resolved solely in the Massachusetts Superior Court.  Specifically, the statute provides:

> In order to obtain the benefit of [a bond furnished as security for certain public works projects] for any amount claimed due and unpaid at any time, any claimant having a contractual relationship with the contractor principal furnishing the bond . . . shall have the right to enforce any such claim . . . by prosecuting the claim thereafter by trial in the superior court."

To the extent that Landworks argues that this provision establishes that claims may be brought *only* in the Massachusetts Superior Court, and thus that the statute divests this Court of jurisdiction, the argument is without merit.

First, the language of § 27 is couched in permissive, not mandatory, terms.  It therefore does not establish exclusive jurisdiction in the Superior Court.  *Cf. C.P. Holdings, Inc. v. Goldberg-Zoino & Assocs., Inc.*, 769 F. Supp. 432, 439 (D.N.H. 1991) (statute that provided that a person "may also bring an action in the [state] superior court for the county in which the facility

is located" could not be read as an attempt to establish exclusive jurisdiction in such court).

Further, even if it did, a grant of exclusive jurisdiction by a state legislature cannot divest this Court of subject matter jurisdiction. Put simply, a state legislature cannot define the scope of federal jurisdiction. *See, e.g., American Combustion*, 797 F.2d at 1045 ("Whether the state law that provides for the requisite state court jurisdiction is couched in permissive or mandatory terms has never been thought to affect the federal court's jurisdiction."); *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961); *C.P. Holdings, Inc.*, 769 F. Supp. at 339 (federal court could not be divested of jurisdiction to hear case brought in federal court by operation of the language of the state statute arguably purporting to establish exclusive jurisdiction in state court); *Monogram Industries, Inc., v. Zellen*, 467 F. Supp. 122, 123 (D. Mass. 1979) (exclusive jurisdiction in state court over certain actions against a decedent's estate did not defeat federal jurisdiction where requisite diversity of citizenship and amount in controversy were present).

Accordingly, Mass. Gen. Laws ch. 149, § 27 does not create exclusive jurisdiction in the Superior Court for claims on a performance bond, and even if it purported to, this action was nonetheless removable to federal court.

### D.  Whether USF&G Waived Its Right of Removal

Finally, Landworks argues that USF&G implicitly waived its right to removal by issuing the bond to Standen for a Massachusetts construction project and maintaining a business office in Massachusetts. As discussed above, it is not true that ch. 149, § 27 purports to establish jurisdiction in the Superior Court to the exclusion of the federal courts. Nevertheless, even if it did, a corporation does not implicitly waive its right to remove a case to federal court simply by issuing a bond as security for a state public works project. *Cf. Terral v. Burke Construction Co.*,

257 U.S. 529, 531 (1922) ("[A] state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not."); *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (a corporation does not waive its right to remove a case to the federal court by doing business in the state or by consenting to be sued in the courts of that state). Although there may be circumstances under which a corporation may expressly waive that right, Landworks does not come close to establishing any such waiver here.

### III.   Conclusion

Defendant plainly had the right to remove this action to federal court on the basis of diversity jurisdiction. Accordingly, and for the foregoing reasons, plaintiff's Motion to Remand is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 15, 2005