UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY & | ) |
| GUARANTY COMPANY | ) |
| | ) |
| Defendant | ) |

LANDWORKS CREATIONS, LLC 'S DISCLOSURE
STATEMENT PURSUANT TO F.R.C.P. 26(a)(1)

Now comes the Plaintiff, Landworks Creations, LLC and provides its mandatory disclosures pursuant to F.R.C.P. 26(a)(1), subject to amendment as discovery proceeds and subject to Plaintiff's present inability to discern the nature of Defendant's defenses, if any:

IA –INDIVIDUALS WITH DISCOVERABLE KNOWLEDGE

Neal Matthews
Landworks Creations, LLC
PMB 291 1500A Lafayette Rd.
Portsmouth, NH 03801

Mr. Matthews has personal knowledge of the Plaintiff's contract with Standen Construction, the work performed by the Plaintiff on behalf of Standen, the invoices submitted to Standen and paid either by Standen or USF & G, as well as the attempted completion of the work with Jackson, the change orders signed and accepted by Jackson

as agent of USF & G, the work itself, the invoices submitted and the damages sought. Mr. Matthews also has personal knowledge of his attempts to return to the site to perform any additional work that required performing and the Defendant's refusal to allow the Plaintiff to complete the work, notwithstanding that the Plaintiff was always ready, willing and able to perform work and had not been, in any way, terminated from the work.

William Gambill
Formerly of Standen Contracting
445 Faunce Corner Road
N. Dartmouth, MA 02747

Bill Gambill has familiarity with the scope of the Landworks/Standen contract, the work performed by Landworks, the invoices submitted by Landworks to Standen and the monies paid, the condition and state of the project at the time Standen left the project, the payment and performance bond contracts with USF & G and the project supervision and oversight in general

Michael Pagano
Katie Crockett (sp?)
Todd Manning
Lamoureux Pagano Associates
14 East Worcester Street
Worcester, MA 01604

These are the project architects, with knowledge of the project overall, the scope of the work, the work performed by Landworks, the status of the project at the time Standen left the project, the administrative and contractual issues caused by Jackson, and the completion of the project.

Dan Morgado, Town Manager

"Duffy" Clerk of the Works
Robert Cox-Superintendent, Public Buildings Dept
Shrewsbury Town Hall
Shrewsbury, MA

The town manager has personal knowledge of the scope of the project in general, and the business side of the retention and termination of Standen, the negotiations with USF & G and the entire Jackson involvement in the project. Duffy has personal knowledge of the work, the progression of the work, and the conduct and misconduct of Jackson toward the subcontractors on the job. Cox was kept fully apprised of the scope of the work and the progress of the work, and the consequences of Jackson's failure to make appropriate payments.

Richard McGuinness
Frank Leonardo
Robert Barton
Jennifer Fletcher
Jackson Construction Company
20 Dan Road
Canton, MA 02021

Jackson Construction and its agents, employees and managers, have personal knowledge of the project overall, the Plaintiff's work, the invoices submitted, the invoices paid, the change orders submitted and the change orders approved and not paid, the condition of the work at the time the Plaintiff left the project, and the status of Jackson's lawsuit with USF&G. Frank Leonardo also worked for Standen and has the same personal knowledge as Gambill

Jeff Richards
Waterman Design Associates
31 East Main Street
Westborough, MA 01581

Waterman Design's staff engineer was familiar with the scope of the work, the progress of the work and the quality of the Plaintiff's work.

Craig M. Valente
D.A.Collins Construction Co.
Mechanicsville, NY

Mr. Valente is a contractor who was bidding a construction project in Newburyport. The Plaintiff was recommended to D.A. Collins by Waterman Designs based upon the staff engineer's recommendation based upon the quality of the Plaintiff's work at the project.

Jack Ferguson
CTM

CTM was the town's construction manager, with personal knowledge of the scope of the work, the progression of the work and the issues with the various contractors during the course of the project.

