UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY & | ) |
| GUARANTY COMPANY | ) |
| | ) |
| Defendant | ) |

MOTION OF PLAINTIFF, LANDWORKS CREATIONS, LLC ("LANDWORKS") TO COMPEL RESPONSES TO OUTSTANDING DISCOVERY PURSUANT TO F.R.C.P. 37 AND LOCAL RULE 37.1

Now comes the Plaintiff, Landworks Creations, LLC and moves for an Order compelling Defendant, USF & G to respond to outstanding discovery requests, including production of responsive documents, within seven days of the Court's Order

USF & G has been served with three discovery requests. As the attached proof of service shows, Landworks served both interrogatories and document requests on USF & G in April of 2005. A second set of document requests was served on February 6, 2006.

USF & G has simply failed to respond to these requests, notwithstanding persistent reminders from Plaintiff that responses were due.

The Defendant has made outrageous and unfounded claims pertaining to the actions of Landworks which constitute unquestionable business defamation, including the claim that Landworks abandoned the Project. All of the discovery, especially the early discovery, demonstrates a persistent attempt by Landworks to understand why payment has not been made to Landworks, and to understand why USF & G has refused to act in

good faith toward Landworks in this matter. In fact, the earliest discovery asks USF & G why it has refused to allow Landworks back to its worksite, which, by itself, makes USF & G's claim of abandonment curious.

At this juncture, Landworks views its claim primarily through the lens of G.L. c. 176D, the Commonwealth's statute proscribing unfair practices in settlement of claims where liability has become reasonably clear. The Plaintiff is entitled to discovery of documents that will tend to demonstrate that USF & G, while switching between four law firms and numerous claims representatives, and while engaging in the entire removal process, has simply been delaying payment of its lawful obligations to Landworks. The Defendant has stonewalled on producing this material as well.

The Plaintiff has met its obligations in preparing its discovery requests under Rules 33 and 34 ob both the state and federal statutes. The Plaintiff is entitled to a full and complete and transparent response to this discovery. Since the Defendants have not even explained their failure to respond, the Plaintiff cannot otherwise address why USF & G has utterly failed to comply with its obligations.

However, the Plaintiff has noticed nine depositions in this matter, and it is imperative that full production of discovery can be complete so that this matter can be scheduled for the speedy trial to which the Plaintiff is entitled under G.L. c. 149 §29.

          Respectfully Submitted,
          **Landworks Creations, LLC**
          By its attorney,

          s/Robert N. Meltzer_____
          Robert N. Meltzer, BBO #564745
          P.O. Box 1459
          Framingham, MA 01701
          Phone: (508) 872-7116

Dated: March 20, 2006

CERTIFICATE OF SERVICE

    I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

                                                _s/Robert N. Meltzer_____

March 20, 2006

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

    I, Robert N. Meltzer, have made all efforts to comply with Local Rule 37.1. Prior to filing this motion, I exchanged a series of letters with opposing counsel reminding opposing counsel that discovery responses were due to both sets of document requests and to the interrogatories. While there has been persistent discussion about these requests, and acknowledgements that responses would be forthcoming, I have received no responses. I am also not interested in further delays by USF & G in responding to discovery, and did not agree to any extensions. We were not discussing disputes in the discovery, but rather the failure of the Defendant to respond to that discovery. hat the exchange of letters addresses the obligations under Local Rule 37.1 as a condition precedent to the filing of this motion.

                                              s/Robert N. Meltzer

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                SUPERIOR COURT DEPARTMENT
                                              OF THE TRIAL COURT
                                              CIVIL ACTION NO: 05-647C

LANDWORKS CREATIONS, LLC          )
                                  )
Plaintiff                         )
                                  )
                                  )
v.                                )           PLAINTIFF'S FIRST
                                  )           SET OF INTERROGATORIES
UNITED STATES FIDELITY AND        )           TO BE ANSWERED BY THE
GUARANTY COMPANY                  )           DEFENDANT, USF & G
                                  )
Defendant                         )

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff") and requests that Defendant, United States Fidelity & Guaranty Co./St. Paul's Ins. Co ("the Defendant") answer the following interrogatories pursuant to Mass. R. Civ. P. 33.

1. Please state your name, job title, employer, business address and residential address.

2. Please explain why the Defendant has refused to discuss the Plaintiff's return to the Project and has otherwise declined to participate in discussions pertaining to a return to the Project.

