UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LANDWORKS CREATIONS, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & GUARANTY COMPANY | ) ) ) ) | |
| Defendant, | ) ) | |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

United States Fidelity and Guaranty Company ("USF&G") hereby opposes the Motion of Plaintiff, Landworks Creations, LLC ("Landworks") to Compel Responses to Outstanding Discovery Pursuant to F.R.C.P. 37 and Local Rule 37.1. Despite repeated requests, neither USF&G nor Defendant's counsel received a copy of "Plaintiff's First Set of Interrogatories to be Answered By The Defendant, USF&G" ("Plaintiff's Interrogatories") until said document was filed along with Plaintiff's motion to compel.[1] In addition, Plaintiff has failed to comply with LR 37.1. As admitted in Plaintiff's counsel's "Certificate of Compliance with Local Rule 37.1," no LR 37.1 conference was requested or held prior to the filing of plaintiff's motion. Rather, Plaintiff's counsel admits that he merely exchanged a series of letters with Defendant's counsel, which letters were not submitted with the Plaintiff's motion. The relevant letters, the first of which was sent by <u>Defendant's counsel</u> requesting copies of Plaintiff's discovery requests, are

---

[1] See Affidavit of James M. Peters, Jr. in Support of USF&G's Opposition to Plaintiff's Motion to Compel ("Affidavit of James Peters"), which is filed herewith; and Affidavit of Eric C. Hipp in Support of USF&G's Opposition to Plaintiff's Motion to Compel ("Affidavit of Eric C. Hipp"), which is filed herewith.

attached to the Affidavit of Eric C. Hipp. Now that USF&G has received copies of all of Plaintiff's discovery requests, albeit as attachments to the motion to compel, USF&G will serve responses to all such requests forthwith. Under the circumstances however, USF&G requests that Plaintiff's motion be denied.

I.   USF&G was not served with Plaintiff's Interrogatories until they were filed along with Plaintiff's motion to compel.

James M. Peters, Jr. is employed at St. Paul Travelers as Vice President in the Bond Claim Department in Hartford, Connecticut. In that position, he has responsibility for the oversight, handling and management of claims arising under surety bonds executed by USF&G on behalf of Standen Contracting Company, Inc. Mr. Peters has conducted a thorough search of claim file regarding the above-referenced litigation, and has been unable to locate a copy of Plaintiff's Interrogatories.

Rather, Mr. Peters found a letter dated April 21, 2005 from Carol A. Griffin of St. Paul Travelers' Claim Legal Group office at 300 Crown Colony Drive in Quincy, Massachusetts to St. Paul Travelers Corporate Litigation office in Hartford, Connecticut, a copy of which is attached as Exhibit A to the Affidavit of James Peters. As indicated in the letter, a deputy sheriff from the Norfolk County Sheriff's Office served a summons, verified complaint, and first set of requests for production of documents upon USF&G at Ms. Griffin's office on April 21, 2005 with respect to the present litigation. The letter did not indicate that interrogatories were served at that time. None of the enclosures were interrogatories.

II.      Despite Repeated Requests, Defendant's counsel did not receive a copy of Plaintiff's Interrogatories until they were filed along with Plaintiff's motion to compel.

By letter dated February 6, 2006, Defendant's counsel advised Plaintiff's counsel that he did not have any discovery requests from Plaintiff in the file, and requested that counsel resend any discovery requests that were previously served. This letter was sent after noting a reference to a document request in Plaintiff's initial disclosures under Fed. R. Civ. P. 26(a)(1).

In response, Plaintiff's counsel sent a letter dated February 6, 2006 stating: "I was sorry to hear that your client lost the document request served on it by sheriff back on April 21, 2005. I am, of course, willing to provide you with another copy, as well as the proof that the documents was (sic) served in hand to USF & G." The "proof" sent by Plaintiff's counsel was a copy of a sheriff's affidavit regarding an <u>unidentified matter</u>. The sheriff's affidavit appears to be on the back of a Summons, the front of which was not provided. Plaintiff filed a copy of the same sheriff's affidavit with the present motion to compel discovery. Again, Plaintiff has not provided the front of the Summons.

Because the sheriff's affidavit indicated that interrogatories had been served, which Plaintiff's counsel had not sent with his letter of February 6, 2006, Defendant's counsel called on February 17, 2006 to request a copy of the interrogatories. Plaintiff's counsel stated that he would do so.

As of March 6, 2006, Defendant's counsel had still not received a copy of Plaintiff's interrogatories. By letter dated March 6, 2006, Defendant's counsel again requested a copy of the interrogatories. In response, Plaintiff's counsel sent a letter dated March 9, 2006, which did not include a copy of the interrogatories. Rather, Plaintiff's counsel wrote that: "I consider the ongoing refusal to address discovery served in April of 2005 to be evidence of ongoing bad faith

3

by USF & G." Plaintiff's counsel demanded that USF&G respond to the interrogatories by the close of business on March 10, 2006.

By letter dated March 9, 2006, Defendant's counsel recounted his previous requests for a copy of Plaintiff's interrogatories from, and reiterated the request. Specifically, Defendant's counsel wrote: "[w]hether or not the interrogatories were served along with the original Summons and Complaint, I have made it abundantly clear that I do not have a copy of them in my file. It is impossible to answer Plaintiff's interrogatories by any deadline given your continued refusal to send them to me."

