UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LANDWORKS CREATIONS, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & GUARANTY COMPANY | ) | |
| Defendant, | ) | |

**AFFIDAVIT OF ERIC C. HIPP IN SUPPORT OF USF&G'S
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

1.      I am an attorney admitted to the bar of the Commonwealth of Massachusetts and bar of the United States District Court of Massachusetts. I represent the United States Fidelity & Guaranty Company (USF&G) in this case. I have personal knowledge of the facts set forth herein.

2.      Under the heading "Computation of Damages" in Landworks Creations, LLC's Disclosure Statement Pursuant to F.R.C.P. 26(a)(1),[1] Plaintiff indicated that "[t]he Defendant has already been served with a document request, although no documents have yet been produced."

3.      By letter dated February 6, 2006, a copy of which is attached hereto as Exhibit 1, I wrote: "[p]lease be advised that I do not have any discovery requests from Plaintiff in my file. Please resend any discovery requests that were previously served."

---

[1] Plaintiff filed its Disclosure Statement with the Court, in violation of LR 26.6, on or about February 1, 2006.

4.    I received a letter dated February 6, 2006 from Plaintiff's counsel Robert Meltzer stating: "I was sorry to hear that your client lost the document request served on it by sheriff back on April 21, 2005. I am, of course, willing to provide you with another copy, as well as the proof that the documents was (sic) served in hand to USF & G." A copy of the letter is attached hereto as Exhibit 2.

5.    The "proof" sent by Mr. Meltzer was a copy of a sheriff's affidavit regarding an unidentified matter. The sheriff's affidavit appears to be on the back of a Summons, the front of which was not provided.[2]

6.    The sheriff's affidavit indicated that interrogatories had been served. Mr. Meltzer had not sent a copy of interrogatories with his letter of February 6, 2006. On February 17, 2006, I called Mr. Meltzer and asked him to send me a copy of the interrogatories referred to in the sheriff's affidavit. Mr. Meltzer stated that he would do so.

7.    As of March 6, 2006, I had not received a copy of Plaintiff's interrogatories from Mr. Meltzer. By letter dated March 6, 2006, I reminded Mr. Meltzer that as I had explained by letter and by telephone, I did not have copies of any interrogatories from plaintiff in my file. I again asked Mr. Meltzer to resend any interrogatories for which Plaintiff sought answers.

8.    I received a letter from Mr. Meltzer dated March 9, 2006 in response, a copy of which is attached hereto as Exhibit 3. Mr. Meltzer did not provide a copy of the interrogatories. Rather, he wrote that: "I consider the ongoing refusal to address discovery served in April of 2005 to be evidence of ongoing bad faith by USF & G." Mr. Meltzer demanded that USF&G respond to the interrogatories by the close of business on March 10, 2006.

---

[2] Plaintiff filed a copy of the same sheriff's affidavit regarding an unidentified matter with the present motion to compel discovery. Again, Plaintiff has not provided the front of the Summons.

2

9. By letter dated March 9, 2006, I recounted to Mr. Meltzer my communications over the previous month indicating that I didn't have a copy of any interrogatories from Plaintiff and requesting such. A copy of the letter is attached hereto as Exhibit 4. I wrote: "[w]hether or not the interrogatories were served along with the original Summons and Complaint, I have made it abundantly clear that I do not have a copy of them in my file. It is impossible to answer Plaintiff's interrogatories by any deadline given your continued refusal to send them to me."

10. The only response that I received was a letter dated March 14, 2006 from Mr. Meltzer, in which he wrote: "I shouldn't need to remind you that the outstanding discovery in this case is about due for a birthday candle. Now I find that you lost the earlier discovery." A copy of the letter is attached hereto as Exhibit 5. Again, Mr. Meltzer did not provide a copy of the interrogatories.

11. In Landworks Creations, LLC's Disclosure Statement Pursuant to F.R.C.P. 26(a)(1), which was filed with the Court in violation of LR 26.6 on or about February 1, 2006, Mr. Meltzer listed among the "Individuals With Discoverable Knowledge": Kevin J. O'Connor, who has appeared for USF&G in the present matter; Scott S. Spearing, an attorney at Defendant's counsel's law firm; and Brad Carver, who was prior counsel for USF&G in this matter.

12. In opposition to USF&G's Motion for Leave to File an Amended Answer and Counterclaim ("Opposition"),[3] Mr. Meltzer filed an opposition, without the support of any affidavit or other documentation, in which he made a number of troubling accusations and other statements. These included:

> the Surety has engaged in a pattern and practice of activity with the ultimate purpose of delaying or denying payment to this Plaintiff. This conduct includes the act of removing this case, which would have already been resolved in the

---

[3] The Court has not acted on USF&G's Motion for Leave to File an Amended Answer and Counterclaim to date.

