COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        CIVIL ACTION NO: 05-647C

LANDWORKS CREATIONS, LLC          )
                                  )
Plaintiff                         )
                                  )
v.                                )
                                  )
UNITED STATES FIDELITY AND        )
GUARANTY COMPANY                  )
                                  )
Defendant                         )


MOTION OF THE PLAINTIFF, LANDWORKS CREATIONS, LLC TO STRIKE THE
OPPOSITION OF THE DEFENDANT, USF & G TO
PLAINTIFF'S MOTION TO COMPEL PURSUANT  TO F.R.C.P. 12(f)


Now comes the Plaintiff, Landworks Creations, LLC, ("the Plaintiff") and moves that

this Court strike Defendant, USF & G's Opposition to the Plaintiff's Motion to Compel on the

grounds that the Opposition is both non-responsive and irrelevant, and clearly drafted with the

improper purpose of defaming the Plaintiff through its papers. F.R.C.P. 12(f) states that "upon

motion made by a party within 20 days after the service of the pleading upon him…the Court

may after hearing order stricken from any pleading any insufficient defense, or any redundant,

immaterial, impertinent or scandalous matter…"

As noted below, the entire opposition should be stricken.

<u>THE OPPOSITION IS ENTIRELY NON-RESPONSIVE TO THE ISSUE AS TO WHY THE
DEFENDANT HAS NOT RESPONDED TO LAWFULLY AND PROPERLY SERVED
DISCOVERY</u>

On the first issue, the Court should note that the Defendant has simply failed to identify any legally cognizable basis for failing to respond to discovery under F.R.C.P. 26. The material sought is not privileged, or irrelevant. The documents explore why the Defendant refused to work with the Plaintiff, why the Defendant believes the Plaintiff is in breach, what the alleged damages would be, what the source of the claim of abandonment is based upon, and why the Defendant believes the Plaintiff was lawfully terminated. The request also probes the Defendant's claims practices, as is permitted based upon the claim under G.L. c. 176D.

The Defendant admits that it has in its possession both sets of document requests and interrogatories, and yet it is seeking leave not to provide the requested information. For what it's worth, the Court has the original proof of service on USF & G in the file showing that both interrogatories and document requests were served at the inception of this lawsuit, so the allegation that the Plaintiff is somehow pulling a fast one on both the Court and USF & G is impertinent and scandalous, and should also be stricken.

The Plaintiff is baffled by the willing admission by the Defendant that it lost the document request, but it adamantly refuses to acknowledge that it lost the interrogatories. The Court should not be surprised by USF & G's attempt to claim it did not receive the interrogatories; the interrogatories demonstrate that USF & G violated F.R.C.P. 11 by filing a knowingly false counterclaim.

The Plaintiff has, perhaps, an old-fashioned notion regarding discovery—the party subject to that discovery is expected to respond to those requests within the time frame provided by the rules. It is unclear why the Defendant apparently feels exempt from this concept; the

Defendant has provided no relevant insight as to why it could not respond within the appropriate time frame.

In any instance, the Defendant is required to respond to these discovery requests under F.R.C.P. 26, 33 and 34, and the Defendant has provided no reason that it should not be compelled to respond, and the Motion to Strike must be ALLOWED.

## THE ENTIRE OPPOSITION CONTAINS MATERIAL THAT IS IMMATERIAL, IMPERTINTENT AND SCANDALOUS IN THE CONTEXT OF A MOTION TO COMPEL

The Plaintiff is equally baffled as to why the Defendant has spent an excessive amount of time on irrelevant procedural history which has no bearing on the failure to comply with discovery requests. Notwithstanding the procedural history identified by the Defendant, the court should note the following:

1. This lawsuit was filed in Worcester Superior Court in April of 2005. Consistent with most cases proceeding toward speedy trial under G.L. c. 149 §29, interrogatories and document requests were served with the Complaint to save time. The sheriff's return demonstrates that USF & G has had these discovery requests since April of 2005.

2. The first law firm to become involved in this case asked for an extension of time to answer the Complaint and figure out where the case was going. The Plaintiff granted an extension.

3. The second law firm asked for more time so that it could get its files together, as it was dealing with the business failure of Jackson construction and Jackson's apparent abandonment of the job. The Plaintiff granted an extension.

4.  The third law firm asked for more time to work out this matter because it was in the process of forming itself and getting its files and procedures together. The Plaintiff granted an extension.

5.  The third law firm then removed the case, which delayed this case for nearly six months.

6.  The fourth law firm asked for generous time periods of discovery due to the impending family issues. In the interest of professional courtesy, Plaintiff agreed.

During this time frame, USF & G failed to secure the Jackson file, such that some of the most vital documents have been lost or destroyed. Notwithstanding that the Plaintiff has been seeking to get back to work, USF & G now wants to claim that non-work during the extensions it or its counsel requested constitute abandonment of the work. USF & G has sought to file a counterclaim that seems to have no correlation to reality and which is disputed by the interrogatories served upon it.

In addition, the Defendant has failed to comply with the letter and spirit of Rule 26(a)(1) in its mandatory disclosures. In most categories, in terms of providing the subject of knowledge, the Defendant wrote "Subjects of information: The work performed at the Shrewsbury Middle School construction project, including that of Landworks Creations, LLC." The Plaintiff did not expect that these people had knowledge of the street layout of Peru, but it is significant that even those disclosures have failed to shed any light on the Defendant's defenses or claims. The Court should recall that this Defendant sought the jurisdiction of the Court, and yet does not want to comply with the procedural rules of this Court.

USF & G has yet to produce a shred of documentation or a single piece of information to demonstrate the basis for its conduct under any of its obligations.

And yet, USF & G, in its current motion, seems surprised that the Plaintiff is not willing to put off depositions or discovery and has lost patience with the a surety that has brought a vibrant and productive company to the edge of insolvency.  Is this loss of patience relevant? Yes, but only to demonstrate to the Court that it is time for this Court to order USF & G to stop delaying this matter and start complying with its obligations. It is also noteworthy that the Plaintiff's creditors are finished showing patience with this endless delays.

Attempts to blame the Plaintiff, or its counsel, for the failure of this Defendant to comply with discovery obligations are both bizarre and immaterial.

The material in the opposition is not only immaterial to the issue before the Court, but it is scandalous and impertinent, and the Motion to Strike this material should be ALLOWED.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

s/Robert N. Meltzer
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: April 7, 2006

CERTIFICATE OF SERVICE

     I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.


                                  s/ Robert N. Meltzer


April 7, 2006

<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1</u>

I, Robert N. Meltzer, have made all efforts to comply with Local Rule 37.1. Prior to filing this motion, I had a long telephone conference with opposing counsel about resolving outstanding discovery issues. I have addressed the obligations under Local Rule 37.1 as a condition precedent to the filing of this motion.

<u>s/Robert N. Meltzer</u>