UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY AND | ) |
| GUARANTY COMPANY | ) |
| | ) |
| Defendant | ) |

PLAINTIFF, LANDWORKS CREATIONS, LLC'S PETITION FOR
LEAVE TO CONDUCT IN EXCESS OF 10 DEPOSITIONS PURSUANT TO L.R. 26.1(c)

Now comes the Plaintiff and requests leave of court to conduct in excess of 10 depositions in this case. Local Rule 26.1(c) restricts each party to ten depositions "unless the judicial officer orders otherwise."

As further grounds for this motion, the Plaintiff states as follows:

This lawsuit seeks payments for excavation work performed by the Plaintiff at the Shrewsbury Middle School. The Plaintiff is a nationally-respected excavation company performing work in Massachusetts. Since the inception of this lawsuit, the Plaintiff has been baffled by the failure of the Defendant, the Surety for two defunct general contractors, to pay the Landworks invoices. Indeed, the Plaintiff has been baffled by the Defendant's failure to enter into good faith negotiations to resolve payment issues.

It has always been the contention of the Plaintiff that this Defendant is involved in a bad faith attempt, in violation of M.G.L. c. 176D, to reduce its obligations under its surety bonds by

litigating its subcontractors into submission. In short, the Plaintiff has always contended that the surety refused to bring Landworks back to work on this project because doing so would have cost the surety monies in overdue payments. The Plaintiff has always contended that the surety has declined to pay legitimate invoices in order to avoid its obligations on the job by failing to pay prior subcontractors. The surety has also filed a knowingly false counterclaim and has perjured itself to this Court and has otherwise defamed the Plaintiff by claiming work deficiencies for the ulterior and false purpose of avoiding payment.

The parties have exchanged documents in this case. Thus far, the documents, as expected, do not reveal any defects in the work attributable to Landworks. The records also show a breathtaking failure by USF & G to investigate the Plaintiff's claim or to determine or demonstrate any legitimate basis to avoid payment.

The Plaintiff has also found evidence that directly supports the claim that this lawsuit is a bad faith effort to reduce costs legitimately due and owing in direct violation of c. 176D. In the documents produced by USF & G, the Plaintiff discovered an e-mail between three consultants of Lovett-Silverman, USF & G's consultants on the project. The e-mail was sent on Wednesday, September 21, 2005 at 9:08 a.m. by Al Falango of Lovett-Silverman to Tony Lardaro and Robert Bullock of the same firm, with a cc to Bill Meritz of Lovett-Silverman. In this e-mail, Al Falango, in discussing cash shortfalls on the job, states that **"we can try to bang the subs but I think that we can never recover from them what we are spending."**

This is an admission of Plaintiff's theory of the case. Indeed, it is an admission of an established policy of extortion against subcontractors for the benefit of the surety.

Thus, this lawsuit has two distinct portions. On one hand, the Plaintiff will still be required to prove that it performed its work according to the plans and specifications. On the other hand, the Plaintiff now has indisputable evidence of bad faith by the surety in the prosecution of the claim.

In its mandatory disclosures, the Plaintiff identified as witnesses the following people who must be deposed:

William Gambill
Formerly of Standen Contracting

Michael Pagano
Katie Crockett (sp?)
Todd Manning
Lamoureux Pagano Associates

Dan Morgado, Town Manager
"Duffy" Clerk of the Works
Robert Cox-Superintendent, Public Buildings Dept

Richard McGuinness
Frank Leonardo
Robert Barton
Jennifer Fletcher
Jackson Construction Company

Jeff Richards
Waterman Design Associates

Craig M. Valente
D.A.Collins Construction Co.

Jack Ferguson
CTM

Robert Bullock
Lovett Silverman Construction Consultants, Inc.

James M. Peters
United States Fidelity & Guaranty

Kevin J. O'Connor, Esq.
Scott S. Spearing, Esq.

Hermes Netburn O'Connor & Spearing

Brad Carver, Esq.
Hinshaw & Culbertson

The Defendant's disclosures identified 23 categories of witnesses as well, identifying, by name, 26 witnesses not identified on Plaintiff's list. As has been learned, there are individuals who have not been named on either list who do have personal knowledge of the facts of this case.

Prior to the production of the September 21, 2005 e-mail, it was not evident how widespread the discovery would be to explore the concept of the Surety's organized scheme to "bang the subcontractors." Based upon this discovery, it is now clear that all of the participants in that e-mail communication must be deposed. In addition, it is now going to be necessary to ascertain who at USF & G knew about banging the subcontractors, when they knew it and whether they engaged in such conduct. In addition, it is now necessary to ascertain whether USF & G instructed its counsel to engage in this conduct and whether they did engage in such conduct.

There is no way to interpret the phrase "bang the subcontractors" in a positive light. There is now proof positive that USF & G has engaged in unfair and deceptive practices, and that it has committed fraud against not only the subcontractors, but also the Courts.

It is simply impossible to investigate this matter while being limited to ten depositions. Plaintiff expects that discovery can be completed by conducting 21 depositions. Who particularly would be on that list would be dependent on testimony received. However, it is evident that the list would exceed ten, and would be unlikely to exceed 21. At a minimum, the Plaintiff will depose Jeremy Medeiros and Jim Peters of USF & G, Bullock, Falango, Meritz and Lardaro, as well as any individuals who received the e-mail about banging the subcontractors.

It is imply not possible to conduct full discovery in this matter with only ten depositions. In light of clear evidence that USF & G has engaged in egregious conduct already disclosed in this case, equity requires that the Plaintiff have full and fair opportunity to investigate the serious implications raised by the surety's own documents.

WHEREFORE, the Plaintiff respectfully requests leave to conduct the depositions of the witnesses identified herein, in excess of the ten permitted by L. R. 26.1(c).

Respectfully Submitted,

**Landworks Creations, LLC**
By its attorney,

s/Robert N.Meltzer_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: June 2, 2006

CERTIFICATE OF COMPLIANCE WITH L.R.7.1(A)(2) and L.R. 37.1

Pursuant to Local Rule 7.1(A)(2) and Local Rule 37.1, Plaintiff's counsel certifies that he has met and conferred with Defendant's counsel pertaining to this discovery motion by letter exchange, and that counsel have been unable to resolve this matter without recourse to the court

Respectfully Submitted,
**Landworks**
By its attorney,

s/Robert N.Meltzer
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: June 2, 2006