UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & ) <br> GUARANTY COMPANY ) <br> ) <br>     Defendant, ) <br> ) | |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S AMENDED ANSWER AND COUNTERCLAIM, FILED WITH LEAVE OF COURT

The Defendant, United States Fidelity and Guaranty Company ("USF&G") hereby responds to the Plaintiff, Landworks Creations, LLC's ("Landworks" or "Plaintiff") Verified Complaint as follows:

1. USF&G admits the allegations contained in paragraph 1 of the Complaint.

2. USF&G admits that it is a corporation organized under the laws of Maryland with a principle place of business at 385 Washington Street, St. Paul, Minnesota. USF&G further admits that it is indirect wholly owned subsidiary of The St. Paul Travelers Companies, Inc. USF&G denies the remaining allegations contained in paragraph 2 of the Complaint.

3. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. USF&G admits that it issued certain bonds to Standen, as principal, the terms of which are self-explanatory.

6. USF&G admits that on or about February 25, 2004, Standen executed a voluntary letter of default in connection with the Project, and requested that USF&G step in and finish the construction work at the Project.  USF&G further admits that in March, 2004, following Standen's default, the Town of Shrewsbury and USF&G entered into a Takeover Agreement, as part of which USF&G was responsible for procuring the completion of the remaining work at the Project in its capacity as a Surety and not as a Contractor.  USF&G denies the remaining allegations contained in paragraph 6 of the Complaint.

7. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

9. USF&G restates its responses to paragraphs 1 through 8 as if fully set out herein.

10. USF&G denies the allegation set forth in paragraph 10 of the Complaint.

11. USF&G denies the allegation set forth in paragraph 11 of the Complaint.

## COUNT II
## VIOLATION OF G.L. c. 93A and 176D

12. USF&G restates its responses to paragraphs 1 through 11 as if fully set out herein.

13. USF&G denies the allegation set forth in paragraph 13 of the Complaint.

14. USF&G denies the allegation set forth in paragraph 14 of the Complaint.

15. USF&G denies the allegation set forth in paragraph 15 of the Complaint.

USF&G states that the last paragraph of the Complaint numbered subparts 1 through 3, is a demand for judgment for which no answer is necessary.  To the extent that this paragraph requires a response, USF&G denies the allegations contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Landworks' damages were caused, if at all, by Landworks' own acts, omissions or errors, or the acts, omissions or errors of third parties over whom USF&G exercises no control and for whom USF&G has no responsibility.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the failure of Landworks to comply with the terms of the bond and the statutorily and contractual conditions precedent to bringing this action.

### FOURTH AFFIRMATIVE DEFENSE

The allegations against the principal relating to the bond in question are subject to defenses, whether or not asserted, by the bonded principal, and USF&G incorporates each of the principal's defenses by reference herein and asserts the benefit of the same as a defense barring any action against it under the bond.

### FIFTH AFFIRMATIVE DEFENSE

Landworks has waived and/or is estopped from asserting the claims alleged in its Complaint against USF&G.

### SIXTH AFFIRMATIVE DEFENSE

Landworks' claims are barred or limited because plaintiff failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Landworks' claims are barred by the relevant statute of limitations, including any limitations period set forth in the Bond.

### EIGHTH AFFIRMATIVE DEFENSE

Landworks' claims are barred by the terms of M.G.L. c. 149 § 29.

### NINTH AFFIRMATIVE DEFENSE

Landworks is barred from relief to the extent of payments already made.

### TENTH AFFIRMATIVE DEFENSE

Landworks is barred from relief due to its failure to comply with the terms of the subcontract.

### ELEVENTH AFFIRMATIVE DEFENSE

Landworks' claims may be barred in whole or in part by reason of the Landworks' breach of the subcontract or other agreement pursuant to which the Landworks claims, rendering its alleged rights under the Subcontract or other agreement, as well as under the bond, void.

### TWELFTH AFFIRMATIVE DEFENSE

Landworks is barred from relief due to its failure to comply with the required specifications for the Project.

### THIRTEENTH AFFIRMATIVE DEFENSE

Landworks failed to provide the labor and materials required by its subcontract in a good and workmanlike manner, and thereby caused damage to USF&G including delay to the project.

### FOURTEENTH AFFIRMATIVE DEFENSE

USF&G's liability under the subject bonds, if any, is limited to the penal amount of such bonds.

### FIFTEENTH AFFIRMATIVE DEFENSE

Landworks' claims may be barred in whole or in part because Landworks seeks recovery for labor and/or materials that were not provided pursuant to the subcontract with respect to which the subject bonds were issued, but were instead allegedly provided in connection with arrangements as to which USF&G has no liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

Landworks' claims may be barred in whole or in part to the extent that its damages are the result of its own or another party's acts or omissions, for which USF&G is not responsible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

USF&G did not violate M.G.L. c. 93A or any other Massachusetts statute or law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Landworks' claims are barred in whole or in part because Landworks suffered no damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Landworks is barred from recovery under Chapters 93A because USF&G's actions were permitted under Massachusetts law.

