UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> )     C.A. No. 4:05-CV-40072-FDS <br> UNITED STATES FIDELITY & ) <br> GUARANTY COMPANY ) <br> ) <br>     Defendant, ) | |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION TO PLAINTIFF'S PETITION FOR LEAVE TO CONDUCT IN EXCESS OF 10 DEPOSITIONS**

United States Fidelity and Guaranty Company ("USF&G") hereby opposes Landworks Creations, LLC's ("Landworks") Petition for leave to conduct in excess of ten depositions. Landworks has failed to state any good faith basis for the additional depositions. By separate motion filed herewith, USF&G also requests that the Court sever and stay Landworks' claim of violations of Mass. G.L. ch. 93A and 176D for unfair claims settlement practices, contained in Count II of the Verified Complaint, until such time as Landworks' underlying breach of contract claim is resolved.

USF&G categorically denies Landworks' "theory of the case … of an established policy of extortion against subcontractors for the benefit of the surety." The sole basis for Landworks' petition is a September 21, 2005 e-mail, which Landworks' claims is "clear evidence that USF&G has engaged in egregious conduct," was sent by and between employees of Lovett Silverman Construction Consultants, Inc. ("Lovett Silverman"). The e-mail was not sent by or to

any employee of USF&G.  Further, the comments in the e-mail were not communicated at the time to any employee of USF&G.  The e-mail was produced during the course of this litigation as part of Lovett Silverman's files, and was not contained in USF&G's files.  Landworks does not need to depose in excess of 10 witnesses to ask the author of the e-mail, Al Falango of Lovett Silverman, about its meaning.

In its Petition, Landworks fails to identify the number of witnesses that it wishes to depose.  The only limitation offered is that the list "would be unlikely to exceed 21."  However, the intended deponents noted in the Petition and letters from Plaintiff's counsel, in addition to those identified by Plaintiff's counsel in a meeting, total no less than **29 witnesses**.  Included among these are: USF&G's current and former counsel in this litigation: Kevin O'Connor, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. and Brad Carver, Esq. of Hinshaw & Culbertson.  Landworks also intends to depose Scott Spearing, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C., who has represented USF&G in other payment bond cases involving the Shrewsbury Middle School construction project, as well as other projects.

Landworks' wild conspiracy theories and unfounded accusations of interstate racketeering, which are not alleged in the Verified Complaint, are not founded in fact or law.  Such commentary is not new in this case.  The Court noted Landworks' "florid rhetoric" in its Memorandum and Order on Defendant's Motion for Leave to File an Amended Answer and Counterclaim, which was entered on June 7, 2006.  In the latest turn, Landworks' counsel has attempted to use these groundless accusations against USF&G to dramatically expand the scope of discovery in an <u>unrelated</u> case pending in Massachusetts state court (the "Granger Case").[1]

---

[1] In <u>R.W. Granger & Sons, Inc. vs. Emanouil Brothers, Inc. vs. USF&G</u>, No. WOCV2003-01021 (Worcester Superior Court), Mr. Meltzer represents Emanouil Brothers, Inc., which was the landscape contractor at the Shrewsbury High School construction project.  Lovett Silverman was not involved in any way in that project, nor were Standen Contracting Company or Jackson Construction Company.

Even though Lovett Silverman was not involved in any way with the project at issue in the Granger Case, Mr. Meltzer has noticed the depositions of five Lovett Silverman employees, requesting that four of them bring any and all documents "that shed light on what it would mean to the deponent 'to bang the subs.'"

USF&G does agree with Landworks' assessment that this litigation involves two distinct portions – Landworks' breach of contract claim and USF&G's breach of contract and negligence claims on one hand, and Landworks' Mass. Gen. L. ch. 93A/176D claim on the other.  By separate motion filed herewith and in opposition to Landworks' request to dramatically expand the scope of this litigation, USF&G has requested the Court to sever and stay Landworks' Mass. Gen. L. ch. 93A/176D claim.  Plaintiff cannot maintain such claims unless it succeeds with its underlying breach of contract claim.  Only after such a finding can the Court determine the reasonableness of USF&G's claims settlement practices regarding Landworks.

As further grounds for this Motion, USF&G relies upon the Memorandum of Law in Support of USF&G's Opposition to Plaintiff's Petition for Leave to Conduct in Excess of 10 Depositions, Affidavit of Eric C. Hipp, USF&G's Motion to Sever and Stay, and Memorandum of Law in Support of USF&G's Motion to Sever and Stay, all of which are filed herewith.

WHEREFORE, USF&G requests that Landworks' petition for leave to conduct in excess of 10 depositions be denied.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
  SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
Dated: June 16, 2006                                   (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 16, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Pleadings\Opposition to Plaintiff's Petition for Leave to Conduct in Excess of 10 Depositions.doc