UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES FIDELITY & )<br>GUARANTY COMPANY )<br>)<br>Defendant, )<br>) | C.A. No. 4:05-CV-40072-FDS |

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION TO
PLAINTIFF'S PETITION FOR LEAVE TO CONDUCT IN EXCESS OF 10 DEPOSITIONS
AND CROSS-MOTION TO SEVER AND STAY

United States Fidelity and Guaranty Company ("USF&G") opposes the Petition of Landworks Creations, LLC ("Landworks") for leave to conduct in excess of 10 depositions. By separate motion filed herewith, USF&G also requests that the Court sever and stay Landworks' claim of violations of Mass. G.L. ch. 93A and 176D for unfair claims settlement practices, contained in Count II of the Verified Complaint, until such time as Plaintiff's underlying breach of contract claim is resolved.

I. Landworks' wild conspiracy theories and unfounded accusations of interstate racketeering do not provide a substantive basis for its request to take some 29 depositions.

Landworks' Petition accuses USF&G of "an established policy of extortion against subcontractors for the benefit of the surety," based upon a September 21, 2005 e-mail[1] sent by and between employees of Lovett Silverman Construction Consultants, Inc. ("Lovett

---

[1] A copy of the e-mail is attached to the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 1.

Silverman"), and not to any employee of USF&G. The e-mail was not sent by or to any employee of USF&G. Further, the comments in the e-mail were not communicated at the time to any employee of USF&G. The e-mail was produced during the course of this litigation as part of Lovett Silverman's files, and was not contained in USF&G's files.

In his letter of May 24, 2006, Landworks' counsel states the opinion that "this conduct would serve as the requisite predicate acts of RICO.² In an <u>unrelated</u> case pending in Massachusetts state court, Mr. Meltzer used even more inflammatory language referring to USF&G's actions regarding the present matter:

> [t]he Surety removed the Shrewsbury Middle School case to federal court based upon the diversity of the parties. Based upon these documents, **the Surety may now become subject to class action suit under RICO in that matter [*i.e.*, Landworks Creations, LLC vs. USF&G], as it is now evident that the Surety has been involved in the predicate act of "banging" its subcontractors in interstate commerce.** Another term for "banging" the subcontractors is "extortion."

(emphasis added).³

Landworks' wild conspiracy theories and unfounded accusations of interstate racketeering, which are not alleged in the Verified Complaint, are not founded in fact or law. Such commentary is not new in this case. Landworks present request to take the depositions of some 29 witnesses, including USF&G's current and former counsel in this matter, to then bring a class action claim under the Racketeer Influenced and Corrupt Organization Act, requires Court intervention before this matter spins completely out of control.

---

² A copy of said letter is attached to the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 2.
³ A copy of Emanouil Brothers, Inc.'s Reply Brief filed in <u>R.W. Granger & Sons, Inc. vs. Emanouil Brothers, Inc. vs. USF&G</u>, No. WOCV2003-01021 (Worcester Superior Court), is attached to the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 3. In that case, Mr. Meltzer represents Emanouil Brothers, Inc., which was the landscape contractor at the Shrewsbury High School construction project. Lovett Silverman was not involved in any way in that project, nor were Standen Contracting Company or Jackson Construction Company.

USF&G categorically denies Landworks' "theory of the case … of an established policy of extortion against subcontractors for the benefit of the surety." The sole basis for Landworks' petition is a September 21, 2005 e-mail, which Landworks' claims is "clear evidence that USF&G has engaged in egregious conduct," does not support the groundless accusations.

In his letter of May 24, 2006, Landworks' counsel predicted that "the Court will allow my client to depose no fewer than 21 witnesses in this matter." In response, USF&G's counsel requested that Landworks provide a list of the proposed witnesses.[4] Landworks' response came in the form of its present petition, which does not fully list the proposed deponents. However, the intended deponents noted in the Petition and letters from Plaintiff's counsel, in addition to those identified by Plaintiff's counsel in a meeting, total no less than **29 witnesses**. They are: (1) William Gambill; (2) Michael Pagano; (3) Katie Crockett; (4) Todd Manning; (5) Dan Morgado; (6) "Duffy" (Clerk of the Works); (7) Robert Cox; (8) Richard McGuinness; (9) Frank Leonardo; (10) Robert Barton; (11) Jennifer Fletcher; (12) Jeff Richards; (13) Craig M. Valente; (14) Jack Ferguson; (15) Robert Bullock; (16) James M. Peters; (17) Kevin J. O'Connor, Esq.; (18) Scott S. Spearing, Esq.; (19) Brad Carver, Esq.; (20) Al Falango; (21) Tony Lardaro; (22) Bill Meritz; (23) A.J. Werth; (24) Rick Noblet; (25) Michael Melnick; (26) Jeremy Medieros; (27) Tiffany Schaak; (28) Robert Morel; and (29) a representative from Waterman Design Associates, Inc.

In Landworks' counsel's letter of May 24, 2006, he approximated the number of deponents needed regarding the construction portion of this matter at 7. Accordingly, the relevant discovery at this point can be conducted within the terms of the Local Rules.

---

[4] A copy of said letter is attached to the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 4.

II.   Landworks' Proposed Dramatic Expansion of Discovery Should be Rejected by the Court as a Mere "Fishing Expedition."

As stated by the court in Milazzo v. Sentry Insurance, 856 F.2d 321, 322 (1st Cir. 1988), "[d]iscovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed."

Landworks petition completely ignores the salutary purposes behind LR 26.1(c), which limits each side in a case to ten depositions. Discovery events are limited to force the parties to focus on the central issues and to effectuate the prompt and efficient disposition of cases. "Fishing expeditions," like the one proposed by Landworks, to take in excess to ten depositions are routinely rejected by the courts. See Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 42 (D.Mass. 2001).

## CONCLUSION

For the reasons contained herein, USF&G requests that Landworks' petition for leave to conduct in excess of 10 depositions be denied, and USF&G's cross-motion to sever and stay be granted.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
   SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Dated: June 16, 2006

4

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 16, 2006.

                                          /s/ Eric C. Hipp
                                          Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Pleadings\Memo of Law in Support of Opposition to Plaintiff's Petition for Leave to Conduct in Excess of 10 Depositions.doc