UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LANDWORKS CREATIONS, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & GUARANTY COMPANY | ) ) ) ) | |
| Defendant, | ) ) | |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S MOTION TO SEVER AND STAY

United States Fidelity and Guaranty Company ("USF&G") hereby moves the Court to sever and stay Landworks Creations, LLC's ("Landworks") claim of violations of Mass. G.L. ch. 93A and 176D for unfair claims settlement practices, contained in Count II of the Verified Complaint, until such time as Landworks' underlying breach of contract claim is resolved. In a separate pleading filed herewith, USF&G also opposed Landworks' petition to take in excess of ten depositions.

USF&G agrees with Landworks' assessment that this litigation involves two distinct portions – Landworks' breach of contract claim and USF&G's breach of contract and negligence claims on one hand, and Landworks' Mass. Gen. L. ch. 93A/176D claim on the other. In opposition to Landworks' request to dramatically expand the scope of this litigation, USF&G seeks to sever and stay Landworks' Mass. Gen. L. ch. 93A/176D claim. Plaintiff cannot maintain such claims unless it succeeds with its underlying breach of contract claim. Only after

such a finding can the Court determine the reasonableness of USF&G's claims settlement practices regarding Landworks.

I.  To Encourage the Orderly and Efficient Prosecution of this Litigation and to Prevent Violation of USF&G's Rights under the Attorney-Client Privilege and Work Product Doctrine, the Court should Sever and Stay Landworks' claim of violations of Mass. G.L. ch. 93A and 176D for unfair claims settlement practices.

Count II of the Verified Complaint alleging violations of Mass. G.L. ch. 93A and 176D against USF&G must be severed and stayed to avoid undue prejudice to USF&G's defense during discovery and the trial of Landworks' underlying breach of contract claim.

As noted in Rurak v. Medical Professional Mutual Ins. Co., C.A. No. 02-12274-PBS, 2003 WL 21212721, mem. op. at 2 (D.Mass. May 19, 2003), it is "well-established Massachusetts practice" to stay an action for bad faith insurance practices pending resolution of the underlying action. In fact, such motions to sever and stay are "routinely granted," and plaintiffs must present substantial reasons "to deviate from what has become established practice." Kai v. Kim-Son, Appeals Court No. 98-J-65 (February 11, 1998)(Spina, J.)[1]. Essentially, claims against an insurer based upon violations of Chapters 93A and 176D are premature until the insured has been found liable. See Belcher v. Pawtucket Mut. Ins. Co., Appeals Court No. 89-J-672 (September 27, 1989)(Kass, J.)[2]; Gross v. Liberty Mutual Ins. Co., Appeals Court No. 84-0138 (April 24, 1984)(Kass, J.)[3]. This is because the issue of reasonable settlement practice is most effectively, and efficiently, gauged by the resolution of the underlying action. See Bixby v. Allstate Ins. Co., 1986 Mass. App. Div. 118, 119 (August 19, 1986)(citing

---

[1] A true and accurate copy of the Kai decision is attached the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 6.
[2] A true and accurate copy of the Belcher decision is attached the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 7.
[3] A true and accurate copy of the Gross decision is attached the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 8.

<u>Royal Globe Ins. Co. v. Superior Court of Butte County</u>, 502 P.2d 329 (Cal. 1979))[4].  In the present case, the Court's evaluation of the reasonableness of USF&G's denial of Landwork's payment bond claim should be made with the context of the Jury's determinations of Jackson Construction's liability and the Court's determination of whether USF&G breached the Bond. Until such time as those issues are resolved, the Chapter 93A and 176D claim is premature.

In addition, until the underlying claims are determined, USF&G's defense will be hampered significantly by discovery initiated by the Plaintiff against USF&G.  As the Appeals Court stated in <u>Belcher</u>, "to authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order." *Supra* at 1.  For example, it would be inappropriate for USF&G to disclose materials from its claim file that were gathered or prepared in anticipation of litigation and as to which there is a basis for the assertion of a work-product privilege.  Also, USF&G would be placed in the position of having to reveal evidence that is relevant to defending itself in the bad-faith claim, but which is non-discoverable in the prosecution of the underlying breach of contract claim.

As another example, in the normal course of events a claim/investigation file contains USF&G's evaluation of the strengths and weaknesses of a case.  Revealing the contents of the claim/investigation file and allowing the deposition of USF&G's employees responsible for handling the Bond claim in the Chapter 93A action would reveal those documented strengths and weaknesses.  In fact, a major component of the Chapter 93A action is focused on USF&G's perceptions regarding the strengths and weaknesses of the case, whether or not liability and damages were reasonably clear so that an offer of settlement was warranted, and whether these

---

[4] A true and accurate copy of the <u>Bixby</u> decision is attached the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 9.

positions were reasonably held in good faith. Allowing the Plaintiff to acquire the surety's defense strategies will jeopardize the surety's ongoing legal defense.

USF&G rights under the attorney-client privilege and work product doctrine are also under attack. Landworks' present motion identifies USF&G's current and former counsel in this matter as intended deponents. In fact, counsel argues, "it is now necessary to ascertain whether USF&G instructed its counsel to engage in this conduct and whether they did engage in such conduct." In his letter of June 4, 2006,[5] Landworks' counsel reaffirms this intention by stating, "I expect that I will move on from there to depose the attorneys identified on the Mandatory Disclosures."

In order to further the interests of judicial efficiency and economy, as well as to protect USF&G's rights under evidentiary privileges, the Court should Sever and Stay Landworks' claim for violation of Mass. G.L. ch. 93A and 176D.

## CONCLUSION

For the reasons contained herein, USF&G requests that Landworks' petition for leave to conduct in excess of 10 depositions be denied, and USF&G's cross-motion to sever and stay be granted.

## RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), counsel certifies that he has conferred and has attempted in good faith to resolve or narrow the issue presented by this motion and has not obtained assent from all the parties to the motion.

---

[5] A copy said letter is attached to the Affidavit of Eric C. Hipp, which is filed herewith, as Exhibit 5.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
  SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
Dated: June 16, 2006    (617) 728-0052 (F)

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 16, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Pleadings\Memo of Law in Support of USF&G's Motion to Sever and Stay.doc