UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | MOTION TO EXTEND TIME |
| v. ) | TO COMPLETE ORAL |
| ) | DEPOSITIONS UNTIL |
| UNITED STATES FIDELITY AND ) | NOVEMBER 1, 2006 |
| GUARANTY COMPANY ) | |
| ) | |
| Defendant ) | |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and moves that this Honorable Court grant an extension until November 1, 2006. As grounds for this motion, the Plaintiff states as follows:

1. The original deadline for oral depositions was based upon expectations that the Defendant would respond to discovery requests in a timely manner, and that depositions would flow smoothly from review of those documents.

2. On February 9, 2006, the Plaintiff served a second request for production of documents. At the time that the Plaintiff served the request, the Defendant had still failed to respond to a set of document requests and interrogatories served in April of 2005.

3. On or about March 9, 2006, the Plaintiff scheduled nine depositions, dependent in large part on having reviewed the documents sought from the Defendant.

4. The Defendant failed to produce the requested documents, or even to respond to the request. The Plaintiff was forced to file a motion to compel for both sets of documents

1

      and the interrogatories. As a result of this conduct by the Defendant, the depositions were postponed, in part by Court Order.

5. The Plaintiff finally received documents in May of 2006. These documents confirmed that the Defendant's defenses were entirely frivolous and tendered in bad faith. Indeed, these documents revealed that the Defendant, in conjunction with its consultant, Lovett-Silverman, had an organized plan for harming its subcontractors. The e-mail that discussed "banging the subcontractors" has been attached to prior motions.

6. Based upon this discovery, the Plaintiff has discerned that its primary deponents are not construction personnel, but rather the adjustors, consultants and attorneys involved in the scheme. The Plaintiff has moved for leave to take in excess of ten depositions.

7. It has also been discerned that these depositions will have to take place in Pennsylvania, New York, Texas and Rhode Island. The Plaintiff has sent several letters to Defendant's counsel asking for cooperation in scheduling these depositions, but Defendant's counsel has declined to cooperate.

8. Meanwhile, in January of 2006, the Defendant moved to amend its Answer to add a counterclaim. The Court allowed this motion in June of 2006. The Reply was filed on June 21, 2006. The Counterclaim raises a whole new series of issues that will need to be addressed through document requests, and perhaps additional depositions.

9. The Plaintiff intends to move to add Lovett-Silverman as a direct party defendant, and is in the compliance period with L.R. 5(b)

10. It is expected that this new defendant, once added, will want to participate in this important discovery, and should have the option to do so.

11. The need for the extension arises from the failure of the Defendant to produce its documents on March 9, 2006 as required, and the long delay in addressing the motion to amend. The delay is also necessitated by the Defendant's refusal to cooperate in scheduling out of state depositions.

12. The Plaintiff is requesting an extension until November 1, 2006 so that the Motion to Amend may be heard, the new defendant served and so forth. The Defendant can hardly object to this delay, as the motion to amend to add a counterclaim was only allowed in June of 2006. Thus, it is clear that both parties need time to file additional written discovery to address new claims and defenses.

13. In addition, it is apparent that the Plaintiff shall have to retain a private investigator to find key out of state witnesses.

14. For these reasons, depositions cannot be complete in July of 2006, and it would not be reasonable to expect this deadline to have any reasonable meaning in light of the procedural history of this case.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court extend oral discovery deadlines to November 1, 2006.

1.

        Respectfully Submitted,

        **Landworks Creations, LLC**
        By its attorney,

        s/Robert N. Meltzer_____
        Robert N. Meltzer, BBO #564745
        PO Box 1459
        Framingham, MA 01701
        Phone: (508) 872-7116

        and

                                                                           Landworks Creations, LLC

                                                                           <u>s/Neal Matthews</u>

Dated: June 21, 2006

Case 4:05-cv-40072-FDS   Document 42   Filed 06/21/2006   Page 4 of 5

CERTIFICATE OF COMPLIANCE WITH L.R. 26.2(C)

I, Robert N. Meltzer, do hereby certify that I have complied with L.R. 26.2(C) by contacting opposing counsel about the foregoing motion and requesting that the parties meet and confer to discuss this issue before the filing with the Court.

s/Robert N. Meltzer

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric C. Hipp, Esq.

s/Robert N. Meltzer

June 21, 2006