UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LANDWORKS CREATIONS, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & GUARANTY COMPANY | ) ) ) ) | |
| Defendant, | ) ) | |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S REPLY PLAINTIFF'S OPPOSITION TO USF&G'S MOTION TO SEVER AND STAY

As authorized by Procedural Provision 3 of the Scheduling Order entered in this matter on January 4, 2006, United States Fidelity and Guaranty Company ("USF&G") hereby replies to Landworks Creations, LLC's ("Landworks") opposition to USF&G's Motion to Sever and Stay. USF&G seeks the Court's order to sever and stay Landworks' claim of violations of Mass. G.L. ch. 93A and 176D for unfair claims settlement practices, contained in Count II of Landworks' Verified Complaint, until such time as Landworks' underlying breach of contract claim is resolved.

USF&G categorically denies Landworks' accusation that, "USF&G is clearly involved in an attempt to obstruct discovery which demonstrates that USF&G is systematically involved in fraud, both against this Plaintiff and against this Court." In addition, USF&G categorically denies that, "[Landworks] has already received substantive proof of [USF&G's] duplicitous

conduct." Landworks' Opposition is not grounded in either fact or law. Accordingly, the Court should allow USF&G's Motion to Sever and Stay.

## FACTS

Landworks' asserts twenty-eight (28) paragraphs of so-called "Relevant Facts" in its opposition, none of which are supported by affidavit or reference to Record. In addition to being inaccurate, these so-called "Relevant Facts" are mere argument from counsel. Nevertheless, given the seriousness of Landworks' wild conspiracy theories and unfounded accusations of interstate racketeering, USF&G is compelled to respond to certain of these statements as follows:[1]

2.  On October 4, 2002, USF&G issued a payment and performance bond regarding the Project, naming Standen Contracting Company, Inc. ("Standen") as principal and the Town of Shrewsbury ("Shrewsbury") as obligee. See Counterclaim, ¶ 4.

1.  On or about August 28, 2003, Standen and Landworks entered into a subcontract for all earthwork, seeding and site demolition work required by the general contract ("General Contract") between Shrewsbury and Standen for the Shrewsbury Middle School construction project (the "Project"). See Counterclaim, ¶ 5.

3.  On or about February 25, 2004, Standen executed a voluntary letter of default in connection with the Project, and requested that USF&G step in and finish the construction work at the Project. See Counterclaim, ¶ 6. In March, 2004, following Standen's default, Shrewsbury and USF&G entered into a Takeover Agreement, as part of which USF&G was responsible for procuring the

---

[1] USF&G will respond to the so-called "Relevant Facts" in order of chronology, while keeping Landworks' original numbering.

2

      completion of the remaining work at the Project in its capacity as a Surety and not as a Contractor.  See Counterclaim, ¶ 7.

4.    Following Standen's default, USF&G entered into a construction contract with Jackson Construction Company ("Jackson") to take over and complete the Project, which was executed in May, 2004.  See Counterclaim, ¶ 8.  Jackson also defaulted at the Project, and USF&G entered into a construction contract with G&R Construction, Inc. ("G&R") to take over and complete the Project.  See Counterclaim, ¶ 13.

7.    Following Standen's default, USF&G contracted with Lovett Silverman Construction Consultants, LLC ("Lovett Silverman") to provide construction consulting services to USF&G regarding the Project.

9.    USF&G and Landworks entered into a Ratification Agreement, as part of which Landworks agreed to perform the balance of the work remaining in accordance with the terms and conditions of Landworks' subcontract with Standen.  See Counterclaim, ¶ 9.  On or about April 29, 2004, Landworks entered into a subcontract with Jackson for all site work, site demolition, site preparation, earthwork, geotextile fabrics, erosion control, bituminous concrete paving and markings, concrete pavement, granite curbing, tracer tape, storm drainage systems and sewer systems, underdrain system – athletic field, water systems, and lawns and grasses work required by the General Contract.  See Counterclaim, ¶ 10.  USF&G denies that it owes any money to Landworks regarding the Project.

14.    Landworks received notices of defective workmanship at the Project in the fall of 2004, copies of which have been produced by USF&G in this litigation.

5. USF&G denies that Landworks was owed $135,000.00 by in January, 2005 or anytime thereafter.

15. USF&G denies that its Counterclaim is "patently frivolous" or was filed in violation of Fed. R. Civ. P. 11.

16. & 17. A complete rendition of the facts regarding Landworks' alleged service of discovery in this matter is contained in USF&G's Opposition to Landworks' Motion to Compel and the accompanying affidavits of James M. Peters and Eric C. Hipp, which were filed on or about April 3, 2006 as Documents 28 – 30. On April 20, 2006, Magistrate Judge Timothy S. Hillman denied Landworks' Motion to Compel.

