UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | MOTION TO AMEND THE |
| v. ) | COMPLAINT PURSUANT |
| ) | TO F.R.C.P. 15 |
| UNITED STATES FIDELITY AND ) | |
| GUARANTY COMPANY ) | |
| ) | |
| Defendant ) | |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and moves pursuant to F.R.C.P. 15(c), which states that a party may amend its Complaint by leave of Court and that "leave shall be freely given."

As grounds for this Motion, the Plaintiff states as follows:

1. The Plaintiff filed this lawsuit in Worcester Superior Court in April of 2005 seeking payment for work performed by the Plaintiff at the Shrewsbury Middle School on behalf of the Defendant, USF & G's ("the Surety").

2. Since that complaint was filed, the Plaintiff has learned that USF & G has engaged in egregious bad faith in the handling of its claim, in a manner which goes well beyond commercial norms. In effect, the Plaintiff has learned that USF & G, alone and in conjunction with Lovett-Silverman, its construction manager, was engaged in an organized and intentional effort to reduce costs for USF & G by "banging" its subcontractors and attempting to force them into litigation.

3. This practice was confirmed by an e-mail, attached hereto as Exhibit A, in which Lovett-Silverman discusses the scheme and its motivations.

1

4. Review of documents provided by USF & G confirms that USF & G's defenses, and its counterclaim, are entirely specious, and were tendered in bad faith. USF & G has no basis for any of the conduct it has engaged in during the pendency of this matter, and has had no other agenda other than delay and hindrance of a valid claim.

5. The attached Amended Complaint addresses the severity of the claims against USF & G by adding new counts in conversion and fraud. The Amended Complaint also puts liability for L-S's conduct on USF & G.

6. The attached Amended Complaint also adds Lovett-Silverman as a direct defendant for its fraud and its unfair and deceptive trade practices.

7. The attached Amended Complaint and this Motion are being submitted promptly upon complete review of documents provided by USF & G, documents which were requested, initially, in April of 2005.

8. The Plaintiff notes that these counts will allow the Plaintiff to identify further documents that are likely to lead to the addition of an additional count in the near future for violations of the federal anti-racketering statute. While these claims could be brought in a new lawsuit, judicial efficiency suggests that all claims should be adjudicated together.

9. Justice requires, in light of the documents produced by USF & G, that this Motion to Amend by ALLOWED.

        Respectfully Submitted,

        **Landworks Creations, LLC**
        By its attorney,

        s/Robert N. Meltzer_____
        Robert N. Meltzer, BBO #564745
        PO Box 1459
        Framingham, MA 01701
        Phone: (508) 872-7116

Dated: June 20, 2006

CERTIFICATE OF SERVICE

  I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric C. Hipp, Esq.

                   s/Robert N. Meltzer

July 10, 2006

CERTIFICATE OF COMPLIANCE WITH L.R. 15.1 and 7.1

  I, Robert N. Meltzer, do hereby certify that I have complied with L.R. 15.1 by providing a copy of the foregoing motion, and the proposed Amended Complaint, on all new proposed parties ten days prior to filing this motion, and that I have otherwise complied with L.R. 7.1 by meeting and conferring with opposing counsel about the intention of filing this motion prior to filing this motion.

                   s/Robert N. Meltzer

July 10, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | AMENDED COMPLAINT |
| ) | |
| UNITED STATES FIDELITY AND ) | |
| GUARANTY COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |

1. Plaintiff, Landworks Creations, LLC ("the Plaintiff") is a limited liability corporation with a principal place of business at 1500A Lafayette Road in Portsmouth in the State of New Hampshire.

2. Defendant, United States Fidelity & Guaranty Co./St. Paul's Ins. Co ("USF & G") is an insurance company with a place of business at 124 Grove Street, Franklin, Norfolk County, in the Commonwealth of Massachusetts.

3. Defendant, Lovett-Silverman Construction Consultants, Inc. ("L-S") is a business entity with a principle place of business at 380 Townline Road, Haupauge, in the state of New York.

4. Jurisdiction may be had over L-S based upon the conducting of business by L-S in the Commonwealth of Massachusetts, and by nature of its torts within the Commonwealth of Massachusetts, and based upon the existence of offices within the Commonwealth of Massachusetts.

1

5. The Plaintiff entered into a contract with Standen Contracting Company, Inc. of North Dartmouth, Massachusetts.

6. The Plaintiff agreed to perform certain work for Standen Contracting Company, Inc. at the Shrewsbury Middle School ("the Project")

7. Standen Contracting Company, Inc. was bonded by USF & G, United States Fidelity & Guaranty Co.

8. Standen Contracting Company, Inc. was unable to complete its work at the Project, and USF & G, pursuant to its obligations under a performance bond SW5041 assumed responsibility for completion of the Project in the stead of Standen Contracting Company, Inc.

9. The Plaintiff has performed it work under the Standen contract, and is owed funds by USF & G for the work performed.

10. USF & G has failed to pay the Plaintiff for work performed at the Project, to the extent of $135,101.00.

11. At some point in the winter of 2004-2005, or in the spring of 2005, USF & G brought L-S to the Project to oversee completion of the Project.

12. L-S engaged in a scheme to reduce costs to USF & G on the Project by refusing to authorize payments to subcontractors, including the Plaintiff, by engaging in extortion toward the subcontractors, by strong-arming the subcontractors and by attempting to deny the subcontractors their rights under their contracts.

13. L-S also engaged in conduct that compelled subcontractors to file suit to receive payment, as part and parcel of a scheme to extort payments from subcontractors to USF & G through frivolous and fraudulent lawsuits.

