UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY & ) | |
| GUARANTY COMPANY ) | |
| ) | |
| Defendant, ) | |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

United States Fidelity and Guaranty Company ("USF&G") hereby opposes the Motion of Plaintiff, Landworks Creations, LLC ("Landworks") to Amend the Complaint. Landworks' original complaint contained claims against USF&G for breach of contract and violation of Mass. G.L. c. 93A and 176D.[1] As indicated in the proposed Amended Complaint, Landworks seeks to assert additional claims against USF&G for fraud, tortuous interference,[2] conversion, vicarious liability, and negligent supervision. In addition, Landworks seeks to add Lovett Silverman Construction Consultants, Inc. ("Lovett Silverman") as a defendant and assert claims for fraud, tortuous interference, and violation of Mass. G.L. c. 93A and 176D.

---

[1] Landworks' Verified Complaint was filed in Worcester Superior Court on or about March 29, 2005. USF&G filed a Notice of Removal to the U.S. District Court on May 12, 2005. Landworks filed a Motion to Remand on May 16, 2005, which was denied by Order entered November 15, 2005.

[2] Counts III and IV of the proposed Amended Complaint are entitled "tortous (sic) interference," and are essentially identical. It is unclear from proposed Counts III and IV the causes of action that Landworks pleads. Massachusetts law recognizes the tort of intentional interference with a contractual relation, and the separate tort of intentional interference with an advantageous business relationship. See M.F. Roach Co. v. Provincetown, 247 N.E.2d 377, 378 (Mass. 1969); and Owen v. Williams, 77 N.E.2d 318, 320 (Mass. 1948).

USF&G requests that the Court deny Landworks' motion to amend on the grounds of undue delay, dilatory motive, and prejudice to USF&G. Furthermore, Landworks has failed to show the requisite "good cause" to amend the complaint at this time under Fed. R. Civ. P. 16(b). Landworks' motion was filed without supporting affidavits, and the deadline in the Scheduling Order to file "motions seeking leave to add new parties or to amend the pleadings to assert new claims" was February 17, 2006.

## ARGUMENT

After a responsive pleading is served, a plaintiff may amend his complaint only by leave of court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Appropriate reasons to deny a motion to amend include "undue delay, bad faith, dilatory motive, futility of amendment and prejudice." Mirpuri v. Act Manufacturing, Inc., 212 F.3d 624, 628 (1st Cir. 2000).

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. … As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-2 (1st Cir. 2004). In particular, "[o]nce a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed.R.Civ.P. 16(b)," which "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id. at 12. "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend. … Particularly disfavored are motions to amend whose timing prejudices the opposing

party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy….'"  Id.

Pursuant to the Scheduling Order in the present case, the deadline for Landworks to file its motion to amend expired over four (4) months before the motion was served in accordance with LR 15.1(b).  The only explanation offered by Landworks for failing to comply with the Scheduling Order is the argument from counsel that "[s]ince [the] complaint was filed, the Plaintiff has learned that USF&G has engaged in egregious bad faith in the handling of its claim, in a manner which goes well beyond commercial norms."  Landworks implies that it was unable to assert these new claims until it received a copy of a September 21, 2005 e-mail (September 21, 2006 E-Mail") sent by and between employees of Lovett Silverman Construction, and not to any employee of USF&G. [3]  USF&G produced a copy of the September 21, 2005 E-Mail to Landworks on May 17, 2006.  The September 21, 2005 E-Mail was not sent by or to any employee of USF&G.  See Hipp Affidavit, ¶ 2.  Further, the comments in the e-mail were not communicated at the time to any employee of USF&G.  Id.  The e-mail was produced during the course of this litigation as part of Lovett Silverman's files, and was not contained in USF&G's files.  Id.

USF&G categorically denies the accusation that "USF&G has engaged in egregious bad faith in the handling of its claim, in a manner which goes well beyond commercial norms."  Likewise, USF&G categorically denies the accusation that "USF&G, alone and in conjunction with [Lovett Silverman], … was engaged in an organized and intentional effort to reduce costs for USF&G by "banging" its subcontractors and attempting to force them into litigation."

---

[3]  A copy of the e-mail is attached as Exhibit 1 to the Affidavit of Eric C. Hipp ("Hipp Affidavit"), which was filed in this matter on June 16, 2006 in opposition to Landworks' Petition for Leave to Conduct in Excess on Ten (10) Depositions and in support of USF&G's Motion to Sever and Stay.

3

Furthermore, the language of the September 21, 2005 E-Mail does not support Landworks' wild conspiracy theories and unfounded accusations of interstate racketeering.

Regardless, Landworks has not shown "good cause" why it was not able to assert the proposed causes of action prior to February 17, 2006 in compliance with the Scheduling Order. In the Verified Complaint filed on or about March 29, 2005, Landworks essentially asserted that USF&G acted in bad faith in handling its claim. Specifically, Landworks alleged that USF&G violated Mass. G.L. c.93A and 176D because "[n]otwithstanding that liability was reasonably clear, [USF&G] has declined to make full settlement of [Landworks'] claim, without cause or excuse." Landworks also was aware of Lovett Silverman's involvement with the Shrewsbury Middle School construction project (the "Project") in 2005. Neal Matthews, Landworks' principal, communicated with Robert Bullock, an employee of Lovett Silverman, in August, 2005 regarding Landworks' work at the Project. USF&G identified in its Fed. R. Civ. P. 26(a) Initial Disclosures, which were served on February 3, 2006, three employees of Lovett Silverman, including Robert Bullock, as individuals likely to have discoverable information. Landworks' has offered no justification for its undue delay in seeking to amend the complaint.

USF&G has been prejudiced by Landworks' dilatory tactics, and would be further prejudiced by the allowance on the motion to amend. The parties have not been able to conduct any depositions in this matter, and are unable to do so until the Court resolves the several recently filed motions, including: (1) Landworks' Petition for Leave to Conduct in Excess of Ten Depositions; (2) USF&G's Motion to Sever and Stay; (3) Landworks' Motion to Extend Time to Complete Oral Depositions to November 1, 2006; and (4) Landworks' Motion to Amend the Complaint. Landworks' is attempting to dramatically expand the scope of this litigation, and depose nearly thirty (30) individuals, including USF&G's present and former counsel in this

4

litigation. Landworks' dilatory motives are further demonstrated by its stated intention to amend the complaint a second time to add "an additional count in the near future for violations of the federal anti-racketering (sic) statute." See Landworks' Motion to Amend, ¶ 8. Such tactics must be rejected before this litigation spins completely out of control.

## CONCLUSION

In order to further the interests of judicial efficiency and economy, as well as to prevent further undue delay and prejudice to USF&G, USF&G requests that the Court deny Landworks' motion to amend the complaint. In the alternative, USF&G requests that the Court sever and stay Counts II though VIII of the Amended Complaint, until such time as Landworks' underlying breach of contract claim and USF&G's breach of contract and negligence claims are resolved.[4]

Respectfully submitted,

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

Dated: July 24, 2006

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
   SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Pleadings\Opposition to Plaintiff's Motion to Amend the Complaint.doc

---

[4] On June 16, 2006, USF&G file and Motion to Sever and Stay Landworks' claim for violation of Mass. G.L. c. 93A and 176D, until such time as Landworks' underlying breach of contract claim and USF&G's breach of contract and negligence claims are resolved. The motion remains pending before the Court.