UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FIDELITY AND<br>GUARANTY COMPANY, and<br>LOVETT SILVERMAN CONSTRUCTION<br>CONSULTANTS, INC.<br><br>    Defendant, | C.A. No. 4:05-CV-40072-FDS |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

The Defendant, United States Fidelity and Guaranty Company ("USF&G") hereby responds to the Plaintiff, Landworks Creations, LLC's ("Landworks" or "Plaintiff") Amended Complaint, as follows:

1. USF&G admits the allegations contained in Paragraph 1 of the Amended Complaint.

2. USF&G admits that it is a corporation organized under the laws of Maryland with a principle place of business at 385 Washington Street, St. Paul, Minnesota. USF&G further admits that it is an indirect wholly owned subsidiary of The St. Paul Travelers Companies, Inc. USF&G denies the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. USF&G states that the allegations of Paragraph 4 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. USF&G further states that the allegations contained in Paragraph 4 of the Amended Complaint are legal conclusions to which no answer is required, and USF&G calls upon Landworks to prove the same.

5. USF&G admits that Landworks entered into a subcontract dated August 28, 2003 with Standen Contracting Company, Inc. of North Dartmouth, Massachusetts ("Standen") regarding the Shrewsbury Middle School construction project (the "Project") in Shrewsbury, Massachusetts. The terms of the subcontract speak for themselves.

6. USF&G admits that Landworks entered into a subcontract dated August 28, 2003 with Standen regarding the Project. The terms of the subcontract speak for themselves.

7. USF&G admits that it issued certain bonds to Standen, as principal, the terms of which are self-explanatory.

8. USF&G admits that on or about February 25, 2004, Standen executed a voluntary letter of default in connection with the Project, and requested that USF&G step in and finish the construction work at the Project. USF&G further admits that in March, 2004, following Standen's default, the Town of Shrewsbury and USF&G entered into a Takeover Agreement, as part of which USF&G was responsible for procuring the completion of the remaining work at the Project in its capacity as a Surety and not as a Contractor. USF&G denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. USF&G denies the allegation set forth in Paragraph 9 of the Amended Complaint.

10. USF&G admits that it has not paid the $135,101.00 claimed by Landworks because it is not due and owing. USF&G denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. USF&G denies the allegation set forth in Paragraph 11 of the Amended Complaint.

12. The allegations of Paragraph 12 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. The allegations of Paragraph 13 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. The allegations of Paragraph 14 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. The allegations of Paragraph 15 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegations contained in Paragraph 15 of the Amended Complaint.

## COUNT I
## BREACH OF CONTRACT
## LANDWORKS vs. USF&G

16. USF&G restates its responses to Paragraphs 1 through 15 as if fully set out herein.

17. USF&G denies the allegation set forth in Paragraph 17 of the Amended Complaint.

18. USF&G denies the allegation set forth in Paragraph 18 of the Amended Complaint.

## COUNT II
## FRAUD
## LANDWORKS vs. BOTH DEFENDANTS

19. USF&G restates its responses to Paragraphs 1 through 18 as if fully set out herein.

20. USF&G denies the allegation set forth in Paragraph 20 of the Amended Complaint.

21. USF&G denies the allegation set forth in Paragraph 21 of the Amended Complaint.

## COUNT III
## TORTOUS INTERFERENCE
## LANDWORKS vs. BOTH DEFENDANTS

22. USF&G restates its responses to Paragraphs 1 through 21 as if fully set out herein.

23. The allegations of Paragraph 23 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 23 of the Amended Complaint.

24. The allegations of Paragraph 24 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an

Answer is required, USF&G denies the allegation set forth in Paragraph 24 of the Amended Complaint.

25.     The allegations of Paragraph 25 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 25 of the Amended Complaint.

USF&G denies the allegations contained in the final, unnumbered paragraph of Count III of the Amended Complaint.

## COUNT IV
## TORTOUS INTERFERENCE
## LANDWORKS vs. BOTH DEFENDANTS

26.     USF&G restates its responses to Paragraphs 1 through 25 as if fully set out herein.

27.     The allegations of Paragraph 27 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 27 of the Amended Complaint.

28.     The allegations of Paragraph 28 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 28 of the Amended Complaint.

29.     The allegations of Paragraph 29 of the Amended Complaint are directed to another party and USF&G is not required to file a responsive Answer. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 29 of the Amended Complaint.

USF&G denies the allegations contained in the final, unnumbered paragraph of Count IV of the Amended Complaint.

