# DONOVAN | HATEM LLP

### counselors at law

**Jay S. Gregory**
617 406 4516  direct
jgregory@donovanhatem.com

September 5, 2006

## VIA ELECTRONIC FILING

United States District Court
District of Massachusetts
Central Division
Harold D. Donohue Federal Building & Courthouse
Suite #502
595 Main Street
Worcester, MA  01608

**Re:**    ***Landworks Creations, LLC v. United States Fidelity and Guaranty Company and Lovett-Silverman Construction Consultants, Inc., Civil Action No. 05-CV-40072-FDS, DH File: 2500.2167***

Dear Sir or Madam:

Enclosed for filing with the Court in the above-entitled matter please find ***Answer of the Defendant, Lovett-Silverman Construction Consultants, Inc. to the Plaintiff's Amended Complaint*** and ***Certificate of Service*** for same.

Thank you for your attention to this matter.

Very truly yours,

Jay S. Gregory

JSG/dad
Enclosure
01031476

cc:    David J. Hatem, PC
        Robert N. Meltzer, Esquire

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500  main
617 406 4501  fax
www.donovanhatem.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

LANDWORKS CREATIONS, LLC.    )  C.A. NO.05-CV-40072 FDS
                       )
      Plaintiff           )
                       )
v.                        )
                       )
UNITED STATES FIDELITY AND GUARANTY )
COMPANY and               )
LOVETT-SILVERMAN CONSTRUCTION   )
CONSULTANTS, INC.          )
                       )
      Defendants        )
                       )

## ANSWER OF THE DEFENDANT, LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC. TO THE PLAINTIFF'S AMENDED COMPLAINT

The defendant, Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman") responds as follows to the allegations set forth in the plaintiff's complaint.

1.     Upon information and belief Lovett-Silverman admits the allegations set forth in paragraph 1.

2.     Upon information and belief Lovett-Silverman admits the allegations set forth in paragraph 2.

3.     Lovett-Silverman admits the allegations set forth in paragraph 3.

4.     As the allegations set forth in paragraph 4 state a conclusion of law, no response is required.  Further answering, Lovett-Silverman specifically denies that it committed torts within the Commonwealth of Massachusetts.

5.    Upon information and belief Lovett-Silverman admits the allegations set forth in paragraph 5.

6.    Upon information and belief Lovett-Silverman admits the allegations set forth in paragraph 6.

7.    Upon information and belief Lovett-Silverman admits the allegations set forth in paragraph 7.

8.    Upon information and belief Lovett-Silverman admits the allegations set forth in paragraph 8.

9.    Lovett-Silverman is without sufficient information either to admit or deny the allegations set forth in paragraph 9.

10.    Lovett-Silverman is without sufficient information either to admit or deny the allegations set forth in paragraph 10.

11.    Responding to the allegations set forth in paragraph 11 Lovett-Silverman states that it was brought into the Project in or about June 2005 to assist the surety with the re-letting of the defaulted contractor's remaining work.  Lovett-Silverman denies that it was responsible for supervising the completion of the Project.

12.    Lovett-Silverman denies the allegations set forth in paragraph 12.

13.    Lovett-Silverman denies the allegations set forth in paragraph 13.

14.    Lovett-Silverman denies the allegations set forth in paragraph 14.

15.    Lovett-Silverman denies the allegations set forth in paragraph 15.

## COUNT I
### (Breach of Contract v. USF&G)

16-18  As the allegations set forth in paragraphs 16 through 18 do not refer or pertain to Lovett-Silverman, Lovett-Silverman provides no response.

## COUNT II
### (Fraud v. Both Defendants)

19.    Lovett-Silverman hereby repeats and realleges its responses to allegations set forth in paragraph 1 through 18 and incorporates them herein by reference.

20.    To the extent that the allegations set forth in paragraph 20 refer or pertain to Lovett-Silverman, Lovett-Silverman denies said allegations.

21.    To the extent that the allegations set forth in paragraph 21 refer or pertain to Lovett-Silverman, Lovett-Silverman denies said allegations.

