UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LANDWORKS CREATIONS, LLC. ) | C.A. NO.05-CV-40072 FDS |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIDELITY AND GUARANTY ) | |
| COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

## DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY DEADLINES

In support of Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman")'s motion to extend the phase one discovery and status conference deadlines in the above-captioned matter, Lovett-Silverman submits the following memorandum. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, a Court "for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed." Pursuant to this Court's Order on July 28, 2006, the current phase one, construction claims, discovery deadline is October 26, 2006. Thus, the phase one discovery deadline has yet to expire, and therefore Lovett-Silverman's request to the Court is "made before the expiration" thereof. A copy of the Order is attached hereto as Exhibit A.

More time is needed to explore the factual issues in this matter. Landworks Creations, LLC ("Landworks") filed its Amended Complaint to include Lovett-Silverman as a defendant in this matter on August 4, 2006. A copy is attached hereto as Exhibit B. Lovett-Silverman filed its Answer on September 5, 2006. A copy is attached hereto as Exhibit C. Because the time between Lovett-Silverman's filing of its Answer and the discovery deadline is only six weeks, insufficient time exists for Lovett-Silverman to engage in any meaningful discovery in this matter, which was originally filed over one year ago.

Prior to Lovett-Silverman's appearance in the case, Landworks and United States Fidelity & Guaranty Company ("US F&G") conducted extensive written discovery. Lovett-Silverman is working diligently to familiarize itself with the case. However, Lovett-Silverman has not had sufficient time to investigate the facts and merits of the claims. The October 26, 2006, discovery deadline does not provide a reasonable time for Lovett-Silverman to conduct discovery in the case.

Lovett-Silverman is cognizant of Landworks' and US F&G's desire to have the case tried as soon as possible, as discussed in US F&G's Motion to Sever and Stay. Therefore, Lovett-Silverman respectfully requests that the Court enlarge the time for discovery for no less than 90 days so that Lovett-Silverman may have a reasonable amount of time to evaluate the case, become a meaningful participant in discovery and avoid any unnecessary duplication of discovery. This extension would also give the parties the ability to mediate the case prior to trial. Lovett-Silverman further requests that the Court reset the deadline for a status conference set for October 26, 2006.

WHEREFORE, Lovett-Silverman Construction Consultants, Inc. respectfully requests an extension of at least 90 days of the discovery deadline in this case, from October 26, 2006 to January 26, 2006, subject to any requests for further time made by counsel for Landworks Creations, LLC and United States Fidelity & Guaranty Company, and to extend the deadline for the next status conference to correspond with the new discovery deadline.

Respectfully submitted,
**LOVETT-SILVERMAN
CONSTRUCTION CONSULTANTS,
INC.**
By its attorneys,

David J. Hatem, BBO #225700
Jay S. Gregory, BBO #546708
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Dated:  September 21, 2006

01032960 (2500.2167)

3

## **LOCAL RULE 7.1(a)(2) CERTIFICATE**

I, Jay S. Gregory, hereby certify that pursuant to Local Rule of the United States District Court for the District of Massachusetts 7.1(a)(2), counsel have conferred in good faith concerning this motion.

Jay S. Gregory

## **CERTIFICATE OF SERVICE**

I, Jay S. Gregory, hereby certify that on September __, 2006, I have served the attached document by mailing a copy thereof, postage prepaid to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

Jay S. Gregory

4

# EXHIBIT A

ElectronicClerk's Notes for proceedings held before Judge F. Dennis Saylor IV: Status Conference held on 7/28/2006. Case called, Counsel appear for status conference, Court hears parties on pending motions, Court rules on motions, Court sets new discovery completion date for phase one ("Construction claims"), Court sets further status conference, Discovery to be completed by 10/26/2006. Status Conference set for 10/26/2006 at 3:00PM in Courtroom 2 before Judge F. Dennis Saylor IV. (Court Reporter M. Kusa-Ryll.) (Castles, Martin) Modified on 7/28/2006 (Castles, Martin).

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC )<br><br>Plaintiff )<br><br>v. )<br><br>UNITED STATES FIDELITY AND )<br>GUARANTY COMPANY and )<br>LOVETT-SILVERMAN CONSTRUCTION )<br>CONSULTANTS, INC. )<br><br>Defendants ) | AMENDED COMPLAINT |

1. Plaintiff, Landworks Creations, LLC ("the Plaintiff") is a limited liability corporation with a principal place of business at 1500A Lafayette Road in Portsmouth in the State of New Hampshire.

