# DONOVAN | HATEM LLP

*counselors at law*

**Marianne E. Brown**
617 406 4583  direct
mbrown@donovanhatem.com

December 15, 2006

**_VIA ELECTRONIC FILING_**

United States District Court
District of Massachusetts
Central Division
Harold D. Donohue Federal Building & Courthouse
Suite #502
595 Main Street
Worcester, MA  01608

Re:   **_Landworks Creations, LLC v. United States Fidelity and Guaranty_**
      **_Company and Lovett-Silverman Construction Consultants, Inc.,_**
      **_Civil Action No. 05-CV-40072-FDS, DH File: 2500.2167_**

Dear Sir or Madam:

Enclosed for filing with the Court in the above-entitled matter please find **_Motion of the Defendant, Lovett-Silverman Construction Consultants, Inc. to Compel Responses to the First Request for the Production of Documents and Answers to the First Set of Interrogatories from the Plaintiff, Landworks Creations, LLC_** and **_Certificate of Service_** for same.

Thank you for your attention to this matter.

Very truly yours,

Marianne E. Brown

MEB/jac
Enclosure

cc:   David J. Hatem, PC
      Robert N. Meltzer, Esquire
      Eric C. Hipp, Esquire

World Trade Center East     617 406 4500  main
Two Seaport Lane            617 406 4501  fax
Boston, MA 02210            www.donovanhatem.com

**BOSTON** | **NEW YORK**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LANDWORKS CREATIONS, LLC. ) | C.A. NO.05-CV-40072 FDS |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIDELITY AND GUARANTY ) | |
| COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

## MOTION OF THE DEFENDANT, LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC. TO COMPEL RESPONSES TO THE FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND ANSWERS TO THE FIRST SET OF INTERROGATORIES FROM THE PLAINTIFF, LANDWORKS CREATIONS, LLC

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), the defendant, Lovett-Silverman

Construction Consultants, Inc. ("Lovett-Silverman"), hereby moves for an ORDER

compelling the plaintiff, Landworks Creations, LLC, (the "plaintiff" or "Landworks"), to

respond to the document production request and the first set of interrogatories

propounded by Lovett-Silverman.

### I.     BACKGROUND

This matter arises from the design and construction of the Shrewsbury Middle

School in Shrewsbury, Massachusetts (the "Project"). The plaintiff, Landworks

Creations, LLC performed sitework during the course of the Project. In a complaint

dated June 20, 2006, Landworks alleged fraud, tortuous interference, and violations of c.

93A and c. 176D against Lovett-Silverman, the construction consultant on the Project.

On October 23, 2006, Lovett-Silverman served its first request for production of documents on the plaintiff. **Exhibit A.** On October 23, 2006, Lovett-Silverman also served its first set of interrogatories on the plaintiff. **Exhibit B.** Responses to the first request for production of documents were due on November 22, 2006. Answers to the first set of interrogatories were due on December 7, 2006. To date, counsel for the plaintiff has failed to serve a response to either Lovett-Silverman's first request for production of documents or its first set of interrogatories.

## II.    ARGUMENT

Rule 34 of the Federal Rules of Civil Procedure provides that the "party upon whom the request is served shall serve a written response within 30 days after service of the request . . ." Rule 33 provides that the "party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any, within 30 days after the service of the interrogatories."

Rule 37(a)(2)(B) provides in relevant part that if "a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request." Rule 33(b)(4) provides that in response to interrogatories "[a]ny ground not stated in a timely objection is waived . . ."

To date, Lovett-Silverman has not received a response to its first document production request or its first set of interrogatories served on the plaintiff. Counsel for Landworks has noticed the depositions of Lovett-Silverman employees for January 11

2

and 12, 2006.  **Exhibit C**.  It is imperative that Lovett-Silverman review Landworks'

responses to the request for document production and answers to interrogatories well

before those dates.  One of the fundamental rules of trial law is that each party should

have mutual knowledge of all the relevant facts underlying an opponent's case.  Hickman

v. Taylor, 329 U.S. 495, 507 (1947).  Trial is not to be a "game of blind man's bluff" but a

"contest with the basic issues and facts  disclosed to the fullest practicable extent."  United

States v. Proctor & Gamble, 356 U.S. 677,  682-83 (1958).

