UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LANDWORKS CREATIONS, LLC. | ) | C.A. NO.05-CV-40072 FDS |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES FIDELITY AND GUARANTY | | **LEAVE TO FILE GRANTED** |
| COMPANY and | ) | **ON JANUARY 5, 2007** |
| LOVETT-SILVERMAN CONSTRUCTION | ) | |
| CONSULTANTS, INC. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## REPLY OF DEFENDANT, LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC. TO PLAINTIFF LANDWORKS CREATIONS LLC'S OPPOSITION TO LOVETT-SILVERMAN'S MOTION TO COMPEL DISCOVERY RESPONSES

The defendant, Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman") moves the Court for an order compelling the plaintiff in the above action to answer written interrogatories served upon the plaintiff pursuant to Fed. R. Civ. P. 33 on October 23, 2006. The plaintiff's responses were inadequate.

On October 23, 2006, Lovett-Silverman served on the plaintiff document requests and interrogatories pursuant to Rule 34 and 33 of the Federal Rules of Civil Procedure, copies of which are attached as **Exhibit A**. Lovett-Silverman served the plaintiff with discovery in an effort to investigate the allegations contained in the plaintiff's complaint. Responses to the document requests were due on November 22, 2006. Answers to the interrogatories were due on December 7, 2006.

Julie A. Ciollo, Esq. wrote to the plaintiff's attorney, Robert Meltzer, on November 28, 2006 and December 7, 2006 requesting that the plaintiff provide responses to the defendant's discovery requests. After receiving no reply, Lovett-Silverman moved this Court on December 15, 2006 to compel plaintiff to answer Lovett-Silverman's discovery requests. Plaintiff opposed this motion on December 20, 2006, stating that the discovery responses had been tendered. The plaintiff finally served its responses upon the defendant on December 22, 2007.

The plaintiff's answers fail to respond to Lovett-Silverman's discovery requests, specifically the interrogatories, in a sufficient manner. The plaintiff's answers were deficient in several respects; it answered interrogatories numbered 1, 3-6 , 1, 14, 17-22, but failed and/or refused to answer interrogatories numbered 2, 7-10, 12-13 and 16. Copies of the plaintiff's answers to the interrogatories are attached as **Exhibit B**.

All of the interrogatories clearly speak to core issues in the plaintiff's case since they seek information needed to examine plaintiff's claim that Lovett-Silverman committed fraud, tortious interference, and violated M.G.L. c. 93A. It is well within the defendant's right to request this information. Despite this obligation, the plaintiff has repeatedly and consistently obstructed the defendant's efforts to examine the nature and substance of the serious claims brought against it by the plaintiff. It is the plaintiff who has put this information at issue, and, it should be compelled to provide discovery pertaining to the same.

Accordingly, Lovett-Silverman moves the Court for an order that the plaintiff's answers to the defendant's interrogatories numbered 2, 7-10, 12-13 and 16, be stricken, and compelling the plaintiff to further answer the interrogatories, which were propounded on the plaintiff on October 23, 2006, and which interrogatories the plaintiff failed to answer adequately.

Several interrogatories are answered with plaintiff stating that certain e-mails already produced by Lovett-Silverman "identify the relevant documents, which Lovett-Silverman apparently refuses to produce. The Plaintiff will supplement this answer when Lovett-Silverman produces its records." Plaintiff served a request for documents on Lovett-Silverman on September 5, 2006. Since then, counsel for Lovett-Silverman has offered Attorney Meltzer several opportunities to inspect Lovett-Silverman's records pursuant to Lovett-Silverman's obligations under Fed. R. Civ. P. 34(b). Correspondence regarding document inspection is attached as **Exhibit C**. Attorney Meltzer has consistently ignored these offers and has refused to inspect Lovett-Silverman's records. Plaintiff should not be allowed to use its counsel's unresponsiveness as an excuse for failing to answer interrogatories.

Defendant further moves the Court for an order awarding it reasonable expenses including attorney fees in connection with this Reply.

WHEREFORE, Lovett-Silverman moves this Court to enter an order directing and requiring the plaintiff to answer all of said interrogatories.

Respectfully submitted,
**LOVETT-SILVERMAN CONSTRUCTION
CONSULTANTS, INC.**
By its attorneys,

David J. Hatem, BBO #225700
Marianne E. Brown, (admitted *pro hac vice*)
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Dated: January 5 , 2007

## LOCAL RULE 7.1 CERTIFICATION

I, Julie A. Ciollo, hereby certify that I have made a good faith but unsuccessful attempt to resolve the issues in this motion.  On November 28, 2006 and December 7, 2006, I corresponded with counsel for the plaintiff, Robert Meltzer, about the plaintiff's failure to provide discovery responses.  **Exhibit D.**  I also offered Attorney Meltzer several opportunities to arrange for an inspection of Lovett-Silverman's documents, but did not receive a reply to any offer.  **Exhibit C.** Since receiving plaintiff's discovery responses, I have received no communication from Attorney Meltzer regarding inspection of Lovett-Silverman's documents or supplementing plaintiff's interrogatories.

