UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | | |
|---|---|---|
| LANDWORKS CREATIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | EMERGENCY MOTION FOR |
| | ) | RECONSIDERTION OF THE |
| UNITED STATES FIDELITY AND | ) | COURT'S ORDER GRANTING |
| GUARANTY COMPANY and | ) | LEAVE FOR DEFENDANT, |
| LOVETT-SILVERMAN CONSTRUCTION | ) | LOVETT-SILVERMAN TO FILE |
| CONSULTANTS, INC. | ) | A REPLY BRIEF AS TO ITS |
| | ) | MOTION TO COMPEL |
| Defendants | ) | |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and respectfully

requests that this Honorable Court reconsider its Order of January 4, 2007 granting leave to

Defendant, Lovett-Silverman to file a Reply Brief to its Motion to Compel on the grounds that

the motion was in gross violation of L.R. 7.1 and L.R. 37.1, and was otherwise not a Reply Brief,

but an entirely new motion filed outside of the rules as an example of "motion by ambush."

In furtherance of this request for reconsideration, the Plaintiff states as follows:

1.    The Plaintiff filed this lawsuit in the Worcester Superior Court against USF & G. The

      case is a boilerplate construction dispute arising out of public construction at the

      Shrewsbury Middle School in Shrewsbury, Worcester County. This matter was

      removed to this Court.

2.    During the course of discovery, the Plaintiff was provided with e-mail traffic by USF

      & G. The e-mails contained shockingly candid communications between USF & G and

its construction consultant, Lovett-Silverman, in which Lovett-Silverman referred to a scheme to "bang the subcontractors" and other such references.

3.    In reliance on this information, the Plaintiff added Lovett-Silverman as a direct party defendant, relying entirely on the discovered e-mail correspondence.

4.    During the initial discovery provided by Defendant, Lovett-Silverman, the Plaintiff was provided with yet more shockingly frank e-mail traffic confirming the improper conduct by Lovett-Silverman and USF & G, as well as communications between Lovett-Silverman and USF & G's counsel in which the fraudulent counterclaim against the Plaintiff was fabricated.

5.    The claim brought against Lovett-Silverman is based entirely upon admissions against interest made by Lovett-Silverman and USF & G, and was discovered by a review of the documents provided by these parties.

6.    The Plaintiff's theory of the claim was set out not only in the Motion to Amend and the Amended Complaint, but also in two subsequent mandatory disclosure statements and a document request to Defendant, Lovett-Silverman, in which specific e-mail traffic was identified. The Plaintiff even provided copies of Lovett-Silverman's own e-mail traffic to Lovett-Silverman to facilitate Lovett-Silverman's discovery responses.

7.    The e-mail traffic provided by Lovett-Silverman demonstrates an appalling abdication of legal duties by Lovett-Silverman and USF & G. The records as provided also show an appalling disregard and contempt for legal process, as the Defendant, Lovett-Silverman, attempted to redact certain portions of the records, while leaving the balance of the conversation string unredacted on other copies, thus showing bad faith in redacting and demonstrating an attempt to conceal fraud and misconduct.

8.    To this day, Defendant Lovett-Silverman has failed to provide documents owing to the Plaintiff, instead offering to provide twenty boxes of documents for the Plaintiff to sift through.

9.    Defendant, Lovett-Silverman has engaged in consistent games with discovery in this case.

10.   Interrogatories and document requests served by Lovett-Silverman on the Plaintiff demonstrate the continuation of these games. The interrogatories and document requests were thoroughly objectionable, and were more of an advocacy piece than reasonable discovery requests.

11.   Nonetheless, the Plaintiff answered the interrogatories by restating the Lovett-Silverman/USF & G e-mail traffic, and by offering to make available for inspection and copying every scrap of paper in the Plaintiff's possession, which consists of its three loose-leaf binders as maintained in the usual course of business by Landworks (and already viewed in that format by USF & G), as well as the documents received from USF & G and the documents received from Lovett-Silverman upon which the claim against Lovett-Silverman is based.

