UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION


_____

LANDWORKS CREATIONS, LLC.                    )    C.A. NO.05-CV-40072 FDS
                                             )
        Plaintiff                            )
                                             )
v.                                           )
                                             )
UNITED STATES FIDELITY AND GUARANTY )
COMPANY and                                  )
LOVETT-SILVERMAN CONSTRUCTION                )
CONSULTANTS, INC.                            )
                                             )
        Defendants                           )
_____)

### PLAINTIFF LANDWORKS, LLC.'S "SUR-REPLY" IN RESPONSE TO THE "REPLY BRIEF" OF THE DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC. ("LSCC" )TO THE PLAINTIFF'S OPPOSITION TO LSCC'S MOTION TO COMPEL


        Now comes the Plaintiff, Landworks Creations, LLC and files this "sur-reply" as

permitted by the Court in response to the Motion to Compel filed by LSCC.

        It is a fundamental tenet of F.R.C.P. 37 that a Court can only compel a party to compel

documents or information in a party's possession which is being withheld under some color of

right. Since the Plaintiff in this case is not withholding documents or information, there is no

basis for a motion to compel under F.R.C.P. 37, such that the "Motion to Compel" should be

summarily denied. The Plaintiff further notes that a hearing on this matter would be a waste of

time and resources, and the Plaintiff requests that this issue be resolved on the papers.

        As further grounds, the Plaintiff states as follows:

GENERAL OPPOSITION

1. The Plaintiff filed this lawsuit originally against USF & G in the Worcester Superior Court based upon a failed school construction project, the Shrewsbury Middle School. At this project, two general contractors failed, Standen Construction and Jackson Construction. The Plaintiff, a site contractor, replaced Standen's original site contractor, Hole Story, and later stayed on through both the Standen and Jackson failures.

2. The Plaintiff has long been baffled by the failure of the surety to pay monies due and owing to the Plaintiff. More than a year in to this litigation, no party, or even the architect, has identified defects in work performed by Landworks Creations, LLC. In language out of a George Orwell novel, USF & G has construed Landworks' conduct, demanding to be allowed to complete the work, as "abandonment."

3. During the course of discovery, USF & G produced a series of e-mail correspondence written by USF & G's construction consultant, Lovett-Silverman. Amongst that correspondence was an e-mail in which LSCC discussed "banging the subcontractors." The document, drafted by LSCC, provided the first substantive explanation of why the Plaintiff had not been paid in this case; since the project was out of money, and since the project required completion, and since Landworks required payment to return to the work, it made economic sense to put off Landworks and to fabricate a basis for non-payment.

4. Because the matter was already pending, the Plaintiff filed a Motion to Amend under F.R.C.P. 15 and L.R. 15.1, and served the papers on LSCC. The Motion to Amend,

and the Amended Complaint, identified the documents that created the cause of action against LSCC.

5.  The Court granted the Motion to Amend over opposition.

6.  The Amended Complaint is based entirely upon statements made by Lovett-Silverman and its employees and agents, and subsequent deceitful statements made by LSCC employees to the Plaintiff. The Plaintiff has no personal knowledge of the statements made, other than that they were made. At trial, the jury will have the opportunity to review the writings and determine whether those e-mails support the contention that Lovett-Silverman and USF & G devised a scheme to "bang" a subcontractor who was entitled to good faith dealing.

7.  Throughout this litigation with LSCC, the Plaintiff has provided, ad nauseum, notice of the relevant documents upon which it relied in making its claims. For example:

    a.  The Motion to Amend referenced relevant documents that supported the contentions of the Amended Complaint
    b.  The Amended Complaint references the source of the claim.
    c.  On September 6, 2006, the Plaintiff served a document request on LSCC which specifically referenced the key e-mail documents between Lovett-Silverman and others, seeking referenced documents.
    d.  On September 20, 2006, the Plaintiff, at LSCC's request, provided copies of the stack of e-mails referenced in the September 20, 2006 request, even though all of the e-mail documents had been identified by date and sender, and had been generated by LSCC employees or agents.
    e.  This is a federal case. The Plaintiff has not only provided mandatory disclosures, but also two supplements which reference the relevant documents to be relied upon.
    f.  The Plaintiff has made available for inspection and copying by LSCC all records in its possession. Not only did the Plaintiff provide its entire business file, but it also produced for inspection the records received from USF & G and some records it had received from LSCC.
    g.  On January 10 and January 11, 2007, the Plaintiff deposed the project architect as well as three employees of LSCC. At those depositions, the Plaintiff put on the table, and marked, 65 key documents. Copies were made and distributed. The materials were subject to long and detailed inquiry by the witnesses.

8.  In sum, the Plaintiff has made its case exhaustively clear, and the source of its claims and the basis of its claims have been made repetitively.

9.  Notwithstanding the Plaintiff's repetitive production of documents and information, LSCC has been substantially less cooperative in providing documents to the Plaintiff. Since the Plaintiff has been attempting to piece together the puzzle of what LSCC had done on the job, LSCC's failure to comply with F.R.C.P. 34 is noteworthy.

