UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC., )<br>　　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES FIDELITY AND GUARANTY )<br>COMPANY and LOVETT-SILVERMAN )<br>CONSTRUCTION CONSULTANTS, INC. )<br>　　　　　Defendants. )<br>) | CIVIL ACTION<br>No.　05-40072-FDS |

**ORDER**
**February 27, 2007**

**Hillman, M.J.**

**Nature of the Proceeding**

By Order of Reference dated January 5, 2007, the Motion Of The Defendant, Lovett-Silverman Construction Consultants, Inc. To Compel Responses To The First Request For The Production Of Documents And Answers To The First Set Of Interrogatories From The Plaintiff, Landworks Creations, LLC (Docket #57) has been referred to me for disposition.

**Nature of the Case**

Landworks Creations, LLC ("Landworks") has asserted claims against Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman") and United States Fidelity and Guaranty Company ("USF&G") for Breach of Contract (Count I, USF&G), Fraud (Count II, both Defendants), tortious interference (Counts III and IV, both Defendants), Conversion (Count V,

USF&G) and violation of Mass.Gen.L., ch. 93A and 176D (Count VI, both Defendants). USF&G has filed a counterclaim against Landworks alleging claims for Breach of Contract (Count I) and Negligence (Count II) (Docket #50).

**Background**

On December 15, 2006, Lovett-Silverman filed a motion to compel Landworks to respond to its document production request and first set of interrogatories, which had been served on Landworks on October 23, 2006.  On December 21, 2006, Landworks filed an opposition to the motion to compel (Docket #58) in which it noted that its discovery responses had been tendered and therefore, that the motion to compel was moot.  On January 5, 2007, after obtaining leave of Court, Lovett-Silverman filed a reply (Docket #60-1) in which it asserted that the motion to compel was not moot since Landworks had failed to adequately respond to a number of its propounded interrogatories.  Landworks, with leave of Court, filed a sur-reply brief (Docket #62) in opposition.  A hearing was held on the motion to compel on February 12, 2007.  USF&G took no position on this issue, nor did it appear at the hearing.

**Discussion**

1.      Interrogatory No. 2

**The Request**:

In preparing your answer to these interrogatories, did you make such inquiry of your attorney or other representatives, and review your records in such a manner to enable you to make full and true answers and, if so, identify by name, the present address of, each person consulted and each document reviewed in preparing your answers to these interrogatories.

**The Response:**

Objection. The Plaintiff objects to this interrogatory in that it specifically seeks to invade the attorney/client privilege, and is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

At the hearing, counsel for Lovett-Silverman explained that by this interrogatory, it was seeking only the names of persons that were consulted in preparing Landwork's answers and that any documents which were referred to in preparing the answers be identified. It is not seeking the substance of any conversations, or by this question, to review the documents. Counsel for Landworks indicated that had the interrogatory been limited as described, his client would have responded.

Frankly, I find that Interrogatory No. 2 seeks nothing more than the identity of persons consulted and documents reviewed in connection with Landwork's preparing its answers. To the extent that Landworks felt that Lovett-Silverman was seeking the content of substantive conversations between Landworks and its attorney and/or his agents, or that, by this question, Lovett-Silverman was seeking to obtain documents reviewed by Landworks in preparing its answers, Landworks has misread the question. Since Landworks did not object to identifying the persons which Landworks consulted and the documents it reviewed in preparing its answers, Lovett-Silverman's motion to compel a response to Interrogatory No. 2 is <u>allowed</u>.

2. <u>Interrogatory No. 7</u>.

**The Request:**

Please identify each subcontractor that you allege, in paragraph 12 of the Amended Complaint, was denied rights by Lovett-Silverman and set forth the specific rights denied by each such subcontractor.

**The Response:**

3

The subcontractors were, in part, identified in the Plaintiff's document requests. The Plaintiff anticipates supplementing this answer if Lovett-Silverman complies with its own discovery requests by producing long overdue documents.

