UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | PLAINTIFF'S MOTION TO |
| ) | ADVANCE THIS MATTER |
| UNITED STATES FIDELITY AND ) | FOR SPEEDY TRIAL PURSUANT |
| GUARANTY COMPANY and ) | TO M.G.L. c. 149 § 29 OR, IN THE |
| LOVETT-SILVERMAN CONSTRUCTION ) | ALTERNATIVE, FOR REMAND |
| CONSULTANTS, INC. ) | TO THE SUPERIOR COURT |
| ) | FOR TRIAL |
| Defendants ) | |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff"), and moves that this Court advance this matter for speedy trial as required under M.G.L. c. 149 § 29 or that this Court reconsider its prior denial of remand and send this matter back to the Worcester Superior Court for trial. The Plaintiff requests a trial date in May of 2007. As further grounds for this motion, the Plaintiff states as follows:

1. This is a lawsuit arising out of M.G.L. c. 149 § 29 concerning public construction at the Shrewsbury Middle School. This case was removed from the Worcester Superior Court to this Court by Defendant, USF & G, supposedly on the grounds of diversity of citizenship of the parties.

2. Defendant, Lovett-Silverman, was added as a party to this case after e-mails were produced by Defendant, USF & G confirming that Lovett-Silverman, USF & G's construction consultant, had conceived a plan to "bang" the subcontractors.

3. Plaintiff's expert witness, Bill Gallagher, will testify as trial that "banging" the subcontractors means forcing subcontractors to compromise claims through lawsuits or economic coercion, or delaying litigation until the party either goes out of business or gives us the claim due to financial exhaustion.

4. At the deposition of James Peters of USF & G on February 27, 2007, it was finally confirmed that "a little bit over 20" subcontractors were required to file suit on the payment bond to receive payment. (page 113)

5. It was also confirmed that only this one case was removed to federal court on the grounds of diversity, and that only this one case has involved four different law firms on behalf of the Defendant, USF & G. Defendant, USF & G, has declined to explain why this case needed four different law firms and why this particular case was singled out for removal to this court.

6. After two years of litigation, there has still been no admissible evidence provided which explains why the Plaintiff has not been paid, or, on what possible basis, the Defendant claims that the Plaintiff "abandoned" the job. Indeed, in light of the fact that "a little bit over 20" subcontractors were required to file suit to receive payment, it is startlingly clear that it wasn't the subcontractors who were the problem on this project.

7. M.G.L. c. 149 § 29 states that "upon motion of any party, the court *shall* advance for speedy trial a petition to enforce a claim pursuant to this section." Under the same section, this Court should include all of the claims in this case, as one trial "will prevent unnecessary duplication of evidence." In fact, as the deposition of USF & G demonstrates, the surety has almost no independent knowledge of the facts of this case.

8. This case is now approaching its second anniversary. The Plaintiff has just received the transcript of the deposition of James Peters of USF & G, and it is expected that the Plaintiff shall be able to provide its full expert report within twenty-one days. This Court has already stated that it would not welcome summary judgment motions filed for the sake of filing summary judgment motions; considering the testimony provided in depositions and the Plaintiff's anticipated report, this is not a summary judgment case.

9. The only remaining issue is whether Defendant, USF & G, will retain current trial counsel, based upon notice to Defendant, USF & G by the Plaintiff that it will likely call USF & G's attorneys to testify regarding the other 20 lawsuits. (It appears that defense counsel is the person most knowledgeable about the nature of the claims, the amounts demanded, the amounts paid and the settlement process). Since the Defendant has changed counsel three times before, this should not prove a burden. However, the Plaintiff does not intend to move to disqualify.

10. Plaintiff notes that this Court has the authority and power to advance a matter for speedy trial, and that the Court can and will exercise that power when equity so demands. Plaintiff's counsel in this case filed a matter, <u>Stonemakers v. Stonemakers USA, LLC</u>, in federal court in Boston on March 2, 2007 (07-10421-WGY). The case was ordered to a trial on the merits on March 14, 2007. That particular matter, a complicated trademark infringement case, went from filing to closure *in under two weeks*, with all parties agreeing that it may have been one of the most effective and efficient resolutions of a business dispute in the history of the First Circuit.

11. In this case, a far simpler case, there is no reason why this Court could not and should not schedule a trial in two months.

12. Throughout this case, the Plaintiff has contended that the entire purpose of removing this matter to federal court was to defeat the speedy resolution process common in claims of this type in the state court. The Plaintiff has long contended that the issue of diversity was a sham to slow the process of this case and delay adjudication. The subsequent discovery, after the remand process, that Lovett-Silverman had a plan to "bang" the subcontractors, and the discovery of February 27, 2007 that "a little bit over 20" subcontractors were forced into Court, with only one in the federal court, should give this Court grounds to consider whether the matter should be reconsidered and remanded to the superior court for trial.

13. Plaintiff's expert has expressed an early opinion that "banging" the subcontractors would have the intent of driving parties to a point of financial exhaustion. Landworks is fast arriving at that point. Considering the overwhelming evidence of bad faith and unfair practices in this case, equity demands that Landworks receive the benefit of c. 149 § 29 either in this Court, in the Worcester Superior Court.

14. There is no benefit to further delay. Frivolous summary judgment motions filed by the Defendants will not advance the cause of justice, or advance the interests of any party. Such conduct will only continue the ongoing harm, and further the cause of banging the subcontractor; it is time for a trial.

WHEREFORE, the Plaintiff respectfully requests that this Court advance this case for a trial on the merits in May of 2007.

                        Respectfully Submitted,
                        **Landworks Creations, LLC**
                        By its attorney,

                        s/Robert N. Meltzer_____
                        Robert N. Meltzer, BBO #564745
                        The Mountain States Law Group
                        PO Box 1459
                        Framingham, MA 01701
                        Phone: (508) 872-7116
                        Telecopier (508) 872-8284

Dated: March 20, 2007

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

I, Robert N. Meltzer, do hereby certify that I complied with Local Rule 7.1 by seeking assent to the Motion to Advance. Notwithstanding that the statute requires the Court to advance such matters for speedy trial, neither Defendant has assented.

                        s/Robert N. Meltzer_____

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 20th of March, 2007 I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Julie Ciollo, Esq.

                        s/Robert N. Meltzer_____