UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

_____
LANDWORKS CREATIONS, LLC.              )          C.A. NO.05-CV-40072 FDS
                                       )
    Plaintiff                          )
                                       )
v.                                     )
                                       )
UNITED STATES FIDELITY AND GUARANTY    )
COMPANY and                            )
LOVETT-SILVERMAN CONSTRUCTION          )
CONSULTANTS, INC.                      )
                                       )
    Defendants                         )
_____)

**THE DEFENDANT LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC.'S OPPOSITION TO THE PLAINTIFF'S MOTION TO ADVANCE THIS MATTER FOR SPEEDY TRIAL PURSUANT TO M.G.L. c. 149 § 29, OR, IN THE ALTERNATIVE, TO REMAND TO THE SUPERIOR COURT FOR TRIAL**

The Defendant, Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman"), hereby opposes the Motion to Advance This Matter for Speedy Trial Pursuant to M.G.L. c. 149 § 29, or in the Alternative, to Remand to the Superior Court for Trial by the Plaintiff, Landworks Creations, LLC. ("Landworks").  In support hereof, Lovett-Silverman states as follows:

    **A.**    **THE PREVIOUSLY AGREED-TO SCHEDULING ORDER SHOULD GOVERN THE TIMELINE OF THIS LITIGATION, NOT THE PLAINTIFF'S OPPOSED REQUEST**

A scheduling conference in this matter was held before this Court on January 30, 2007. Counsel for the Plaintiff, as well as counsel for the Defendants, attended this conference.  At that time, counsel for the Plaintiff requested an extension of the Scheduling Order of this case to allow more time to conduct discovery.  The Court granted this request, ordering that discovery end on February 28, 2007.  The Court further ordered that discovery motions be filed by March

23, 2007, with oppositions due on April 13, 2007. A hearing date was set for April 26, 2007. All counsel, including counsel for the Plaintiff, consented to these dates. The Court amended the Scheduling Order to reflect those dates and has made no subsequent change to that Order.

Less than sixty days after this conference, Plaintiff now motions this Court to set a trial date almost immediately after the scheduled summary judgment hearing[1]. This motion fails to take into account Plaintiff's prior agreement to which it is bound. Landworks' statements that "this is not a summary judgment case" and "[f]rivolous summary judgment motions filed by the Defendants will not advance the cause of justice," ignore the fact that this Court, by setting the summary judgment deadline, consented to and invited such motions. Indeed, at the status conference on January 30, 2007, Landworks made no opposition to this Court's determination that summary judgment motions were appropriate and welcome in this case. Because Landworks has provided no valid reason to alter this Court's newly selected deadlines, this Court should deny Plaintiff's motion for a speedy trial.

### B. M.G.L. c. 149 § 29 IS INAPPLICABLE TO THE CLAIMS AGAINST LOVETT-SILVERMAN

#### 1. **Plaintiff's Motion is Directed Only Against United States Fidelity & Guaranty Co.**

Landworks' motion should be dismissed because the claims asserted against Lovett-Silverman do not arise under M.G.L. c. 149 § 29. The claims asserted against Lovett-Silverman in Landworks' Amended Complaint are for: fraud, tortious interference, and violation of M.G.L. c. 93A. No pleading directed to Lovett-Silverman since the filing of the Amended Complaint makes reference M.G.L. c. 149 § 29. Moreover, no pleading could reference this statute because Lovett-Silverman is not a surety. M.G.L. c. 149 § 29 provides a vehicle for subcontractors such

---

[1] Lovett-Silverman further notes that counsel for Lovett-Silverman and USF&G did not assent to the filing of Plaintiff's current motion.

2

as Landworks to obtain, from a surety, an amount due under a payment bond. Lovett-Silverman is a construction consulting firm whose obligations are not contemplated by the statute. Lovett-Silverman's obligations are to provide consultation *to* the Shrewsbury Middle School Project's (the "Project") surety, United States Fidelity & Guaranty Co. ("USF&G"). As such, Lovett-Silverman is not vested with any obligation or authority regarding a payment bond issued for the Project. Thus, M.G.L. c. 149 § 29 cannot be the basis of Landworks' motion for a speedy trial in this case.

That M.G.L. c. 149 § 29 is inapplicable to Lovett-Silverman is also supported by the fact that Landworks' motion is directed solely to USF&G. USF&G, as the Project's surety, falls within the framework of the statute. USF&G issued a bond for payment and performance to Standen Contracting Company, Inc., the Project's original general contractor. Furthermore, Landworks' motion discusses almost exclusively issues pertaining to the dispute between Landworks and USF&G: the deposition of USF&G's corporate designee, the alleged nonpayment to Landworks by USF&G, USF&G's counterclaim against Landworks, and USF&G's removal of this action from the Worcester Superior Court. Reference to those issues, as they only concern two of the three parties in this action, does not justify granting this motion.

