**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| LANDWORKS CREATIONS, LLC,          )<br>                                    )<br>     Plaintiff,                    )<br>                                    )<br>vs.                                 )<br>                                    )<br>                                    )<br>UNITED STATES FIDELITY AND          )<br>GUARANTY COMPANY, and               )<br>LOVETT SILVERMAN CONSTRUCTION       )<br>CONSULTANTS, INC.                   )<br>                                    )<br>     Defendant,                     )<br>                                    ) | C.A. No. 4:05-CV-40072-FDS |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION TO ADVANCE THIS MATTER FOR SPEEDY TRIAL
PURSUANT TO M.G.L. C. 149 § 29 OR, IN THE ALTERNATIVE,
<u>FOR REMAND TO THE SUPERIOR COURT FOR TRIAL</u>**

United States Fidelity and Guaranty Company ("USF&G") hereby opposes the Motion of Plaintiff, Landworks Creations, LLC ("Landworks") to advance this matter for speedy trial in May, 2007, or in the alternative to remand this matter to the Worcester Superior Court. This matter should proceed in accordance with agreed-to deadlines of the January 4, 2006 Scheduling Order and the deadlines ordered by the Court at the Status Conferences held on July 28, 2006 and January 30, 2007. At present, the Court is scheduled to hear argument on the motion for summary judgment filed by Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman") and hold a Status Conference on April 26, 2007.[1] Landworks' untimely request for a May, 2007 trial is impractical and inappropriate. Furthermore, Landworks has offered no legal

---

[1] Notwithstanding its present request to expedite this matter, Landworks filed a motion on April 2, 2007 to extend the time to file an opposition to Lovett-Silverman's motion for summary judgment from April 13, 2007 to May 1, 2007. If this motion were granted, the Status Conference and resolution of Lovett-Silverman's motion would be delayed.

basis for the Court to reconsider its Memorandum and Order on Plaintiff's Motion to Remand dated November 15, 2005. Accordingly, Landworks' motion should be denied.

I.    Landworks' Request for a Speedy Trial Should be Denied as Untimely.

Landworks' request to advance this matter for a speedy trial in May, 2007, in contravention of the Court's current scheduling deadlines, should be denied as untimely. This litigation was removed to this Court on May 12, 2005. Instead of requesting a speedy trial during the first nineteen (19) months that this case has been pending before the Court, Landworks has chosen to request an expedited trial date while summary judgment is pending against it and prior to providing disclosure of the expert witness that it intends to call. Landworks continues to insult this Court by asserting that USF&G removed this matter to "slow the process of this case and delay adjudication." To the contrary, as noted by the Court at the July 28, 2006 Status Conference, Landworks' conduct during the course of this litigation has complicated the issues and delayed their resolution.[2]

Lovett-Silverman's motion for summary judgment was filed on March 23, 2007, and is scheduled for hearing on April 26, 2007. Notwithstanding that Landworks recently filed a motion to extend the time to oppose Lovett-Silverman's motion to May 1, 2007, a May, 2007 trial date is impractical and inappropriate. Furthermore, in supplemental interrogatory answers served on March 13, 2007, Landworks identified an expected trial expert for the first time, but

---

[2] In June and July, 2006, Landworks dramatically complicated and delay resolution of this matter by filing: a motion for leave to take in excess of ten depositions; a motion to extend discovery to November, 2006; and a motion to amend the complaint to add new claims and add Lovett-Silverman as a defendant. USF&G opposed each motion, and filed a motion to sever and stay Landworks' claims for violations of Mass. G.L. c.93A until the underlying breach of contract and negligence claims ("Construction Claims") were resolved. At the July 28, 2006 Scheduling Conference, the Court allowed Landworks' motion to amend, but ordered that discovery be conducted in phases, starting with Phase One - Construction Claims.

did not provide the disclosure required by Fed. R. Civ. P. 26a)(2)(B). In fact, the interrogatory answer stated that the potential expert "has not yet finalized his conclusions and opinions…." To date, Landworks has not supplemented this answer or otherwise provided a full expert disclosure. Landworks is attempting to ambush and prejudice the defendants with an expedited trial date and no opportunity to conduct expert discovery.

Following resolution of Lovett-Silverman's motion for summary judgment, this matter will require a period of time for expert discovery. In addition, this matter will require a substantial pre-trial conference at which USF&G will present several motions in limine to limit the trial of the Construction Claims to matters relevant to Landworks' performance at the Project. For example, in Paragraph 4 of the present motion Landworks states that, "[a]t the deposition of James Peters of USF&G on February 27, 2007, it was finally confirmed that 'a little bit over 20' subcontractors were required to file suit on the payment bond to receive payment." In Paragraph 9, Landworks further states that:

> it will likely call USF&G's attorneys to testify regarding the other 20 lawsuits. (It appears that defense counsel is the person most knowledgeable about the nature of the claims, then amount demanded, the amounts paid and the settlement process). Since the Defendant has changed counsel three times before, this should not prove a burden.

Evidence and testimony about the performance of other subcontractors at the Project, their claims for payment, and the resolution of those claims is irrelevant to the Construction Claims. Landworks repeated threat to call USF&G's current counsel to testify about such matters is as unprofessional as it is objectionable.

Landworks request for an unreasonable expedited trial date in May, 2007 should be denied. This matter should proceed in accordance with the Court's current scheduling deadlines to which the parties agreed and/or did not object.

II.    Landworks' Request for Reconsideration of its Motion to Remand Must be Denied as Without Basis.

Quite simply, Landworks offers no legal basis for the Court to reconsider its Memorandum and Order on Plaintiff's Motion to Remand dated November 15, 2005.  Rather, Landworks complains that "the entire purpose of removing this matter to federal court was to defeat the speedy resolution process common in claims of this type in state court," and that "the issue of diversity was a sham to slow the process of this case and delay adjudication."

USF&G removed this matter is accordance with its constitutional and statutory rights on the basis of diversity jurisdiction.  See U.S. Const. art. III, § 2; and 28 U.S.C. §§ 1441 and 1446. Landworks implies that USF&G has somehow acted improperly because this was the only lawsuit filed by a subcontractor at the Shrewsbury Middle School construction project (the "Project") that was removed to federal court.  However, this was the only such suit in which neither Standen Contracting Company, Inc. ("Standen") nor Jackson Construction Company ("Jackson"), the general contractor and replacement contractor at the Project, were named as defendants.  Both Standen and Jackson were Massachusetts corporations.  As such, none of the other lawsuits filed by subcontractors at the Project, which were all filed in Massachusetts state court, were removable.  See 28 U.S.C. § 1441(b).

WHEREFORE, for the reasons recited above, USF&G requests that Landworks' to advance this matter for speedy trial in May, 2007, or in the alternative to remand this matter to the Worcester Superior Court be denied.

4

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
  SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Dated:  April 3, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on April 3, 2007.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Jackson Construction\Landworks\Pleadings\Opposition to Landworks Motion for Speedy Trial.doc