UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LANDWORKS CREATIONS, LLC. ) | C.A. NO.05-CV-40072 FDS |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIDELITY AND GUARANTY ) | |
| COMPANY and ) | |
| LOVETT-SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| ) | |
| Defendants ) | |

**SECOND SUPPLEMENTAL STATEMENT OF FACTS OF THE DEFENDANT
LOVETT-SILVERMAN CONSTRUCTION CONSULTANTS, INC., IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

With the consent of counsel and leave of the Court, Defendant Lovett-Silverman Construction Consultants, Inc. ("Lovett-Silverman") respectfully submits this Second Supplemental Statement of Facts in Support of its Motion for Summary Judgment. This Statement is meant to supplement Exhibit C to the Statement of Facts in Support of Lovett-Silverman's Motion for Summary Judgment, of which an incomplete copy was previously submitted.

### II.   SUPPLEMENTAL STATEMENT OF FACTS

1. On or about January 10, 2003, Lovett-Silverman entered into an Agreement with St. Paul Fire and Marine Insurance Company ("St. Paul") (the "Lovett-Silverman Agreement"). A true and accurate copy is attached hereto as Exhibit A.

1

                                Respectfully submitted,

                                LOVETT-SILVERMAN
CONSTRUCTION CONSULTANTS, INC.
By its attorneys,

/s/ Julie A. Ciollo
David J. Hatem, PC (BBO #225700)
Marianne E. Brown (BBO #668237)
Julie A. Ciollo (BBO #666080)
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Dated:  June 1, 2007                (617) 406-4500
jciollo@donovanhatem.com

01095004

**CERTIFICATE OF SERVICE**

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 1, 2007.

                                        /s/ Julie A. Ciollo_____
                                        Julie A. Ciollo

# EXHIBIT A

EXHIBIT A

FIRE AND MARINE WORK ASSIGNMENT
Revision 0
April 13, 2004

THIS WORK ASSIGNMENT is subject to the terms of the Professional Services Agreement between the parties, dated January 10, 2003 (the "Agreement"). The terms of this Work Assignment shall control if there is a conflict with the terms of the Agreement.

PRINCIPAL:    Standen Contracting Company, Inc.

CONTRACTOR: Lovett Silverman Construction Consultants

SERVICES PERFORMED BY:    Al Falango, Rick Noblet

FEES:

| | | |
|---|---|---|
| Number of Work Hours: __800__ x $ __130__ /hr | $ | 104,000 |
| Number of Travel Hours: _____ x $ _____ /hr | $ | Included above |
| Transportation Costs: | $ | 5,000 |
| Lodging/Meals | $ | 0 |
| Other: Miscellaneous expenses (photographs, copies, etc.) | $ | 15,000 |

ESTIMATED TOTAL:                                        $    124,000

START DATE:   January 01, 2004

END DATE:     July 31, 2004

CLAIM NO(S).:   SW5041

PROJECT NO(S).:

PROJECT NAME(S):   Shrewsbury Middle School, Shrewsbury Massachusetts
                   Westford – North Street, Westford Massachusetts
                   Bryantville Elementary, Pembroke, Massachusetts
                   Wrentham Safety Complex, Wrentham Massachusetts
                   Old Hammondtown School, Mattapoisett Massachusetts

FIRE AND MARINE CONTACT: Russ Werner (410) 578-2025

RECEIVED JUN 2 8 2004 SURETY CLAIM

DESCRIPTION OF SERVICES:

1. Complete a preliminary investigation of the jobsites at Shrewsbury Middle School and Westford to assess the progress to date and the ability of the principal to complete the work.
2. Obtain project documentation from the office's of Standen Contracting
3. Shrewsbury:
    a. Ratify subcontractors and suppliers
    b. Assist in the assignment of the Completion contractor.
4. Westford:

    a. Ratify subcontractors and suppliers
    b. Solicit lump sum price for completion of work and review same.
    c. Assist in assignment of the Completion contractor

5. Bryantville Elementary & Wrentham Safety Complex:
    a. Investigate work remaining of these two projects
    b. Obtain available documentation from Standen's office.
    c. Advise as to best course of action to complete the work at these sites
    d. Assist in completion of work.
    e. Ratify subcontractors and suppliers.

6) Old Hammondtown
    a. Investigate work remaining.
    b. Obtain available documentation from Standen's office.
    c. Advise as to best course of action to complete the work at these sites
    d. Assist in completion of work.
    e. Ratify subcontractors and suppliers.

## SPECIAL TERMS AND CONDITIONS

Contractor represents that it does not currently represent any other party with any interest in this matter and that there are otherwise no conflicts of interest to this work assignment which would in any way impair Contractor to fulfill its obligations to Fire and Marine or its ability to provide objective information to Fire and Marine.

