## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **LANDWORKS CREATIONS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **C.A. No. 4:05-CV-40072-FDS** |
| **UNITED STATES FIDELITY AND** | ) | |
| **GUARANTY COMPANY, and** | ) | |
| **LOVETT SILVERMAN CONSTRUCTION** | ) | |
| **CONSULTANTS, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |

## UNITED STATES FIDELITY AND GUARANTY COMPANY'S
## MOTION TO QUASH, OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER, AND FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 26(c) and 45(c), United States Fidelity and Guaranty Company ("USF&G") moves the Court to quash the following deposition notices and subpoenas served by Landworks Creations, LLC ("Landworks"):

1.     Keeper of Records of Cetrulo & Capone LLP, scheduled for June 29, 2007;

2.     Keeper of Records of Hinshaw & Culbertson, LLP, scheduled for June 29, 2007;

3.     Keeper of Records of Hermes, Netburn, O'Connor & Spearing, PC, scheduled for June 29, 2007.

In the alternative, USF&G moves the Court to enter a protective order.  Furthermore, USF&G moves the Court for sanctions against Landworks, including but not limited to the expenses incurred in relation to this motion.  Copies of the deposition notices, including the description of the requested documents in Schedule A, are attached hereto as Exhibit 1.  Copies of the

subpoenas, including the description of the requested documents in Schedule A, are attached

hereto as Exhibit 2.

Each of the deponents, Cetrulo & Capone LLP ("Cetrulo"), Hinshaw & Culbertson, LLP

("Hinshaw"), and Hermes, Netburn, O'Connor & Spearing, PC ("Hermes"), has appeared as

defense counsel for USF&G in the present litigation, as well as other construction-related

litigation in state and federal courts in the Commonwealth of Massachusetts.[1]  The description of

the documents requested by Landworks is the same for each deponent.  In essence, Landworks

requests the following documents:

1. the complete and entire **claim and/or litigation file for every claim and/or lawsuit arising out of the Shrewsbury Middle School construction project** (the "Project"), **specifically including the present litigation**;
2. all documents that explain the "termination" of Little Medeiros, Cetrulo or Hinshaw as counsel for USF&G the present litigation;
3. the complete and entire **claim and/or litigation file for every lawsuit filed against USF&G** by a subcontractor asserting a payment bond claim in Massachusetts Superior Court **that was removed by USF&G to the United States District Court for the District of Massachusetts**;
4. all documentation that explains USF&G's decision to remove the present litigation from state court to federal court;
5. the complete and entire **claim and/or litigation file for every lawsuit filed against USF&G** by a subcontractor, sub-subcontractor, or materials provider asserting a payment bond claim **with respect to any construction project in Massachusetts**  (other than the Project) **ever**.

Despite the Court's admonition to Landworks' counsel at the May 31, 2007 Status

Conference that the documents requested by keeper of records deposition subpoenas be

"targeted," and the express invitation to USF&G to file a motion if they were not, Landworks has

subpoenaed a monumental amount of documents that have no relevance to the subject matter of

this litigation.  The term "fishing expedition" does not begin to describe the outrageous scope of

---

[1]  USF&G was initially represented in this matter by Little, Medeiros, Kinder, Bulman & Whitney P.C. ("Little Medeiros").  Little Medeiros did not file an appearance, but did communicate with Landworks' counsel regarding an extension of the time for USF&G to file a responsive pleading.  Landworks did not notice the deposition of the keeper of records of Little Medeiros.

Landworks' request.  Furthermore, the tactic of serving subpoenas upon USF&G's current and former counsel in order to obtain documents that are obviously protected by the attorney-client privilege and/or work product doctrine must not be condoned.  Because the requested documents were created by or on behalf of USF&G, are under the control of USF&G, and are protected by the attorney-client privilege and/or work product doctrine, USF&G has standing to seek relief from the Court.

As further grounds for this Motion, USF&G relies upon the Memorandum of Law in Support of USF&G's Motion to Quash, or in the Alternative for a Protective Order, and for Sanctions, which is filed herewith.

