UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC,              )<br>                                                              )<br>     **Plaintiff,**                                     )<br>                                                              )<br>vs.                                                          )<br>                                                              )<br>                                                              )   C.A. No. 4:05-CV-40072-FDS<br>UNITED STATES FIDELITY AND      )<br>GUARANTY COMPANY, and          )<br>LOVETT SILVERMAN CONSTRUCTION )<br>CONSULTANTS, INC.                        )<br>                                                              )<br>     **Defendant,**                                  )<br>                                                              ) | |

**MEMORANDUM IN SUPPORT OF
UNITED STATES FIDELITY AND GUARANTY COMPANY'S
MOTION TO QUASH, OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER,
AND FOR SANCTIONS**

Pursuant to Fed. R. Civ. P. 26(c) and 45(c), United States Fidelity and Guaranty Company ("USF&G") moves the Court to quash the following deposition notices and subpoenas served by Landworks Creations, LLC ("Landworks"):

1. Keeper of Records of Cetrulo & Capone LLP, scheduled for June 29, 2007;

2. Keeper of Records of Hinshaw & Culbertson, LLP, scheduled for June 29, 2007;

3. Keeper of Records of Hermes, Netburn, O'Connor & Spearing, PC, scheduled for June 29, 2007.

In the alternative, USF&G moves the Court to enter a protective order. Furthermore, USF&G moves the Court for sanctions against Landworks, including but not limited to the expenses incurred in relation to this motion.

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 45(c), "[a] party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee." The above-referenced keeper of records deposition subpoenas were issued on behalf of Landworks in flagrant violation of Rule 45.  The subpoenas, served upon USF&G's current and former counsel in this litigation, request a monumental amount of documents that have no relevance to the subject matter of this litigation and which are obviously protected by the attorney-client privilege and/or work product doctrine.

I.   USF&G has been represented by each of the three deponents in the present litigation.

Each of the deponents, Cetrulo & Capone LLP ("Cetrulo"), Hinshaw & Culbertson, LLP ("Hinshaw"), and Hermes, Netburn, O'Connor & Spearing, PC ("Hermes"), has appeared as defense counsel for USF&G in the present litigation, as well as other construction-related litigation in state and federal courts in the Commonwealth of Massachusetts.

On or about April 8, 2005, Landworks' filed its Verified Complaint in this matter in Worcester Superior Court. USF&G was the only named defendant.  According to the return of service, the Verified Complaint was served upon USF&G on April 21, 2005.  On or about May 9, 2005, Joseph P. Quinn, Esq. of Little, Medieros, Kinder, Bulman & Whitney P.C. ("Little Medieros"), a Rhode Island-based law firm, contacted Landworks' counsel to request an extension of the time for USF&G to file a responsive pleading, which was granted.  Neither Mr.

2

Quinn nor any other attorney at Little Medieros filed an appearance on behalf of USF&G in this litigation.

On or about May 12, 2005, Brad Carver, Esq. of Cetrulo filed a Notice of Removal on behalf of USF&G in the present Court. On May 13, 2005, Landworks filed a motion to remand, to which USF&G filed an opposition on May 25, 2005. In or about September, 2005, Mr. Carver joined Hinshaw and continued to represent USF&G. Thereafter, Eric Loeffler, Esq. of Hinshaw appeared for USF&G.

The Court held a hearing on the motion to remand on October 21, 2005, at which USF&G was represented by Messrs. Carver and Loeffler. After the hearing, Kevin O'Connor, Esq. of Hermes appeared for USF&G, and Messrs. Carver and Loeffler withdrew. On or about November 7, 2005, Eric Hipp, Esq. of Hermes filed an appearance on behalf of USF&G.

II. Through keeper of records deposition subpoenas served upon USF&G's current and former counsel, Landworks has requested documents created by or on behalf of USF&G.

