UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | C.A. No. 4:05-CV-40072-FDS |
| UNITED STATES FIDELITY AND ) | |
| GUARANTY COMPANY, and ) | |
| LOVETT SILVERMAN CONSTRUCTION ) | |
| CONSULTANTS, INC. ) | |
| Defendant, ) | |

### UNITED STATES FIDELITY AND GUARANTY COMPANY'S
### STATUS CONFERENCE MEMORANDUM

In preparation for the Status Conference scheduled by the Court for February 25, 2008, United States Fidelity and Guaranty Company ("USF&G") hereby submits this memorandum regarding issues that should be addressed in the further scheduling and planning for the trial of this matter.

Further Narrowing of Landworks' Claims

By Memorandum and Order dated February 6, 2008, the Court granted Defendant Lovett Silverman Construction Consultants, Inc.'s ("Lovett") Motion for Summary Judgment regarding Landworks Creations, LLC's ("Landworks") claims for fraud (Count II), tortious interference (Counts III and IV) and violations of Mass. G.L. ch. 93A and 176D (Count VI). Landworks' claims against United States Fidelity and Guaranty Company ("USF&G") for fraud (Count II),

and tortious interference (Counts III and IV) are identical to those asserted against Lovett. USF&G will seek leave to file a motion for partial summary judgment to extend the Court's reasoning to these identical claims.  USF&G's proposed motion will also seek summary judgment regarding Landworks' claims of vicarious liability (Count VII) and negligent supervision (Count VIII) based upon the lack of actionable claims against Lovett.

USF&G's proposed motion will also seek summary judgment regarding Landworks' claim against USF&G for conversion (Count V).  "The elements of conversion require that a defendant be proved to have 'intentionally or wrongfully exercise[d] acts of ownership, control or dominion over personal property to which he has no right of possession at the time….'" Grand Pacific Finance Corp. v. Brauer, 57 Mass. App. Ct. 407, 412, 783 N.E.2d 849, 857 (2003)(quoting Abington Natl. Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507, 475 N.E.2d 1230, 1233 (1985)).  The plaintiff bears the burden "to prove that the articles alleged to have been converted were personalty."  Standard Plumbing Supply Co. v. Gulesian, 297 Mass. 214, 216, 87 N.E.2d 508, 509 (1937).  As alleged in the Amended Complaint, Landworks claims that USF&G converted the value of Landworks' work at the Shrewsbury Middle School construction project, which is not personal property.  This allegation fails to state an actionable claim against USF&G.

If USF&G's proposed motion for partial summary judgment were granted in its entirety, Landworks' claims against USF&G would be limited to breach of contract (Count I) and violation of Mass. G.L. ch. 93A/176D (Count VI).

Jury Trial vs. Non-Jury Trial

If allowed to file the proposed motion for partial summary judgment, USF&G will also file a motion, pursuant to Fed. R. Civ. P. 39(a), to strike Landworks' demand for trial by jury with respect to its claim for breach of contract.[1]  Despite the title, Landworks' claim in Count I is actually a claim against the payment bond pursuant to Mass. G.L. ch. 149, § 29.  The contract referenced in Paragraph 17 of Count I is the payment bond issued by USF&G, which named Standen Contracting Company as principal and Town of Shrewsbury as obligee.  Throughout the course of this litigation, Landworks has characterized its primary claim against USF&G as a payment bond pursuant to Mass. G.L. ch. 149, § 29.  See Plaintiff's Motion for Remand (Document 3), p. 1 ("The Plaintiff filed this lawsuit … seeking relief against the surety of a defunct general contractor under M.G.L. c. 149 § 29"); and Plaintiff's Motion to Advance this Matter for Speedy Trial Pursuant to M.G.L. c. 149 § 29 (Document 66), p. 1 ("This is a lawsuit arising out of M.G.L. c. 149 § 29 concerning public construction at Shrewsbury Middle School.").

As provided by Mass. G.L. ch. 149, § 29, "in order to obtain the benefit of such bond for any amount claimed due and unpaid at any time, any claimant … shall have a right to enforce any such claim by (a) filing a **petition in equity** …."  Under the Seventh Amendment to the Constitution of the United States, "the right to jury trial is preserved for actions at law, but actions in equity are not triable by jury." In re Hutchins, 211 B.R. 322 (Bankr. E.D. Ark. 1997).  Accordingly, Landworks' payment bond claim (Count I), as well as its claim for violation of Mass. G.L. ch. 93A (Count VI), should be tried to the Court.

