UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LANDWORKS CREATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 4:05-CV-40072-FDS |
| | ) | |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, et al. | ) | |
| | ) | |
| Defendant, | ) | |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

### INTRODUCTION

By Memorandum and Order of February 6, 2008 ("the Decision")[1], the Court granted Lovett Silverman Construction Consultants', ("L-S") Motion for Summary Judgment[2] as to Landworks Creations, LLC's ("Landworks") claims for fraud, tortous [sic] interference, and violations of Mass. G.L. ch. 93A and 176D (Counts II, III, IV, and VI of the Amended Complaint).[3]  Landworks' claims against United States Fidelity and Guaranty ("USF&G") for fraud and tortous [sic] interference (Counts II, III and IV) are identical to those against L-S. USF&G moves for summary judgment to extend the Decision to these identical claims.  USF&G also moves for summary judgment on Landworks' claims of (1) vicarious liability and negligent supervision (Counts VII and VIII) based upon Landworks' failure to sustain any claims against L-S; and (2) conversion (Count V) because it cannot establish a prima facie case.

---

[1] A copy of the Decision is attached as Exhibit 1 to the Affidavit of Eric C. Hipp, filed herewith.
[2] USF&G incorporates by reference Lovett's Motion for Summary Judgment and supporting materials, copies of which are attached as Exhibits 2 – 8 of the Affidavit of Eric C. Hipp.
[3] A copy of the Amended Complaint is attached as Exhibit 9 to the Affidavit of Eric C. Hipp.

**ARGUMENT**

I.  **Fraud (Count II of the Amended Complaint)**

In Count II, Landworks alleged:

(a) [USF&G and Lovett] failed to effectuate payments of monies due and owing;
(b) knowing that funds were due and owing, [USF&G and Lovett] engaged in conduct to deprive the Plaintiff of its funds, including exclusion of the Plaintiff from the Project without cause, failing to communicate with the Plaintiff to explain its conduct and failing to engage in good faith and fair dealing implied in each contract;
(c) knowing that funds were due and owing, [USF&G and Lovett] devised and carried out a conspiracy to "bang" Landworks;
(d) knowing that the Plaintiff was not culpable for defects at the site, USF&G alone and with the support of [Lovett] defamed the Plaintiff, making knowingly false statements in court papers to defend its failure to pay, and otherwise, by its conduct, implying defects in performance that harmed the Plaintiff in its business;
(e) knowing that the Plaintiff was not culpable for defects at the site, USF&G filed false statements with this Court, obstructed access to documents by thwarting the discovery process, asserted false affirmative defenses, manipulated the legal system by removing this matter to federal court in the hope of slowing the progress of litigation, assisted in and filed a knowingly false counterclaim;
(f) knowing that the Plaintiff was not culpable for defects at the site, USF&G has engaged in a pattern and practice of hindering or delaying the resolution of this litigation.

As stated by the Court on page 7 of the Decision:

> To establish fraud or fraudulent misrepresentation, a plaintiff 'must show that the defendant (1) made a false representation of a material fact (2) with knowledge of its falsity (3) for the purpose of inducing the plaintiff to act thereon, and (4) that the plaintiff reasonably relied upon the representation as true and acted upon it (5) to [its] damage.'

(quoting Eureka Broadband Corp. v. Wentworth Leasing Corp., 400 F.3d 62, 68 (1st Cir. 2005)).

With respect to (a), even assuming USF&G had a duty to effectuate payments to Landworks, "mere failure of one party to perform such a duty, without any misrepresentation, is not an act of fraud." Summary Judgment Dec., p. 9. The acts alleged in (b) are not fraud, as

2

"[p]oor communication or a failure to act in good faith simply do not constitute fraud." Id. As to the alleged "conspiracy to 'bang' Landworks" in (c), Landworks "has adduced no evidence of either misrepresentation or reasonable reliance." Id. The allegation is based entirely upon *one* e-mail, and there is no evidence anyone at USF&G ever saw or acted upon the e-mail. Id., pp. 9 and 12. The claims in (d) that USF&G made knowingly false statements during this action are "mere 'conclusory allegations, unsupported speculation and improbable inferences,'" do not constitute fraud, and cannot defeat summary judgment. Id., p. 9. Under Massachusetts law, "communications made in the 'institution or conduct of litigation or in conferences and other communications preliminary to litigation' are subject to absolute privilege." Frazier v. Bailey, 957 F.2d 920, 932 (1st Cir. 1992)(quoting Sullivan v. Birmingham, 11 Mass. App. Ct. 359, 361-2, 416 N.E.2d 528, 530 (1981).

