UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| UNITED STATES FIDELITY AND<br>GUARANTY COMPANY, and<br>LOVETT SILVERMAN CONSTRUCTION<br>CONSULTANTS, INC.<br>    Defendant. | ) C.A. No. 4:05-CV-40072-FDS<br>)<br>)<br>)<br>) |

**MEMORANDUM OF THE DEFENDANT,
UNITED STATES FIDELITY AND GUARANTY COMPANY,
<u>SUBMITTED AT THE PRE-TRIAL CONFERENCE</u>**

Defendant, United States Fidelity and Guaranty Company ("USF&G"), submits this memorandum in anticipation of the Pre-Trial Conference scheduled for April 29, 2008 at 3:30 p.m.

### I. BRIEF STATEMENT OF THE CASE

Plaintiff, Landworks Creations, LLC ("Landworks"), filed a payment bond claim against USF&G for site work it performed at the Shrewsbury Middle School ("Project"). The original general contractor, Standen Contracting Company, Inc. ("Standen"), first subcontracted with The Hole Story, which defaulted. Landworks replaced The Hole Story. Standen then defaulted on its contact with the Town of Shrewsbury. Landworks then signed a ratification agreement with USF&G and then a subcontract with Jackson Construction Company ("Jackson"), the successor general contractor. Jackson defaulted and USF&G retained Lovett-Silverman Construction Consultants, Inc. (Lovett-Silverman) to assess the status of the Project. Landworks performed no work following Jackson's default, but claims it is owed $135,100.70 for contract and extra work

performed for Jackson. G&R Construction ("G&R") was hired and was paid $735,809 by Travelers to complete and repair the landscaping items of work (not all of which are attributable to Landworks).

Landworks' claims against USF&G are on the USF&G's payment bond pursuant to M.G.L. ch. 149 § 29, and for alleged violations of M.G. L. ch. 93A/176D, which will be heard by the Court.

## II.    CONTESTED ISSUES OF FACTS

**A.    Landworks' Obligations**

On August 28, 2003, Standen and Landworks signed a subcontract for thirteen specified sections of the Site Construction Project Specifications. In March 2004, USF&G and Landworks signed a ratification agreement that required Landworks to complete the remaining work in accordance with its subcontract with Standen. In April 2004, Landworks signed a subcontract with Jackson for the same thirteen specified sections: site demolition (02060); site preparation (02100); earthwork (02200); geotextile fabrics (02240); erosion control (02250); bituminous concrete paving and markings (02511); concrete pavement (02515); granite curbing (02525); tracer tape (02649); storm drainage systems and sewer systems (02705); underdrain system – athletic field (02710); water systems (02713); and lawns and grasses (02930). No exceptions to these sections were identified in the Jackson-Landworks subcontract.

Landworks failed to complete all work required under these thirteen sections and performed certain work improperly, requiring USF&G to hire G&R to complete and repair the site work.

**B.     Amount Allegedly Owed to Landworks - USF&G's Position**

Landworks claims that it is owed $135,101 for its subcontract Work.  USF&G's position is that Landworks is owed no more than $105,708.14 before deducting the cost of completing and repairing Landworks' work.  However, it cost USF&G at least $268,078.20 to complete and repair Landworks' unfinished work.  Therefore, USF&G's cost of completing and repairing the site work exceeds the amount claimed by Landworks.[1]

### III.     USF&G'S CASE

**A.     USF&G Witness List**

USF&G will likely call the following witnesses:

1.     Jeffrey Richards, a registered landscape architect formerly with Waterman Design Associates and currently with Meridian Associates, 69 Milk Street, Westboro, MA, will testify about the site work performed at the Project, including the deficiencies of the work performed by Landworks he observed in the fall and early winter of 2004.

2.     James Peters, Jr., Vice President, Bond Claim, Travelers, One Tower Square, Hartford, CT, will testify concerning payments made by USF&G with respect to Landworks' defective and incomplete work and the investigation and handling of Landworks' claims.

3.     Kathy Crockett, an architect with Lamoureus, Pagano Associates, 14 East Worcester Street, Worcester, MA, will testify about the work performed at the Project, including that of Landworks.

---

[1] Landworks disputes whether concrete specification section 02515 and rubberized track work were included in its subcontract.  When the concrete specification section 02515 and rubberized track work are factored into this analysis, it cost USF&F $469,480.51 to complete and repair Landwork's unfinished work, which exceeds the amount claimed by Landworks.

