UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS-CENTRAL DIVISION

|  |  |
|---|---|
| LANDWORKS CREATIONS, LLC ) | CIVIL ACTION NO: 05-CV-40072 FDS |
| ) |  |
| Plaintiff ) |  |
| ) |  |
| v. ) | PLAINTIFF, LANDWORKS |
| ) | CREATIONS, LLC'S |
| UNITED STATES FIDELITY AND ) | STATEMENT IN LIMINE |
| GUARANTY COMPANY and ) | AS TO THE QUESTION OF |
| LOVETT-SILVERMAN CONSTRUCTION ) | A RIGHT TO A JURY TRIAL |
| CONSULTANTS, INC. ) |  |
| ) |  |
| Defendants ) |  |

Now comes the Plaintiff, Landworks Creations, LLC ("the Plaintiff") and provides, in limine, its position as to the issue of jury trial.

1. The Plaintiff contends that USF & G slightly misconstrues what was said by Plaintiff's counsel at the April 29, 2008 hearing with regard to Count I. At the hearing, counsel was noting that, in general, payment bond claims arise out of work performed on behalf of a general contractor who has not made payment under a bond. In such instances in which the primary issue of the Court would be appropriateness of a bond claim (coverage, trigger issues, timeliness of claim, notice), then the case would likely be one for adjudication by a judge as trier of fact.

2. This lawsuit, however, represents a claim under G.L. c. 149 § 29 based upon a performance bond in which the Surety has stepped into the shoes of Standen Construction, and is tendering defenses in the stead of a general contractor. USF & G is tendering defenses to performance under a ratification agreement. Thus, it is a construction contract case under G.L. c. 149 § 29, guided by that statute, but tried to a

jury. Thus, the rights and remedies applied are the rights and remedies under G.L. c. 149, under which the ratification agreement is the contract document.

3. The mere fact that Standen is no longer in business at no fault to Landworks does not strip Landworks of its right to a jury trial on a construction contract.

4. USF & G states that "it is USF & G's position only that there is no jury trial right on a Ch. 149 § 29 bond claim." Landworks agrees to the extent of a pure payment bond claim in which the issue is coverage. Landworks disagrees with that statement to the extent that a performance bond claim which permits contractual defenses and counterclaims *must* be heard by a jury.

5. Landworks notes that the statute is silent on the issue of jury trial versus bench trial. The law does not state that the trial is to be heard in front of one versus another.

6. There is nothing in the statute which would strip Landworks of its constitutional right to a jury trial, or which confers upon the Court the right to do so.

7. Further, the Defendant has filed a counterclaim, and has raised defenses of "abandonment" to this case. Landworks is entitled, constitutionally, to its jury on claims brought against it.

8. Finally, Plaintiff agrees that claims under G.L. c. 93A are tried to the Court.

Respectfully Submitted,
**Landworks Creations, LLC**
By its attorney,

s/Robert N. Meltzer
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: May 2, 2008