Robert Bullock
Lovett Silverman Construction Consultants, Inc.
19 Goldenrod Drive
Carlisle, PA 17013

Mr. Bullock is the construction consultant for the Defendant. Mr. Bullock has personal knowledge through communication with the Plaintiff that the Plaintiff was at all times ready, willing and able to meet with the consultant and to address issues of unpaid invoices and to return to the site to perform any work necessary at the site. Mr. Bullock has knowledge that he refused to meet with the Plaintiff, and refused to allow the Plaintiff

4

to return to the site. He is expected to have knowledge as to why he wrote to the Plaintiff in August of 2005 stating "we checked with the surety and we were told that we can not deal with Landworks while the legal case is pending"

James M. Peters
United States Fidelity & Guaranty
Hartford, CT

      Mr. Peters, by his own affidavit, has "responsibility for the oversight, handling and management of claims arising under surety bonds executed by United States Fidelity and Guaranty Company…on behalf of Standen Contracting Company, Inc. Upon information and belief, Mr. Peters will be the primary witness pertaining to USF & G's unfair and deceptive claims settlement practices, with information pertaining to the methods and policies used by USF & G to resist valid claims through hindrance, delay, prolonged litigation and other means and methods to avoid payment of the Plaintiff's uncontested claims. Mr. Peters is also expected to testify as to the principal/agent relationship between USF & G and Jackson Construction, and USF & G's regular consent to litigation in the Massachusetts state courts. Mr. Peters is also expected to have knowledge regarding its awareness of Jackson's fraudulent and deceptive trade practices as noted in <u>United States Fidelity & Guaranty Co. v. Jackson Construction Co. et al</u>, 05-11397 NMG, and is expected to provide some explanation why it is credible for USF & G to rely upon Jackson in denying the Plaintiff's claim. Mr. Peters is also expect to have information as to why the surety blocked the Plaintiff from the site and why the surety prevented its agent for engaging in an investigation of the claim. Mr. Peters is also

5

expected to have actual knowledge of the fraud claims brought against Jackson, and is expected to have actual knowledge of Jackson's fundamental unreliability.

Kevin J. O'Connor, Esq.
Scott S. Spearing, Esq.
Hermes Netburn O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109

On or about July 1, 2005, these individuals affixed their signatures under F.R.C.P. 11 to a suit filed against Jackson Construction in the United States District Court in Boston entitled <u>United States Fidelity & Guaranty Co. v. Jackson Construction Co. et al</u>, 05-11397 NMG which includes claims for fraudulent conveyance and unfair and deceptive trade practices, amongst other allegations. These individuals have broad knowledge of Jackson's pattern and practice of fraud in the construction industry.

Brad Carver, Esq.
Hinshaw & Culbertson
One International Place
Boston, MA 02110

Mr. Carver has personal knowledge that he was informed by Plaintiff's counsel during the spring and summer of 2005 that the Plaintiff was ready, willing and able to return to the site to perform any work requested by the surety, that the surety and Jackson were unlawfully barring access to the site and that the Plaintiff was incurring further damages as a result of the surety's refusal to meet its obligation to address the Plaintiff's claim.

## IB –RELEVANT DOCUMENTS

The Plaintiff believes that the relevant documents, which are in the possession of the Plaintiff, include:

1. The contract with Standen
2. The project contract and specifications and drawings
3. Any and all change orders submitted and signed by Jackson
4. Invoices submitted
5. Documents evidencing payment or non-payment
6. Correspondence between the various parties demonstrating the obligations due and owing to Landworks from USF & G as referenced in correspondence to Jackson, and the failure of the surety to make payment.

## IC –COMPUTATION OF DAMAGES

The Plaintiff has claimed $135,101.00 in its Verified Complaint. The breakdown of this number has already been provided to the Defendant.

The Defendant has already been served with a document request, although no documents have yet been produced.

## ID –INSURANCE

This is, in essence, an insurance bad faith claim under G.L. c. 176D for unfair and fraudulent settlement practices of a claim in which liability for payment is more than reasonably clear.

Respectfully Submitted,

**Landworks Creations, LLC**
By its attorney,

s/Robert N. Meltzer
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: February 1, 2006

CERTIFICATE OF SERVICE

    I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Kevin J. O'Connor, Esq.

                                                                          _s/Robert N. Meltzer_____

February 1, 2006