3. If you contend that the Plaintiff has been terminated, kindly provide the date of the termination, the means of termination and the identity of the party terminating the contract.

4. If you contend that the Plaintiff has stated a refusal to return to the Project, or has otherwise demonstrated an intent not to return to the work under any circumstances, please state the date of this communication, the substance of the communication and the parties involved.

1

5. Identify any and all witnesses of whom you are aware who have any personal knowledge of the facts alleged in the Complaint, stating for each witness the identity of the witness, the address of the witness, the employer of the witness, the job title of the witness and the specific personal knowledge alleged.

6. Identify each and every witness you intend to call at trial, stating for each the identity of the witness, the address of the witness, the employer of the witness, the job title of the witness and the specific testimony to be provided.

7. Please identify each person you expect to call as an expert witness at the trial and please state as to each person:

   a. the subject matter on which each such person is expected to testify;
   b. the substance of the facts and opinions to which each such person is expected to testify;
   c. the specific date on which the opinion of such expert is based.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: April 11, 2005

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                           SUPERIOR COURT DEPARTMENT
                                                         OF THE TRIAL COURT
                                                         CIVIL ACTION NO: 05-647C

LANDWORKS CREATIONS, LLC                  )
                                          )
Plaintiff                                 )
                                          )
                                          )
v.                                        )    PLAINTIFF'S FIRST
                                          )    REQUEST FOR PRODUCTION
UNITED STATES FIDELITY AND                )    OF DOCUMENTS FROM THE
GUARANTY COMPANY                          )    DEFENDANT, USF & G
                                          )
Defendant                                 )

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff") and requests that Defendant, United States Fidelity & Guaranty Co./St. Paul's Ins. Co ("the Defendant") provide the following documents pursuant to Mass. R. Civ. P. 34. If any document is deemed by the Defendant to be subject to a privilege of any kind, request is made for the creation and provision of a privilege log, containing specific information sufficient for the Plaintiff to understand the nature of the document, the date of creation of the document, the creator of the document, the recipient of the document and the general subject matter of the document:

Request 1: A complete copy of the USF & G claim file demonstrating the independent investigation by USF & G of the claim made by Landworks against the surety bond on or about March 17, 2005, including, but not limited to correspondence, e-mails, photographs, memoranda, documents received and, documents provided, that formed the basis of USF & G's denial of the Plaintiff's claim for funds owed on the Shrewsbury project referenced in the Plaintiff's Complaint.

1

Request 2: A copy of the contract between USF & G and Jackson Construction for the Shrewsbury Project referenced in the Plaintiff's Complaint.

Request 3: Copies of invoices and requisitions tendered by Jackson to USF & G with regard to the Plaintiff's work, and any documents that reference payment, or failure to make payment, to the Plaintiff for its work.

Request 4: Copies of any and all correspondence in the possession of the Defendant between any party or parties that in any way references, evidences, relates to or refers to the Plaintiff's work at the Shrewsbury project, including correspondence to and from Jackson, to and from the Defendant, and to and from the town of Shrewsbury, its agents, employees, construction managers, clerks of the work, servants or assigns.

Request 5: Copies of any and all change orders that in any way relate to the Plaintiff's work at the Project.

Respectfully Submitted,<br>
**Landworks Creations, LLC**<br>
By its attorney,<br><br>
_____<br>
Robert N. Meltzer, BBO #564745<br>
PO Box 1459<br>
Framingham, MA 01701<br>
Phone: (508) 872-7116

Dated: April 11, 2005

Norfolk County Sheriff's Department   P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787

Norfolk, ss.

April 26, 2005

I hereby certify and return that on 4/21/2005 at 12:48PM I served a true and attested copy of the summons, complaint, request production of documents, interrogatories and statement of damgs. in this action in the following manner: To wit, by delivering in hand to Cheryl Cavanaugh, legal asst., , person in charge at the time of service for USF & G, at 300 Crown Colony Drive, Quincy, MA 02169. Basic Service Fee ($30.00), Copies-Attestation ($5.00), Conveyance ($4.50), Postage and Handling ($1.00), Travel ($20.80) Total Charges $61.30

Deputy Sheriff Ronald Goguen

*Deputy Sheriff*

### N.B. TO PROCESS SERVER:

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.
Superior Court
Civil Action
No.
Plaintiff
v.
Defendant
SUMMONS
(Mass. R. Civ. P. 4)