The only response that Defendant's counsel received was a letter dated March 14, 2006, in which Plaintiff's counsel wrote: "I shouldn't need to remind you that the outstanding discovery in this case is about due for a birthday candle. Now I find that you lost the earlier discovery." Again, Plaintiff's counsel did not provide a copy of the interrogatories.

Defendant's counsel did not receive a copy of Plaintiff's Interrogatories until they were filed along with Plaintiff's motion to compel.

III.    Throughout the Course of this Litigation, Plaintiff's Counsel has Engaged in Similar Troubling Conduct.

The difficulty encountered by Defendant's counsel in attempting to get a copy of Plaintiff's interrogatories, is part of a troubling pattern of conduct by Plaintiff's counsel throughout this litigation.

For example, in Plaintiff's initial disclosures counsel listed among the "Individuals With Discoverable Knowledge": Kevin J. O'Connor, who has appeared for USF&G in the present matter; Scott S. Spearing, an attorney at Defendant's counsel's law firm; and Brad Carver, who was prior counsel for USF&G in this matter.

In addition, in opposition to USF&G's Motion for Leave to File an Amended Answer and Counterclaim ("Opposition"),[2] Plaintiff's counsel filed an opposition, without the support of an affidavit or other documentation, in which he made a number of troubling accusations and other statements. These included:

> the Surety has engaged in a pattern and practice of activity with the ultimate purpose of delaying or denying payment to this Plaintiff. This conduct includes the act of removing this case, which would have already been resolved in the Worcester Superior Court, to the federal court in order to delay and hinder adjudication. See Opposition, p. 1.
>
> … the Surety's counterclaim is based upon pure fantasy. It is, at best, unsupportable. It is, at worst, a fraud on the tribunal. See Opposition, p. 1.
>
> …it should be evident to the Court that this amendment is interposed for the continuing bad faith purpose of denying or delaying payment of undisputed claims. See Opposition, p. 2.
>
> The Surety makes a knowingly false statement in its proposed Counterclaim, § (sic) 11, that "Landworks abandoned its work at the Project in the fall of 2004. See Opposition, p. 3.[3]
>
> The notion that the Plaintiff abandoned the project in the autumn of 2004 is simply not subject to proof by the Surety. See Opposition, p. 6.
>
> It is also a falsehood of mind-boggling audacity. There is no way that anyone with an ounce of base intelligence could interpret begging and pleading to return to work as "abandonment" of that work. See Opposition, p. 6 n. 3.
>
> Testimony of USF&G's counsel (who was identified in the mandatory disclosures) will support this position. See Opposition, p. 6.

Furthermore, Plaintiff's counsel has served a "Notice of Taking the Deposition of Cheryl Cavanaugh," even though neither Plaintiff nor USF&G listed Ms. Cavanaugh as a person with discoverable knowledge in their respective initial disclosures required by Fed. R. Civ. P.

---

[2] The Court has not acted on USF&G's Motion for Leave to File an Amended Answer and Counterclaim to date.

[3] However, in the Opposition Mr. Meltzer admits that Landworks has not performed any work at the Project since January, 2005.

5

26(a)(1). Despite repeated requests, Plaintiff's counsel has failed to supplement Plaintiff's initial disclosures to indicate the subjects of Ms. Cavanaugh's discoverable information.

Finally, Plaintiff's counsel scheduled nine depositions, without prior notice, for April 21, April 26, April 27, and May 15. Despite Defendant's counsel's repeated notice that counsel is not available on April 21, 26 or 27 due to a previously scheduled trial and previously scheduled vacations, Plaintiff's counsel refuses to reschedule the depositions. Plaintiff's counsel wrote that: "[d]uring the course of this case, USF&G has been represented by four law firms and about eight different lawyers. USF&G seems to have no problems finding lawyers when it is convenient." Plaintiff's refusal is perplexing given USF&G's cooperation by agreeing to Plaintiff's request to produce Robert Bullock, a Pennsylvania resident, pursuant to a standard notice of deposition, without the formality of a subpoena served in Pennsylvania. Defendant's counsel does not seek a long delay. Rather, Defendant's counsel and the USF&G deponents are available during early May, 2006.

WHEREFORE, for the reasons recited above, USF&G requests that Plaintiff's motion be denied.

          Respectfully submitted,

          **UNITED STATES FIDELITY &**
          **GUARANTY COMPANY**

          /s/ Eric C. Hipp
          Kevin J. O'Connor, BBO No. 555249
          Scott Spearing, BBO 562080
          Eric. C. Hipp, BBO No. 642658
          HERMES, NETBURN, O'CONNOR &
            SPEARING, P.C.
          265 Franklin Street
          Boston, MA 02110-3113
          (617) 728-0050

Dated: April 3, 2006          (617) 728-0052 (F)

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on April 3, 2006.

                   /s/ Eric C. Hipp
                   Eric C. Hipp

G:\KJO\St Paul Travelers\Landworks Creations\Pleadings\Opposition to Plaintiff's Motion to Comepl Discovery.doc