3

> Worcester Superior Court, to the federal court in order to delay and hinder adjudication. See Opposition, p. 1.
>
> … the Surety's counterclaim is based upon pure fantasy. It is, at best, unsupportable. It is, at worst, a fraud on the tribunal. See Opposition, p. 1.
>
> …it should be evident to the Court that this amendment is interposed for the continuing bad faith purpose of denying or delaying payment of undisputed claims. See Opposition, p. 2.
>
> The Surety makes a knowingly false statement in its proposed Counterclaim, § (sic) 11, that "Landworks abandoned its work at the Project in the fall of 2004. See Opposition, p. 3.[4]
>
> The notion that the Plaintiff abandoned the project in the autumn of 2004 is simply not subject to proof by the Surety. See Opposition, p. 6.
>
> It is also a falsehood of mind-boggling audacity. There is no way that anyone with an ounce of base intelligence could interpret begging and pleading to return to work as "abandonment" of that work. See Opposition, p. 6 n. 3.
>
> Testimony of USF&G's counsel (who was identified in the mandatory disclosures) will support this position. See Opposition, p. 6.

13. Mr. Meltzer has served a "Notice of Taking the Deposition of Cheryl Cavanaugh," indicating that he intends to take her deposition on April 21, 2006. Neither Plaintiff nor USF&G listed Ms. Cavanaugh as a person with discoverable knowledge in their respective initial disclosures required by Fed. R. Civ. P. 26(a)(1). I have requested numerous times that Mr. Meltzer supplement Plaintiff's initial disclosures to indicate the subjects of Ms. Cavanaugh's discoverable information. He has refused to do so.

14. By letter dated March 5, 2006, Mr. Meltzer stated that he going to send out nine deposition notices. He requested if USF&G would produce Robert Bullock, a Pennsylvania resident, pursuant to a standard notice of deposition, instead of the formality of a subpoena served in Pennsylvania. In response I indicated by letter dated March 6, 2006 that USF&G

---

[4] However, in the Opposition Mr. Meltzer admits that Landworks has not performed any work at the Project since January, 2005.

4

would agree to produce Mr. Bullock at a mutually convenient time, date and place. I also requested that Mr. Meltzer send me a list of the deponents and proposed dates as soon as possible. Without any advance notice, Mr. Meltzer served nine deposition notices for the following dates: April 21, April 26, April 27 and May 15. By letter dated March 13, 2006, I informed Mr. Meltzer that counsel for USF&G is not available on April 21, April 26 or April 27 due to a previously scheduled trial and previously scheduled vacations. I offered to propose alternate dates in May, 2006 after speaking with the proposed deponents from USF&G as to their availability. By letter dated March 14, 2006, Mr. Meltzer responded that: "[i]t seems to me that USF&G has at least fifty attorneys working for it that could attend the depositions in April. I would appreciate it if you could try to find coverage." I replied by letter dated March 14, 2006, stating that neither myself nor Kevin O'Connor were available on April 21, April 26 or April 27. I also explained that Scott Spearing, who represents USF&G in litigation other than the present matter, was also not available. By letter dated March 14, 2006, Mr. Meltzer wrote: "[d]uring the course of this case, USF&G has been represented by four law firms and about eight different lawyers. USF&G seems to have no problems finding lawyers when it is convenient. … I am not prepared to delay these depositions …"

**I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of April, 2006.**

/s/ Eric C. Hipp_____
Eric C. Hipp

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on April 3, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\KJO\ST Paul Travelers\Jackson\Landworks\Pleadings\ Affidavit of ECH re motion to compel discovery.doc

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER

(617) 210-7750

February 6, 2006

Robert N. Meltzer, Esq.
Attorney at Law
P.O. Box 1459
Framingham, MA 01701

Re: **Landworks Creations, LLC v. United States Fidelity & Guaranty Company**
**C.A. 4:05-cv-40072-FDS**

Dear Rob:

Under the heading "Computation of Damages" in the document entitled "Landworks Creations, LLC's Disclosure Statement Pursuant to F. R.C.P. 26(a)(1)," you indicated that "[t]he Defendant has already been served with a document request, although no documents have yet been produced."

As you are aware, Fed. R. Civ. P. 26(d) prohibits parties from seeking discovery from any source until the parties have held a Fed. R. Civ. P. 26(f) conference. In addition, LR 26.2(A) provides that, "before a party may initiate discovery, that party must provide to the other parties disclosure of the information and materials called for by Fed.R.Civ.P. 26(a)(1)." As Plaintiff Landworks Creations, LLC did not provide such disclosure until February 1, 2006, and previous discovery requests were inappropriate.

Please be advised that I do not have any discovery requests from Plaintiff in my file. Please resend any discovery requests that were previously served.

Very truly yours,

Eric C. Hipp

G:\KJO\St Paul Travelers\Landworks Creations\Letters\Meltzer 2006.02.06.doc

# ROBERT N. MELTZER
### ATTORNEY AT LAW
P.O. Box 1459
FRAMINGHAM, MASSACHUSETTS 01701

(508) 872-7116
fax (508) 872-8284

robmeltzer@aol.com

February 6, 2006

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street 7th Floor
Boston, MA 02110-3113
Attn: Eric C. Hipp, Esq.
BY FAX 617-728-0052

Re: <u>Landworks Creations, LLC v. USF & G</u>
Civil Action No: 05-40072 -FDS

Dear Eric:

I was sorry to hear that your client lost the document request served on it by sheriff back on April 21, 2005. I am, of course, willing to provide you with another copy, as well as the proof that the documents was served in hand to USF & G.