### TWENTIETH AFFIRMATIVE DEFENSE

USF&G reserves the right to supplement the foregoing Affirmative Defenses to the extent allowed by law and to the extent that additional defenses are revealed during discovery and the pleading process.

## COUNTERCLAIM

### PARTIES

1. Defendant/ Plaintiff-in-Counterclaim United States Fidelity and Guaranty Company ("USF&G") is a corporation organized under the laws of Maryland with a principle place of business at 385 Washington Street, St. Paul, Minnesota.

2. Plaintiff/ Defendant-in-Counterclaim Landworks Creations, LLC ("Landworks") is a limited liability corporation organized under the laws of New Hampshire, whose sole member is a resident of the Maine.

### FACTS

3. On October 1, 2002, the Town of Shrewsbury, Massachusetts ("Shrewsbury") and Standen Contracting Company, Inc. ("Standen") entered into a contract (the "General Contract") regarding the Shrewsbury Middle School construction project (the "Project").

4. On October 4, 2002, USF&G issued a payment and performance bond regarding the Project, naming Standen as principal and Shrewsbury as obligee.

5. On or about August 28, 2003, Standen and Landworks entered into a subcontract for all earthwork, seeding and site demolition work required by the General Contract.

6. On or about February 25, 2004, Standen executed a voluntary letter of default in connection with the Project, and requested that USF&G step in and finish the construction work at the Project.

7. In March, 2004, following Standen's default, Shrewsbury and USF&G entered into a Takeover Agreement, as part of which USF&G was responsible for procuring the completion of the remaining work at the Project in its capacity as a Surety and not as a Contractor.

8. In March, 2004, following Standen's default, USF&G entered into a construction contract with Jackson Construction Company ("Jackson") to takeover and complete the Project.

9. In March, 2004, following Standen's default, USF&G and Landworks entered into a Ratification Agreement, as part of which Landworks agreed to perform the balance of the work remaining in accordance with the terms and conditions of Landwork's subcontract with Standen.

10. On or about April 29, 2004, Landworks entered into a subcontract with Jackson for all site work, site demolition, site preparation, earthwork, geotextile fabrics, erosion control, bituminous concrete paving and markings, concrete pavement, granite curbing, tracer tape, storm drainage systems and sewer systems, underdrain system – athletic field, water systems, and lawns and grasses work required by the General Contract.

11. Landworks abandoned its work at the Project in the fall of 2004.

12. Thereafter, USF&G discovered that a substantial portion of the work that Landworks had performed prior to abandoning the Project was substandard and unworkmanlike.

13. USF&G retained G&R Construction, Inc. ("G&R") complete the remaining work at the Project, including but not limited to finishing and correcting Landworks' substandard work, which is well in excess of the amount that Landworks is seeking in its Complaint and well in excess of the amount left to be paid to Landworks under its subcontract.

14. Pursuant to an agreement, Jackson has assigned all of its rights and claims against Landworks for damages or other relief arising out of or in connection with the Project to USF&G.

## COUNT I
## BREACH OF CONTRACT

15.     USF&G repeats and re-alleges Paragraphs 1 through 14 of the Counterclaim as if fully stated herein.

16.     Landwork's failure to perform in accordance with the plans and specifications of the General Contract, failure to progress with the work required by its subcontract, and failure to perform the work required by its subcontract with due care constitutes a breach of the Ratification Agreement, as a result of which USF&G has been damaged.

17.     Landwork's failure to perform in accordance with the plans and specifications of the General Contract, failure to progress with the work required by its subcontract, and failure to perform the work required by its subcontract with due care constitutes a breach of Landworks' subcontract with Jackson.  As a result of such breach, USF&G, as the assignee of Jackson, has been damaged.

## COUNT II
## NEGLIGENCE

18.     USF&G repeats and re-alleges Paragraphs 1 through 17 of the Counterclaim as if fully stated herein.

19.     Landworks breached its duty of care owed to USF&G, as a result of which USF&G has been damaged.

20.     Landworks breached its duty of care owed to Jackson.  As a result of such breach, USF&G, as the assignee of Jackson, has been damaged.

**WHEREFORE**, United States Fidelity and Guaranty Company requests that the Court order:

a.     entry of judgment for USF&G and against Landworks on Counts I and II of the

8

Counterclaim, including assessment of damages, costs, interest and attorney's fees;

  b. judgment in favor of USF&G and against Landworks on Landwork's claims in the main action; and

  c. any other relief that the Court deems just and appropriate.

              Respectfully submitted,

              **UNITED STATES FIDELITY & GUARANTY COMPANY**

              /s/ Eric C. Hipp
              Kevin J. O'Connor, BBO No. 555249
              Scott Spearing, BBO 562080
              Eric. C. Hipp, BBO No. 642658
              HERMES, NETBURN, O'CONNOR &
                SPEARING, P.C.
              265 Franklin Street
              Boston, MA 02110-3113
              (617) 728-0050
              (617) 728-0052 (F)

Dated: June 13, 2006

## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 13, 2006.

              /s/ Eric C. Hipp
              Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Copy of KJO's Landworks folder as of 04.18.2006\Pleadings\Amended Answer & Counterclaim.doc

9