18. USF&G denies that it has "no basis for refusing payment" to Landworks. USF&G categorically denies that its conduct is or "was clearly designed to litigate the Plaintiff either into bankruptcy or submission for pennies on the dollar of its claims."

19. USF&G denies that it has committed unfair and deceptive trade practices and/or unfair insurance settlement practices with respect to Landworks' claim.

20. On May 17, 2006, counsel for Landworks and USF&G simultaneously produced documents at the offices of USF&G's counsel. USF&G denies that the documents produced by USF&G "indicated that USF&G made no inquiry into the validity of [Landworks'] claim."

21. USF&G categorically denies that "USF&G was involved in a scheme to defraud its subcontractors." USF&G denies that the documents produced by USF&G

        evidence that it was "attempting to complete the Project without expending any type of serious money."

22.    Landworks was not invited to return to the Project after abandoning its work because USF&G discovered that a substantial portion of the work that Landworks had performed was substandard and unworkmanlike. See Counterclaim, ¶¶ 11 and 12. USF&G denies that Landworks was never considered.

23.    USF&G categorically denies that it has conducted "an organized and intentional practice to harm subcontractors at the Project." USF&G denies that the September 21, 2005 e-mail referenced by Landworks, which was produced by USF&G during discovery in this litigation and a copy of which is attached as Exhibit 1 to the Affidavit of Eric C. Hipp filed on June 16, 2006 as Document 39, "goes on to identify a scheme to file fraudulent lawsuits to get back any money it puts out…."

24.    USF&G categorically denies that it is "banging the Plaintiff," or that it "is trying to balance the books on the Project through this lawsuit."

25.    USF&G categorically denies that any of its actions regarding this matter have been "illegal" or "unethical," "constitute fraud on the Court," or constitute "racketeering under RICO."

ARGUMENT

Landworks concedes that motions to sever and stay claims pursuant to Mass. G. L. ch. 93A/176D should be granted "in most circumstances." See Landworks' Opposition at p. 5. Notwithstanding Landworks' protestations, there is no reason for the Court to stray from the well-established Massachusetts practice to sever and stay such claims in the present case, until

5

such time as the underlying claim is resolved.  See Rurak v. Medical Professional Mutual Ins. Co., C.A. No. 02-12274-PBS, 2003 WL 21212721, mem. op. at 2 (D.Mass. May 19, 2003).

In order to obtain the benefit of the payment bond issued by USF&G pursuant to Mass. G.L. ch. 149, § 29 for any amount due and unpaid, Landworks bears the burden to prove that it is entitled to recover pursuant to its construction contract or under a theory of quantum meruit.  See P.J. Riley and Company v. Aberthaw Construction Co., 3 Mass. App. Ct. 275, 327 N.E. 2d 909 (1975).  This claim is alleged in Count I of Landworks' Verified Complaint.  Contrary to Landworks' assertion, USF&G's claims file is not the "paramount piece of evidence in the breach of contract claim."  Rather, Landworks' subcontracts with Standen and Jackson, the Ratification Agreement between Landworks and USF&G, and Landworks' evidence regarding the work that it performed pursuant to those agreements is the "paramount evidence" from Landworks' perspective.  Likewise, USF&G bears the burden to establish its counterclaim against Landworks for breach of contract and negligence.  The "paramount evidence" will be that which establishes Landworks' failure to perform in accordance with the plans and specifications of the General Contract, and the costs incurred for G&R Construction, Inc. ("G&R") to finish and correct Landworks' substandard work.  Testimony and documents regarding USF&G's claims handling practices and USF&G's communications with counsel are not required to resolve the breach of contract claims.

Landworks cannot prevail on its claim for violations of Mass. G. L. ch. 93A/176D unless it succeeds on its underlying contract claim.  In order to further the interests of judicial efficiency and economy, as well as to protect USF&G's rights under evidentiary privileges, the Court should Sever and Stay Landworks' claim for violation of Mass. G.L. ch. 93A and 176D.

WHEREFORE, USF&G requests that the Court sever and stay Landworks' claim of violations of Mass. G.L. ch. 93A and 176D for unfair claims settlement practices, contained in Count II of the Verified Complaint, until such time as Landworks' underlying breach of contract claim is resolved.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
  SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
Dated: June 29, 2006                                    (617) 728-0052 (F)

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 29, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Pleadings\Reply to Opposition to Motion to Sever and Stay.doc