14. In the words of Al Falango at L-S, there was an organized and on-going effort by L-S "to bang the subs…"

15. Landworks was a victim of L-S's conduct.

COUNT I
BREACH OF CONTRACT
LANDWORKS v. USF & G

16. The Plaintiff restates allegations 1-16 and incorporates them by reference.

17. USF & G breached its contract by failing to perform its obligations to make payment under the bond between USF & G and Standen for the benefit of the Plaintiff..

18. As a result of this breach, the Plaintiff has been denied its expectancy and has otherwise been harmed.

COUNT II
FRAUD
LANDWORKS v. BOTH DEFENDANTS

19. The Plaintiff restates allegations 1-18 and incorporates them by reference.

20. The Defendants engaged in specific conduct which serve as fraud on the Plaintiff:

a. the Defendants failed to effectuate payments of monies due and owing

b. knowing that funds were due and owing, the Defendants engaged in conduct to deprive the Plaintiff of its funds, including exclusion of the Plaintiff from the Project without cause, failing to communicate with the Plaintiff to explain its conduct and failing to engage in good faith and fair dealing implied in each contract

c. knowing that funds were due and owing, the Defendants devised and carried out a conspiracy to "bang" Landworks.

    d.  knowing that the Plaintiff was not culpable for defects at the site, USF & G alone and with the support of L-S defamed the Plaintiff, making knowingly false statements in court papers to defend its failure to pay, and otherwise, by its conduct, implying defects in performance that harmed the Plaintiff in its business

    e.  knowing that the Plaintiff was not culpable for defects at the site, USF & G filed false statements with this Court, obstructed access to documents by thwarting the discovery process, asserted false affirmative defenses, manipulated the legal system by removing this matter to the federal court in the hope of slowing the progress of litigation, assisted in and filed a knowingly false counterclaim.

    f.  Knowing that the Plaintiff was not culpable for defects at the site, USF & G has engaged in a pattern and practice of hindering or delaying the resolution of this litigation.

21. This conduct, which constituted fraud on the Plaintiff, caused harm to the Plaintiff.

COUNT III
<u>TORTOUS INTERFERENCE</u>
<u>LANDWORKS v. BOTH DEFENDANTS</u>

22. The Plaintiff restates allegations 1-21 and incorporates them by reference.

23. L-S, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and USF & G, for ulterior motives.

24. L-S was aware of the advantageous business relationship between the Plaintiff and USF & G.

25. L-S interfered in that relationship.

As a result, the Plaintiff was harmed.

## COUNT IV
## TORTOUS INTERFERENCE
## LANDWORKS v. BOTH DEFENDANTS

26. The Plaintiff restates allegations 1-25 and incorporates them by reference.

27. L-S, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and USF & G, for ulterior motives.

28. L-S was aware of the advantageous business relationship between the Plaintiff and USF & G.

29. L-S interfered in that relationship.

As a result, the Plaintiff was harmed.

## COUNT V
## CONVERSION
## LANDWORKS v. USF & G

30. The Plaintiff restates allegations 1-29 and incorporates them by reference.

31. USF & G received the benefit of the Plaintiff's work, to a value of $135,000.

32. USF & G kept that value.

33. USF & G converted the value of that work to its own benefit.

34. As a result of this conversion, the Plaintiff has been harmed.

## COUNT VI
## VIOLATIONS OF c. 93A AND c. 176D
## LANDWORKS v. BOTH DEFENDANTS

35. The Plaintiff restates allegations 1-34

36. The Plaintiff and both defendants are involved in trade or commerce.

5

37. Defendant, USF & G failed to investigate a claim and make prompt payment. Notwithstanding that liability was reasonably clear, USF & G has declined to make full settlement of the claim, without cause or excuse.

38. Defendant, L-S, set out to harm Landworks by denying it access to the Project and to funds due and owing.

39. The Plaintiff has made demand for its funds, a demand which has been ignored.

40. The pattern and practice of fraud, tortous interference and such conduct constitutes violations of c. 93A by L-S.

41. The pattern and practice by USF & G of refusing to make payments and to investigate violate both c. 93A and c. 176D.

42. As a result of this conduct, the Plaintiff has been harmed in its business.

## COUNT VII
## VICARIOUS LIABILITY
## LANDWORKS v. USF & G

43. The Plaintiff restates allegations 1-42

44. To the extent that L-S was acting as an agent of USF & G, USF & G is liable for the torts of its agents.

45. The Plaintiff was harmed by the tortous conduct of L-S.

46. Defendant, USF & G is liable for that harm.

## COUNT VIII
## NEGLIGENT SUPERVISION
## LANDWORKS v. USF & G

47. The Plaintiff restates allegations 1-46

48. To the extent that L-S was acting as an agent of USF & G, USF & G had a duty to supervise its agent to assure that the agent did not commit harm.

49. Defendant, USF & G breached that duty.

As a result of its negligence, the Plaintiff was harmed.

WHEREFORE, the Plaintiff respectfully requests that:

1. this Honorable Court enter judgment against USF & G as to all Counts in which it is named;

2. this Honorable Court enter judgment against L-S as to all Counts in which it is named

3. this Honorable Court award the Plaintiff the amount of $135,101 together with interest and costs, trebled, along with attorney's fees

4. this Honorable Court award damages in an amount that will make the Plaintiff whole on the tort claims, trebled, along with attorney's fees; and

5. this Honorable Court award any further relief as deemed appropriate by this Court.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

_____
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116
Telecopier (508) 872-8284

Dated: June 20, 2006