## COUNT V
## CONVERSION
## LANDWORKS vs. USF&G

30. USF&G restates its responses to Paragraphs 1 through 29 as if fully set out herein.

31. USF&G denies the allegation set forth in Paragraph 31 of the Amended Complaint.

32. USF&G denies the allegation set forth in Paragraph 32 of the Amended Complaint.

33. USF&G denies the allegation set forth in Paragraph 33 of the Amended Complaint.

34. USF&G denies the allegation set forth in Paragraph 34 of the Amended Complaint.

## COUNT VI
## VIOLATION OF c. 93A and c.176D
## LANDWORKS vs. BOTH DEFENDANTS

35. USF&G restates its responses to Paragraphs 1 through 34 as if fully set out herein.

36. The allegations contained in Paragraph 36 of the Amended Complaint are legal conclusions to which no answer is required, and USF&G calls upon Landworks to prove the same.

37. USF&G denies the allegation set forth in Paragraph 37 of the Amended Complaint.

38. USF&G denies the allegation set forth in Paragraph 38 of the Amended Complaint.

39. USF&G admits that Landworks has demanded $135,101.00, which has not been paid by USF&G because it is not due and owing. USF&G denies the remaining allegations contained in Paragraph 39 of the Amended Complaint.

40. USF&G denies the allegation set forth in Paragraph 40 of the Amended Complaint.

41. USF&G denies the allegation set forth in Paragraph 41 of the Amended Complaint.

42. USF&G denies the allegation set forth in Paragraph 42 of the Amended Complaint.

## COUNT VII
## VICARIOUS LIABILITY
## LANDWORKS vs. USF&G

43. USF&G restates its responses to Paragraphs 1 through 42 as if fully set out herein.

44. The allegations contained in Paragraph 44 of the Amended Complaint are legal conclusions to which no Answer is required. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 44 of the Amended Complaint.

45. USF&G denies the allegation set forth in Paragraph 45 of the Amended Complaint.

46. USF&G denies the allegation set forth in Paragraph 46 of the Amended Complaint.

## COUNT VII
## NEGLIGENT SUPERVISION
## LANDWORKS vs. USF&G

47. USF&G restates its responses to Paragraphs 1 through 46 as if fully set out herein.

48. The allegations contained in Paragraph 48 of the Amended Complaint are legal conclusions to which no Answer is required. To the extent that an Answer is required, USF&G denies the allegation set forth in Paragraph 48 of the Amended Complaint.

49. USF&G denies the allegation set forth in Paragraph 49 of the Amended Complaint.

USF&G states that the final paragraph the Amended Complaint is a request for relief, to which no Answer is necessary. To the extent that an Answer is required, USF&G denies the allegations contained in final paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Landworks' damages were caused, if at all, by Landworks' own acts, omissions or errors, or the acts, omissions or errors of third parties over whom USF&G exercises no control and for whom USF&G has no responsibility.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the failure of Landworks to comply with the terms of the bond and the statutorily and contractual conditions precedent to bringing this action.

### FOURTH AFFIRMATIVE DEFENSE

The allegations against the principal relating to the bond in question are subject to defenses, whether or not asserted, by the bonded principal, and USF&G incorporates each of the

principal's defenses by reference herein and asserts the benefit of the same as a defense barring any action against it under the bond.

### FIFTH AFFIRMATIVE DEFENSE

Landworks has waived and/or is estopped from asserting the claims alleged in its Complaint against USF&G.

### SIXTH AFFIRMATIVE DEFENSE

Landworks' claims are barred or limited because plaintiff failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Landworks' claims are barred by the relevant statute of limitations, including any limitations period set forth in the Bond.

### EIGHTH AFFIRMATIVE DEFENSE

Landworks' claims are barred by the terms of M.G.L. c. 149 § 29.

### NINTH AFFIRMATIVE DEFENSE

Landworks is barred from relief to the extent of payments already made.

### TENTH AFFIRMATIVE DEFENSE

Landworks is barred from relief due to its failure to comply with the terms of the subcontract.

### ELEVENTH AFFIRMATIVE DEFENSE

Landworks' claims may be barred in whole or in part by reason of the Landworks' breach of the subcontract or other agreement pursuant to which the Landworks claims, rendering its alleged rights under the Subcontract or other agreement, as well as under the bond, void.

**TWELFTH AFFIRMATIVE DEFENSE**

Landworks is barred from relief due to its failure to comply with the required specifications for the Project.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Landworks failed to provide the labor and materials required by its subcontract in a good and workmanlike manner, and thereby caused damage to USF&G including delay to the project.

**FOURTEENTH AFFIRMATIVE DEFENSE**

USF&G's liability under the subject bonds, if any, is limited to the penal amount of such bonds.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Landworks' claims may be barred in whole or in part because Landworks seeks recovery for labor and/or materials that were not provided pursuant to the subcontract with respect to which the subject bonds were issued, but were instead allegedly provided in connection with arrangements as to which USF&G has no liability.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Landworks' claims may be barred in whole or in part to the extent that its damages are the result of its own or another party's acts or omissions, for which USF&G is not responsible.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

USF&G did not violate M.G.L. c. 93A or any other Massachusetts statute or law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Landworks' claims are barred in whole or in part because Landworks suffered no damages.