## COUNT III
### (Tortious Interference v. Both Defendants)

22.    Lovett-Silverman hereby repeats and realleges its responses to the allegations set forth in paragraphs 1 through 21 and incorporates them herein by reference.

23.    Lovett-Silverman denies the allegations set forth in paragraph 23.

24.    Lovett-Silverman denies the allegations set forth in paragraph 24.

25.    Lovett-Silverman denies the allegations set forth in paragraph 25.

## COUNT IV
### (Tortious Interference v. Both Defendants)

26.    Lovett-Silverman hereby repeats and realleges its responses to the allegations set forth in paragraphs 1 through 25 and incorporates them herein by reference.

27.    Lovett-Silverman denies the allegations set forth in paragraph 27.

28.    Lovett-Silverman denies the allegations set forth in paragraph 28.

29.    Lovett-Silverman denies the allegations set forth in paragraph 29.

## COUNT V
### (Conversion v. USF&G)

30-34   As the allegations set forth in paragraphs 30 through 34 do not refer of pertain to Lovett-Silverman, Lovett-Silverman provides no response.

## COUNT VI
### (Violations of Chapters 93A and 176D v. Both Defendants)

35.   Lovett-Silverman hereby repeats and realleges its responses to the allegations set forth in paragraphs 1 through 34 and incorporates them herein by reference.

36.   As the allegations set forth in paragraph 36 state a conclusion of law, no response is required.

37.   Lovett-Silverman is without sufficient information either to admit or deny the allegations set forth in paragraph 37

38.   Lovett-Silverman denies the allegations set forth in paragraph 38.

39.   Lovett-Silverman  is without sufficient information either to admit or deny the allegations set forth in paragraph 39.

40.   Lovett-Silverman denies the allegations set forth in paragraph 40.

41.   Lovett-Silverman denies the allegations set forth in paragraph 41.

42.   Lovett-Silverman denies the allegations set forth in paragraph 42.

## COUNT VII
### (Vicarious Liability v. USF&G)

43-46   As the allegations set forth in paragraphs 43 through 46 do not refer or pertain to Lovett-Silverman, Lovett-Silverman provides no response.

## COUNT VIII
### (Negligent Supervision v. USF&G)

47-49   As the allegations set forth in paragraphs 47 through 49 do not refer or pertain to Lovett-Silverman, Lovett-Silverman provides no response.

WHEREFORE, Lovett-Silverman respectfully requests that this Court dismiss the plaintiff's claims against Lovett-Silverman and award Lovett-Silverman its costs, interest, and attorneys' fees incurred in the defense of this action.

## JURY CLAIM

Lovett-Silverman hereby demands a trial by jury to the fullest extent permitted by law.

## FIRST AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which Lovett-Silverman denies, then said damages resulted from the acts and/or omissions of persons or entities for whose conduct Lovett-Silverman is neither legally liable nor responsible.

## SECOND AFFIRMTIVE DEFENSE

If the plaintiff was damaged as alleged, which Lovett-Silverman denies, then said damage resulted from the plaintiff's own contributory negligence.  Accordingly, the plaintiff is either barred from recovery or its recovery must be reduced proportionate to the extent of its contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by lack of privity.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the economic loss doctrine.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the unclean hands doctrine.

Respectfully submitted,
LOVETT-SILVERMAN
CONSTRUCTION CONSULTANTS, INC.
By its attorneys,

David J. Hatem, BBO #225700
Jay S. Gregory, BBO #546708
Donovan Hatem LLP
2 Seaport Lane
Boston, MA  02210
Tel:  (617)406-4500

Dated:  9-5-06

## CERTIFICATE OF SERVICE

 I, Jay S. Gregory, Esquire, hereby certify that on this ___5th___ day of September, 2006, I served copies of the foregoing ***Answer of the Defendant, Lovett-Silverman Construction Consultants, Inc. to the Plaintiffs' Amended Complaint*** by mailing, postage prepaid, to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

        _____
        Jay S. Gregory, Esquire

01030251
2500.2167

7