2. Defendant, United States Fidelity & Guaranty Co./St. Paul's Ins. Co ("USF & G") is an insurance company with a place of business at 124 Grove Street, Franklin, Norfolk County, in the Commonwealth of Massachusetts.

3. Defendant, Lovett-Silverman Construction Consultants, Inc. ("L-S") is a business entity with a principle place of business at 380 Townline Road, Haupauge, in the state of New York.

4. Jurisdiction may be had over L-S based upon the conducting of business by L-S in the Commonwealth of Massachusetts, and by nature of its torts within the Commonwealth of Massachusetts, and based upon the existence of offices within the Commonwealth of Massachusetts.

1

5.  The Plaintiff entered into a contract with Standen Contracting Company, Inc. of North Dartmouth, Massachusetts.

6.  The Plaintiff agreed to perform certain work for Standen Contracting Company, Inc. at the Shrewsbury Middle School ("the Project")

7.  Standen Contracting Company, Inc. was bonded by USF & G, United States Fidelity & Guaranty Co.

8.  Standen Contracting Company, Inc. was unable to complete its work at the Project, and USF & G, pursuant to its obligations under a performance bond SW5041 assumed responsibility for completion of the Project in the stead of Standen Contracting Company, Inc.

9.  The Plaintiff has performed it work under the Standen contract, and is owed funds by USF & G for the work performed.

10. USF & G has failed to pay the Plaintiff for work performed at the Project, to the extent of $135,101.00.

11. At some point in the winter of 2004-2005, or in the spring of 2005, USF & G brought L-S to the Project to oversee completion of the Project.

12. L-S engaged in a scheme to reduce costs to USF & G on the Project by refusing to authorize payments to subcontractors, including the Plaintiff, by engaging in extortion toward the subcontractors, by strong-arming the subcontractors and by attempting to deny the subcontractors their rights under their contracts.

13. L-S also engaged in conduct that compelled subcontractors to file suit to receive payment, as part and parcel of a scheme to extort payments from subcontractors to USF & G through frivolous and fraudulent lawsuits.

2

14. In the words of Al Falango at L-S, there was an organized and on-going effort by L-S "to bang the subs…"

15. Landworks was a victim of L-S's conduct.

COUNT I
BREACH OF CONTRACT
LANDWORKS v. USF & G

16. The Plaintiff restates allegations 1-16 and incorporates them by reference.

17. USF & G breached its contract by failing to perform its obligations to make payment under the bond between USF & G and Standen for the benefit of the Plaintiff..

18. As a result of this breach, the Plaintiff has been denied its expectancy and has otherwise been harmed.

COUNT II
FRAUD
LANDWORKS v. BOTH DEFENDANTS

19. The Plaintiff restates allegations 1-18 and incorporates them by reference.

20. The Defendants engaged in specific conduct which serve as fraud on the Plaintiff:

a. the Defendants failed to effectuate payments of monies due and owing

b. knowing that funds were due and owing, the Defendants engaged in conduct to deprive the Plaintiff of its funds, including exclusion of the Plaintiff from the Project without cause, failing to communicate with the Plaintiff to explain its conduct and failing to engage in good faith and fair dealing implied in each contract

c. knowing that funds were due and owing, the Defendants devised and carried out a conspiracy to "bang" Landworks.

d. knowing that the Plaintiff was not culpable for defects at the site, USF & G alone and with the support of L-S defamed the Plaintiff, making knowingly false statements in court papers to defend its failure to pay, and otherwise, by its conduct, implying defects in performance that harmed the Plaintiff in its business

e. knowing that the Plaintiff was not culpable for defects at the site, USF & G filed false statements with this Court, obstructed access to documents by thwarting the discovery process, asserted false affirmative defenses, manipulated the legal system by removing this matter to the federal court in the hope of slowing the progress of litigation, assisted in and filed a knowingly false counterclaim.

f. Knowing that the Plaintiff was not culpable for defects at the site, USF & G has engaged in a pattern and practice of hindering or delaying the resolution of this litigation.