Accordingly, this Court is warranted in issuing an order compelling the plaintiff

to respond, without objection, to the first request for production of documents and the

first set of interrogatories propounded by Lovett-Silverman.

### III.    LOCAL RULE 7.1 CERTIFICATION

I, Julie A. Ciollo, hereby certify that I have made a good faith but unsuccessful

attempt to resolve the issues in this motion.  To wit, on November 28, 2005, I drafted an

e-mail to counsel for the plaintiff, Robert Meltzer, about the plaintiff's failure to provide

discovery responses.  He replied that he would "finalize the responses."  **Exhibit D**.  On

December 7, 2006, I again drafted an e-mail to Attorney Meltzer to follow up on the

previous correspondence regarding the plaintiff's discovery failures and demanding that

the plaintiff provide responses immediately.  **Exhibit E**.  I received no answer to this

correspondence.  To date, I have not received the plaintiff's responses to Lovett-

Silverman's first request for production of documents or first set of interrogatories.

Julie A. Ciollo, Esq.

## IV.    REQUEST FOR RELIEF

Based on the foregoing, Lovett-Silverman respectfully requests that this Court GRANT its motion to compel the plaintiff to respond, without objection, to Lovett-Silverman's first request for production of documents and first set of interrogatories.

## V.    REQUEST FOR SANCTIONS

Since the plaintiff has failed to respond to Lovett-Silverman's first request for production of documents and first set of interrogatories, despite repeated requests and a good faith effort to obtain the responses by Lovett-Silverman, Lovett-Silverman requests that the Court sanction the plaintiff by ordering the plaintiff to pay Lovett-Silverman the reasonable expenses it has incurred in making this motion, including attorney's fees.

Respectfully submitted,
**LOVETT-SILVERMAN**
**CONSTRUCTION CONSULTANTS,**
**INC.**
By its attorneys,


David J. Hatem, BBO #225700
Marianne E. Brown, (admitted *pro hac vice*)
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Dated:  December 15, 2006
01034327 (2500.2167)

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LANDWORKS CREATIONS, LLC. | ) | C.A. NO.05-CV-40072 FDS |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES FIDELITY AND GUARANTY | ) | |
| COMPANY and | ) | |
| LOVETT-SILVERMAN CONSTRUCTION | ) | |
| CONSULTANTS, INC. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 34, the defendant, Lovett-Silverman Construction

Consultants, Inc.'s ("Lovett-Silverman"), requests that the plaintiff, Landworks Creations, LLC

("Landworks"), produce and permit Lovett-Silverman to inspect and copy all documents and

things requested below that are in the possession, custody or control of Landworks or any of his

agents. The production shall take place at the offices of Donovan Hatem LLP, 2 Seaport Lane,

Boston, MA 02210, within thirty (30) days of the date of service of this request.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in "Defendant's First Set of Interrogatories to
Plaintiff" dated September 27, 2006, are incorporated herein by reference and govern the terms
of this request.

1.      As to documents responsive to these requests for which Landworks claims a
privilege, or which Landworks claims are not subject to production, please provide a list
describing each such document, and stating with respect to each document: (a) the type of
document (e.g., letter, memorandum, e-mail, etc.); (b) the date of the document; (c) the title of

1

the document; (d) the author(s) of the document; (e) the intended and actual recipients of the document; (f) the general subject matter of the document; and (g) the factual and/or legal bases for the claim of privilege or ground for non-production with respect to the document.

2.      If you have any reason to believe that any document or thing requested herein has been destroyed, identify each such document by date, author and subject matter, identify the document request which calls for such document, and state the reason for destruction of such document.

3.      Unless otherwise specified, these document requests call for information prepared in or referring to the period from January 1, 2000 to the date of the response hereto.

## DOCUMENT REQUESTS

Request No. 1

All documents concerning the events described in the Amended Complaint.

Request No. 2

All documents identifying and substantiating the damages that you have allegedly sustained as a result of any defendants' conduct, as alleged in the Amended Complaint.

Request No. 3

All documents you intend to introduce as evidence at trial.

Request No. 4

All documents upon which you rely in support of the claims made in the Amended Complaint.