Julie A. Ciollo, Esq.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

**LANDWORKS CREATIONS, LLC**                    C.A. NO.05-CV-40072 FDS

      Plaintiff                                    )
                            )
v.                                              )
                            )
**UNITED STATES FIDELITY AND GUARANTY** )
**COMPANY and**                                 )
**LOVETT-SILVERMAN CONSTRUCTION**               )
**CONSULTANTS, INC.**                           )

      Defendants                                   )
                            )

## DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 34, the defendant, Lovett-Silverman Construction

Consultants, Inc.'s ("Lovett-Silverman"), requests that the plaintiff, Landworks Creations, LLC

("Landworks") produce and permit Lovett-Silverman to inspect and copy all documents and

things requested below that are in the possession, custody or control of Landworks or any of his

agents The production shall take place at the offices of Donovan Hatem LLP, 2 Seaport Lane,

Boston. MA 02210, within thirty (30) days of the date of service of this request

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in "Defendant's First Set of Interrogatories to
Plaintiff" dated September 27, 2006, are incorporated herein by reference and govern the terms
of this request.

    1.    As to documents responsive to these requests for which Landworks claims a
privilege, or which Landworks claims are not subject to production, please provide a list
describing each such document, and stating with respect to each document: (a) the type of
document (e.g., letter, memorandum, e-mail, etc.); (b) the date of the document; (c) the title of

the document; (d) the author(s) of the document; (e) the intended and actual recipients of the document; (f) the general subject matter of the document; and (g) the factual and/or legal bases for the claim of privilege or ground for non-production with respect to the document.

2.      If you have any reason to believe that any document or thing requested herein has been destroyed, identify each such document by date, author and subject matter, identify the document request which calls for such document, and state the reason for destruction of such document.

3.      Unless otherwise specified, these document requests call for information prepared in or referring to the period from January 1, 2000 to the date of the response hereto.

## DOCUMENT REQUESTS

### Request No. 1

All documents concerning the events described in the Amended Complaint.

### Request No. 2

All documents identifying and substantiating the damages that you have allegedly sustained as a result of any defendants' conduct, as alleged in the Amended Complaint.

### Request No. 3

All documents you intend to introduce as evidence at trial.

### Request No. 4

All documents upon which you rely in support of the claims made in the Amended Complaint.

### Request No. 5

All documents constituting, referring to or concerning any communications, meetings or discussions (including, without limitation, correspondence, e-mails, notes and internal memoranda), that occurred between the following in connection with the Project:

    (a)    Landworks and Lovett-Silverman;
    (b)    Landworks and US F&G.

### Request No. 6

All documents representing communications between you and any party to this action, and concerning the events that are the subject of the Amended Complaint.

2

Request No. 8

All documents that you allege constitute statements by or on behalf of a party to this action regarding the incident that is the subject of this law suit.

Request No. 9

All documents on which you rely to support the allegation in Paragraph 4 of the Amended Complaint that jurisdiction may be had over Lovett-Silverman based upon the conducting of business by Lovett-Silverman in the Commonwealth of Massachusetts, and by nature of its torts within the Commonwealth of Massachusetts, and based upon the existence of offices within the Commonwealth of Massachusetts.

Request No. 10

All documents on which you rely to support the allegation in Paragraph 11 of the Amended Complaint that at some point in the winter of 2004-2005, or in the spring of 2005, US F&G brought Lovett-Silverman to the Project to oversee completion of the Project.

Request No.

Please identify the particular payments that you allege, in Paragraph 12 of the Amended Complaint, Lovett-Silverman refused to authorize to Plaintiff by providing all relevant documentation, including but not limited to receipts, invoices, and specific written demands for payment.

Request No. 12

All documents on which you rely to support the allegation in Paragraph 12 of the Amended Complaint that Lovett-Silverman engaged in extortion toward the subcontractors, by strong-arming the subcontractors and by attempting to deny the subcontractors their rights under their contracts, including copies of each subcontractor's contract and any written documentation evidencing the subcontractors' rights..

Request No. 13

All documents on which you rely to support the allegation in Paragraph 13 of the Amended Complaint that Lovett-Silverman also engaged in conduct that compelled subcontractors to file suit to receive payment, as part and parcel of a scheme to extort payments from subcontractors to US F&G through frivolous and fraudulent lawsuits. This request includes, but is not limited to, all complaints filed by each such subcontractor and all pleadings related to each such suit.

3

Request No. 14

All documents on which you rely to support the allegation in Paragraph 14 of the Amended Complaint that in the words of Al Falango at Lovett-Silverman, there was an organized and ongoing effort by Lovett-Silverman "to bang the subs…"

Request No. 15

All documents on which you rely to support the allegation in Paragraph 15 of the Amended Complaint that Landworks was a victim of Lovett-Silverman's conduct, including but not limited to any documents evidencing such victimizing conduct on the part of Lovett-Silverman.

Request No. 16

All documents on which you rely to support the allegations in Paragraph 20 of the Amended Complaint that the Defendant's engaged in specific conduct which serve as fraud on the Plaintiff, including any written evidence of Lovett-Silverman's alleged "support" to US F&G in defaming Landworks.

Request No. 17

All documents on which you rely to support the allegation in Paragraph 21 of the Amended Complaint that this conduct, which constituted fraud on the Plaintiff, caused harm to the Plaintiff.