12.   To the best of Plaintiff's knowledge, there was no discovery dispute at the time that Defendant, Lovett-Silverman filed its initial Motion to Compel, other than a slight delay in providing written responses to absurd questions that defied the spirit and intent of F.R.C.P. 26.

13.   Defendant, Lovett-Silverman, failed to engage in the requisite "meet and confer" procedure required by L.R. 37.1 and L.R. 7.1; Plaintiff certainly had no intention of not

responding to this discovery, and there was absolutely no need to file a motion to compel discovery in the first place.

14.   Rather than address the misconduct by Defendant, Lovett-Silverman in its Opposition to the Motion to Compel, the Plaintiff responded on December 20, 2006 to the Motion to Compel by simply noting, in one paragraph, that the discovery responses had been made, and that the motion was moot.[1]

15.   Approximately fourteen days later, Defendant, Lovett-Silverman filed the Request for Leave to File Reply Brief.

16.   The proposed Reply Brief was not a reply brief at all, but rather a new motion to compel, filed outside of the Rule 7.1 and Rule 37.1 procedure, which mandates that the parties must proceed with the meet and confer procedure. L.R. 37.1 notes that "before filing any discovery motion…counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent…"

17.   At the time that the Request for Leave was filed, the Plaintiff was unaware that any dispute even existed with the discovery responses. Certainly, the Plaintiff had not received notice of any dispute.

18.   Counsel for Defendant, Lovett-Silverman will be at the office of Plaintiff's counsel on January 8, 2007 to review documents. Depositions in this matter will take place commencing on January 10 and 11, 2007. Clearly, any of these dates would have provided an opportunity to meet and confer as to any discovery disputes.

---

[1] Plaintiff's counsel also notes that both attorney's representing Lovett-Silverman in this case lack experience in this process. One attorney is a recent admittee, while the other recently moved here from Pennsylvania, and apparently does not understand the customs and practices of the Massachusetts bar in terms of courtesy and extensions.

19.  The Plaintiff fails to understand why counsel for the Defendant filed its tardy request for a Reply Brief one week before counsel was meeting on the same case, or what the rush was to file the papers. The Court should also be concerned by this conduct.

20.  This Court granted the request for leave to file the Reply Brief before the Plaintiff had even seen the moving papers, and the Court referred the matter to the magistrate for consideration.

21.  Whereas a motion allows for an opposition, the local rules do not provide for surreply briefs, nor is there any procedure for such a surreply. The Plaintiff has been denied an opportunity to file a response to a  bad faith Motion to Compel brought outside of the requisite procedure.

22.  Thus, Defendant, Lovett-Silverman has served, under another name, a Motion to Compel, dressed as a Reply Brief, unrelated to its original motion, without compliance with mandatory local rules, in a manner in which the Plaintiff has been unable to respond.

23.  The Request for Leave was considered by the Court and allowed before the Plaintiff even had an opportunity to review the papers and bring to the Court's attention the impropriety of the filing.

24.  This conduct is consistent with the kinds of games previously played by counsel for Defendant, Lovett-Silverman and its attorneys, and constitutes ambush litigation that should not be tolerated by this Court.

25.  The Court's rapid allowance of the Motion constituted a manifest unjustness to the Plaintiff in this case which requires remedy.

WHEREFORE, as the request for leave was not a proper Reply Brief, but was a disguised Motion to Compel, and whereas the motion failed to comply with the local rules and constitutes the type of ambush litigation precluded by the local rules, this Court should reconsider its decision accepting this document for filing, and the request for leave should be DENIED.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

s/Robert N. Meltzer_____
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116
Telecopier (508) 872-8284

Dated: January 7, 2007

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I served a copy of the foregoing on all counsel of record by mailing the same, postage prepaid, to:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.

                                        s/Robert N. Meltzer_____ _____

January 7, 2007