10. The Plaintiff, as noted, served a document request on LSCC on September 6, 2006. After much delay, LSCC provided a handful of documents, duly marked with numbers corresponding to the requests as required by F.R.C.P. 34. A substantial number of those documents included e-mails which were then marked at the January 11, 2007 depositions.

11. More significantly, LSCC failed to produce a substantial number of documents that were relevant and subject to production. For example, Request 2 sought the contract between USF & G and LSCC. There was no reason why this document could not have been produced.

12. Throughout October and November of 2006, Plaintiff's counsel and LSCC's counsel engaged in a regular correspondence pertaining to the missing documents.

13. LSCC's counsel responded that the records constituted more than 20 boxes of documents in more than one location, and that Plaintiff was invited to come and root through the mass of paper in disparate locations. This type of response, of course, is barred by F.R.C.P. 34

14. Faced with the choice of reviewing the documents or of filing a motion to compel, the Plaintiff opted for the third choice—the Plaintiff deferred inspection of the documents

until after the January 11, 2007 depositions, using those depositions to determine the scope and identity of relevant documents in order to narrow the documents required.

15. The Plaintiff has not yet received the transcripts of the depositions, which are necessary to determine the identity of key documents.

16. The suggestion made by LSCC that the Plaintiff has "refused" to review documents is baseless. LSCC has refused to comply with F.R.C.P. 34, and the Plaintiff has been seeking the least expensive approach to LSCC's lack of compliance.

17. At this junction, the Plaintiff states that it understood that LSCC was going to provide information stating what information was stored where, so that the Plaintiff could make the review it requires. This review is necessary for further response. Thus, the Plaintiff has not refused to inspect records, or to supplement its responses; it is awaiting the production of additional information from LSCC.

18. Once these documents are identified, produced and reviewed, the Plaintiff may identify more documents and rely on these documents at trial. At present, the universe has been identified in the documents already produced, the categories of documents requested and the documents identified in the mandatory disclosures.

19. The Court should further note that LSCC has utterly failed to comply with meet and confer requirements which are mandatory, and that the Plaintiff fully believes that the issues raised in this Motion to Compel could have been resolved by conference between the parties.

20. The Court should also note that Landworks is being deposed on February 13, 2007, at which time he will be able to answer any questions raised in greater detail under oath. The information that LSCC is seeking requests information from its own files upon

which Landworks has no knowledge to testify. However, it should be noted that allegations within the Amended Complaint as to the perception of events held by Landworks, of which Landworks has capacity to testify, has been fully disclosed.

21. It is expected, at trial, that the majority of Plaintiff's claim will be proved through at least one expert witness who is expected to testify that LSCC's conduct was improper and inappropriate, and that it served as a fraud on the Plaintiff. The expert will not write his report until after final documents are produced and until after final witnesses are deposed. Thus, LSCC is asking for information that is simply not available at this time.

22. Finally, the Plaintiff objects to this Motion to Compel, on the ground that LSCC has utterly failed to state which portions of each answer are objectionable, merely making recitation in block format, which makes opposition difficult and unfair, and which should serve as an independent basis for rejection of this motion.

## SPECIFIC OPPOSITION

### THERE IS NO BASIS TO COMPEL FURTHER ANSWERS TO INTERROGATORY 2 AS REQUESTED BY LSCC

This interrogatory commences with a request for information that directly invades the attorney/client privilege. Further, the question lacks any relevance. The Plaintiff prepared and signed these interrogatories. Inquiring into the source of assistance in preparing answers in entirely different from inquiring in to fact witnesses to the underlying case. Such a question also delves into the mental impressions of counsel and invades the work product doctrine. As such, no further answer should be compelled, and the Motion to Compel must be DENIED.

## THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
## TO INTERROGATORY 7 AS REQUESTED BY LSCC

This interrogatory seeks information that is fundamentally irrelevant. Paragraph 12 of the Complaint relates to a course of conduct which has harmed the Plaintiff. This is not a RICO case in which a pattern and practice must be established. This is a case in which bad and actionable things were done to Landworks, which were discussed in great detail in candid e-mails written by the bad guys. The ultimate source of testimony as to the meaning of the acts done or not done by LSCC will be the Plaintiff's expert witness in construction management.

To the extent that others have been affected, this has also not been a great mystery. Throughout all of the documents referenced and discussed, supra, other subcontractors such as Century and Steelco have been identified as other companies subject to strong-arm tactics in e-mails provided to Landworks. These subcontractors were referenced exhaustively in the depositions of LSCC.

In the answer to Interrogatory 7, the Plaintiff did not "refuse" to identify contractors. Rather, the Plaintiff stated that it would supplement its answer when it received further documents from LSCC. It still intends to do so after it reviews the transcripts from January 11, 2007. Until such time, there is no basis to compel, as the Plaintiff has no further information to provide, and the Motion to Compel must be DENIED.