In Paragraph 12 of the Amended Complaint, Plaintiff alleges that Lovett-Silverman "engaged in a scheme to reduce costs to USF&G on the Project by refusing to authorize payments to the *subcontractors*, including the Plaintiff, by engaging in extortion toward the *subcontractors*, by strong-arming the *subcontractors* and by attempting to deny the *subcontractors their rights under their contracts*". *Amended Complaint* (Docket #49), at ¶12 (emphasis added). At the hearing on this motion, counsel for Landworks argued that the response was adequate because: (1) a number of the subcontractors are identified in unspecified documents which Landworks has already produced to Lovett-Silverman; (2) despite the multiple references to "subcontractors" in Paragraph 12 of the Amended Complaint, Lovett-Silverman is well aware that Landworks' legal claims are limited to conduct by Lovett-Silverman which caused harm to Landworks and does not concern Lovett-Silverman's conduct *vis a vis* any other subcontractor; and (3) after reviewing documents which are in Lovett-Silverman's custody and/or control, Landworks will have a better idea of whether any other subcontractors were extorted, strong-armed, *etc.* by Lovett-Silverman, as alleged in Paragraph 12 of the Amended Complaint.

First, counsel for Landworks is correct that where the response to an interrogatory may be derived from *business records* which have already been produced by the responding party, or which are in the requesting party's custody or control, it is sufficient to answer such interrogatory by referring to such records, **so long as the responding party specifies the records from which the answer may be derived.** *See* Fed.R.Civ.P. 33(d), as amended

December 1, 2006 (the rule was amended to include to recognize that the business record option includes electronically stored information).  The last sentence of Rule 33(d) provides, in relevant part, that such **"specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained".**  Fed.R.Civ.P. 33(d)(emphasis added).   Landworks' statement that the subcontractors were, in part, identified in its document requests does not meet Rule 33's specificity requirements.[1]  In fact, the Advisory Committee Notes to the 1980 amendment to Rule 33, which added the final sentence, make clear that a general reference to business records such as that made by Landworks in its answer to Interrogatory No. 7 is an abuse of the Rule 33(d) [then Rule 33(c)] option. Fed.R.Civ.P. 33 Advisory Committee's Note to the 1980 Amendment.   Such a blatant disregard of this Court's rules will not be tolerated.  If Landworks intends to rely on Rule's 33(d) business record option, it must supplement its response to comply with the rule.

Landworks further states that it will more fully answer this interrogatory once it receives discovery from Lovett-Silverman.  This position is untenable.  While this Court's liberal notice pleading requirements permit the parties to develop facts during the course of discovery to support their legal theories/defenses, the plaintiff must still have a reasonable basis for alleging facts asserted in the complaint.  Therefore, Landworks shall identify the subcontractors to which it is referring in Interrogatory No. 7.  If, at this time, Landworks has no evidence to support the

---

[1] Counsel is reminded that Rule 33(d) may be invoked only if "'there [is] a burden on the interrogated party if required to answer the interrogatory in the traditional manner'". *Blake Assoc., Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 289 (D.Mass. 1988)(citation to quoted case omitted).  Quite frankly, I have serious doubts as to whether Landworks has met this prerequisite to invoking the business record option.  In preparing its supplemental response, Landworks should give further consideration as to whether it has appropriately invoked the Rule 33(d) in this case.

factual contentions asserted in Paragraph 12 of the Amended Complaint, it shall so state.

Landworks, of course, remains under a duty to supplement its answer to this and all other interrogatories if during the course of discovery it becomes aware of information to support its allegations.

3. <u>Interrogatory No. 8</u>.

**The Request:**

Please identify the specific subcontractors who filed suit to receive payment, including the case name and docket number of each law suit filed by the subcontractors, as alleged in paragraph 13 of the Amended Complaint.

**The Response:**

The subcontractors were, in part, identified in the Plaintiff's document requests. The Plaintiff anticipates supplementing this answer if Lovett-Silverman complies with its own discovery requests by producing long overdue documents.

In Paragraph 13 of the Amended Complaint, Plaintiff alleges that Lovett-Silverman "also engaged in conduct that compelled *subcontractors* to file suit to receive payment, as part and parcel of a scheme to extort payments from *subcontractors* to USF&G through frivolous and fraudulent lawsuits." *Amended Complaint*, at ¶13 (emphasis added). As with Interrogatory No. 7, Landworks has failed to comply with Rule 33(d)'s specificity requirement. If it intends to rely on Rule 33(d), it must supplement its response. Furthermore, it is inconceivable that Landworks and its attorney would allege that Lovett-Silverman engaged in criminal fraud not only against Landworks, but also against others without having some basis in fact to support the allegation concerning the alleged other subcontractors. Therefore, Landworks shall identify the subcontractors and lawsuits to which it is referring in Interrogatory No. 8. If, at this time, Landworks has no evidence to support the factual contentions asserted paragraph 13 of the

Amended Complaint, it shall so state.