Where reference is made to Lovett-Silverman, it is with respect to the opinion of Landworks' expert witness regarding an internal e-mail drafted by an outside, part-time consultant to Lovett-Silverman. Such discussion has no bearing on M.G.L. c. 149 § 29 and is irrelevant to Landworks' motion. Even if the opinion of Landworks' expert is relevant at this time, Lovett-Silverman should be afforded a reasonable amount of time in which the review this

3

expert's formal opinion, depose him, and secure its own expert if necessary[2]. Setting a trial date in May, 2007, will not provide sufficient time for this process. Thus, the Court should not grant Landworks' motion for a speedy trial under M.G.L. c. 149 § 29.

### C. ALLEGATIONS OF BAD FAITH AND UNFAIR PRACTICES DO NOT WARRANT A SPEEDY TRIAL

There is no basis for Landworks' assertion of "overwhelming evidence of bad faith and unfair practices in this case" and thus that this matter should be advanced for a speedy trial. As stated in Lovett-Silverman's Motion for Summary Judgment, Landworks has failed to create any genuine issues of material fact concerning the three counts against Lovett-Silverman. Moreover, Landworks has failed to put forth any evidence in the extensive discovery period to support any of those claims.

Even if Landworks has found overwhelming evidence of bad faith on the part of Lovett-Silverman or USF&G, such evidence does not entitle Landworks to a speedy trial under M.G.L. c. 149 § 29. The statute does not exist to advance matters for a speedy trial where there is evidence or an allegation of bad faith. To say so is to gravely misrepresent the meaning and intent of M.G.L. c. 149 § 29. The statute, in contrast to Plaintiff's characterization of it, states, "[u]pon motion of any party, the court shall advance for speedy trial *a petition to enforce a claim pursuant to this section*." Such an applicable claim would be "the benefit of ... [a] bond for any amount claimed due and unpaid". As is set forth in Lovett-Silverman's motion for summary judgment, with reference to Lovett-Silverman's contract with USF&G and testimony from both Defendants' witnesses, Lovett-Silverman did not have the obligation, means, or authority to effectuate payment to subcontractors on the Project. Thus, any allegation of bad faith or unfair

---

[2] Lovett-Silverman notes that the Court has not amended its Scheduling Order of January 4, 2006, in which It set dates for expert disclosure and depositions for both the Plaintiff and Defendants. The dates specified by the Court in that Order have now passed.

practices by Landworks cannot involve nonpayment as contemplated by M.G.L. c. 149 § 29 and does not support a motion for a speedy trial under that statute.

### D. THE FEDERAL DISTRICT COURT IS THE APPROPRIATE VENUE FOR THIS ACTION

Pursuant to 28 U.S.C. § 1332(a), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different states". "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). As this Court has already determined, by allowing removal of this case from the Worcester Superior Court and denying Landworks' motion for remand, the United States District Court has jurisdiction over this matter.

Lovett-Silverman Construction Consultants, Inc. is a New York Corporation with its principal place of business in the State of New York. Landworks Creations, LLC is a New Hampshire limited liability corporation with its principal place of business in the state of New Hampshire.[3] Landworks seeks to recover $135,101.00 in damages. Although Lovett-Silverman does business in Massachusetts, its citizenship, as defined by 28 U.S.C. § 1332(c)(1), is in New York: the State in which it is incorporated and the State in which it has its principal place of business. Thus, these are parties of diverse citizenship as defined by 28 U.S.C. § 1332.

Lovett-Silverman prefers to exercise its Constitutional and statutory right to defend this claim in the United States District Court. As this court has already found, USF&G's issuance of a bond to Standen Construction Company for a Massachusetts construction project and maintenance of a business office in Massachusetts can in no way stand to deprive Lovett-Silverman of its right to defend itself in the United States District Court.

---

[3] Furthermore, United States Fidelity and Guaranty Company is a Maryland Corporation with its principal place of business in the State of Maryland.

Landworks has not set forth any support for its request to remand this matter back to the Worcester Superior Court other than a conclusory assertion that litigation in the Federal District Court is only meant to "delay adjudication". This Court properly allowed for removal to the Federal District Court on the grounds of diversity of the parties; to assert that such diversity, and thus the Court's decision, is a "sham", as Landworks states, is simply without merit. Thus, the Plaintiff's motion to remand this matter back to the Worcester Superior Court should be denied.

For the forgoing reasons, the Defendant Lovett-Silverman Construction Consultants, Inc. prays that the Plaintiff's motion for a speedy trial be denied and for such other relief as is just and equitable.

                                              Respectfully submitted,

                                              LOVETT-SILVERMAN
                                              CONSTRUCTION CONSULTANTS, INC.
                                              By its attorneys,

                                              /s/ Julie A. Ciollo
                                              David J. Hatem, PC (BBO #225700)
                                              Marianne E. Brown (BBO #668237)
                                              Julie A. Ciollo (BBO #666080)
                                              DONOVAN HATEM LLP
                                              Two Seaport Lane
                                              Boston, MA 02210
Dated:  April 3, 2007                    (617) 406-4500
                                              jciollo@donovanhatem.com

01078715

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on April 3, 2007.

                                               /s/ Julie A. Ciollo
                                               Julie A. Ciollo

01078715