IN WITNESS WHEREOF, the parties by their authorized representatives have signed this Work Assignment.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

Signature: _____
Name: Robert E. Schumaker
Title: Director of Engineering
Date: 5/28/04

**CONTRACTOR**

Signature: _____
Name: ANTHONY J. LEONARDO
Title: REGIONAL MANAGER
Date: 5/18/04

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

Signature: _____
Name: Russ Werner
Title: Engineer
Date: May 19, 2004

cc: Claim Attorney
     File

# PROFESSIONAL SERVICES AGREEMENT

THIS PROFESSIONAL SERVICES AGREEMENT ("Agreement") is entered into by and between St. Paul Fire and Marine Insurance Company, ("Fire and Marine") and _Lovett Silverman_, ("Contractor").

**PURPOSE AND SCOPE.** Contractor has represented that it is capable of supplying qualified, trained and experienced personnel to provide the Services as identified below. The parties agree that Contractor will provide Services to Fire and Marine and its subsidiaries and affiliates pursuant to the terms and conditions contained in this Agreement.

1. **WORK ASSIGNMENTS**

   A. <u>Services</u>. Contractor agrees to assign employees who possess the requisite skillsets to provide Services requested by the Surety Claim Operation at Fire and Marine. The Services to be provided by Contractor must be memorialized by a written Work Assignment, Exhibit A ("Services"). Fire and Marine shall not have the right to assign to any of Contractor's employees any assignments not set forth on the Work Assignment. Nothing in this Agreement will preclude Fire and Marine from (a) contracting with other persons or entities engaged in the same or similar business as Contractor, or (b) independently developing or acquiring materials or services that are similar to or competitive with Contractor. Prior to performing any Services, Contractor will execute and return to Fire and Marine the applicable Work Assignment.

   B. <u>Acceptance</u>. Fire and Marine has the right to review all Services performed under a Work Assignment prior to payment. Fire and Marine reserves the option to reject any unacceptable Services and/or to require Contractor to repeat, correct or replace any unacceptable Services at no additional charge.

   C. <u>Performance Standards</u>. Contractor understands that its performance under this Agreement will be monitored by Fire and Marine with respect to such factors as: (a) competitiveness of rates; (b) quality of Services supplied; (c) responsiveness in supplying qualified employees to perform the services (d) effectiveness of Contractor systems and processes; and (e) compliance with Fire and Marine processes and procedures.

   D. <u>Management Committee</u>. Within two (2) days after the effective date of this Agreement, Fire and Marine and Contractor shall each appoint a member from their respective management staffs to serve as Management Liaison. The Management Liaison shall be authorized and responsible for generally overseeing the performance of this Agreement.

   RECEIVED
   JAN 1 0 2003

2. **PERSONNEL**

   A. <u>Project Staff</u>. Contractor shall recruit and provide employees with suitable training and skills to perform the Services. Contractor represents and warrants that each Contractor employee assigned to perform any services for Fire and Marine shall have been fully briefed on his/her obligations under this Agreement to Fire and Marine.

   B. <u>Subcontractors</u>. Contractor may subcontract the Services to other parties only with Fire and Marine's consent, which consent Fire and Marine may withhold for any reason whatsoever.

If Fire and Marine consents to a particular subcontract, Contractor shall assume the same liability and responsibility for that subcontractor's conduct and performance as if Contractor performed all of the subcontractor's services. Fire and Marine will not incur any additional fees, costs or charges with regard to any subcontract unless otherwise approved in writing by Fire and Marine. Contractor agrees to require subcontractors to: (a) comply with all applicable federal, state and local laws, executive orders and regulations issued; and (b) abide by all of the terms and conditions of this Agreement

C. Solicitation of Personnel. During the term of this Agreement, Contractor agrees not to solicit for employment or engagement by Contractor or any other person any employee of Fire and Marine without Fire and Marine's prior authorized written consent.

3. ADMINISTRATIVE MATTERS

A Compliance. Contractor and Contractor's employees shall at all times during the term of this Agreement, conform to and comply with all applicable federal, state, and local laws, regulations, orders and other governmental requirements, now or hereafter in force, that relate to the performance of the Services, including, by way of illustration and not limitation, all worker's compensation, social security, unemployment insurance, hours of labor, wages, working conditions, employment discrimination and other employer/employee related matters, the Fair Labor Standards Act, the Williams-Steiger Occupational Safety and Health Act of 1970, the Americans with Disabilities Act of 1990, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended (42 U.S.C. sections 9601 et seq.), the Resource Conservation and Recovery Act, as amended (42 U.S.C. sections 6901 et seq.) the Family & Medical Leave Act; Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, section 790.03 of the California Insurance Code, and the Immigration Reform & Control Act of 1986. Contractor shall verify the identity and work authority of its personnel under the U.S. immigration laws. Contractor and Contractor's employees are not provided or granted any benefit provided to Fire and Marine employees. Contractors and its employees expressly disclaim and waive any interest in or claim to employee benefits of Fire and Marine.