WHEREFORE, for the reasons recited above, USF&G requests that the Court issue a protective order and/or quash the keeper of records subpoenas served by Landworks upon Cetrulo & Capone LLP, Hinshaw & Culbertson, LLP, and Hermes, Netburn, O'Connor & Spearing, PC.  In addition, USF&G requests the Court for sanctions against Landworks, including but not limited to the expenses incurred in relation to this motion.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**


/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
   SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
Dated:  June 29, 2007          (617) 728-0052 (F)

## CERTIFICATE OF COMPLIANCE WITH LR 37.1

I hereby certify that I attempted to confer with counsel for Plaintiff Landworks Creations, LLC in order to narrow the areas of disagreement to the greatest possible extent. I was informed that Plaintiff's counsel was unavailable because he is on trial.

/s/ Eric C. Hipp
Eric C. Hipp


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 29, 2007.

/s/ Eric C. Hipp
Eric C. Hipp

Robert N. Meltzer
Attorney At Law

P.O. Box 1459
Framingham, MA 01701
508.872.7116
rnbmeltzer@aol.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY AND | ) |
| GUARANTY COMPANY and | ) |
| LOVETT-SILVERMAN CONSTRUCTION | ) |
| CONSULTANTS, INC. | ) |
| | ) |
| Defendants | ) |

### NOTICE OF TAKING DEPOSITION OF THE KEEPER OF RECORDS
### OF HINSHAW & CULBERTSON, LLP

TO: All Counsel of Record:

    Notice is hereby given pursuant to F. R. C. P. 26 and F. R. C. P. 30 that the Plaintiff, Landworks Creations, LLC., by its counsel shall take the deposition by oral examination of The Keeper of the Records of Hinshaw & Culbertson, LLP ("the Deponent") at 160 Speen Street, Suite 307 in Framingham, Middlesex County on Friday, June 29, 2007 commencing at 9:30 a.m.. Records may be provided in lieu of attendance. The requested records are attached as Exhibit A.

    You are invited to attend and cross examine.

<div style="margin-left:50%">

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

Robert N. Meltzer, BBO #564745
Mountain States Law Group
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

</div>

Dated: June 14, 2007



Robert N. Meltzer
Attorney At Law

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 14th of June, 2007 I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Mary Ann Brown, Esq.

_____
Robert N. Meltzer



The Deponent is requested to produce the following documents.

In the event that the Deponent claims privilege over any document sought, the Deponent is requested to provide a privilege log, identifying with particularity the document claimed to be privileged, including the date of creation of the document, the nature of the document, the creator of the document, the recipient of the document, the general nature of the document and the basis of privilege, in a manner which provides for and allows for a reasonable conference pursuant to L.R. 37.1(A) between the parties pertaining to the specific document.

## SCHEDULE A

1.With regard to the Shrewsbury Middle School Project involving Standen Construction and Jackson Construction (hereinafter "the Project"), the complete and entire claim and/or litigation file whether from court or arbitration, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to any claim and/or lawsuit arising out of the Project, whether involving Landworks Creations or any other individual or entity or party aggrieved with Jackson, Standen, Lovett-Silverman or USF & G arising out of the Project, whether said claim resulted in litigation or not.

2. Any and all documentation in your possession that explains the termination of Little Medeiros, Cetrulo & Capone or Hinshaw Culbertson as counsel for USF & G in this matter.

3. For any lawsuits brought against USF & G as surety of any construction company or construction management company seeking payment by a subcontractor under G.L. c. 149 for sums claimed and owed, which were subsequently removed by USF & G from the Superior Court to the United States District Court for the District of Massachusetts, other than relating to the Project, provide the complete and entire litigation file, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to the lawsuit, including any correspondence that explains the basis for removal to the United States District Court.

4. With regards to the Project, any and all documentation in your possession that explains the decision of USF & G to remove the Landworks lawsuit from the Superior Court to the United States District Court for the District of Massachusetts.