The description of the documents requested by Landworks from USF&G's current and former counsel is the same for each deponent. In essence, Landworks requests the following documents:

1. the complete and entire **claim and/or litigation file for every claim and/or lawsuit arising out of the Shrewsbury Middle School construction project** (the "Project"), **specifically including the present litigation**;
2. all documents that explain the "termination" of Little Medeiros, Cetrulo or Hinshaw as counsel for USF&G the present litigation;
3. the complete and entire **claim and/or litigation file for every lawsuit filed against USF&G** by a subcontractor asserting a payment bond claim in Massachusetts Superior Court **that was removed by USF&G to the United States District Court for the District of Massachusetts**;
4. all documentation that explains USF&G's decision to remove the present litigation from state court to federal court;
5. the complete and entire **claim and/or litigation file for every lawsuit filed against USF&G** by a subcontractor, sub-subcontractor, or materials provider

3

>asserting a payment bond claim **with respect to any construction project in Massachusetts** (other than the Project) **ever**.

It is readily apparent that all of the documents in the requested "claim files" and "litigation files" (i.e., requests 1, 3 and 5) were created by or on behalf of USF&G.  In addition to the fact that such files have no relevance to the subject matter of this litigation, they are obviously replete with documents protected by the attorney-client privilege and/or work product doctrine.  It is also readily apparent that all of the documents regarding USF&G's relationships with its current and former counsel (i.e., request 2) strikes at the heart of the attorney-client privilege.  The decision to remove this litigation to federal court (i.e., request 5) was an exercise of constitutional and statutory rights that was obviously based upon attorney-client communications and work product.  To the extent that the requested documents are in the possession of USF&G's current and former legal counsel, they are under USF&G's control.  Furthermore, these documents are obviously protected by the attorney- client privilege and/or work product doctrine.  USF&G has a personal right or privilege with respect to the requested documents and therefore standing to move to quash the subpoenas and seek additional relief from the Court.  See Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 590-1 (D. Kan. 2003).

III.   The Court must quash the keeper of records deposition subpoenas to prevent disclosure of privileged or other protected matter and to prevent undue burden upon USF&G and its current and former counsel. which seek privileged documents.

The Court has broad discretion to manage discovery matters.  Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003).  At the May 31, 2007 Status Conference in this matter, the Court explicitly stated to Landworks' counsel that the intended keeper of records document requests be "targeted."  The Court also specifically invited USF&G to file a motion if they were not.

Despite the Court's admonition, Landworks has subpoenaed a monumental amount of documents that have no relevance to the subject matter of this litigation. Landworks requests the "claim file" and or "litigation file" for every payment bond claim brought against USF&G: arising out of the Project or arising out of any construction project in Massachusetts, without any time limitation. Landworks requests the "claim file" and or "litigation file" for every payment bond claim brought against USF&G, without any time limitation, in which USF&G removed the case from Massachusetts Superior Court to the United States District Court for the District of Massachusetts. The term "fishing expedition" does not begin to describe the outrageous scope of Landworks' request.

Again, the "claim files" and "litigation files" in the possession of USF&G's current and former counsel are obviously replete with documents protected by the attorney-client privilege and/or work product doctrine. Documents regarding USF&G's legal representation in this matter and the decision to exercise constitutional and statutory rights and remove this litigation to federal court are protected by the attorney-client privilege and/or work product doctrine. Landworks' tactics must not be condoned, and should be sanctioned for violation of the Court's express directive, in addition to Fed. R. Civ. P. 45(c).

## **CONCLUSION**

For the reasons contained herein, USF&G requests that the Court quash the above-referenced keeper of records deposition subpoenas, or in the alternative issue a protective order. Furthermore, USF&G moves the Court for sanctions against Landworks, including but not limited to the expenses incurred in relation to this motion.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Kevin J. O'Connor, BBO No. 555249
Scott Spearing, BBO 562080
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Dated: June 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on June 29, 2007.

/s/ Eric C. Hipp
Eric C. Hipp