---

[1]  At the May 31, 2007 Status Conference/Summary Judgment Hearing in this matter, the Court stated that Landworks' claim for violation of Mass. G.L. ch. 93A (Count VI) would be tried at the same time as the underlying matter, but would be decided by the Court and not a jury.  If USF&G's proposed motion for partial summary judgment were granted in its entirety, Landworks only other claim against USF&G would be breach of contract (Count I).

3

Bifurcation of Trial on Breach of Contract and Mass. G.L. ch. 93A Claims

In the alternative, if the Court determines that Landworks does have a right to jury trial on one or more of its claims, such claims should be tried without introduction of evidence and testimony relevant only to the Mass. G.L. ch. 93A claim. During the jury's deliberations, the parties could call or recall witnesses and introduce evidence on this claim, the primary focus of which will be on the reasonableness of USF&G's investigation and evaluation of the merits of Landworks' payment bond claim.

As stated in Count VI of the Amended Complaint, Landworks contend that USF&G violated the statue by allegedly failing to investigate its claim and declining to make full settlement of the claim when liability was reasonably clear. The test for determining whether an insurer's liability was 'reasonably clear' is "whether a reasonable person, with the knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insurer was liable to the plaintiff." Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass. App. Ct. 955, 956 (1995). Even if the insurer's denial is judicially determined to be incorrect, "[a]n insurance company which in good faith denies a claim of coverage on the basis of a plausible interpretation of its policy is unlikely to have committed a violation of G.L. c.93A." Gulezian v. Lincoln Ins. Co., 399 Mass. 606, 613 (1987). "Liability under c.176D and 93A does not attach merely because an insurer concludes that it has no liability under an insurance policy and that conclusion is ultimately determined to have been erroneous." Pediatricians, Inc. v. Provident Life and Acc. Ins. Co., 965 F.2d 1164, 1173 (1st Ct. 1992). "When an insurance company has a reasonable and good faith belief that it is not obligated to make a payment to a claimant ..., asserts the point, and offers to take active steps to resolve the dispute, the company's action, even if ultimately held to

4

be based upon a misinterpretation of the law, would not be an unfair settlement practice."
Romano v. Arbella Mut. Ins. Co., 429 F.Supp.2d 202, 207 (2006).

Reliance upon advice of counsel and experts and the existence of close questions of fact or law are factors upon which courts rely in determining the insurer's position reasonable. For example, in Boston Symphony Orchestra v. Commercial Union Ins. Co., 406 Mass. 7, 14-5 (1989), the insured was granted summary judgment on its duty to defend claim and the insurer was granted summary judgment on the c.93A claim. The Court held that although the insurer incorrectly interpreted its policy when it declined to defend the insured, the insurer's interpretation was not unreasonable. Id. The Court stated:

> [t]here is no evidence of any bad faith or ulterior motives in [the insurer]'s disclaimer of liability. Liability under G.L. c. 93A is based upon the employment of unfair or deceptive acts or practices. (citation omitted) In good faith, [the insurer] relied upon a plausible, although ultimately incorrect, interpretation of its policy. There is nothing immoral, unethical or oppressive in such an action. (citation omitted) Nor is such an action within "the penumbra of some common-law, statutory, or other established concept of unfairness." (citation omitted) … We hold that [the insurer] did not engage in unfair or deceptive acts in this case.

Id.

Furthermore, as stated in Van Dyke v. St. Paul Fire and Marine Ins. Co., 388 Mass. 671, 678, 448 N.E.2d 357, 362 (1983), if an insurer does not conduct a proper investigation before rejecting the claim, but subsequent investigation including independent advice from an expert witness or counsel indicate that liability was not reasonably clear, then the plaintiff did not suffer any injury or adverse affect and can not recover under Mass. G.L. ch. 93A. Applying this principal, if the Court determined during the course of the trial of the payment bond claim that USF&G's liability was not reasonably clear (i.e., there was a substantial dispute as to the amount due Landworks), then the Court could dispose of the Mass. G.L. ch. 93A claim for lack of causation without the need for further evidence and testimony.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Peter G. Hermes, BBO No. 231840
Kevin J. O'Connor, BBO No. 555249
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
  SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Dated: February 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on February 21, 2008.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\St. Paul Travelers\Jackson Construction\Landworks\Pleadings\Status Conference Memorandum.doc