The allegations against USF&G in (e) and (f) are similar to those of (d) and do not constitute actionable fraud. Claims of filing false statements, false affirmative defenses or a false counterclaim do not allege fraud. USF&G's communications during litigation are absolutely privileged. Conclusory allegations that USF&G obstructed the discovery process, "manipulated the legal system" by exercising its right to remove under 28 U.S.C. § 1446(a), and "hindered or delayed resolution of this matter" are legally insufficient to allege fraud. USF&G is entitled to summary judgment regarding Landworks' claim of fraud.

## II.    Tortous [sic] Interference – (Counts III and IV)

As stated by the Court on page 11 of the Decision:

> [t]o prove tortious interference with contract, the plaintiff must prove that (1) the plaintiff had a contract with a third party, (2) the defendant knowingly induced the third party to break that contract, (3) the defendant's interference, in addition to being intentional, was improper in motive or means, and (4) the plaintiff was harmed by the defendant's actions.

The caption of Counts III and IV[4] refers to claims against both USF&G and L-S.  The allegations contained therein are directed solely to L-S.  Landworks failed to make a prima facie case against L-S, and has not even alleged one against USF&G.  USF&G is entitled to summary judgment on Landworks' tortous [sic] interference claims.

### III.    Vicarious Liability (Count VII) and Negligent Supervision (Count VIII)

Count VII alleges that USF&G is vicariously liable for L-S' conduct.  "[T]he principles of vicarious liability apply where only the agent has committed a wrongful act…. The liability of the principal arises simply by the operation of law and is only derivative of the wrongful act of the agent."  Elias v. Unisys Corp., 410 Mass. 479, 481, 573 N.E.2d 946, 947-8 (1991).  As all claims against L-S have been dismissed, there can be no claim for vicarious liability.

Count VIII alleges that USF&G negligently supervised L-S and that Landworks was harmed as a result.  All claims against L-S have been dismissed,  and Landworks cannot show that L-S's conduct was the proximate cause of harm.  See Grant v. John Hancock Mut. Life Ins. Co., 183 F.Supp.2d 344, 368 (D.Mass. 2002).  Landworks also has failed to allege that USF&G knew or should have known of L-S's proclivity to commit harmful acts or that USF&G nevertheless failed to take corrective action.  See Vicarelli v. Business Int., Inc., 973 F.Supp. 241, 246 (1997).  USF&G is entitled to summary judgment regarding Landworks' claims of vicarious liability and negligent supervision.

### IV.    Conversion (Count V)

In Count V, Landworks claims that USF&G converted the $135,000 value of its work. "The elements of conversion require that a defendant … have 'intentionally or wrongfully

---

[4]  As the Court noted in the Decision, Counts III and IV of the Amended Complaint are identically worded and undistinguishable.

4

exercise[d] acts of ownership, control or dominion over personal property to which he has no right of possession at the time….'" <u>Grand Pacific Finance Corp. v. Brauer</u>, 57 Mass. App. Ct. 407, 412, 783 N.E.2d 849, 857 (2003)(quoting <u>Abington Natl. Bank v. Ashwood Homes, Inc.</u>, 19 Mass. App. Ct. 503, 507, 475 N.E.2d 1230, 1233 (1985)).  Plaintiff must "prove that the articles alleged to have been converted were personalty." <u>Standard Plumbing Supply Co. v. Gulesian</u>, 297 Mass. 214, 216, 87 N.E.2d 508, 509 (1937).  Landworks cannot establish that its work was personalty or that USF&G exercised ownership, control or domain over its work.  Count V fails to state a claim, and USF&G is entitled to summary judgment on Landworks' claim of conversion.

## CONCLUSION

For the foregoing reasons, USF&G respectfully requests that the Court grant summary judgment in its favor as to Counts II, III, IV, V, VII, and VIII of Plaintiff's Amended Complaint.

Respectfully submitted,

**UNITED STATES FIDELITY & GUARANTY COMPANY**

/s/ Eric C. Hipp
Peter G. Hermes, BBO No. 231840
Peter C. Netburn, BBO No. 546935
Kevin J. O'Connor, BBO No. 555249
Eric. C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR &
  SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on March 5, 2008.

/s/ Eric C. Hipp
Eric C. Hipp

Dated: March 5, 2008

G:\DOCS\ECH\Clients\St. Paul Travelers\Jackson Construction\Landworks\Pleadings\Motion for Partial Summary Judgment\Memo of Law Motion SJ.Sondak.Peters.rev.clean.doc