4. Richard McGuinness, 48 Early Red Circle, Plymouth, MA, formerly with Jackson, will testify regarding his conversations with Neal Matthews from Landworks regarding the contract between Landworks and Jackson.

5. Additional Witnesses. USF&G reserves its right to call the witnesses listed in its Rule 26(a) Disclosures and those listed by the plaintiff.

6. Any keeper of the records required to authenticate/admit into evidence the proposed exhibits if not previously agreed upon by the parties.

**B.   USF&G's Expert Witnesses**

1. As indicated in USF&G's Expert Disclosures, George Byl, of Restructure Company, Inc., will testify that the fair and reasonable value of repairing and completing Landworks' work was between $268,000 and $469,000, which exceeds the amount claimed by Landworks.

2. As indicated in USF&G's Expert Disclosures, Michael Pellegri, Vice President of Vertex Construction Services, Inc., will testify that he reviewed the cost of the work performed by G&R under specifications: earthwork (02200), erosion control (02250), bituminous concrete paving and markings (02511), concrete paving (02515), storm drainage and sanitary sewer systems (02705), water system (02713), and lawns and grasses (02930), and will testify that USF&G paid G&R over $700,000 for this work.

**C.   USF&G's Proposed Exhibits**

1. Photographs of the Project site.

2. The Shrewsbury Middle School Specifications and Site Plans; Standen Contract with the Town of Shrewsbury; Subcontract between Standen and Landworks; Subcontractor Hold Agreement between Standen and Landworks; Applications for

Payment; Subcontract between Jackson and Landworks; Change Orders and Proposed Change Orders; and G&R Invoices.

3. Various reports, letters, and emails from Construction Technologies Management, Inc., Jackson, Lamoureux, Pagano Associates, Waterman Design Associates, and Lovett-Silverman regarding the site work performed on the Project.

4. Landworks Field Report dated July 22, 2004 and Weekly Payroll Report Form dated September 25, 2004.

## IV.   ISSUES OF LAW

### A.   Landworks' Insufficient Expert Disclosure

On June 15, 2007, Landworks disclosed William Gallagher, a construction manager, as its expert witness. Mr. Gallagher's report is the affidavit submitted in opposition to Lovett-Silverman's summary judgment motion. The affidavit is focused solely on the conduct of Lovett-Silverman and does not contain an opinion regarding the money owned to Landworks by USF&G. USF&G will file a motion *in limine* to preclude Mr. Gallagher from testifying in this action.

In addition, because Landworks did not disclose any bad faith/claim handling expert, USF&G will file a motion *in limine* to exclude the plaintiff's Chapter 93A/176D claim from the trial.

### B.   Plaintiff's Chapter 93A/176D Claim

If the bad faith claim remains in the case, Landworks presumably will argue that USF&G violated G.L. c. 93A/176D by failing to investigate its claim and declining to make full settlement of the claim when liability was reasonably clear. An insurer's duty to settle arises only when liability has become reasonably clear, and encompasses both liability and damages.

5

*O'Leary-Alison v. Metropolitan Property & Casualty Insurance Co.*, 52 Mass. App. Ct. 214, 215 (2001). To determine whether an insured's liability has become reasonably clear, an objective test, whether the insurer reasonably believed that the insured's claims were questionable, is used. *Galena v. Commerce Insurance Co.*, 2006 WL 446089, 3 (Mass. Super.). In fact, Chapter 93A may not attach even if the insurer's legal position ultimately turns out to be mistaken or unsuccessful. *M. Dematteo Construction Co. v. Century Indemnity Co.*, 182 F. Supp.2d 146, 164 (D. Mass. 2001), *Boston Symphony Orchestra v. Commercial Union Ins. Co.*, 406 Mass. 7, 14-5 (1989). Because there is a substantial dispute regarding the scope of the subcontracts, the work performed by Landworks, and the amount due Landworks, liability is not reasonably clear and USF&G is not liable under these statutes.

## V. LENGTH OF TRIAL

USF&G estimates that the bench trial of this case will take five half days to complete.

 

Respectfully submitted,
**UNITED STATES FIDELITY &
GUARANTY COMPANY,**
By its attorneys,


    /s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
Kevin J. O'Connor, BBO No. 555249
Cynthia J. Stephens, BBO No. 560670
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113

Date: April 28, 2008

(617) 728-0050
(617) 728-0052 (F)

6

**Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 28, 2008.

.