For the sake of convenience, I am providing you with a fax copy of the Second Request for Production of Documents with this letter.

Thank you.

Very truly yours,

Robert N. Meltzer

Cc:   client

# ROBERT N. MELTZER
### ATTORNEY AT LAW

P.O. Box 1459
FRAMINGHAM, MASSACHUSETTS 01701

(508) 872-7116
fax (508) 872-8284

robmeltzer@aol.com

March 9, 2006

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02110
Attn: Eric C. Hipp Esq.
BY FAX 617-728-0052

Re: <u>Landworks Creations, LLC v. USF & G</u>
Civil Action No: 05-40072 -FDS

Dear Eric

The interrogatories were served in hand to USF & G on April 25, 2005. Are you conceding that USF & G lost them?

I strongly disagree with your position on discovery. The document request and interrogatories were properly served on your client, and then apparently lost. Nothing in the removal statute states that removal serves as a stay of written discovery legitimately served in the state courts. If you authority that says differently, kindly provide the cites.

As you know, it is our position that USF & G removed this case, and ignored its discovery responsibilities, as a strategy to delay resolution of this claim. I consider the ongoing refusal to address discovery served in April of 2005 to be evidence of ongoing bad faith by USF & G.

I expect the response to the first document request and the interrogatories by close of business tomorrow.

Very truly yours,

Robert N. Meltzer

Cc: client

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
**(617) 210-7750**

<u>VIA TELECOPIER AND FIRST CLASS MAIL</u>

March 9, 2006

Robert N. Meltzer, Esq.
Attorney at Law
P.O. Box 1459
Framingham, MA 01701

Re: **<u>Landworks Creations, LLC v. United States Fidelity & Guaranty Company</u>**
   **C.A. 4:05-cv-40072-FDS**

Dear Rob:

I am in receipt of your two faxes dated March 9, 2006. I informed you by letter dated February 6, 2006 that, "I do not have any discovery requests from Plaintiff in my file. Please resend any discovery requests that were previously served." By letter dated February 7, 2006, you sent me a copy of Plaintiff's First Requests for Production of Documents.

As I explained to you by phone on February 17, 2006, I still did not have any interrogatories from Plaintiff in my file. I asked you to send me a copy, which you agreed to do. However, I did not receive any interrogatories.

By letter dated March 6, 2006, I stated, "[a]s explained in my letter of February 7, 2006 and as I explained to you by phone on February 17, 2006, please be advised that I still do not have any interrogatories from Plaintiff in my file. Again, please resend any interrogatories for which Landworks seeks answers."

Your fax dated March 9, 2006 does not include a copy of any interrogatories from Plaintiff. Whether or not the interrogatories were served along with the original Summons and Complaint, I have made it abundantly clear that I do not have a copy of them in my file. It is impossible to answer Plaintiff's interrogatories by any deadline given your continued refusal to send them to me.

**HERMES, NETBURN, O'CONNOR & SPEARING, P.C.**

Robert N. Meltzer, Esq.
March 9, 2006
Page 2

      Regarding your second fax listing your nine proposed deponents, please provide the address and telephone number of Cheryl Cavanaugh, and identify the subject of any discoverable information that she may have, as required by Fed. R. Civ. P. 26(a)(1). Ms. Cavanaugh was not identified in either Landworks' or USF&G's initial disclosures.

      In addition, I will speak with Mr. Peters, Ms. Schaak and Mr. Bullock as to their availability on the dates that you have proposed.

Very truly yours,

Eric C. Hipp

G:\KJO\St Paul Travelers\Landworks Creations\Letters\Meltzer 2006.03.09.doc

# ROBERT N. MELTZER
### ATTORNEY AT LAW
P.O. Box 1459
FRAMINGHAM, MASSACHUSETTS 01701

(508) 872-7116
fax (508) 872-8284

robmeltzer@aol.com

March 14, 2006

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02110
Attn: Eric C. Hipp Esq.
BY FAX 617-728-0052

Re:   Landworks Creations, LLC v. USF & G
      Civil Action No: 05-40072 -FDS

Dear Eric

I received your letter of this afternoon.

During the course of this case, USF & G has been represented by four firms and about eight different lawyers. USF & G seems to have no problems finding lawyers when it is convenient. I have seen no good faith from USF & G on discovery or anything else in this matter, and I am not prepared to delay these depositions until late summer because of your schedule. I shouldn't need to remind you that the outstanding discovery in this case is about due for a birthday candle. Now I find that you have lost the earlier discovery.

I would therefore request that you seek someone to coverage the depositions, which were scheduled consistent with a schedule that you drafted and I accepted.

Thank you.

Very truly yours,

Robert N. Meltzer

Cc:   client