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

Landworks is barred from recovery under Chapters 93A because USF&G's actions were permitted under Massachusetts law.

<u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

USF&G reserves the right to supplement the foregoing Affirmative Defenses to the extent allowed by law and to the extent that additional defenses are revealed during discovery and the pleading process.

<u>**COUNTERCLAIM**</u>

**PARTIES**

1.      Defendant/ Plaintiff-in-Counterclaim United States Fidelity and Guaranty Company ("USF&G") is a corporation organized under the laws of Maryland with a principle place of business at 385 Washington Street, St. Paul, Minnesota.

2.      Plaintiff/ Defendant-in-Counterclaim Landworks Creations, LLC ("Landworks") is a limited liability corporation organized under the laws of New Hampshire, whose sole member is a resident of the Maine.

**FACTS**

3.      On October 1, 2002, the Town of Shrewsbury, Massachusetts ("Shrewsbury") and Standen Contracting Company, Inc. ("Standen") entered into a contract (the "General Contract") regarding the Shrewsbury Middle School construction project (the "Project").

4.      On October 4, 2002, USF&G issued a payment and performance bond regarding the Project, naming Standen as principal and Shrewsbury as obligee.

5. On or about August 28, 2003, Standen and Landworks entered into a subcontract for all earthwork, seeding and site demolition work required by the General Contract.

6. On or about February 25, 2004, Standen executed a voluntary letter of default in connection with the Project, and requested that USF&G step in and finish the construction work at the Project.

7. In March, 2004, following Standen's default, Shrewsbury and USF&G entered into a Takeover Agreement, as part of which USF&G was responsible for procuring the completion of the remaining work at the Project in its capacity as a Surety and not as a Contractor.

8. In March, 2004, following Standen's default, USF&G entered into a construction contract with Jackson Construction Company ("Jackson") to takeover and complete the Project.

9. In March, 2004, following Standen's default, USF&G and Landworks entered into a Ratification Agreement, as part of which Landworks agreed to perform the balance of the work remaining in accordance with the terms and conditions of Landwork's subcontract with Standen.

10. On or about April 29, 2004, Landworks entered into a subcontract with Jackson for all site work, site demolition, site preparation, earthwork, geotextile fabrics, erosion control, bituminous concrete paving and markings, concrete pavement, granite curbing, tracer tape, storm drainage systems and sewer systems, underdrain system – athletic field, water systems, and lawns and grasses work required by the General Contract.

11. Landworks abandoned its work at the Project in or around the fall of 2004.

12. Thereafter, USF&G discovered that a substantial portion of the work that Landworks had performed prior to abandoning the Project was substandard and unworkmanlike.

13.     USF&G retained G&R Construction, Inc. ("G&R") complete the remaining work at the Project, including but not limited to finishing and correcting Landworks' substandard work, which is well in excess of the amount that Landworks is seeking in its Complaint and well in excess of the amount left to be paid to Landworks under its subcontract.

14.     Pursuant to an agreement, Jackson has assigned all of its rights and claims against Landworks for damages or other relief arising out of or in connection with the Project to USF&G.

## COUNT I
## BREACH OF CONTRACT

15.     USF&G repeats and re-alleges Paragraphs 1 through 14 of the Counterclaim as if fully stated herein.

16.     Landwork's failure to perform in accordance with the plans and specifications of the General Contract, failure to progress with the work required by its subcontract, and failure to perform the work required by its subcontract with due care constitutes a breach of the Ratification Agreement, as a result of which USF&G has been damaged.

17.     Landwork's failure to perform in accordance with the plans and specifications of the General Contract, failure to progress with the work required by its subcontract, and failure to perform the work required by its subcontract with due care constitutes a breach of Landworks' subcontract with Jackson.  As a result of such breach, USF&G, as the assignee of Jackson, has been damaged.

## COUNT II
## NEGLIGENCE

18.     USF&G repeats and re-alleges Paragraphs 1 through 17 of the Counterclaim as if fully stated herein.

19. Landworks breached its duty of care owed to USF&G, as a result of which USF&G has been damaged.

20. Landworks breached its duty of care owed to Jackson. As a result of such breach, USF&G, as the assignee of Jackson, has been damaged.

**WHEREFORE**, United States Fidelity and Guaranty Company requests that the Court order:

a. entry of judgment for USF&G and against Landworks on Counts I and II of the Counterclaim, including assessment of damages, costs, interest and attorney's fees;

b. judgment in favor of USF&G and against Landworks on Landwork's claims in the main action; and

c. any other relief that the Court deems just and appropriate.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on August 24, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Dated: August 24, 2006

G:\DOCS\ECH\Clients\St. Paul Travelers\Landworks\Pleadings\Answer to Amended Complaint & Counterclaim.doc