21. This conduct, which constituted fraud on the Plaintiff, caused harm to the Plaintiff.

## COUNT III
## TORTOUS INTERFERENCE
## LANDWORKS v. BOTH DEFENDANTS

22. The Plaintiff restates allegations 1-21 and incorporates them by reference.

23. L-S, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and USF & G, for ulterior motives.

24. L-S was aware of the advantageous business relationship between the Plaintiff and USF & G.

25. L-S interfered in that relationship.

As a result, the Plaintiff was harmed.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LANDWORKS CREATIONS, LLC. ) | C.A. NO.05-CV-40072 FDS |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIDELITY AND GUARANTY ) | |
| COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

## DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY DEADLINES

In support of Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman")'s motion to extend the phase one discovery and status conference deadlines in the above-captioned matter, Lovett-Silverman submits the following memorandum. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, a Court "for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed." Pursuant to this Court's Order on July 28, 2006, the current phase one, construction claims, discovery deadline is October 26, 2006. Thus, the phase one discovery deadline has yet to expire, and therefore Lovett-Silverman's request to the Court is "made before the expiration" thereof. A copy of the Order is attached hereto as Exhibit A.

1

More time is needed to explore the factual issues in this matter.  Landworks Creations, LLC ("Landworks") filed its Amended Complaint to include Lovett-Silverman as a defendant in this matter on August 4, 2006.  A copy is attached hereto as Exhibit B. Lovett-Silverman filed its Answer on September 5, 2006.  A copy is attached hereto as Exhibit C.  Because the time between Lovett-Silverman's filing of its Answer and the discovery deadline is only six weeks, insufficient time exists for Lovett-Silverman to engage in any meaningful discovery in this matter, which was originally filed over one year ago.

Prior to Lovett-Silverman's appearance in the case, Landworks and United States Fidelity & Guaranty Company ("US F&G") conducted extensive written discovery. Lovett-Silverman is working diligently to familiarize itself with the case.  However, Lovett-Silverman has not had sufficient time to investigate the facts and merits of the claims.  The October 26, 2006, discovery deadline does not provide a reasonable time for Lovett-Silverman to conduct discovery in the case.

Lovett-Silverman is cognizant of Landworks' and US F&G's desire to have the case tried as soon as possible, as discussed in US F&G's Motion to Sever and Stay. Therefore, Lovett-Silverman respectfully requests that the Court enlarge the time for discovery  for no less than 90 days so that Lovett-Silverman may have  a reasonable amount of time to evaluate the case, become a meaningful participant in discovery and avoid any unnecessary duplication of discovery.  This extension would also give the parties the ability to mediate the case prior to trial.  Lovett-Silverman further requests that the Court reset the deadline for a status conference set for October 26, 2006.

WHEREFORE, Lovett-Silverman Construction Consultants, Inc. respectfully requests an extension of at least 90 days of the discovery deadline in this case, from October 26, 2006 to January 26, 2006, subject to any requests for further time made by counsel for Landworks Creations, LLC and United States Fidelity & Guaranty Company, and to extend the deadline for the next status conference to correspond with the new discovery deadline.

Respectfully submitted,
**LOVETT-SILVERMAN
CONSTRUCTION CONSULTANTS,
INC.**
By its attorneys,


David J. Hatem, BBO #225700
Jay S. Gregory, BBO #546708
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Dated:  September 2\, 2006

01032960 (2500.2167)

3

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I, Jay S. Gregory, hereby certify that pursuant to Local Rule of the United States District Court for the District of Massachusetts 7.1(a)(2), counsel have conferred in good faith concerning this motion.

_____
Jay S. Gregory

## CERTIFICATE OF SERVICE

I, Jay S. Gregory, hereby certify that on September 2l, 2006, I have served the attached document by mailing a copy thereof, postage prepaid to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

_____
Jay S. Gregory

4

# EXHIBIT A

ElectronicClerk's Notes for proceedings held before Judge F. Dennis Saylor IV: Status Conference held on 7/28/2006. Case called, Counsel appear for status conference, Court hears parties on pending motions, Court rules on motions, Court sets new discovery completion date for phase one ("Construction claims"), Court sets further status conference, Discovery to be completed by 10/26/2006. Status Conference set for 10/26/2006 at 3:00PM in Courtroom 2 before Judge F. Dennis Saylor IV. (Court Reporter M. Kusa-Ryll.) (Castles, Martin) Modified on 7/28/2006 (Castles, Martin).