Request No. 5

All documents constituting, referring to or concerning any communications, meetings or discussions (including, without limitation, correspondence, e-mails, notes and internal memoranda), that occurred between the following in connection with the Project:

    (a)      Landworks and Lovett-Silverman;
    (b)      Landworks and US F&G.

Request No. 6

All documents representing communications between you and any party to this action, and concerning the events that are the subject of the Amended Complaint.

Request No. 8

All documents that you allege constitute statements by or on behalf of a party to this action regarding the incident that is the subject of this law suit.

Request No. 9

All documents on which you rely to support the allegation in Paragraph 4 of the Amended Complaint that jurisdiction may be had over Lovett-Silverman based upon the conducting of business by Lovett-Silverman in the Commonwealth of Massachusetts, and by nature of its torts within the Commonwealth of Massachusetts, and based upon the existence of offices within the Commonwealth of Massachusetts.

Request No. 10

All documents on which you rely to support the allegation in Paragraph 11 of the Amended Complaint that at some point in the winter of 2004-2005, or in the spring of 2005, US F&G brought Lovett-Silverman to the Project to oversee completion of the Project.

Request No. 11

Please identify the particular payments that you allege, in Paragraph 12 of the Amended Complaint, Lovett-Silverman refused to authorize to Plaintiff by providing all relevant documentation, including but not limited to receipts, invoices, and specific written demands for payment.

Request No. 12

All documents on which you rely to support the allegation in Paragraph 12 of the Amended Complaint that Lovett-Silverman engaged in extortion toward the subcontractors, by strong-arming the subcontractors and by attempting to deny the subcontractors their rights under their contracts, including copies of each subcontractor's contract and any written documentation evidencing the subcontractors' rights..

Request No. 13

All documents on which you rely to support the allegation in Paragraph 13 of the Amended Complaint that Lovett-Silverman also engaged in conduct that compelled subcontractors to file suit to receive payment, as part and parcel of a scheme to extort payments from subcontractors to US F&G through frivolous and fraudulent lawsuits. This request includes, but is not limited to, all complaints filed by each such subcontractor and all pleadings related to each such suit.

Request No. 14

All documents on which you rely to support the allegation in Paragraph 14 of the Amended Complaint that in the words of Al Falango at Lovett-Silverman, there was an organized and ongoing effort by Lovett-Silverman "to bang the subs..."

Request No. 15

All documents on which you rely to support the allegation in Paragraph 15 of the Amended Complaint that Landworks was a victim of Lovett-Silverman's conduct, including but not limited to any documents evidencing such victimizing conduct on the part of Lovett-Silverman.

Request No. 16

All documents on which you rely to support the allegations in Paragraph 20 of the Amended Complaint that the Defendant's engaged in specific conduct which serve as fraud on the Plaintiff, including any written evidence of Lovett-Silverman's alleged "support" to US F&G in defaming Landworks.

Request No. 17

All documents on which you rely to support the allegation in Paragraph 21 of the Amended Complaint that this conduct, which constituted fraud on the Plaintiff, caused harm to the Plaintiff.

Request No. 18

All documents on which you rely to support the allegation in Paragraph 23 of the Amended Complaint that Lovett-Silverman, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and US F&G, for ulterior motives, including a copy of the contract between Landworks and US F&G and the specific contract provisions with which Lovett-Silverman allegedly interfered.

Request No. 19

All documents on which you rely to support the allegation in Paragraph 24 of the Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between the Plaintiff and US F&G, including written evidence of the existence of an advantageous business relationship between Landworks and US F&G.

Request No. 20

All documents on which you rely to support the allegation in Paragraph 25 of the Amended Complaint that Lovett-Silverman interfered in that relationship.

Request No. 21

All documents on which you rely to support the allegation in Paragraph 27 of the Amended Complaint that Lovett-Silverman, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and US F&G, for ulterior motives, including a copy of the contract between Landworks and US F&G and the specific contract provisions with which Lovett-Silverman allegedly interfered.

Request No. 22

All documents on which you rely to support the allegation in Paragraph 28 of the Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between the Plaintiff and US F&G, including written evidence of the existence of an advantageous business relationship between Landworks and US F&G.

Request No. 23

All documents on which you rely to support the allegation in Paragraph 29 of the Amended Complaint Lovett-Silverman interfered in that relationship.