Request No. 18

All documents on which you rely to support the allegation in Paragraph 23 of the Amended Complaint that Lovett-Silverman, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and US F&G, for ulterior motives, including a copy of the contract between Landworks and US F&G and the specific contract provisions with which Lovett-Silverman allegedly interfered.

Request No. 19

All documents on which you rely to support the allegation in Paragraph 24 of the Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between the Plaintiff and US F&G, including written evidence of the existence of an advantageous business relationship between Landworks and US F&G.

Request No. 20

All documents on which you rely to support the allegation in Paragraph 25 of the Amended Complaint that Lovett-Silverman interfered in that relationship.

Request No. 21

All documents on which you rely to support the allegation in Paragraph 27 of the Amended Complaint that Lovett-Silverman, by carrying out its program of "banging" the subcontractors, did tortuously interfere in the contract between the Plaintiff and US F&G, for ulterior motives, including a copy of the contract between Landworks and US F&G and the specific contract provisions with which Lovett-Silverman allegedly interfered.

Request No. 22

All documents on which you rely to support the allegation in Paragraph 28 of the Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between the Plaintiff and US F&G, including written evidence of the existence of an advantageous business relationship between Landworks and US F&G.

Request No. 23

All documents on which you rely to support the allegation in Paragraph 29 of the Amended Complaint Lovett-Silverman interfered in that relationship.

Request No. 24

All documents on which you rely to support the allegation in Paragraph 36 of the Amended Complaint that the Plaintiff and both Defendants are involved in trade or commerce.

Request No. 25

All documents on which you rely to support the allegation in Paragraph 38 of the Amended Complaint that Defendant, Lovett-Silverman, set out to harm Landworks by denying it access to the Project and to funds due and owing, including but not limited to specific written demands for access to the Project, written denials of such demands, and invoices or receipts evidencing such funds allegedly due and owing.

Request No. 26

All documents on which you rely to support the allegation in Paragraph 39 of the Amended Complaint the Plaintiff has made a demand for its funds, a demand which has been ignored, including but not limited to specific written demands for funds and specific written denials of such funds.

Request No. 27

5

All documents on which you rely to support the allegation in Paragraph 40 of the Amended Complaint that the pattern and practice of fraud, tortuous interference and such conduct constitutes violations of c. 93A by Lovett-Silverman.

Request No. 28

All documents on which you rely to support the allegation in Paragraph 42 of the Amended Complaint that as a result of this conduct, the Plaintiff has been harmed in its business.

Request No. 29

The resume or curriculum vitae of each expert witness that you intend to call at the trial in this matter.

Request No. 30

All documents related to this lawsuit relied on, given to or generated by any expert you intend to call as a witness at trial.

Request No. 31

All documents which evidence, reflect or reference the work and/or opinions of each person whom Landworks expects to call as an expert witness at trial.

Respectfully Submitted
LOVETT-SILVERMAN CONSTRUCTION
CONSULTANTS, INC.
By its attorneys,


David J. Hatem, BBO #225700
Marianne E. Brown, (admitted *pro hac vice*)
Donovan Hatem LLP
2 Seaport Lane
Boston, MA 02210
Tel: (617)406-4500


Dated: October 23, 2006

01033040 (2500 2167)

6

## CERTIFICATE OF SERVICE

I, Julie A Ciollo, hereby certify that on this **23** day of October, 2006, I served copies of the foregoing *Defendant Lovett-Silverman Construction Consultants, Inc.'s First Request for the Production of Documents to Plaintiff* by mailing, postage prepaid, to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric C. Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

_____
Julie A. Ciollo

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

LANDWORKS CREATIONS, LLC                    **C.A. NO.05-CV-40072 FDS**

    Plaintiff

v.

                          )

UNITED STATES FIDELITY AND GUARANTY
COMPANY and
LOVETT-SILVERMAN CONSTRUCTION
CONSULTANTS, INC.                    )

    Defendants

## DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, the defendant, Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman"), requests that the plaintiff, Landworks Creations, LLC ("Landworks"), answer the following interrogatories separately and fully under oath within forty-five (45) days of the date of service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1.    The word "document" as used in this request shall have the full meaning ascribed to it in Mass. R. Civ. P. 34.

2.    "Identify" (with respect to persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.

3.    "Identify" (with respect to documents).  When referring to documents, to "identify" means to give, to the extent known, the (a) type of document, (b) general subject matter, (c) date of the document, and (d) author(s), addressee(s) and recipient(s).

4.    "Person" means any natural person, business entity, firm, corporation, unincorporated association, division, subsidiary, partnership, proprietorship, university or

government body, including their directors, officers, employees, servants, attorneys, agents and representatives.

5.    "Communication" means the receipt or transmission of any word, fact, idea, inquiry, proposal, information or advice orally, visually, in writing, by electronic transmission or by any means or medium.

6.    "Concerning" or "regarding" mean in any way referring to, pertaining to, describing, memorializing, evidencing, constituting or containing.

7.    "State the basis." When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion or contention, the party shall:

> (a)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

> (b)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

> (c)    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

> (d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

8.    "And" and "or" each shall be construed both conjunctively and disjunctively to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside its scope; in other words, to give each interrogatory its broadest possible meaning.

9.    As to information responsive to these interrogatories for which Landworks claims a privilege, or which Landworks claims are not subject to discovery, please provide a list describing: (a) the general subject matter of the information; (b) the identity of each person who had, or who currently has, possession of the information; and (c) the factual and/or legal bases for the claim of privilege or ground for non-disclosure with respect to the information.