\
\

## THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
## TO INTERROGATORY 8 AS REQUESTED BY LSCC

This situation provides the same circumstance as Interrogatory 7. Ironically, the Court

should note that the Defendant is in possession of this information, and it is not providing this

information to the Plaintiff. As noted in Interrogatory 7, and to the extent it is relevant to this

case, the Plaintiff has every intention of supplementing its answer. Until such time, there is no

basis to compel, as the Plaintiff has no further information to provide, and the Motion to

Compel must be DENIED.

## THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
## TO INTERROGATORY 9 AS REQUESTED BY LSCC

This provides the same circumstance as Interrogatory 7 and 8. The Plaintiff intends to

amend this answer, to the extent that it is relevant, when LSCC complies with its discovery

obligations. Until such time, there is no basis to compel, as the Plaintiff has no further

information to provide, and the Motion to Compel must be DENIED.

## THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
## TO INTERROGATORY 10 AS REQUESTED BY LSCC

This interrogatory is based upon a misreading of the Amended Complaint. Clearly, the e-

mail referencing "banging the subcontractors" has been discussed repeatedly, and was

otherwise described in great detail in Answer 5. LSCC does not question the substance of

Answer 5, which describes a pattern of fraud, and the practice of fabricating a frivolous

counterclaim against Landworks. The question again asks Landworks to identify

subcontractors identified in e-mail correspondence drafted by LSCC, which is entirely objectionable.

The Plaintiff also marked at the LSCC depositions the various February and March 2006 e-mail in which the frivolous counterclaim was hastily concocted. These e-mails were also addressed in live testimony. There is no secret as to what the Plaintiff is relying upon.

The Plaintiff did not refuse to answer this Interrogatory. It was a repetitive and harassing and objectionable question, which could not be answered in greater detail in its current form. The Motion to Compel is not proper, and must be DENIED

THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
TO INTERROGATORY 12 AS REQUESTED BY LSCC

This interrogatory, again, was answered in full. It refers back to Answer 5, which answered the question in more detail. It again referred to the LSCC e-mails that were identified and provided to LSCC, *their own e-mail* traffic. The Court should also note that Robert Bullock, of LSCC, admitted that Landworks was lied to, or that he was instructed to lie to Landworks in August of 2005 as to how LSCC would deal with the Plaintiff's demand for a meeting with LSCC to resolve outstanding issues. Discovery is ongoing in this matter. The Plaintiff has not refused to produce information, such that the Motion to Compel must be DENIED.

### THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
### TO INTERROGATORY 13 AS REQUESTED BY LSCC


This interrogatory is disingenuous, and it seems calculated to harass the Plaintiff as opposed to gain discoverable evidence. The Plaintiff notes in its Complaint that it has been denied payment of its invoices, that it has been subject to a frivolous counterclaim and that it has incurred legal costs and fees. Since the Plaintiff has yet to see any documentation to support the Counterclaim which was fabricated by LSCC, the Plaintiff is not capable of putting a number on the harm caused, other than to reiterate that it has been forced to defend itself against being "banged." The answer further notes that discovery is ongoing, and that the Plaintiff will supplement this answer when LSCC provides the relevant documents.


### THERE IS NO BASIS TO COMPEL FURTHER ANSWERS
### TO INTERROGATORY 16 AS REQUESTED BY LSCC

The deposition of Lovett-Silverman confirmed that LSCC utterly failed to investigate Landworks claims, and utterly failed to investigate Landworks' role in the project, and utterly failed to determine who was doing what at the project. The deposition of the various LSCC consultants confirmed that they failed to exercise their responsibilities in any credible form. The statements made about Landworks to USF & G, which clearly undermined the relationship with USF & G, was apparently based on misinformation, disinformation and falsehoods perpetrated by LSCC. By way of example, Robert Bullock of LSCC reported to USF & G of defective concrete structures, and reported in Exhibit 51, that the concrete pourer was "probably a sub to Landworks," thereby implying to USF & G that Landworks was responsible for defective workmanship. In fact, the concrete pourer was not a subcontractor to

Landworks. However, the e-mail, which was not true, served to harm the reputation and

credibility of Landworks. These are the kinds of statements that the Plaintiff is discovering

through LSCC's own records, which have not been fully produced. Once these documents are

produced, Landworks will be in a position to answer these types of questions more fully. In

the meantime, the Plaintiff does not have additional information to produce, such that a

Motion to Compel should be DENIED.


                                        Respectfully Submitted,
                                        **Landworks Creations, LLC**
                                        By its attorney,


                                        s/Robert N. Meltzer_____
                                        The Mountain States Law Group
                                        Robert N. Meltzer, BBO #564745
                                        P.O. Box 1459
                                        Framingham, MA 01701
                                        Phone: (508) 872-7116

Dated: January 31, 2007

CERTIFICATE OF SERVICE

     I, Robert N. Meltzer, do hereby certify that on this 31st of January, 2007  I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.

               s/Robert N. Meltzer_____
               Robert N. Meltzer