4. <u>Interrogatory No. 9.</u>

**The Request:**

Please identify, by invoices or specific written demands, the specific payments sought by each individual subcontractor, as alleged in paragraph 13 of the Amended Complaint.

**The Response:**

With the exception of Landworks' own claim, Landworks has no idea. As to other subcontractors, the question is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

Despite Landworks allegations in Paragraph 13, I will presume from this response that Landworks is representing that it is not aware of any invoices, written demand or specific payments sought by other subcontractors. Landworks acknowledges the relevance of its own invoices, specific written demands and specific payments, yet, inexplicably, it fails to identify the same. At the hearing, counsel for Landworks seemingly argued that its response was sufficient because Lovett-Silverman is aware of the disputed invoices, etc. Landworks shall supplement its answer to this response and in doing so, shall be mindful that if it chooses to rely in whole, or in part, on Rule 33(d)'s business record option, it must fully comply with all of such rule's requirements.

5. <u>Interrogatory No. 10.</u>

**The Request:**

Please define the terms "frivolous" and "fraudulent" and describe in what was, as to each law suit individually, the lawsuits filed by subcontractors to receive payment, as alleged in Paragraph 13 of the Amended Complaint, were frivolous and fraudulent.

**The Response:**

Objection. The Plaintiff objects to the interrogatory as it is vague and unclear[.] As to other

subcontractors, the specifics are irrelevant. Paragraph 13 refers to the patently frivolous and fraudulent lawsuits against Landworks cooked up by Lovett-Silverman and USF&G.

For the moment this Court will ignore Landworks' inappropriate characterization of any lawsuits which Lovett-Silverman and USF&G may have filed against it contained in the last sentence of this response. I will, however, remind Landworks and its counsel that such incendiary statements are both unprofessional and unnecessary.

First, given that Interrogatory No. 10 simply mirrors the factual allegations which Landworks makes in Paragraph 13 of the Amended Complaint, any vagueness or lack of clarity in the question is attributable to Landworks' own poor draftsmanship. Second, given its response to Interrogatory Nos. 9 & 10, it appears that despite the factual allegations made by Landworks in Paragraph 13 of the Amended Complaint, it is not aware of any lawsuits involving any other subcontractors. Third, even if the allegations in Paragraph 13 are limited to Landworks, the allegation is that USF&G *and Lovett-Silverman*[2] have filed "frivolous" and "fraudulent' lawsuits against Landworks to extort payments, yet Landworks has failed to identify any specific lawsuits filed against it in its response to Interrogatory No. 10. Therefore, Landworks shall identify those "frivolous" and "fraudulent" lawsuits it alleges the Defendants have filed against it and shall explain its use of the term "fraudulent", which can have numerous legal and practical definitions, in this context. The term "frivolous" as used in Paragraph 13 of the Amended Complaint is not ambiguous and unless Landworks intended to convey a meaning other than that normally ascribed to the word, it need not define it further.

Finally, in its opposition to Lovett-Silverman's motion to compel a more complete

---

[2] While elsewhere in its response and pleadings Landworks refers to the Counterclaim filed by USF&G, nowhere has it identified any lawsuits filed by Lovett-Silverman.

response to Interrogatory No. 10, Landworks further argues that Lovett-Silverman is aware of the e-mail referencing "banging the subcontractors" and notes that the question asks Landworks to identify subcontractors identified in e-mail correspondence drafted by Lovett-Silverman. Landworks further notes that the e-mails were identified in live testimony and were marked at various depositions. Frankly this argument is illustrative of counsel for the Plaintiff's misconception of the obligation which the responding party has to fully and completely answer the interrogatories posed. It is simply not a proper response to suggest that the Defendants know who and what Landworks is referring to and therefore, no further explanation is necessary. Landworks is obligated to *identify* subcontractors to which it is referring. If Landworks feels that the information sought by Lovett-Silverman is contained in an e-mail, *it should have identified the specific e-mail(s)*. I will also note that contrary to Landworks' characterization, this interrogatory was neither repetitive, harassing or otherwise objectionable.