B Conduct of Project Staff. While at Fire and Marine locations, Contractor shall require its personnel to: (a) comply with requests, rules, and regulations of Fire and Marine regarding personal and professional conduct (including the wearing of an identification badge or personal protective equipment, maintaining a professional appearance, and adhering to regulations and general safety and security practices or procedures) generally applicable to Fire and Marine locations, (b) be courteous and professional, and (c) otherwise conduct themselves in a businesslike manner. In the event that Fire and Marine determines in good faith that a particular member of Contractor's personnel is not conducting himself or herself in accordance with this Section, Fire and Marine may, in its discretion, (a) require Contractor to immediately remove him or her from the Fire and Marine location, or (b) provide Contractor with notice and documentation in respect of such conduct. Upon receipt of such notice, Contractor shall promptly correct the improper conduct and, if such improper conduct is not corrected within a reasonable time or any time period specified by Fire and Marine, Contractor shall (a) remove him or her, and (b) provide Fire and Marine with prompt notice of such removal. Nothing herein shall prevent Fire and Marine from immediately terminating its need for Contractor's services as described in Section 4 of this Agreement.

C. Substance Free Workplace Policy Suitability Screening Contractor understands that all of Fire and Marine's places of business are a weapon, smoke, drug, and alcohol free zones ("Free Zone"). Contractor will take all steps necessary and appropriate in accordance with

applicable law to maintain the Free Zone in the assignment and management of personnel performing Services. When Contractor's personnel are engaged to work at Fire and Marine's office(s) on a routine basis, unless otherwise approved in writing by Fire and Marine, Contractor shall ensure that all personnel, including its subcontractors, have successfully passed all requisite drug and background screening prior to commencement of Services to include: (a) criminal history check including felonies and misdemeanors; (b) education and employment verification to confirm all employment positions and degrees earned; (c) drug testing to be performed in accordance with industry standards and applicable law; (d) credit check for assigned personnel having access to Fire and Marine funds; and (e) motor vehicle report for assigned personnel having access to Fire and Marine vehicles. Fire and Marine may require that Contractor remove and permanently exclude any individual providing Services in violation of the Free Zone. Prompt replacement is required. Fire and Marine reserves the right to deny payment for a Work Assignment performed by an individual found to violate the Free Zone and Contractor shall be responsible for any damages incurred as a result of that person's conduct or any untimely departure.

4. **TERM AND TERMINATION**

   This Agreement will become effective on the date set forth on the signature page. This Agreement shall continue unless terminated by either party upon thirty (30) days prior written notice to the other party. Fire and Marine may terminate any Work Assignment at any time for any reason upon prior written notice to Contractor. Either party may terminate this Agreement immediately for an uncured breach by the other party. Any license granted by this Agreement will not be affected or limited by termination. Fire and Marine will pay Contractor for all accepted, undisputed Services and reimbursable expenses accrued as of the effective date of termination of a Work Assignment.

5. **PAYMENT**

   A. <u>Fee for Services</u>. Unless otherwise specified in the applicable Work Assignment, Fire and Marine agrees to pay Contractor for the Services, monthly in arrears.
   B. <u>Expenses</u>. Fire and Marine will only reimburse Contractor for approved expenses authorized for reimbursement by the St. Paul Billing Guidelines attached as Exhibit B.
   C. <u>Invoice Procedures</u>. All invoices are to be submitted to St. Paul Surety Director of Engineering or Director of Accounting. Contractor shall submit invoices on a monthly basis for hours worked the previous month by Contractor's employees. Fire and Marine will pay a properly submitted and undisputed itemized invoice, supported by all relevant receipts, within thirty (30) days of receipt. Invoices must include a brief description of the Services performed, the time expended by Contractor in performing the Services and expenses incurred during the preceding month, with supporting documentation allocated by project number, and Fire and Marine contact or project manager. Unless otherwise agreed upon in a Work Assignment, Contractor will not be compensated for Services or reimbursed for expenses which are invoiced more than ninety (90) days after the performance of such Services or the incurring of such expenses. An invoice will not be processed unless there is a current, approved budget relating to that invoice. Further, payment of any invoice may be delayed until receipt by Fire and Marine of the fully executed Work Assignment document.

   D. The fees paid to Contractor pursuant to this Agreement are inclusive of any applicable sales, use, personal property, value added, or other taxes attributable to periods on or after the applicable effective date of the applicable Work Assignment(s) and based upon or measured by Contractor's cost in providing the Services under this Agreement, including all personal property and use taxes, if any, due on equipment or software owned by Contractor.

Contractor agrees to pay, and hold Fire and Marine harmless against, any penalty, interest, or additional tax that may be assessed or levied as a result of the failure or delay of Contractor or its agents to file any tax return or information required by law, rule or regulation.