5. For each project in Massachusetts, other than the Project which is the subject of this litigation, which generated "more than twenty one lawsuits" from subcontractors, sub sub contractors or materials providers seeking payment under a payment bond issued by USF & G under G.L. c. 149, provide for each such project the complete and entire litigation file from each case filed on that project, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to those lawsuits.

Robert N. Meltzer
Attorney At Law

P.O. Box 1459
Framingham, MA 01701
508.872.7116
rnmeltzer@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

LANDWORKS CREATIONS, LLC        )
                                )
Plaintiff                       )
                                )
v.                              )
                                )
UNITED STATES FIDELITY AND      )
GUARANTY COMPANY and            )
LOVETT-SILVERMAN CONSTRUCTION   )
CONSULTANTS, INC.               )
                                )
Defendants                      )

NOTICE OF TAKING DEPOSITION OF THE KEEPER OF RECORDS
OF HERMES, NETBURN, O'CONNOR & SPEARING

TO: All Counsel of Record:

   Notice is hereby given pursuant to F. R. C. P. 26 and F. R. C. P. 30 that the Plaintiff, Landworks Creations, LLC., by its counsel shall take the deposition by oral examination of The Keeper of the Records of Hermes, Netburn, O'Connor & Spearing ("the Deponent") at 160 Speen Street, Suite 307 in Framingham, Middlesex County on Friday, June 29, 2007 commencing at 9:00 a.m.. Records may be provided in lieu of attendance. The requested records are attached as Exhibit A.

   You are invited to attend and cross examine.

                              Respectfully Submitted,
                              **Landworks Creations, LLC**
                              By its attorney,

                              _____
                              Robert N. Meltzer, BBO #564745
                              Mountain States Law Group
                              P.O. Box 1459
                              Framingham, MA 01701
                              Phone: (508) 872-7116

Dated: June 14, 2007



1

Robert N. Meltzer
Attorney At Law

P.O. Box 1459
Framingham, MA 01701
508.872.7116
rnbmeltzer@aol.com

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 14th of June, 2007 I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Mary Ann Brown, Esq.

Robert N. Meltzer



The Deponent is requested to produce the following documents.

In the event that the Deponent claims privilege over any document sought, the Deponent is requested to provide a privilege log, identifying with particularity the document claimed to be privileged, including the date of creation of the document, the nature of the document, the creator of the document, the recipient of the document, the general nature of the document and the basis of privilege, in a manner which provides for and allows for a reasonable conference pursuant to L.R. 37.1(A) between the parties pertaining to the specific document.

## SCHEDULE A

1. With regard to the Shrewsbury Middle School Project involving Standen Construction and Jackson Construction (hereinafter "the Project"), the complete and entire claim and/or litigation file whether from court or arbitration, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to any claim and/or lawsuit arising out of the Project, whether involving Landworks Creations or any other individual or entity or party aggrieved with Jackson, Standen, Lovett-Silverman or USF & G arising out of the Project, whether said claim resulted in litigation or not.

2. Any and all documentation in your possession that explains the termination of Little Medeiros, Cetrulo & Capone or Hinshaw Culbertson as counsel for USF & G in this matter.

3. For any lawsuits brought against USF & G as surety of any construction company or construction management company seeking payment by a subcontractor under G.L. c. 149 for sums claimed and owed, which were subsequently removed by USF & G from the Superior Court to the United States District Court for the District of Massachusetts, other than relating to the Project, provide the complete and entire litigation file, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to the lawsuit, including any correspondence that explains the basis for removal to the United States District Court.

4. With regards to the Project, any and all documentation in your possession that explains the decision of USF & G to remove the Landworks lawsuit from the Superior Court to the United States District Court for the District of Massachusetts.

5. For each project in Massachusetts, other than the Project which is the subject of this litigation, which generated "more than twenty one lawsuits" from subcontractors, sub sub contractors or materials providers seeking payment under a payment bond issued by USF & G under G.L. c. 149, provide for each such project the complete and entire litigation file from each case filed on that project, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to those lawsuits.