                                                   /s/ Peter G. Hermes
                                                   Peter G. Hermes

G:\DOCS\PGH\clients\St. Paul Travelers\Landworks\Memo submitted at Pre-Trial Conf.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| UNITED STATES FIDELITY AND<br>GUARANTY COMPANY, and<br>LOVETT SILVERMAN CONSTRUCTION<br>CONSULTANTS, INC.<br>    Defendant, | ) C.A. No. 4:05-CV-40072-FDS<br>)<br>)<br>)<br>) |

**MEMORANDUM OF THE DEFENDANT,
UNITED STATES FIDELITY AND GUARANTY COMPANY
SUBMITTED AT THE PRE-TRIAL CONFERENCE**

Defendant, United States Fidelity and Guaranty Company ("USF&G"), submits this memorandum in anticipation of the Pre-Trial Conference scheduled for April 29, 2008 at 3:30 p.m.

### I.    BRIEF STATEMENT OF THE CASE

Plaintiff, Landworks Creations, LLC ("Landworks"), filed a payment bond claim against USF&G for site work it performed at the Shrewsbury Middle School ("Project"). The original general contractor, Standen Contracting Company, Inc. ("Standen"), first subcontracted with The Hole Story, which defaulted. Landworks replaced The Hole Story. Standen then defaulted on its contact with the Town of Shrewsbury. Landworks then signed a ratification agreement with USF&G and then a subcontract with Jackson Construction Company ("Jackson"), the successor general contractor. Jackson defaulted and USF&G retained Lovett-Silverman Construction Consultants, Inc. (Lovett-Silverman), to assess the status of the Project. Landworks performed no work following Jackson's default but claims it is owed $135,100.70 for contract and extra

work performed for Jackson. G&R Construction ("G&R") was hired and was paid $735,809 by Travelers to complete and repair the landscaping items of work (not all of which are attributable to Landworks).

Landworks' claims against USF&G are on the USF&G's payment bond pursuant to M.G.L. ch. 149 § 29, and for alleged violations of M.G. L. ch. 93A/176D, which will be heard by the Court.

## II.     CONTESTED ISSUES OF FACTS

### A.     Landworks' Obligations

On August 28, 2003, Standen and Landworks signed a subcontract for thirteen specified sections of the Site Construction Project Specifications. In March 2004, USF&G and Landworks signed a ratification agreement that required Landworks to complete the remaining work in accordance with its subcontract with Standen. In April 2004, Landworks signed a subcontract with Jackson for the same thirteen specified sections: site demolition (02060); site preparation (02100); earthwork (02200); geotextile fabrics (02240); erosion control (02250); bituminous concrete paving and markings (02511); concrete pavement (02515); granite curbing (02525); tracer tape (02649); storm drainage systems and sewer systems (02705); underdrain system – athletic field (02710); water systems (02713); and lawns and grasses (02930). No exceptions to these sections were identified in the Jackson-Landworks subcontract.

Landworks failed to complete all work required under these thirteen sections and performed certain work improperly, requiring USF&G to hire G&R to complete and repair the site work.

B.  **Amount Allegedly Owed to Landworks - USF&G's Position**

Landworks claims that it is owed $135,101 for its subcontract Work. USF&G's position is that Landworks is owed no more than $105,708.14 before deducting the cost of completing and repairing Landworks' work. However, it cost USF&G at least $268,078.20 to complete and repair Landworks' unfinished work. Therefore, USF&G's cost of completing and repairing the site work exceeds the amount claimed by Landworks.[1]

### III. USF&G'S CASE

A.  **USF&G Witness List**

USF&G will likely call the following witnesses:

1. Jeffrey Richards, a registered landscape architect formerly with Waterman Design Associates and currently with Meridian Associates, 69 Milk Street, Westboro, MA, will testify about the site work performed at the Project, including the deficiencies of the work performed by Landworks he observed in the fall and early winter of 2004.

2. James Peters, Jr., Regional Claim Officer, Travelers, One Tower Square, Hartford, CT, will testify concerning payments made by USF&G with respect to Landworks' defective and incomplete work and the investigation and handling of Landworks' claims.

3. Kathy Crockett, an architect with Lamoureux, Pagano Associates, 14 East Worcester Street, Worcester, MA, will testify about the work performed at the Project, including that of Landworks.

---

[1] Landworks disputes whether concrete specification section 02515 and rubberized track work were included in its subcontract. When the concrete specification section 02515 and rubberized track work are factored into this analysis, it cost USF&F $469,480.51 to complete and repair Landwork's unfinished work, which exceeds the amount claimed by Landworks.