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | | |
|---|---|---|
| LANDWORKS CREATIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | |
| UNITED STATES FIDELITY AND | ) | |
| GUARANTY COMPANY and | ) | |
| LOVETT-SILVERMAN CONSTRUCTION | ) | |
| CONSULTANTS, INC. | ) | |
| | ) | |
| Defendants | ) | |

1. Plaintiff, Landworks Creations, LLC ("the Plaintiff") is a limited liability corporation with a principal place of business at 1500A Lafayette Road in Portsmouth in the State of New Hampshire.

2. Defendant, United States Fidelity & Guaranty Co./St. Paul's Ins. Co ("USF & G") is an insurance company with a place of business at 124 Grove Street, Franklin, Norfolk County, in the Commonwealth of Massachusetts.

3. Defendant, Lovett-Silverman Construction Consultants, Inc. ("L-S") is a business entity with a principle place of business at 380 Townline Road, Haupauge, in the state of New York.

4. Jurisdiction may be had over L-S based upon the conducting of business by L-S in the Commonwealth of Massachusetts, and by nature of its torts within the Commonwealth of Massachusetts, and based upon the existence of offices within the Commonwealth of Massachusetts.

1

5.  The Plaintiff entered into a contract with Standen Contracting Company, Inc. of North Dartmouth, Massachusetts.

6.  The Plaintiff agreed to perform certain work for Standen Contracting Company, Inc. at the Shrewsbury Middle School ("the Project")

7.  Standen Contracting Company, Inc. was bonded by USF & G, United States Fidelity & Guaranty Co.

8.  Standen Contracting Company, Inc. was unable to complete its work at the Project, and USF & G, pursuant to its obligations under a performance bond SW5041 assumed responsibility for completion of the Project in the stead of Standen Contracting Company, Inc.

9.  The Plaintiff has performed it work under the Standen contract, and is owed funds by USF & G for the work performed.

10. USF & G has failed to pay the Plaintiff for work performed at the Project, to the extent of $135,101.00.

11. At some point in the winter of 2004-2005, or in the spring of 2005, USF & G brought L-S to the Project to oversee completion of the Project.

12. L-S engaged in a scheme to reduce costs to USF & G on the Project by refusing to authorize payments to subcontractors, including the Plaintiff, by engaging in extortion toward the subcontractors, by strong-arming the subcontractors and by attempting to deny the subcontractors their rights under their contracts.

13. L-S also engaged in conduct that compelled subcontractors to file suit to receive payment, as part and parcel of a scheme to extort payments from subcontractors to USF & G through frivolous and fraudulent lawsuits.

2

14. In the words of Al Falango at L-S, there was an organized and on-going effort by L-S "to bang the subs…"

15. Landworks was a victim of L-S's conduct.

## COUNT I
## BREACH OF CONTRACT
## LANDWORKS v. USF & G

16. The Plaintiff restates allegations 1-16 and incorporates them by reference.

17. USF & G breached its contract by failing to perform its obligations to make payment under the bond between USF & G and Standen for the benefit of the Plaintiff..

18. As a result of this breach, the Plaintiff has been denied its expectancy and has otherwise been harmed.

## COUNT II
## FRAUD
## LANDWORKS v. BOTH DEFENDANTS

19. The Plaintiff restates allegations 1-18 and incorporates them by reference.

20. The Defendants engaged in specific conduct which serve as fraud on the Plaintiff:

a. the Defendants failed to effectuate payments of monies due and owing

b. knowing that funds were due and owing, the Defendants engaged in conduct to deprive the Plaintiff of its funds, including exclusion of the Plaintiff from the Project without cause, failing to communicate with the Plaintiff to explain its conduct and failing to engage in good faith and fair dealing implied in each contract

c. knowing that funds were due and owing, the Defendants devised and carried out a conspiracy to "bang" Landworks.