Request No. 24

All documents on which you rely to support the allegation in Paragraph 36 of the Amended Complaint that the Plaintiff and both Defendants are involved in trade or commerce.

Request No. 25

All documents on which you rely to support the allegation in Paragraph 38 of the Amended Complaint that Defendant, Lovett-Silverman, set out to harm Landworks by denying it access to the Project and to funds due and owing, including but not limited to specific written demands for access to the Project, written denials of such demands, and invoices or receipts evidencing such funds allegedly due and owing.

Request No. 26

All documents on which you rely to support the allegation in Paragraph 39 of the Amended Complaint the Plaintiff has made a demand for its funds, a demand which has been ignored, including but not limited to specific written demands for funds and specific written denials of such funds.

Request No. 27

All documents on which you rely to support the allegation in Paragraph 40 of the Amended Complaint that the pattern and practice of fraud, tortuous interference and such conduct constitutes violations of c. 93A by Lovett-Silverman.

Request No. 28

All documents on which you rely to support the allegation in Paragraph 42 of the Amended Complaint that as a result of this conduct, the Plaintiff has been harmed in its business.

Request No. 29

The resume or curriculum vitae of each expert witness that you intend to call at the trial in this matter.

Request No. 30

All documents related to this lawsuit relied on, given to or generated by any expert you intend to call as a witness at trial.

Request No. 31

All documents which evidence, reflect or reference the work and/or opinions of each person whom Landworks expects to call as an expert witness at trial.

> Respectfully Submitted
> LOVETT-SILVERMAN CONSTRUCTION
> CONSULTANTS, INC.
> By its attorneys,
>
> David J. Hatem, BBO #225700
> Marianne E. Brown, (admitted *pro hac vice*)
> Donovan Hatem LLP
> 2 Seaport Lane
> Boston, MA 02210
> Tel: (617)406-4500
>
> Dated: October 23, 2006

01033040 (2500 2167)

## CERTIFICATE OF SERVICE

I, Julie A Ciollo, hereby certify that on this **23** day of October, 2006, I served copies of the foregoing *Defendant Lovett-Silverman Construction Consultants, Inc.'s First Request for the Production of Documents to Plaintiff* by mailing, postage prepaid, to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric C. Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

_____
Julie A. Ciollo

7

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LANDWORKS CREATIONS, LLC. ) | C.A. NO.05-CV-40072 FDS |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIDELITY AND GUARANTY ) | |
| COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

## DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, the defendant, Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman"), requests that the plaintiff, Landworks Creations, LLC ("Landworks"), answer the following interrogatories separately and fully under oath within forty-five (45) days of the date of service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1.    The word "document" as used in this request shall have the full meaning ascribed to it in Mass. R. Civ. P. 34.

2.    "Identify" (with respect to persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.

3.    "Identify" (with respect to documents). When referring to documents, to "identify" means to give, to the extent known, the (a) type of document, (b) general subject matter, (c) date of the document, and (d) author(s), addressee(s) and recipient(s).

4.    "Person" means any natural person, business entity, firm, corporation, unincorporated association, division, subsidiary, partnership, proprietorship, university or

government body, including their directors, officers, employees, servants, attorneys, agents and representatives.

5.    "Communication" means the receipt or transmission of any word, fact, idea, inquiry, proposal, information or advice orally, visually, in writing, by electronic transmission or by any means or medium.

6.    "Concerning" or "regarding" mean in any way referring to, pertaining to, describing, memorializing, evidencing, constituting or containing.

7.    "State the basis."  When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion or contention, the party shall:

> (a)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

> (b)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

> (c)    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

> (d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

8.    "And" and "or" each shall be construed both conjunctively and disjunctively to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside its scope; in other words, to give each interrogatory its broadest possible meaning.

9.    As to information responsive to these interrogatories for which Landworks claims a privilege, or which Landworks claims are not subject to discovery, please provide a list describing: (a) the general subject matter of the information; (b) the identity of each person who had, or who currently has, possession of the information; and (c) the factual and/or legal bases for the claim of privilege or ground for non-disclosure with respect to the information.

10.    Unless otherwise specified, these interrogatories call for information prepared in or referring to the period from January 1, 2000 to the date of the response hereto.