10.    Unless otherwise specified, these interrogatories call for information prepared in or referring to the period from January 1, 2000 to the date of the response hereto.

2

11.    "Lovett-Silverman" means the defendant, Lovett-Silverman Construction Consultants, Inc., and its officers, employees, agents or servants.

12.    "Landworks" means the plaintiff, Landworks Creations, LLC, and its officers, employees, agents or servants.

13.    "You" or "your" refers to Landworks.

14.    "US F&G" means the defendant, United States Fidelity & Guaranty Company, and its officers, employees, agents or servants.

15.    "Complaint" or "Amended Complaint" means the civil complaint filed by Landworks in this action.

16.    "Project" means the design and construction of the Shrewsbury Middle School , located at 45 Oak Street, Shrewsbury, Massachusetts, during which or as a result of which the event that is the basis for this lawsuit occurred.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the individual signing the interrogatories.

### INTERROGATORY NO. 2:

In preparing your answers to these interrogatories, did you make such inquiry of your attorney or other representatives, and review your records in such a manner to enable you to make full and true answers and, if so, identify by name, the present address of, each person consulted and each document reviewed in preparing your answers to these interrogatories.

### INTERROGATORY NO. 3:

With respect to each person you or your attorney expect to call as an expert witness at trial, state the name and address of each such expert witness; the subject matter on which each such expert is expected to testify; the facts and opinions as to which each such expert is expected to testify; and a summary of the grounds for each such opinion.

### INTERROGATORY NO. 4:

List the name, address, professional background, and/or occupation of each and every expert whom Landworks does not expect to call at trial, but whom Landworks has retained or specifically employed in anticipation of the instant litigation or in preparation for trial of this action.

3

**INTERROGATORY NO. 5:**

State the basis of your claim in paragraph 12 of your Amended Complaint that Lovett-Silverman strong-armed subcontractors, by defining the term "strong-arm" and identifying, with particularity, "strong-arming" behavior engaged in by Lovett-Silverman, and identifying specifically each subcontractor so affected by each alleged act of "strong-arming."

**INTERROGATORY NO. 6:**

Please identify each right that you allege, in paragraph 12 of the Amended Complaint, Lovett-Silverman denied the subcontractors, and identify the contractual basis for each right.

**INTERROGATORY NO. 7:**

Please identify each subcontractor that you allege, in paragraph 12 of the Amended Complaint, was denied rights by Lovett-Silverman and set forth the specific rights denied by each such subcontractor.

**INTERROGATORY NO. 8:**

Please identify the specific subcontractors who filed suit to receive payment, including the case name and docket number of each such lawsuit filed by the subcontractors, as alleged in paragraph 13 of the Amended Complaint.

**INTERROGATORY NO. 9:**

Please identify, by invoices or specific written demands, the specific payments sought by each individual subcontractor, as alleged in paragraph 13 of the Amended Complaint.

**INTERROGATORY NO. 10:**

Please define the terms "frivolous" and "fraudulent" and describe in what way, as to each lawsuit individually, the lawsuits filed by subcontractors to receive payment, as alleged in paragraph 13 of the Amended Complaint, were frivolous and fraudulent.

**INTERROGATORY NO. 11:**

State the basis of your contention in paragraph 14 of your Amended Complaint that there was an organized and ongoing effort by Lovett-Silverman "to bang the subs," defining the term "bang the subs" and describing with particularity how the alleged effort was ongoing.

**INTERROGATORY NO. 12:**

State the basis of your contention in paragraph 20 of your Amended Complaint that Lovett-Silverman engaged in specific conduct which serves as fraud on you.

4

**INTERROGATORY NO. 13:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the "harm" referenced in paragraph 21 of the Amended Complaint.

**INTERROGATORY NO. 14:**

For each item of damage you have allegedly suffered as a result of conduct of Lovett-Silverman, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that Lovett-Silverman caused such damage.

**INTERROGATORY NO. 15:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the "program of 'banging'" that Lovett-Silverman allegedly engaged in, referenced in paragraphs 14, 20(c), 23, and 27 of your Amended Complaint.

**INTERROGATORY NO. 16:**

State the basis of your contention in paragraph 20(d) of the Amended Complaint that Lovett-Silverman supported US F&G in defaming Landworks, describing in detail the nature of such support, making specific reference to written documents evidencing such alleged support, and providing the dates of such efforts and the names of the person(s) lending such support.

**INTERROGATORY NO. 17:**

State the basis of your contention in paragraph 24 of your Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between Landworks and US F&G, identifying the person(s) with such awareness, and please define the term "advantageous business relationship."

**INTERROGATORY NO. 18:**

State the basis of your contention in paragraph 25 of your Amended Complaint that Lovett-Silverman interfered in the business relationship between Landworks and US F&G.

**INTERROGATORY NO. 19:**

State the basis of your contention in paragraph 38 of your Amended Complaint that Lovett-Silverman set out to harm Landworks by denying it access to the Project and to funds due and owing.

## INTERROGATORY NO. 20:

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to your allegedly ignored demand for funds, as referenced in paragraph 39 of your Amended Complaint.