6. Interrogatory No. 12.

    **The Request:**

State the basis of your contention in paragraph 20 of your Amended Complaint that Lovett-Silverman engaged in specific conduct which serves as fraud on you.

    **The Response:**

See Answer 5, which is not an exclusive list. Lovett-Silverman simply lied to Landworks and engaged in conduct which denied Landworks the lawful right to complete its work under its ratification agreement. Lovett-Silverman, by its own e-mails with USF&G and its counsel, were complicit in filing a false lawsuit against Landworks.

In Paragraph 20 of the Amended Complaint, Landworks alleges that the Defendants engaged in specific conduct which served as fraud on it and outlines various conduct which it asserts supports this allegation. Landworks shall supplement its response to Interrogatory No. 12

to include conduct which is not referenced in Answer 5, which by its own statement is not an exclusive list. In this response, Landworks has made serious accusations against both Lovett-Silverman and its counsel. Landworks shall identify with particularity the e-mails to which it is referring that it alleges supports these allegations. Furthermore in its opposition to the motion to compel further responses, Landworks refers to information which it feels the Court should note (*i.e.,* the information concerning Robert Bullock). That information ***should have been included in Landworks' response to the Interrogatory***, not an aside to the Court in an opposition brief. If there is any additional information relevant to this interrogatory of which Landworks is aware, it should include it in its supplemental response.

7. <u>Interrogatory No. 13.</u>

**The Request:**

Please identify by date, description, and author each and every document that evidences, describes, pertains or relates to the "harm" referenced in paragraph 21 of the Amended Complaint.

**The Response:**

The Plaintiff relies upon the e-mails produced by Lovett-Silverman. These e-mails identify the relevant documents, which Lovett-Silverman apparently refuses to produce. The Plaintiff will supplement this answer when Lovett-Silverman produces its records.

This answer is completely non-responsive. Furthermore, Landworks has never filed a motion to compel production of documents from Lovett-Silverman and therefore, this Court will presume it has received the discovery to which it is entitled. Landworks shall supplement its answer referring to e-mails and documents with particularity.

8. Interrogatory No. 16.

   **The Request:**

   State the basis of your contention in paragraph 20(d) of the Amended Complaint that Lovett-Silverman supported USF&G in defaming Landworks, describing in detail the nature of such support, making specific reference to written documents evidencing such alleged support, and providing the dates of such efforts and the names of the person(s) lending such support.

   **The Response:**

   The Plaintiff relies upon the e-mails produced by Lovett-Silverman. These e-mails identify the relevant documents, which Lovett-Silverman apparently refuses to produce. The Plaintiff will supplement this answer when Lovett-Silverman produces its records.

   Plaintiff has made serious accusations against the Defendants in Paragraph 20(d) of the Amended Complaint. Interrogatory No. 16 simply requests that Landworks identify and explain the basis for such accusations. Landworks answer is completely non-responsive. Although not addressed by the parties, I will first note that Interrogatory No. 16 by its own language appears to call for a contention. While the Court has extended the deadlines for completing fact discovery, the deadline for completing discovery for Landworks' fraud claims is February 28, 2007. Under these circumstances, this interrogatory, even if viewed as calling for a contention[3], is ripe for a proper response.

   Again, Landworks has not filed a motion to compel and therefore, I will assume that to date, Lovett-Silverman has complied with its discovery obligations. Landworks shall file a complete response to Interrogatory No. 16 and to the extent that it is relying on e-mails and/or documents, it shall specifically identify the same.

## Conclusion

---

[3]Contention interrogatories, while not objectionable, often cannot be answered until discovery is complete or near completion. *See* Fed.R.Civ.P. 33 Advisory Committee Notes to 1970 Amendments.

The Motion Of The Defendant, Lovett-Silverman Construction Consultants, Inc. To Compel Responses To The First Request For The Production Of Documents And Answers To The First Set Of Interrogatories From The Plaintiff, Landworks Creations, LLC (Docket #57) is <u>allowed</u> as provided in this Order. Landworks shall supplement its answers to interrogatories, as directed, by February 28, 2007.[4]

        /S/ Timothy S. Hillman
        TIMOTHY S. HILLMAN
        MAGISTRATE JUDGE

---

[4] Landworks has acknowledged that it has an ongoing duty to supplement its responses. Landworks is reminded that such duty applies not only to the responses it has already given, but to the further answers which I have ordered.