## 6. RIGHTS TO WORK PRODUCT

A. <u>Work Product</u>. The parties acknowledge that performance of this Agreement may result in the discovery, creation or development of inventions, combinations, machines, methods, formulae, techniques, processes, improvements, software designs, computer programs, strategies, Fire and Marine specific know-how, data and original works of authorship ("Work Product"). Contractor agrees that it will promptly and fully disclose to Fire and Marine any and all Work Product generated, conceived, reduced to practice or learned by Contractor, either solely or jointly with others, during the term of this Agreement which in any way relates to the business of Fire and Marine. Contractor further agrees that neither Contractor nor any party claiming through Contractor or Contractor's employees, will make use of or disclose to others any Work Product or Fire and Marine Confidential Information relating to the Work Product, other than in the performance of this Agreement. Fire and Marine will have the right to inspect and review any and all Work Product created under this Agreement at any time and Contractor will provide Fire and Marine with immediate access to such Work Product, wherever located, upon request.

B. <u>Work Product Ownership</u>. Contractor agrees that, whether or not the Services are considered works made for hire or an employment to invent, all Work Product discovered, created or developed under this Agreement will be and remain the sole property of Fire and Marine and its assigns and Fire and Marine will have all copyright, patent and all other intellectual property rights with respect to such Work Product without regard to its origin.

C. <u>Transfer, Assignment and Waiver</u>. If and to the extent that Contractor or Contractor's employees or agents may, under applicable law, be entitled to claim any ownership interest in the Work Product, Contractor hereby transfers, grants, conveys, assigns and relinquishes exclusively to Fire and Marine any and all right, title and interest that Contractor or its employees now have or may hereafter acquire in and to the Work Product under patent, copyright, trade secret and trademark law in perpetuity or for the longest period otherwise permitted by law. If any moral rights are created, Contractor hereby waives and shall cause its agents and employees to waive such rights in the Work Product. To the extent such waivers are deemed unenforceable under applicable law, Contractor grants, and agrees to cause its employees and agents to grant, to Fire and Marine and its successors and assigns, the exclusive perpetual, irrevocable, worldwide and royalty-free license to use, modify, market and create derivative works based upon the Work Product without identifying or seeking the consent of Contractor or any of its employees or agents. Contractor further agrees to assist Fire and Marine in every reasonable way to obtain and, from time to time, enforce patents, copyrights, trade secrets and other rights and protection relating to said Work Product, and to that end, Contractor will execute all documents for use in applying for and obtaining such patents, copyrights, trade secrets and other rights and protections with respect to such Work Product, as Fire and Marine may desire, together with any assignments thereof to Fire and Marine or persons designated by it. Contractor's obligations to assist Fire and Marine in obtaining and enforcing patents, copyrights, trade secrets and other rights and protections relating to the Work Product will continue beyond the termination of this Agreement.

    D. **License to Pre-existing Work.** Unless agreed in writing otherwise with Fire and Marine, if and to the extent that any pre-existing Contractor or third party rights, including software, are embodied in or required to utilize the Work Product, Contractor hereby grants to Fire and Marine and its affiliates for their benefit and for the benefit of their agents and/or customers, the irrevocable, perpetual, non-exclusive, worldwide, royalty-free, paid-up right and license to (a) use, execute, reproduce, display, perform, modify, distribute copies of and prepare derivative works based upon such preexisting rights and any derivative works thereof and (b) authorize others to do any or all of the foregoing in conjunction with Fire and Marine's business.

    E. **Materials Return.** Upon the request of Fire and Marine, Contractor will immediately prepare a list of and return to Fire and Marine all copies, in whatever form, of any and all Confidential Information as defined in Section 7A, Work Product, and other materials obtained through the Work Assignment. Upon the request of Fire and Marine, Contractor is obligated to return all Fire and Marine Work Product, including electronic versions, hard copies and reproductions and will not retain copies of any such Work Product, and any Work Product stored on Contractor's computer systems shall also be deleted. Upon the prior written approval of Fire and Marine, Contractor, but not its subcontractors or employees, may be permitted to retain a copy of Fire and Marine Work Product for archival purposes only.

7. **NON-DISCLOSURE OF INFORMATION**

    A. **Fire and Marine Confidential Information.** Contractor acknowledges that much, if not all, of the material and information which has or will come into Contractor's possession or knowledge in connection with the performance of this Agreement consists of confidential and proprietary information or software of or related to Fire and Marine and its affiliates, agents, customers or third parties ("Confidential Information"). Contractor agrees to hold such Confidential Information in strictest confidence and agrees not to release such information to any individual whether employee, subcontractor, or subcontractor employee, unless such individual has a need for such knowledge to perform services on behalf of Fire and Marine. Contractor shall be responsible for maintaining the security of such Confidential Information in its possession and for complying with all federal, state and local laws, regulations or other requirements governing the privacy and non-disclosure of such information. Contractor agrees that any materials prepared by Contractor which contain Confidential Information will be conspicuously marked with the caption, "Fire and Marine Confidential" or "Fire and Marine Registered Confidential," as directed by the responsible St. Paul representative. Contractor further agrees not to make use of Confidential Information for its own benefit or for the benefit of any third parties, other than for the performance of this Agreement, and not to release or disclose it to any other party either during the term or after the termination of this Agreement. In the event of any breach of this confidentiality obligation or of the obligations relative to the rights to Work Product, Contractor acknowledges that Fire and Marine would be irreparably injured by such a breach and that Fire and Marine shall be entitled to equitable relief, including injunctive relief and specific performance. Contractor also waives the requirement of any bond being posted as security for such equitable relief. Such remedies shall not be deemed to be the exclusive remedies for a breach of this Agreement, but shall be in addition to all other remedies available at law or in equity.