Robert N. Meltzer
Attorney At Law

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY AND | ) |
| GUARANTY COMPANY and | ) |
| LOVETT-SILVERMAN CONSTRUCTION | ) |
| CONSULTANTS, INC. | ) |
| | ) |
| Defendants | ) |

NOTICE OF TAKING DEPOSITION OF THE KEEPER OF RECORDS
OF CETRULO & CAPONE LLP

TO: All Counsel of Record:

Notice is hereby given pursuant to F. R. C. P. 26 and F. R. C. P. 30 that the Plaintiff, Landworks Creations, LLC., by its counsel shall take the deposition by oral examination of The Keeper of the Records of Cetrulo & Capone, LLP ("the Deponent") at 160 Speen Street, Suite 307 in Framingham, Middlesex County on Friday, June 29, 2007 commencing at 9:15 a.m.. Records may be provided in lieu of attendance. The requested records are attached as Exhibit A.

You are invited to attend and cross examine.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

Robert N. Meltzer, BBO #564745
Mountain States Law Group
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: June 14, 2007



The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING
info@mountainstateslawgroup.com

1

Robert N. Meltzer
Attorney At Law

P.O. Box 1459
Framingham, MA 01701
508.872.7116
rnbmeltzer@aol.com

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this 14th of June, 2007  I served a copy of the foregoing on the following counsel of record by first class mail, postage prepaid:

Hermes, Netburn, O'Connor & Spearing
265 Franklin Street, Seventh Floor
Boston, MA 02109
Attn: Eric Hipp, Esq.

Donovan Hatem
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Attn: Mary Ann Brown, Esq.

Robert N. Meltzer


The Mountain States Law Group
COLORADO · MASSACHUSETTS · UTAH
IDAHO · WYOMING
info@mountainstateslawgroup.com

2

The Deponent is requested to produce the following documents.

In the event that the Deponent claims privilege over any document sought, the Deponent is requested to provide a privilege log, identifying with particularity the document claimed to be privileged, including the date of creation of the document, the nature of the document, the creator of the document, the recipient of the document, the general nature of the document and the basis of privilege, in a manner which provides for and allows for a reasonable conference pursuant to L.R. 37.1(A) between the parties pertaining to the specific document.

## SCHEDULE A

1. With regard to the Shrewsbury Middle School Project involving Standen Construction and Jackson Construction (hereinafter "the Project"), the complete and entire claim and/or litigation file whether from court or arbitration, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to any claim and/or lawsuit arising out of the Project, whether involving Landworks Creations or any other individual or entity or party aggrieved with Jackson, Standen, Lovett-Silverman or USF & G arising out of the Project, whether said claim resulted in litigation or not.

2. Any and all documentation in your possession that explains the termination of Little Medeiros, Cetrulo & Capone or Hinshaw Culbertson as counsel for USF & G in this matter.

3. For any lawsuits brought against USF & G as surety of any construction company or construction management company seeking payment by a subcontractor under G.L. c. 149 for sums claimed and owed, which were subsequently removed by USF & G from the Superior Court to the United States District Court for the District of Massachusetts, other than relating to the Project, provide the complete and entire litigation file, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to the lawsuit, including any correspondence that explains the basis for removal to the United States District Court.

4. With regards to the Project, any and all documentation in your possession that explains the decision of USF & G to remove the Landworks lawsuit from the Superior Court to the United States District Court for the District of Massachusetts.

5. For each project in Massachusetts, other than the Project which is the subject of this litigation, which generated "more than twenty one lawsuits" from subcontractors, sub sub contractors or materials providers seeking payment under a payment bond issued by USF & G under G.L. c. 149, provide for each such project the complete and entire litigation file from each case filed on that project, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to those lawsuits.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_Central_    DISTRICT OF    _Massachusetts_

_Landworks Creations, LLC_    **SUBPOENA IN A CIVIL CASE**

v.