4. Richard McGuinness, 48 Early Red Circle, Plymouth, MA, formerly with Jackson, will testify regarding his conversations with Neal Matthews from Landworks regarding the contract between Landworks and Jackson.

5. Additional Witnesses. USF&G reserves its right to call the witnesses listed in its Rule 26(a) Disclosures and those listed by the plaintiff.

6. Any keeper of the records required to authenticate/admit into evidence the proposed exhibits if not previously agreed upon by the parties.

**B.   USF&G's Expert Witnesses**

1. As indicated in USF&G's Expert Disclosures, George Byl, of Restructure Company, Inc., will testify that the fair and reasonable value of repairing and completing Landworks' work was between $268,000 and $469,000, which exceeds the amount claimed by Landworks.

2. As indicated in USF&G's Expert Disclosures, Michael Pellegri, Vice President of Vertex Construction Services, Inc., will testify that he reviewed the cost of the work performed by G&R under specifications: earthwork (02200), erosion control (02250), bituminous concrete paving and markings (02511), concrete paving (02515), storm drainage and sanitary sewer systems (02705), water system (02713), and lawns and grasses (02930), and will testify that USF&G paid G&R over $700,000 for this work.

**C.   USF&G's Proposed Exhibits**

1. Photographs of the Project site.

2. The Shrewsbury Middle School Specifications and Site Plans; Standen Contract with the Town of Shrewsbury; Subcontract between Standen and Landworks; Subcontractor Hold Agreement between Standen and Landworks; Applications for

Payment; Subcontract between Jackson and Landworks; Change Orders and Proposed Change Orders; and G&R Invoices.

3. Various reports, letters, and emails from Construction Technologies Management, Inc., Jackson, Lamoureux, Pagano Associates, Waterman Design Associates, and Lovett-Silverman regarding the site work performed on the Project.

4. Landworks Field Report dated July 22, 2004 and Weekly Payroll Report Form dated September 25, 2004.

## IV.   ISSUES OF LAW

### A.   Landworks' Insufficient Expert Disclosure

On June 15, 2007, Landworks disclosed William Gallagher, a construction manager, as its expert witness. Mr. Gallagher's report is the affidavit submitted in opposition to Lovett-Silverman's summary judgment motion. The affidavit is focused solely on the conduct of Lovett-Silverman and does not contain an opinion regarding the money owed to Landworks by USF&G. USF&G will file a motion *in limine* to preclude Mr. Gallagher from testifying in this action.

In addition, because Landworks did not disclose any bad faith/claim handling expert, USF&G will file a motion *in limine* to exclude the plaintiff's Chapter 93A/176D claim from the trial.

### B.   Plaintiff's Chapter 93A/176D Claim

If the bad faith claim remains in the case, Landworks presumably will argue that USF&G violated G.L. c. 93A/176D by failing to investigate its claim and declining to make full settlement of the claim when liability was reasonably clear. An insurer's duty to settle arises only when liability has become reasonably clear, and encompasses both liability and damages.

*O'Leary-Alison v. Metropolitan Property & Casualty Insurance Co.*, 52 Mass. App. Ct. 214, 215 (2001). To determine whether an insured's liability has become reasonably clear, an objective test, whether the insurer reasonably believed that the insured's claims were questionable, is used. *Galena v. Commerce Insurance Co.*, 2006 WL 446089, 3 (Mass. Super.). In fact, Chapter 93A may not attach even if the insurer's legal position ultimately turns out to be mistaken or unsuccessful. *M. Dematteo Construction Co. v. Century Indemnity Co.*, 182 F. Supp.2d 146, 164 (D. Mass. 2001), *Boston Symphony Orchestra v. Commercial Union Ins. Co.*, 406 Mass. 7, 14-5 (1989). Because there is a substantial dispute regarding the scope of the subcontracts, the work performed by Landworks, and the amount due Landworks, liability is not reasonably clear and USF&G is not liable under these statutes.

## V. LENGTH OF TRIAL

USF&G estimates that the bench trial of this case will take five half days to complete.

Respectfully submitted,
**UNITED STATES FIDELITY & GUARANTY COMPANY,**
By its attorneys,

/s/ Peter G. Hermes

Peter G. Hermes, BBO No. 231840
Kevin J. O'Connor, BBO No. 555249
Cynthia J. Stephens, BBO No. 560670
HERMES, NETBURN, O'CONNOR
  & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050
(617) 728-0052 (F)

Date: April 28, 2008

G:\DOCS\PGH\clients\St. Paul Travelers\Landworks\Trial Memo.doc