3

d.  knowing that the Plaintiff was not culpable for defects at the site, USF & G alone and
with the support of L-S defamed the Plaintiff, making knowingly false statements in court
papers to defend its failure to pay, and otherwise, by its conduct, implying defects in
performance that harmed the Plaintiff in its business

e.  knowing that the Plaintiff was not culpable for defects at the site, USF & G filed false
statements with this Court, obstructed access to documents by thwarting the discovery
process, asserted false affirmative defenses, manipulated the legal system by removing
this matter to the federal court in the hope of slowing the progress of litigation, assisted in
and filed a knowingly false counterclaim.

f.  Knowing that the Plaintiff was not culpable for defects at the site, USF & G has engaged
in a pattern and practice of hindering or delaying the resolution of this litigation.

21. This conduct, which constituted fraud on the Plaintiff, caused harm to the Plaintiff.

COUNT III
TORTOUS INTERFERENCE
LANDWORKS v. BOTH DEFENDANTS

22. The Plaintiff restates allegations 1-21 and incorporates them by reference.

23. L-S, by carrying out its program of "banging" the subcontractors, did tortuously interfere
in the contract between the Plaintiff and USF & G, for ulterior motives.

24. L-S was aware of the advantageous business relationship between the Plaintiff and USF
& G.

25. L-S interfered in that relationship.

As a result, the Plaintiff was harmed.

COUNT IV
TORTOUS INTERFERENCE
LANDWORKS v. BOTH DEFENDANTS

26. The Plaintiff restates allegations 1-25 and incorporates them by reference.

27. L-S, by carrying out its program of "banging" the subcontractors, did tortuously interfere

in the contract between the Plaintiff and USF & G, for ulterior motives.

28. L-S was aware of the advantageous business relationship between the Plaintiff and USF

& G.

29. L-S interfered in that relationship.

As a result, the Plaintiff was harmed.

COUNT V
CONVERSION
LANDWORKS v. USF & G

30. The Plaintiff restates allegations 1-29 and incorporates them by reference.

31. USF & G received the benefit of the Plaintiff's work, to a value of $135,000.

32. USF & G kept that value.

33. USF & G converted the value of that work to its own benefit.

34. As a result of this conversion, the Plaintiff has been harmed.

COUNT VI
VIOLATIONS OF c. 93A AND c. 176D
LANDWORKS v. BOTH DEFENDANTS

35. The Plaintiff restates allegations 1-34

36. The Plaintiff and both defendants are involved in trade or commerce.

37. Defendant, USF & G failed to investigate a claim and make prompt payment. Notwithstanding that liability was reasonably clear, USF & G has declined to make full settlement of the claim, without cause or excuse.

38. Defendant, L-S, set out to harm Landworks by denying it access to the Project and to funds due and owing.

39. The Plaintiff has made demand for its funds, a demand which has been ignored.

40. The pattern and practice of fraud, tortous interference and such conduct constitutes violations of c. 93A by L-S.

41. The pattern and practice by USF & G of refusing to make payments and to investigate violate both c. 93A and c. 176D.

42. As a result of this conduct, the Plaintiff has been harmed in its business.

### COUNT VII
### VICARIOUS LIABILITY
### LANDWORKS v. USF & G

43. The Plaintiff restates allegations 1-42

44. To the extent that L-S was acting as an agent of USF & G, USF & G is liable for the torts of its agents.

45. The Plaintiff was harmed by the tortous conduct of L-S.

46. Defendant, USF & G is liable for that harm.

### COUNT VIII
### NEGLIGENT SUPERVISION
### LANDWORKS v. USF & G

47. The Plaintiff restates allegations 1-46

48. To the extent that L-S was acting as an agent of USF & G, USF & G had a duty to supervise its agent to assure that the agent did not commit harm.

49. Defendant, USF & G breached that duty.

As a result of its negligence, the Plaintiff was harmed.

WHEREFORE, the Plaintiff respectfully requests that:

1. this Honorable Court enter judgment against USF & G as to all Counts in which it is named;

2. this Honorable Court enter judgment against L-S as to all Counts in which it is named

3. this Honorable Court award the Plaintiff the amount of $135,101 together with interest and costs, trebled, along with attorney's fees

4. this Honorable Court award damages in an amount that will make the Plaintiff whole on the tort claims, trebled, along with attorney's fees; and

5. this Honorable Court award any further relief as deemed appropriate by this Court.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

s/Robert N. Meltzer
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116
Telecopier (508) 872-8284

Dated: June 20, 2006