11.    "Lovett-Silverman" means the defendant, Lovett-Silverman Construction Consultants, Inc., and its officers, employees, agents or servants.

12.    "Landworks" means the plaintiff, Landworks Creations, LLC, and its officers, employees, agents or servants.

13.    "You" or "your" refers to Landworks.

14.    "US F&G" means the defendant, United States Fidelity & Guaranty Company, and its officers, employees, agents or servants.

15.    "Complaint" or "Amended Complaint" means the civil complaint filed by Landworks in this action.

16.    "Project" means the design and construction of the Shrewsbury Middle School , located at 45 Oak Street, Shrewsbury, Massachusetts, during which or as a result of which the event that is the basis for this lawsuit occurred.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the individual signing the interrogatories.

### INTERROGATORY NO. 2:

In preparing your answers to these interrogatories, did you make such inquiry of your attorney or other representatives, and review your records in such a manner to enable you to make full and true answers and, if so, identify by name, the present address of, each person consulted and each document reviewed in preparing your answers to these interrogatories.

### INTERROGATORY NO. 3:

With respect to each person you or your attorney expect to call as an expert witness at trial, state the name and address of each such expert witness; the subject matter on which each such expert is expected to testify; the facts and opinions as to which each such expert is expected to testify; and a summary of the grounds for each such opinion.

### INTERROGATORY NO. 4:

List the name, address, professional background, and/or occupation of each and every expert whom Landworks does not expect to call at trial, but whom Landworks has retained or specifically employed in anticipation of the instant litigation or in preparation for trial of this action.

**INTERROGATORY NO. 5:**

State the basis of your claim in paragraph 12 of your Amended Complaint that Lovett-Silverman strong-armed subcontractors, by defining the term "strong-arm" and identifying, with particularity, "strong-arming" behavior engaged in by Lovett-Silverman, and identifying specifically each subcontractor so affected by each alleged act of "strong-arming."

**INTERROGATORY NO. 6:**

Please identify each right that you allege, in paragraph 12 of the Amended Complaint, Lovett-Silverman denied the subcontractors, and identify the contractual basis for each right.

**INTERROGATORY NO. 7:**

Please identify each subcontractor that you allege, in paragraph 12 of the Amended Complaint, was denied rights by Lovett-Silverman and set forth the specific rights denied by each such subcontractor.

**INTERROGATORY NO. 8:**

Please identify the specific subcontractors who filed suit to receive payment, including the case name and docket number of each such lawsuit filed by the subcontractors, as alleged in paragraph 13 of the Amended Complaint.

**INTERROGATORY NO. 9:**

Please identify, by invoices or specific written demands, the specific payments sought by each individual subcontractor, as alleged in paragraph 13 of the Amended Complaint.

**INTERROGATORY NO. 10:**

Please define the terms "frivolous" and "fraudulent" and describe in what way, as to each lawsuit individually, the lawsuits filed by subcontractors to receive payment, as alleged in paragraph 13 of the Amended Complaint, were frivolous and fraudulent.

**INTERROGATORY NO. 11:**

State the basis of your contention in paragraph 14 of your Amended Complaint that there was an organized and ongoing effort by Lovett-Silverman "to bang the subs," defining the term "bang the subs" and describing with particularity how the alleged effort was ongoing.

**INTERROGATORY NO. 12:**

State the basis of your contention in paragraph 20 of your Amended Complaint that Lovett-Silverman engaged in specific conduct which serves as fraud on you.

**INTERROGATORY NO. 13:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the "harm" referenced in paragraph 21 of the Amended Complaint.

**INTERROGATORY NO. 14:**

For each item of damage you have allegedly suffered as a result of conduct of Lovett-Silverman, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that Lovett-Silverman caused such damage.

**INTERROGATORY NO. 15:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the "program of 'banging'" that Lovett-Silverman allegedly engaged in, referenced in paragraphs 14, 20(c), 23, and 27 of your Amended Complaint.

**INTERROGATORY NO. 16:**

State the basis of your contention in paragraph 20(d) of the Amended Complaint that Lovett-Silverman supported US F&G in defaming Landworks, describing in detail the nature of such support, making specific reference to written documents evidencing such alleged support, and providing the dates of such efforts and the names of the person(s) lending such support.