## INTERROGATORY NO. 21:

State the basis of your contention in paragraph 40 of your Amended Complaint that Lovett-Silverman's conduct constitutes a violation of c. 93A.

## INTERROGATORY NO. 22:

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the alleged harm your business has undergone, as referenced in paragraph 42 of your Amended Complaint.

Respectfully Submitted
LOVETT-SILVERMAN CONSTRUCTION
CONSULTANTS, INC.
By its attorneys,


David J. Hatem, BBO #225700
Marianne E. Brown, (admitted *pro hac vice*)
Donovan Hatem LLP
2 Seaport Lane
Boston, MA  02210
Tel:  (617)406-4500


Dated: *October 23, 2006*

01031877 (2500.2167)

6

## CERTIFICATE OF SERVICE

I, Julie A. Ciollo, hereby certify that on this **23** day of October, 2006, I served copies of the foregoing *Defendant Lovett-Silverman Construction Consultants, Inc.'s First Set of Interrogatories to Plaintiff* by mailing, postage prepaid, to:

Robert N. Meltzer, Esquire          Eric C. Hipp, Esquire
Post Office Box #1459               Hermes, Netburn, O'Connor & Spearing
Framingham, MA  01701               265 Franklin Street
                                    7th Floor
                                    Boston, MA 02110

Julie A. Ciollo

**7**

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LANDWORKS CREATIONS, LLC. ) | C.A. NO.05-CV-40072 FDS |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIDELITY AND GUARANTY ) | |
| COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF LANDWORKS, LLC.'S ANSWERS TO DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

**INTERROGATORY NO. 1:**

Identify the individual signing the interrogatories.

Answer 1: Neal H. Matthews, of Landworks Creations, LLC.

**INTERROGATORY NO. 2:**

In preparing your answers to these interrogatories, did you make such inquiry of your attorney or other representatives, and review your records in such a manner to enable you to make full and true answers and, if so, identify by name, the present address of, each person consulted and each document reviewed in preparing your answers to these interrogatories.

Answer 2: Objection. The Plaintiff objects to this interrogatory in that it specifically seeks to invade the attorney/client privilege, and is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

With respect to each person you or your attorney expect to call as an expert witness at trial, state the name and address of each such expert witness; the subject matter on which each such expert is expected to testify; the facts and opinions as to which each such expert is expected to testify; and a summary of the grounds for each such opinion.

Answer: The Plaintiff has not yet determined who it intends to call as an expert witness and reserves the right to supplement this answer in a timely manner.

**INTERROGATORY NO. 4:**

List the name, address, professional background, and/or occupation of each and every expert whom Landworks does not expect to call at trial, but whom Landworks has retained or specifically employed in anticipation of the instant litigation or in preparation for trial of this action.

Answer: The Plaintiff has not yet determined who it intends to call as an expert witness and reserves the right to supplement this answer in a timely manner.

**INTERROGATORY NO. 5:**

State the basis of your claim in paragraph 12 of your Amended Complaint that Lovett-Silverman strong-armed subcontractors, by defining the term "strong-arm" and identifying, with particularity, "strong-arming" behavior engaged in by Lovett-Silverman, and identifying specifically each subcontractor so affected by each alleged act of "strong-arming."

Answer: The Plaintiff relies upon statements explicitly made by Lovett-Silverman agents and employees in e-mails provided to the Plaintiff, and referenced specifically in the document request served on Lovett-Silverman. Lovett-Silverman's own employees and agents concede that there was insufficient funds to pay the subcontractors, and Lovett-Silverman's own employees and agents talked about "banging" the subcontractors. Lovett-Silverman's own employees and agents colluded with USF & G on the false charge of abandonment, and in the false filing of a counterclaim by providing information that was knowingly false—for example, passing off work that was not within the scope of Landworks as the scope of Landworks, and by otherwise lying to Landworks as to why Landworks was not being permitted to return to the site. It appears that Lovett-Silverman engaged in this same conduct with the other subcontractors mentioned in the Lovett-Silverman e-mails. In short, the e-mail record confirms that Lovett-Silverman and USF & G were banging the subcontractors, which the Plaintiff construes as "strong-arming." The Plaintiff looks forward to hearing an innocuous explanation for why banging subcontractors and aiding the filing of false lawsuits is not "strong-arming." The Plaintiff anticipates supplementing this answer if Lovett-Silverman complies with its discovery requests and produces long-overdue documents.

2

## INTERROGATORY NO. 6:

Please identify each right that you allege, in paragraph 12 of the Amended Complaint, Lovett-Silverman denied the subcontractors, and identify the contractual basis for each right.

Answer: Landworks, LLC had a legal right to complete its work pursuant to its ratification agreement with USF & G. Lovett-Silverman clearly interfered in that right.

## INTERROGATORY NO. 7:

Please identify each subcontractor that you allege, in paragraph 12 of the Amended Complaint, was denied rights by Lovett-Silverman and set forth the specific rights denied by each such subcontractor.

Answer: The subcontractors were, in part, identified in the Plaintiff's document requests. The Plaintiff anticipates supplementing this answer if Lovett-Silverman complies with its own discovery requests by producing long-overdue documents.

## INTERROGATORY NO. 8:

Please identify the specific subcontractors who filed suit to receive payment, including the case name and docket number of each such lawsuit filed by the subcontractors, as alleged in paragraph 13 of the Amended Complaint.