    B. **Exclusions.** The above limits on disclosure do not include information which (a) is or becomes known publicly through no fault of the Contractor; (b) is learned by the Contractor from a third party entitled to disclose it; (c) is already known to the Contractor before receipt from Fire and Marine, as shown by the Contractor's written records; (d) is independently

developed by the Contractor, as shown by the Contractor's written records; or (e) must be disclosed by operation of law. The Contractor shall promptly notify Fire and Marine of any such request for disclosure in order to allow Fire and Marine full opportunity to seek the appropriate protective orders.

C. <u>Contractor's Confidential Information</u>. No Contractor information will be considered confidential unless disclosure and use of that information have been specifically identified and addressed in the Work Assignment or in a nondisclosure agreement.

D. <u>Third Party Confidential Information</u>. Contractor will not disclose or otherwise introduce confidential information of a third party. Contractor will also treat as Confidential Information and will not use or disclose except as necessary in providing services to Fire and Marine, any software licensed by Fire and Marine from a third party.

8. **PRIVACY REQUIREMENTS**

In the course of providing services under this Agreement, Fire and Marine may provide to Contractor or Contractor shall gain access to and generate personally identifiable, financial and/or health information of Fire and Marine consumers, customers, insureds or claimants which may include Fire and Marine Confidential Information (hereinafter collectively "Protected Information") which may be subject to federal, state and local laws. Contractor acknowledges and agrees that it shall only use the Protected Information for the purposes for which it was provided to Contractor under this Agreement and for no other purpose except pursuant to a written agreement signed by the parties. Except as required by applicable law or as necessary to carry out its obligations under this Agreement, Contractor shall not disclose Protected Information to a third party.

Each party shall be solely responsible for maintaining the security of such Protected Information in its possession in order to comply with the Privacy Requirement provided under this Agreement and under federal, state and local laws and regulations governing the privacy and non-disclosure of such information.

Contractor shall at all times comply with all federal, state and local laws and regulations applicable to a person who performs any of the functions or services performed by Contractor under the Agreement including but not limited to laws and regulations concerning privacy, confidentiality or security of personally identifiable financial or health information. Contractor shall immediately notify Fire and Marine of any violations of any such law or regulation applicable to provision of services under this Agreement or of any complaint or judicial or administrative proceeding initiated concerning any actual or alleged violation of such law or regulation. Upon termination or expiration of this Agreement, or at any time upon request of Fire and Marine, Contractor shall return all Protected Information in its or its subcontractor's possession or any other third party over which Contractor has control.

9. **REPRESENTATIONS AND WARRANTIES**

Contractor represents and warrants as follows:

A. <u>Services</u>. The Services will be performed in a professional and workmanlike manner and will be of a quality conforming to the highest standards generally accepted in the industry. Fire and Marine reserves any remedies which may be available.

B. <u>Ownership</u>. The Services and any Work Product will be Contractor's own work and will not infringe upon any United States or foreign copyright, patent, trade secret or other proprietary right, or misappropriate any trade secret of any third party, and it has neither assigned nor otherwise entered into an agreement by which it purports to assign or transfer any right, title or interest to any Work Product that would conflict with its obligations under this Agreement. Contractor warrants that it is not a party to any other existing agreement which would prevent Contractor from entering into this Agreement or which would adversely affect this Agreement.

C. <u>Malicious Codes</u>. Any Work Product that is software will be free of any and all "disabling devices," "drop dead devices," "time bombs," "trap doors," "trojan horses," "worms," or other computer viruses detectable by current industry standard means and copy protection mechanisms, which may disable the Work Product or any similar types of software infirmities. Contractor will scan his electronic Work Product utilizing current industry standard means prior to sending Work Product to Fire and Marine and Contractor will be responsible for any data loss which results from such virus if present in his Work Product when delivered to Fire and Marine. Any Work Product provided will not contain any authorization codes or disabling mechanisms which may prohibit access to the Work Product, any data base or other software.

E. <u>Contractor's Viability</u>. Contractor has the financial capacity to perform and continue to perform its obligations under this Agreement, that no legal proceedings have been threatened or brought against Contractor that could threaten performance of this Agreement and that entering into this Agreement is not prohibited by any contract, applicable law, governmental regulation or order by any court of competent jurisdiction. Contractor shall immediately notify Fire and Marine in writing in the event of any material change that could effect this representation.