_USFS Jet al_

Case Number:[1]    _05-CV-40072_
_FDS_

TO:  _Keeper of the Records SSpeany_
_Heimlo, Nestburn, O'Connor_
_265 Franklin Street_
_Boston MA_

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

_See Exhibit A_

| PLACE  _Mountain States Law Group_ _160 Speen St, Suite 307, Fram MA_ | DATE AND TIME  _6/28/07  9:00 am_ |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  _6/14/07_ |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
_Robert N Meltzer_
_PO Box 1459 Fram MA 508  872-7116_

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

The Deponent is requested to produce the following documents.

In the event that the Deponent claims privilege over any document sought, the Deponent is requested to provide a privilege log, identifying with particularity the document claimed to be privileged, including the date of creation of the document, the nature of the document, the creator of the document, the recipient of the document, the general nature of the document and the basis of privilege, in a manner which provides for and allows for a reasonable conference pursuant to L.R. 37.1(A) between the parties pertaining to the specific document.

## SCHEDULE A

1. With regard to the Shrewsbury Middle School Project involving Standen Construction and Jackson Construction (hereinafter "the Project"), the complete and entire claim and/or litigation file whether from court or arbitration, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to any claim and/or lawsuit arising out of the Project, whether involving Landworks Creations or any other individual or entity or party aggrieved with Jackson, Standen, Lovett-Silverman or USF & G arising out of the Project, whether said claim resulted in litigation or not.

2. Any and all documentation in your possession that explains the termination of Little Medeiros, Cetrulo & Capone or Hinshaw Culbertson as counsel for USF & G in this matter.

3. For any lawsuits brought against USF & G as surety of any construction company or construction management company seeking payment by a subcontractor under G.L. c. 149 for sums claimed and owed, which were subsequently removed by USF & G from the Superior Court to the United States District Court for the District of Massachusetts, other than relating to the Project, provide the complete and entire litigation file, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to the lawsuit, including any correspondence that explains the basis for removal to the United States District Court.

4. With regards to the Project, any and all documentation in your possession that explains the decision of USF & G to remove the Landworks lawsuit from the Superior Court to the United States District Court for the District of Massachusetts.

5. For each project in Massachusetts, other than the Project which is the subject of this litigation, which generated "more than twenty one lawsuits" from subcontractors, sub sub contractors or materials providers seeking payment under a payment bond issued by USF & G under G.L. c. 149, provide for each such project the complete and entire litigation file from each case filed on that project, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to those lawsuits.

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

UNITED STATES DISTRICT COURT

*Central* DISTRICT OF *Massachusetts*

*Landworks Creations, LLC*    **SUBPOENA IN A CIVIL CASE**

V.

*USPS Jet al*

Case Number:[1]    *05-CV-40072 FDS*

TO: *Cetrulo & Capone - Keeper of the Records*
*Two Seaport Lane*
*Boston MA*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See Exhibit A*

| PLACE *Mountain States Law Group* | DATE AND TIME |
|---|---|
| *160 Speen St, Suite 307, Fram MA* | *6/29/07  9:15 am* |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Plaintiff's Counsel* | DATE *6/14/07* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Robert N Meltzer*
*PO Box 1459 Fram MA    508-872-7116*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

The Deponent is requested to produce the following documents.

In the event that the Deponent claims privilege over any document sought, the Deponent is requested to provide a privilege log, identifying with particularity the document claimed to be privileged, including the date of creation of the document, the nature of the document, the creator of the document, the recipient of the document, the general nature of the document and the basis of privilege, in a manner which provides for and allows for a reasonable conference pursuant to L.R. 37.1(A) between the parties pertaining to the specific document.

## SCHEDULE A

1.With regard to the Shrewsbury Middle School Project involving Standen Construction and Jackson Construction (hereinafter "the Project"), the complete and entire claim and/or litigation file whether from court or arbitration, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to any claim and/or lawsuit arising out of the Project, whether involving Landworks Creations or any other individual or entity or party aggrieved with Jackson, Standen, Lovett-Silverman or USF & G arising out of the Project, whether said claim resulted in litigation or not.