**INTERROGATORY NO. 17:**

State the basis of your contention in paragraph 24 of your Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between Landworks and US F&G, identifying the person(s) with such awareness, and please define the term "advantageous business relationship."

**INTERROGATORY NO. 18:**

State the basis of your contention in paragraph 25 of your Amended Complaint that Lovett-Silverman interfered in the business relationship between Landworks and US F&G.

**INTERROGATORY NO. 19:**

State the basis of your contention in paragraph 38 of your Amended Complaint that Lovett-Silverman set out to harm Landworks by denying it access to the Project and to funds due and owing.

**INTERROGATORY NO. 20:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to your allegedly ignored demand for funds, as referenced in paragraph 39 of your Amended Complaint.

**INTERROGATORY NO. 21:**

State the basis of your contention in paragraph 40 of your Amended Complaint that Lovett-Silverman's conduct constitutes a violation of c. 93A.

**INTERROGATORY NO. 22:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the alleged harm your business has undergone, as referenced in paragraph 42 of your Amended Complaint.

Respectfully Submitted
LOVETT-SILVERMAN CONSTRUCTION
CONSULTANTS, INC.
By its attorneys,

David J. Hatem, BBO #225700
Marianne E. Brown, (admitted *pro hac vice*)
Donovan Hatem LLP
2 Seaport Lane
Boston, MA  02210
Tel:  (617)406-4500

Dated: *October 23, 2006*

01031877 (2500.2167)

## CERTIFICATE OF SERVICE

I, Julie A. Ciollo, hereby certify that on this **23** day of October, 2006, I served copies of the foregoing ***Defendant Lovett-Silverman Construction Consultants, Inc.'s First Set of Interrogatories to Plaintiff*** by mailing, postage prepaid, to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric C. Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

_____
Julie A. Ciollo

# EXHIBIT C

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

LANDWORKS CREATIONS, LLC )
)
Plaintiff )
)
v. )
)
UNITED STATES FIDELITY AND )
GUARANTY COMPANY and )
LOVETT-SILVERMAN CONSTRUCTION )
CONSULTANTS, INC. )
)
Defendants )

NOTICE OF TAKING DEPOSITION OF BILL MERITZ

TO: All Counsel of Record:

Notice is hereby given pursuant to F. R. C. P. 26 and F. R. C. P. 30 that the Plaintiff,
Landworks Creations, LLC., by its counsel shall take the deposition by oral examination of Bill
Mertz ("the Deponent") at 160 Speen Street, Suite 307 in Framingham, Middlesex County on
Friday, January 12, 2007 commencing at 9:00 a.m. and continuing from day to day until
completed.

You are invited to attend and cross examine.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: November 28, 2006

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING
info@mountainstateslawgroup.com

1

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 28th of November, 2006  I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.

_____
Robert N. Meltzer

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

LANDWORKS CREATIONS, LLC          )
                                  )
Plaintiff                         )
                                  )
v.                                )
                                  )
UNITED STATES FIDELITY AND        )
GUARANTY COMPANY and              )
LOVETT-SILVERMAN CONSTRUCTION     )
CONSULTANTS, INC.                 )
                                  )
Defendants                        )

NOTICE OF TAKING DEPOSITION OF TONY LARDARO

TO: All Counsel of Record:

    Notice is hereby given pursuant to F. R. C. P.  26 and F. R. C. P. 30 that the Plaintiff,
Landworks Creations, LLC., by its counsel shall take the deposition by oral examination of
Tony Lardaro ("the Deponent") at 160 Speen Street, Suite 307 in Framingham, Middlesex
County on Thursday, January 11, 2007 commencing at 1:00 p.m. and continuing from day to day
until completed.

    You are invited to attend and cross examine.

                                        Respectfully Submitted,
                                        **Landworks Creations, LLC**
                                        By its attorney,


                                        The Mountain States Law Group
                                        Robert N. Meltzer, BBO #564745
                                        P.O. Box 1459
                                        Framingham, MA 01701
                                        Phone: (508) 872-7116

Dated: November 28, 2006

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING
info@mountainstateslawgroup.com

1

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 28th of November, 2006 I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.