Answer: The subcontractors were, in part, identified in the Plaintiff's document requests. The Plaintiff anticipates supplementing this answer if Lovett-Silverman complies with its own discovery requests by producing long-overdue documents.

## INTERROGATORY NO. 9:

Please identify, by invoices or specific written demands, the specific payments sought by each individual subcontractor, as alleged in paragraph 13 of the Amended Complaint.

Answer: With the exception of Landworks' own claim, Landworks has no idea. As to other subcontractors, the question is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## INTERROGATORY NO. 10:

Please define the terms "frivolous" and "fraudulent" and describe in what way, as to each lawsuit individually, the lawsuits filed by subcontractors to receive payment, as alleged in paragraph 13 of the Amended Complaint, were frivolous and fraudulent.

Answer: Objection. The Plaintiff objects to the interrogatory as it is vague and unclear As to other subcontractors, the specifics are irrelevant. Paragraph 13 refers to the patently frivolous and fraudulent lawsuits against Landworks cooked up by Lovett-Silverman and USF & G.

## INTERROGATORY NO. 11:

State the basis of your contention in paragraph 14 of your Amended Complaint that there was an organized and ongoing effort by Lovett-Silverman "to bang the subs," defining the term "bang the subs" and describing with particularity how the alleged effort was ongoing.

Answer: The employees and agents of Lovett-Silverman admitted to this in their own e-mails. The conduct perpetrated against Landworks makes it clear that the scheme was carried in to operation.

## INTERROGATORY NO. 12:

State the basis of your contention in paragraph 20 of your Amended Complaint that Lovett-Silverman engaged in specific conduct which serves as fraud on you.

Answer: See Answer 5, which is not an exclusive list. Lovett-Silverman simply lied to Landworks and engaged in conduct which denied Landworks the lawful right to complete its work under its ratification agreement. Lovett-Silverman, by its own e-mails with USF & G and its counsel, were complicit in filing a false lawsuit against Landworks.

## INTERROGATORY NO. 13:

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the "harm" referenced in paragraph 21 of the Amended Complaint.

Answer: The Plaintiff relies upon the e-mails produced by Lovett-Silverman. These e-mails identify the relevant documents, which Lovett-Silverman apparently refuses to produce. The Plaintiff will supplement this answer when Lovett-Silverman produces its records.

## INTERROGATORY NO. 14:

For each item of damage you have allegedly suffered as a result of conduct of Lovett-Silverman, identify the item and dollar amount of damage followed by the conduct giving rise

to such damage, the methodology used to calculate such item of damage and the basis for your contention that Lovett-Silverman caused such damage.

Answer: The amount is specified in the Complaint. The amount of attorney's fees is not yet determined. The Plaintiff is seeking treble damages. The Plaintiff reserves the right to supplement this answer.

## INTERROGATORY NO. 15:

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the "program of 'banging'" that Lovett-Silverman allegedly engaged in, referenced in paragraphs 14, 20(c), 23, and 27 of your Amended Complaint.

Answer: The Plaintiff relies upon the e-mails produced by Lovett-Silverman. These e-mails identify the relevant documents, which Lovett-Silverman apparently refuses to produce. The Plaintiff will supplement this answer when Lovett-Silverman produces its records.

## INTERROGATORY NO. 16:

State the basis of your contention in paragraph 20(d) of the Amended Complaint that Lovett-Silverman supported US F&G in defaming Landworks, describing in detail the nature of such support, making specific reference to written documents evidencing such alleged support, and providing the dates of such efforts and the names of the person(s) lending such support.

Answer: The Plaintiff relies upon the e-mails produced by Lovett-Silverman. These e-mails identify the relevant documents, which Lovett-Silverman apparently refuses to produce. The Plaintiff will supplement this answer when Lovett-Silverman produces its records.

## INTERROGATORY NO. 17:

State the basis of your contention in paragraph 24 of your Amended Complaint that Lovett-Silverman was aware of the advantageous business relationship between Landworks and US F&G, identifying the person(s) with such awareness, and please define the term "advantageous business relationship."

Answer: The information is contained in the e-mails that have already been produced. Landworks was in communication with Lovett-Silverman, particularly Robert Bullock. In these conversations, Lovett-Silverman, under the pretense of working to bring Landworks back on the site, pumped Landworks for information. Based upon the e-mails subsequently identified, it is clear that Landworks would be barred from its right to perform its work. The term advantageous business relationship is self explanatory.

5

**INTERROGATORY NO. 18:**

State the basis of your contention in paragraph 25 of your Amended Complaint that Lovett-Silverman interfered in the business relationship between Landworks and US F&G.

Answer: Lovett-Silverman's own e-mails admit that there was not enough money to both pay Landworks and to complete the work. See the answer to Interrogatory 5 and Interrogatory 17. An entire bogus contention of "abandonment" was fabricated, as was the counterclaim filed by USF & G with false data provided by Lovett-Silverman.

**INTERROGATORY NO. 19:**

State the basis of your contention in paragraph 38 of your Amended Complaint that Lovett-Silverman set out to harm Landworks by denying it access to the Project and to funds due and owing.

Answer: See, interrogatory 5, 7 and 18.