## 10. LIABILITY AND INDEMNIFICATION

A. <u>Indemnification</u>. Contractor shall indemnify Fire and Marine from, and defend Fire and Marine against, any and all liability or expenses (including attorneys' fees and expenses as reasonably incurred) arising out of or relating to (a) any claim that the Services or any Work Product infringes upon the intellectual property rights of any third party, (b) any act or omission by Contractor in its capacity as an employer of a person arising out of or relating to federal, state, local or other laws or regulations that relate to (1) the protection of persons or members of a protected class or category of persons, (2) unlawful discrimination or harassment, (3) accrued employee benefits, and (4) any other aspect of the employment relationship or its termination (including claims for breach of an expressed or implied contract of employment) and which, in all such cases, arose when the person asserting the claim, demand, charge, action, cause of action, or other proceeding was an employee of Contractor, (c) any amounts including taxes, interest, and penalties assessed against Fire and Marine which are obligations of Contractor or which relate to Contractor's workers who perform services for Fire and Marine, (d) personal injury, death, or damage to tangible personal or real property in any way incident to, or in connection with or arising out of the act or omission of Contractor, its employees, contractors, or agents, and (e) any claims asserted by workers paid by Contractor with respect to any employee benefit programs

maintained by Fire and Marine. Contractor shall be responsible for any costs and expenses, including attorney's fees, incurred by Fire and Marine in connection with the enforcement of this Section.

B. <u>Indemnification Procedure</u>. With respect to any claim asserted by a person to which Section 9A applies, Fire and Marine will promptly notify Contractor in writing of the claim, allow Contractor to control the defense, and reasonably cooperate with Contractor in the defense and any related settlement negotiations. In addition to any defense provided by Contractor, Fire and Marine may, at its expense, retain its own counsel. If Contractor does not promptly assume Fire and Marine's defense against such claim, Fire and Marine reserves the right to engage its own counsel and otherwise undertake its own defense at Contractor's expense.

## 11. INSURANCE

A. <u>Insurance Certificates</u>. All insurance obtained by Contractor will be (1) underwritten by an insurer having a minimum AM Best Insurance rating of "A". Contractor will furnish to Fire and Marine certificates of insurance and/or other appropriate documentation (including evidence of renewal of insurance) evidencing all coverage referenced below. Such certificates or other documentation must provide for thirty (30) days prior written notice to Fire and Marine prior to coverage cancellation, nonrenewal or alteration of the coverage by either Contractor or the applicable insurer. Such cancellation or alteration will not relieve Contractor of its continuing obligation to maintain insurance coverage in accordance with this Agreement.

B. <u>Insurance Limits</u>. During the term of this Agreement, Contractor will maintain insurance of the type and in the amounts specified below, unless approved in writing otherwise by Fire and Marine:

(i) **Workers' Compensation/Employers Liability** in accordance with all federal, state, and local requirements and shall include Employer's Liability coverage with a minimum limit of $500,000 each accident, with a policy limit of not less than $500,000, and $500,000 each employee;

(ii) **Commercial General Liability** - $1,000,000 each occurrence and annual aggregate to include coverage for bodily injury, property damage and personal injury liability. Coverage shall include Premises/Operations, Products/Completed Operations Broad Form Property Damage, Independent Contractors Liability and Contractual Liability, along with "per project" aggregate. Medical payments - $10,000 per person, Fire Damage Liability - $500,000;

(iii) **Business Automobile Liability** covering all vehicles that Contractor owns, hires, or leases in an amount not less than $1,000,000 (each accident for bodily injury and property damages);

(iv) **Commercial Excess\Umbrella** in an amount not less than $2,000,000 each occurrence and annual aggregate;

(v) **Professional Liability** in an amount not less than $1,000,000 each occurrence;

(vi) **Employee Dishonesty** - $500,000 limit.

C. <u>Subcontractor Insurance</u>. Should any of the Services be subcontracted, Contractor shall require the subcontractors, or anyone directly or indirectly engaged by any of them, to procure and maintain the same coverages in the same amounts specified herein, unless approved in writing otherwise by Fire and Marine.

D. <u>Scope of Insurance and Special Hazards</u>. The insurance required under this Section shall provide adequate protection for Contractor and Fire and Marine against claims which may arise from operations performed by Contractor or by anyone directly or indirectly engaged by them in the performance of this Agreement. Contractor's insurance must respond on a primary basis without contribution from any other insurance carrier by Fire and Marine, until limits become exhausted. Fire and Marine retains the right to request an increase in the above stated insurance limits. All insurance policies carried by the Contractor shall contain waivers of any and all rights of subrogation against Fire and Marine.