2. Any and all documentation in your possession that explains the termination of Little Medeiros, Cetrulo & Capone or Hinshaw Culbertson as counsel for USF & G in this matter.

3. For any lawsuits brought against USF & G as surety of any construction company or construction management company seeking payment by a subcontractor under G.L. c. 149 for sums claimed and owed, which were subsequently removed by USF & G from the Superior Court to the United States District Court for the District of Massachusetts, other than relating to the Project, provide the complete and entire litigation file, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to the lawsuit, including any correspondence that explains the basis for removal to the United States District Court.

4. With regards to the Project, any and all documentation in your possession that explains the decision of USF & G to remove the Landworks lawsuit from the Superior Court to the United States District Court for the District of Massachusetts.

5. For each project in Massachusetts, other than the Project which is the subject of this litigation, which generated "more than twenty one lawsuits" from subcontractors, sub sub contractors or materials providers seeking payment under a payment bond issued by USF & G under G.L. c. 149, provide for each such project the complete and entire litigation file from each case filed on that project, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to those lawsuits.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

*Central*                    DISTRICT OF     *Massachusetts*

*Landworks Creations, LLC*          **SUBPOENA IN A CIVIL CASE**
                    V.

*USFS Jet al*                    Case Number:[1]   *05-CV-40072*
                                                   *FDS*

TO:   *The Keeper of the Records*
      *Hinshaw & Culbert son*
      *One International Place*
      *Boston MA*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See Exhibit A*

| PLACE *Mountain States Law Group* *160 Speen St, Suite 307, Fram MA* | DATE AND TIME *6/29/07  9:30 a.m* |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE *6/14/07* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Robert N. Meltzer*
*PO Box 1455 Fram MA  508-872-7116*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

The Deponent is requested to produce the following documents.

In the event that the Deponent claims privilege over any document sought, the Deponent is requested to provide a privilege log, identifying with particularity the document claimed to be privileged, including the date of creation of the document, the nature of the document, the creator of the document, the recipient of the document, the general nature of the document and the basis of privilege, in a manner which provides for and allows for a reasonable conference pursuant to L.R. 37.1(A) between the parties pertaining to the specific document.

## SCHEDULE A

1. With regard to the Shrewsbury Middle School Project involving Standen Construction and Jackson Construction (hereinafter "the Project"), the complete and entire claim and/or litigation file whether from court or arbitration, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to any claim and/or lawsuit arising out of the Project, whether involving Landworks Creations or any other individual or entity or party aggrieved with Jackson, Standen, Lovett-Silverman or USF & G arising out of the Project, whether said claim resulted in litigation or not.

2. Any and all documentation in your possession that explains the termination of Little Medeiros, Cetrulo & Capone or Hinshaw Culbertson as counsel for USF & G in this matter.

3. For any lawsuits brought against USF & G as surety of any construction company or construction management company seeking payment by a subcontractor under G.L. c. 149 for sums claimed and owed, which were subsequently removed by USF & G from the Superior Court to the United States District Court for the District of Massachusetts, other than relating to the Project, provide the complete and entire litigation file, including but not limited to any pleadings or settlement agreements  or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to the lawsuit, including any correspondence that explains the basis for removal to the United States District Court.

4. With regards to the Project, any and all documentation in your possession that explains the decision of USF & G to remove the Landworks lawsuit from the Superior Court to the United States District Court for the District of Massachusetts.

5. For each project in Massachusetts, other than the Project which is the subject of this litigation, which generated "more than twenty one lawsuits" from subcontractors, sub sub contractors or materials providers seeking payment under a payment bond issued by USF & G under G.L. c. 149, provide for each such project the complete and entire litigation file from each case filed on that project, including but not limited to any pleadings or settlement agreements or proof of payment of claims or documentation or correspondence or e-mail to or from any party, individual, municipality, sole proprietorship, corporation of any type, insurance company, law firm or any other business entity, relating or referring in any way to those lawsuits.