_____
Robert N. Meltzer

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING
info@mountainstateslawgroup.com

2

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY AND | ) |
| GUARANTY COMPANY and | ) |
| LOVETT-SILVERMAN CONSTRUCTION | ) |
| CONSULTANTS, INC. | ) |
| | ) |
| Defendants | ) |

### RENOTICE OF TAKING DEPOSITION OF ROBERT BULLOCK

TO: All Counsel of Record:

Notice is hereby given pursuant to F. R. C. P. 26 and F. R. C. P. 30 that the Plaintiff, Landworks Creations, LLC., by its counsel shall take the deposition by oral examination of Robert Bullock ("the Deponent") at 160 Speen Street, Suite 307 in Framingham, Middlesex County on Thursday, January 11, 2007 commencing at 9:00 a.m. and continuing from day to day until completed.

You are invited to attend and cross examine.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: November 28, 2006

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING
info@mountainstateslawgroup.com

1

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 28th of November, 2006  I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.

Robert N. Meltzer

# EXHIBIT D

## Julie Ciollo

| | |
|---|---|
| **From:** | Julie Ciollo |
| **Sent:** | Tuesday, November 28, 2006 9:48 AM |
| **To:** | 'Robmeltzer@aol.com' |
| **Cc:** | Marianne Brown |
| **Subject:** | Landworks/Lovett-Silverman document production |

Attorney Meltzer,

Landworks' responses to Lovett-Silverman's first request for the production of documents were due last Wednesday, November 22.  Please let me know when we can expect to receive them.

Also, please let me know of some dates on which you would be available to examine Lovett-Silverman's project documents, which are being held at its Stoughton, Massachusetts office, if you are still interested in examining them.

Regards,
Julie Ciollo

---

**Julie Ciollo**
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617.406.4604 (direct)
617.406.4501 (fax)
www.donovanhatem.com

---

**Confidentiality Notice:** This message is intended only for the designated recipient(s).  It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.  If you are not a designated recipient, you may not review, copy or distribute this message.  If you receive this in error, please notify the sender by reply e-mail and delete this message.  Thank you.

12/11/2006

**Julie Ciollo**

| | |
|---|---|
| **From:** | Robmeltzer@aol.com |
| **Sent:** | Tuesday, November 28, 2006 2:49 PM |
| **To:** | Julie Ciollo |
| **Subject:** | landworks |

Julie-I believe we had requested that you folks send us the discovery requests in Word format. I don't see any response to that request. Could you please provide them and we can finalize the responses? thanks. rob

# EXHIBIT E

## Julie Ciollo

**From:**   Julie Ciollo
**Sent:**   Thursday, December 07, 2006 4:40 PM
**To:**   'Robmeltzer@aol.com'
**Cc:**   Marianne Brown
**Subject:** Lovett-Silverman Document Production

Attorney Meltzer:

Landworks' Responses to Lovett-Silverman's First Request for the Production of Documents are now fifteen days overdue.  Please advise immediately when we can expect to receive these responses, as well as the actual documents requested.  We would prefer not to file a motion to compel production.  If you continue in your failure to respond, however, we will have no choice but to file such a motion.

Landworks' Answers to Lovett-Silverman's First Set of Interrogatories are due today and we have yet to receive them.  Please advise immediately when we can expect to receive those answers.

As you know, depositions in this matter are scheduled for January.  We will not produce our witnesses for those depositions, however, unless we receive Landworks' answers to the interrogatories, responses to the requests for production, and the actual documents requested well in advance of the deposition dates.  It is imperative that we fully review each document produced by Landworks in this matter prior to the depositions.

Thank your for your attention to this matter.

Regards,
**Julie Ciollo**
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617.406.4604 (direct)
617.406.4501 (fax)
www.donovanhatem.com

**Confidentiality Notice:** This message is intended only for the designated recipient(s).  It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.  If you are not a designated recipient, you may not review, copy or distribute this message.  If you receive this in error, please notify the sender by reply e-mail and delete this message.  Thank you.

12/11/2006

## CERTIFICATE OF SERVICE

I, Marianne E. Brown, hereby certify that on December 15, 2006, I have served the attached document by mailing a copy thereof, postage prepaid to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

Marianne E. Brown, Esq.

01053864 (2500.2167)

5