**INTERROGATORY NO. 20:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to your allegedly ignored demand for funds, as referenced in paragraph 39 of your Amended Complaint.

Answer: This information has previously been provided.

**INTERROGATORY NO. 21:**

State the basis of your contention in paragraph 40 of your Amended Complaint that Lovett-Silverman's conduct constitutes a violation of c. 93A.

Answer: Banging Landworks, lying about their status, assisting in the preparation of a false lawsuit and other such conduct, all for the purposes of avoiding payment, sounds like unfair and deceptive trade practices to this Plaintiff.

**INTERROGATORY NO. 22:**

Please identify by date, description and author each and every document that evidences, describes, pertains or relates to the alleged harm your business has undergone, as referenced in paragraph 42 of your Amended Complaint.

6

Answer: I do not yet have all of the information, as this case is ongoing. I have been denied payment for my work, and for work of my subcontractors, even though I have paid those subcontractors. I was denied the right to complete the work, which was vital for the ongoing success of the company; the company had to borrow funds to maintain its operations. The company has been forced to incur substantial attorney's fees to seek funds that were not in dispute until Lovett-Silverman discovered it did not have the funds to pay the subcontractors, as revealed in the e-mails. My company, which has never been subject to claims of defective workmanship, has been defamed for the purposes of saving USF & G money. The documents that support this are kept in the usual course of business, and will be produced. My understanding is that defamation damages are presumed. Attorney's fees cannot be calculated at this point, nor can the treble damages.

Sworn under the pains and penalties of perjury this 1st day of December,

As to Objections,


Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,


The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: December 20, 2006


## CERTIFICATE OF SERVICE


I, Robert N. Meltzer, do hereby certify that on this 20th of December, 2006  I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.


Robert N. Meltzer


8

# EXHIBIT C

## Julie Ciollo

| | |
|---|---|
| **From:** | Julie Ciollo |
| **Sent:** | Tuesday, November 28, 2006 9:48 AM |
| **To:** | 'Robmeltzer@aol.com' |
| **Cc:** | Marianne Brown |
| **Subject:** | Landworks/Lovett-Silverman document production |

Attorney Meltzer,

Landworks' responses to Lovett-Silverman's first request for the production of documents were due last Wednesday, November 22.  Please let me know when we can expect to receive them.

Also, please let me know of some dates on which you would be available to examine Lovett-Silverman's project documents, which are being held at its Stoughton, Massachusetts office, if you are still interested in examining them.

Regards,
Julie Ciollo


**Julie Ciollo**
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617.406.4604 (direct)
617.406.4501 (fax)
www.donovanhatem.com


**Confidentiality Notice:** This message is intended only for the designated recipient(s).  It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.  If you are not a designated recipient, you may not review, copy or distribute this message.  If you receive this in error, please notify the sender by reply e-mail and delete this message.  Thank you.

2/15/2006

## Julie Ciollo

**From:**    Julie Ciollo
**Sent:**    Wednesday, November 29, 2006 2:36 PM
**To:**    'Robmeltzer@aol.com'
**Cc:**    Marianne Brown
**Subject:** RE: landworks

Rob,

Given the large number of documents and boxes, I would invite you to arrange a time to meet at the Lovett-Silverman office in Stoughton with myself or another member of the firm so that you can personally inspect all of the documents and select what you would like to have for copying.

In addition to those documents, I have a few large boxes at my office that you may wish to inspect before going to Stoughton. It's possible that those boxes will contain what you are looking for. It will not be possible to have the Stoughton boxes sent here, however.

Please provide me with some dates on which you will be available to inspect the documents either here or in Stoughton and we can coordinate a meeting. As I mentioned earlier, we ask that you execute a third-party billing agreement prior to any copying of our client's documents.

Let me know if you have any questions.

Regards,

Julie Ciollo

**From:** Robmeltzer@aol.com [mailto:Robmeltzer@aol.com]
**Sent:** Tuesday, November 28, 2006 7:08 PM
**To:** Julie Ciollo
**Subject:** Re: landworks

Let's reduce the scope, and you can quote me on this one. As for those boxes, reduce it to the outside elements of the project--site, landscape, track and field, landscape, fencing, outdoor electrical, including ratification agreements, correspondence, e-mails, proposals, contracts, invoices, work logs, proof of payment of invoices.

The rest of the categories remain the same, numbered according to the request.

rob

12/15/2006

## Julie Ciollo

| | |
|---|---|
| **From:** | Julie Ciollo |
| **Sent:** | Monday, December 04, 2006 2:28 PM |
| **To:** | 'Robmeltzer@aol.com' |
| **Cc:** | Marianne Brown |
| **Subject:** | RE: landworks |

Attorney Meltzer:

Pursuant to Landworks' First Request for the Production of Documents, we have compiled Lovett-Silverman's entire project file regarding the Shrewsbury Middle School as it was kept in the usual course of business. The project file is presently in two locations: Lovett-Silverman's Stoughton, MA office and Donovan Hatem's office. The project file as it pertains to Landworks is at the Stoughton office as well as Donovan Hatem. Please provide me with some dates on which you would be able to inspect the documents. Also, you will need to fill out a third-party billing agreement before copying any documents that we produce for inspection. Such an agreement from a previous matter with Donovan Hatem does not carry over to this case.