## 12. DISPUTE RESOLUTION.

A. <u>Binding Arbitration and Jury Trial Waiver</u>. Any dispute with respect to this Agreement which is not resolved within ten (10) days shall at any time thereafter at the initiation of either party, be submitted to arbitration which shall be the exclusive means for resolving any such disputes. Such arbitration shall be held in Baltimore, Maryland and shall be conducted by JAMS/ENDISPUTE, Incorporated in accordance with its Arbitration Rules and Procedures then in effect. The arbitrators will be selected from a panel of retired judges and will have familiarity with dispute resolution. Any costs associated with the arbitration shall be borne by the non-prevailing party. All decisions of the arbitrators shall be binding on both parties. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY AND IRREVOCABLY WAIVE THEIR RIGHT TO A TRIAL BY JURY and agree that if the foregoing binding arbitration provision is determined for any reason to be unenforceable or inapplicable to a particular dispute, then such dispute shall be decided solely by a judge, without the use of a jury, sitting in a court of competent jurisdiction. This binding arbitration and jury trial waiver provision shall survive termination of this Agreement. Nothing in this Agreement will prevent the parties from applying for injunctive relief in any court of competent jurisdiction. Contractor shall be responsible for securing from each of its employees who perform services for Fire and Marine an agreement to abide by the terms of this section.

B. <u>Continuity of Services</u>. Fire and Marine and Contractor each acknowledges that provision of the Services is critical to the business and operations of Fire and Marine. Accordingly, in the event of a dispute between Fire and Marine and Contractor pursuant to which Fire and Marine in good faith believes it is entitled to withhold payment for the disputed portion of the Services and during the pendency of an arbitration pursuant to Subsection B above, Contractor shall continue to provide the Services and Fire and Marine shall continue to pay any undisputed amounts to Contractor.

## 13. GENERAL

A. <u>Independent Contractor</u>. Contractor represents and warrants that it is an independent contractor with no authority to contract for Fire and Marine or in any way to bind or to commit Fire and Marine to any agreement of any kind or to assume any liabilities of any nature in the name of or on behalf of Fire and Marine. Under no circumstances will Contractor, or any of its employees or subcontractors, hold itself out as or be considered an agent or an employee of Fire and Marine. It is expressed, understood, and agreed for all purposes by Contractor that no person, whether an individual or an employee of Contractor will be considered an employee of Fire and Marine, nor will any such person be entitled to any benefits that Fire and Marine provides to Fire and Marine employees.

B. <u>No Joint Employer</u>. Except when Services are provided by its authorized agents or subcontractors, Contractor shall be the sole employer of all individuals performing services hereunder and agrees to comply with all applicable federal, state, and local laws and regulations pertaining to the employment of employees, including but not limited to the statutes listed in Section 3A. of this Agreement; the withholding and payment of payroll taxes; prohibitions against discrimination; minimum wage and wage payment statutes. Only Contractor shall have the right to hire and fire its employees, provide instructions as to the manner in which an employee performs his or her job and to set the hours of work of its employees. In addition, Contractor shall manage all employment aspects of any employees assigned to Fire and Marine's account, including, without limitation, employment based counseling, terminations, salary reviews, performance evaluations, work schedules, orientation, placement and rotation of assignments. The parties further acknowledge and agree that any employees of Contractor assigned to Fire and Marine's account shall have no rights or entitlements to any of Fire and Marine's employee benefit plans. Contractor shall assume sole and exclusive responsibility for the payment of wages to its personnel for services performed for Fire and Marine. Contractor shall, with respect to its assigned employees, be responsible for withholding federal, state and local income taxes, paying Social Security taxes, unemployment insurance and maintaining workers' compensation insurance coverage in an amount and under such terms as required by State law.

C. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Maryland, without giving effect to principles of Conflict of Laws or the United Nations Convention on the International Sale of Goods, and shall benefit and be binding upon the parties hereto and their respective successors and assigns. In the event that the Uniform Computer Information Transactions Act, any version thereof or a substantially similar law ("UCITA") is enacted as part of the law of Maryland, said statute shall not govern any aspect of this Agreement, any license granted under this Agreement, nor any of the parties' rights and obligations arising pursuant to this Agreement. The Agreement and the Parties' rights and obligations shall be governed by the law as it existed prior to the enactment of the UCITA Law. The parties hereby consent to jurisdiction in the State of Maryland and agree that the courts within Maryland shall have exclusive jurisdiction over any issues regarding the enforcement of this Agreement.

D. <u>Audits</u>. Upon notice from Fire and Marine, Contractor shall provide such auditors and inspectors as Fire and Marine or any regulatory authority may designate in such notice with reasonable access during normal business days and hours to Contractor's business locations for the purpose of performing audits or inspections of the business systems and processes of Contractor utilized in connection with supporting the delivery of Services to Fire and Marine under this Agreement. Contractor shall provide such auditors and inspectors or a regulatory authority having jurisdiction over Fire and Marine or Contractor with any assistance that they

may reasonably require. In the event access to Contractor customer data is required, access will be provided in such a way as to preserve the confidentiality of Contractor's customer data. Fire and Marine may notify Contractor of any deficiencies in its business systems and processes, and Contractor agrees to correct such deficiencies or failure to comply within the time period specified by the auditors/inspectors. Reference Exhibit B for more specific Auditing requirements regarding Contractor invoices.

E. <u>Advertising</u>. Contractor shall not use Fire and Marine's name or refer to Fire and Marine or any of its affiliates, directly or indirectly, in any manner without receiving prior written approval from Fire and Marine's authorized representative.