Regards,

Julie Ciollo

**From:** Robmeltzer@aol.com [mailto:Robmeltzer@aol.com]
**Sent:** Thursday, November 30, 2006 5:52 PM
**To:** Julie Ciollo
**Cc:** Robmeltzer@aol.com
**Subject:** Re: landworks

I have a third party agreement from the eleven or so other cases I have had with your office. I believe the arrangement is with IKON. I do not believe the documents constitute that many boxes. Most of what I am still looking for are very specific documents from very specific sources. It is your obligation to provide these records, not to tell me to sift through twenty boxes looking for something interesting. Kindly comply with the rules. thank you. rob

12/15/2006

## Julie Ciollo

**From:**    Julie Ciollo
**Sent:**    Friday, December 15, 2006 2:49 PM
**To:**     'Robmeltzer@aol.com'
**Cc:**     Marianne Brown
**Subject:** FW: landworks

Attorney Meltzer, please see my previous correspondence to you regarding document production.

---

**From:** Julie Ciollo
**Sent:** Monday, December 04, 2006 2:28 PM
**To:** 'Robmeltzer@aol.com'
**Cc:** Marianne Brown
**Subject:** RE: landworks

Attorney Meltzer:

Pursuant to Landworks' First Request for the Production of Documents, we have compiled Lovett-Silverman's entire project file regarding the Shrewsbury Middle School as it was kept in the usual course of business. The project file is presently in two locations: Lovett-Silverman's Stoughton, MA office and Donovan Hatem's office. The project file as it pertains to Landworks is at the Stoughton office as well as Donovan Hatem. Please provide me with some dates on which you would be able to inspect the documents. Also, you will need to fill out a third-party billing agreement before copying any documents that we produce for inspection. Such an agreement from a previous matter with Donovan Hatem does not carry over to this case.

Regards,

Julie Ciollo

---

**From:** Robmeltzer@aol.com [mailto:Robmeltzer@aol.com]
**Sent:** Thursday, November 30, 2006 5:52 PM
**To:** Julie Ciollo
**Cc:** Robmeltzer@aol.com
**Subject:** Re: landworks

I have a third party agreement from the eleven or so other cases I have had with your office. I believe the arrangement is with IKON. I do not believe the documents constitute that many boxes. Most of what I am still looking for are very specific documents from very specific sources. It is your obligation to provide these records, not to tell me to sift through twenty boxes looking for something interesting. Kindly comply with the rules. thank you. rob

1/3/2007

# EXHIBIT D

## Julie Ciollo

**From:**    Julie Ciollo
**Sent:**    Tuesday, November 28, 2006 9:48 AM
**To:**      'Robmeltzer@aol.com'
**Cc:**      Marianne Brown
**Subject:** Landworks/Lovett-Silverman document production

Attorney Meltzer,

Landworks' responses to Lovett-Silverman's first request for the production of documents were due last Wednesday, November 22.  Please let me know when we can expect to receive them.

Also, please let me know of some dates on which you would be available to examine Lovett-Silverman's project documents, which are being held at its Stoughton, Massachusetts office, if you are still interested in examining them.

Regards,
Julie Ciollo


**Julie Ciollo**
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617.406.4604 (direct)
617.406.4501 (fax)
www.donovanhatem.com


**Confidentiality Notice:** This message is intended only for the designated recipient(s).  It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.  If you are not a designated recipient, you may not review, copy or distribute this message.  If you receive this in error, please notify the sender by reply e-mail and delete this message.  Thank you.

12/15/2006

## Julie Ciollo

**From:** Julie Ciollo

**Sent:** Thursday, December 07, 2006 4:40 PM

**To:** 'Robmeltzer@aol.com'

**Cc:** Marianne Brown

**Subject:** Lovett-Silverman Document Production

Attorney Meltzer:

Landworks' Responses to Lovett-Silverman's First Request for the Production of Documents are now fifteen days overdue. Please advise immediately when we can expect to receive these responses, as well as the actual documents requested. We would prefer not to file a motion to compel production. If you continue in your failure to respond, however, we will have no choice but to file such a motion.

Landworks' Answers to Lovett-Silverman's First Set of Interrogatories are due today and we have yet to receive them. Please advise immediately when we can expect to receive those answers.

As you know, depositions in this matter are scheduled for January. We will not produce our witnesses for those depositions, however, unless we receive Landworks' answers to the interrogatories, responses to the requests for production, and the actual documents requested well in advance of the deposition dates. It is imperative that we fully review each document produced by Landworks in this matter prior to the depositions.

Thank your for your attention to this matter

Regards,
**Julie Ciollo**
**Donovan Hatem LLP**
**World Trade Center East**
**Two Seaport Lane**
**Boston, MA 02210**
**617.406.4604 (direct)**
**617.406.4501 (fax)**
**www.donovanhatem.com**

**Confidentiality Notice:** This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

## CERTIFICATE OF SERVICE

I, Marianne E. Brown, hereby certify that on January 5 , 2007, I have served the attached document by mailing a copy thereof, postage prepaid to:

Robert N. Meltzer, Esquire
Post Office Box #1459
Framingham, MA  01701

Eric Hipp, Esquire
Hermes, Netburn, O'Connor & Spearing
265 Franklin Street
7th Floor
Boston, MA 02110

_____
Marianne E. Brown, Esq