F. <u>Notices</u>. Any notice given pursuant to this Agreement must be in writing and will be given by overnight courier service, personal delivery, or by United States certified mail, return receipt requested, postage prepaid, to the addresses appearing at the end of this Agreement, or as changed through written notice to the other party. Notice will be deemed effective on the date it is delivered to the addressee. Either party may change its address for notice purposes by giving the other party notice of such change in accordance with this Section.

G. <u>No Electronic Signatures or Records</u>. For all purposes of providing (a) notices or other communications required or permitted by this Agreement, (b) waiving any right under this Agreement, or (c) amending any terms or provision of this Agreement and notwithstanding any law recognizing electronic signatures or records, "a writing signed" and "in writing" shall mean only a writing in tangible form bearing an actual "wet" signature in ink manually applied by the person authorized by the respective party, unless both parties agree otherwise by making a specific reference to this section of this Agreement.

H. <u>No Waiver</u>. The failure of either party to insist upon a strict performance of or to seek remedy of any one of the terms or conditions of this Agreement or to exercise any right, remedy or election set forth herein or permitted by law shall not constitute nor be construed as a waiver or relinquishment for the future of such term, condition, right, remedy or election, but such items shall continue and remain in force and effect. All rights or remedies of either party specified in this Agreement and all other rights or remedies that either party may have at law, in equity or otherwise shall be distinct, separate and cumulative rights or remedies, and no one of them, whether exercised by the party seeking enforcement or not, shall be deemed to be in exclusion of any other right or remedy of such party. Any consent, waiver or approval by either party of any act or matter must be in writing and shall apply only to the particular act or matter to which such consent or approval is given.

<u>Assignment</u>. This Agreement may not be assigned by Contractor without the written consent of Fire and Marine which may be withheld for any reason, and any such purported assignment, including full or partial assignment or delegation to any agent or subcontractor, is void.

J. <u>Captions</u>. The captions are for convenience and in no way define, limit or enlarge the scope of this Agreement or any of its Sections.

K. <u>Severability</u>. If any provisions of this Agreement or application to any party or circumstances shall be determined by any court of competent jurisdiction to be invalid and unenforceable to any extent, the remainder of this Agreement, or the application of such provisions or circumstances other than those as to which it is determined to be invalid or unenforceable shall not be affected thereby, and each provision hereof shall be valid and shall be enforced to the fullest extent permitted by law.

L. <u>Survival</u>. The provisions of this Agreement regarding Representations and Warranties, Rights to Work Product, Non-Disclosure of Information, Privacy Requirements, Liability and Indemnification, Arbitration and Survival will survive the expiration or termination of this Agreement or any applicable Work Assignment.

M. <u>Affiliates, Business Partners</u>. Fire and Marine shall be entitled, at its discretion, to extend the terms of this Agreement to Fire and Marine affiliates, agents, customers and business partners.

## 14. ENTIRE AGREEMENT

The following are attached to this Agreement and are incorporated by reference and made a part of this Agreement for all purposes:

**Exhibit A** Work Assignment Standard Form;

This Agreement and its Exhibit(s), constitute the entire agreement between the parties and supersedes any and all previous representations, understandings, discussions or agreements between Fire and Marine and Contractor as to the subject matter hereof. The parties further agree that they are not relying upon any representations, statements, or agreements from the other as a basis for entering into this Agreement except for those expressly set forth in this Agreement. This Agreement may only be amended by an instrument in writing signed by Fire and Marine and Contractor. Terms in a Work Assignment have precedence over conflicting terms in this Agreement, but have applicability only to that Work Assignment. Any modification or extension of a Work Assignment must be by written amendment to that Work Assignment.

Fire and Marine and Contractor each acknowledge that it has had the opportunity to review this Agreement with its legal counsel.

Executed on the dates set forth below by the undersigned authorized representatives of the parties and effective as of ____1/10/03____.

| ST. PAUL FIRE AND MARINE INSURANCE COMPANY | CONTRACTOR |
|---|---|
| By: | By: |
| Signature: _BLC_ | Signature: _[signature]_ |
| Name: _Bruce L. Corrigeon_ | Name: _John J Lovett_ |
| Title: Its _AVP_ | Title: Its _President_ |
| Date: _1/13/2003_ | Date: _9 Jan 2003_ |

OK
NFS
1/10/03

Address for Notice:

St. Paul Fire and Marine
Insurance Company
5801 Smith Avenue
Baltimore, MD 21209
ATTN: Senior Vice President – Surety Claim

Address for Notice:

Attention: Executive Officer

Address for Invoices:

St. Paul Fire and Marine Insurance Company
Surety Claim
Mail Code: MC41
5801 Smith Avenue
Baltimore, MD 21209
Attention: Director of Engineering – Surety Claim

Revised 01/09/2003 11/15/2002 11/06/2002          13          Fire and Marine Confidential