UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY AND | ) |
| GUARANTY COMPANY and | ) |
| LOVETT-SILVERMAN CONSTRUCTION | ) |
| CONSULTANTS, INC. | ) |
| | ) |
| Defendants | ) |

OPPOSITION OF LANDWORKS CREATIONS, LLC TO THE MOTION IN LIMINE OF THE DEFENDANT, UNITED STATES FIDELITY AND GUARANTY COMPANY, TO PRECLUDE EVIDENCE THAT ANY MORE THAN $42,030 IS DUE TO THE PLAINTIFF, LANDWORKS, CREATIONS, LLC, AND PLAINTIFF'S REQUESTS FOR COSTS FOR RESPONDING TO A BAD FAITH MOTION IN LIMINE PURSUANT TO F.R.C.P. 11

Now comes the Plaintiff, Landworks Creations, LLC, and requests that this Honorable Court summarily reject the frivolous and bad faith Motion in Limine to Preclude Evidence that More than $42,030 is Due to the Plaintiff. As grounds for this Opposition, the Plaintiff states as follows:

1. This lawsuit arises out of a construction contract between Landworks Creations, LLC and Standen.. This case is a straightforward collection case seeking paying for construction work performed at a public project. There has not been a scrap of admissible evidence

identified in this case that denies that Landworks performed the work subject to its invoices.

2. Defendant, USF & G, took over the obligations of Standen under both payment and performance bonds. USF & G stands in the shoes of Standen for the purposes of this lawsuit, both individually and as a principal liable for misconduct of agents it brought to the project.

3. These obligations assumed by USF & G included payment due to contractors who had performed work prior to the failure of Standen, and obligations to complete the project thereafter, and to ensure that all other obligations of the Standen contract were met.

4. Defendant, USF & G is an insurance company, and does not perform construction work. Defendant, USF & G retained a series of consultants to perform construction services on behalf of USF & G.

5. Lovett-Silverman was one such construction consultant. Another was Jackson Construction, which served as the Surety's construction "manager" after the failure of Standen, and which, also, subsequently failed.

6. Following the failure of Standen, Landworks Creations signed a ratification agreement with USF & G. Under that agreement, it was paid current, less retainage withheld. Landworks Creations, LLC also agreed to complete its work under the Standen contract, and USF & G agreed to pay for those services in the same manner as Standen.

7. The record shows that Landworks Creations, LLC in the good faith, team spirit of completing the project, performed work as requested by the surety's managers.

8. USF & G continues to insist, erroneously, that Landworks Creations, LLC signed a subcontractor agreement with Jackson. Landworks Creations, LLC has categorically denied that it is subject to any such contract.

9. The document identified by USF & G as a contract between Jackson and Landworks is legally void for lack of consideration (the contract was given to Landworks Creations, LLC after substantial work was performed by Landworks under the Ratification Agreement with USF & G, being told that payment for that work and future work was contingent upon signing a contract for the same work, without any new consideration to support new promises other than the pre-existing obligations under the Ratification Agreement, document void as a contract as a matter of law. See, Swartz v Lieberman, 323, Mass. 109,112 (1948)(-"as a general proposition, it is settled in this Commonwealth that a promise to pay one for doing that which he was under a prior legal duty to do is not binding for want of consideration.").

10. In addition, a contract foisted upon a party as a precondition of payment for work performed under a written contract, and which otherwise strong arms a party into trying to surrender valuable rights, is an unenforceable contract of adhesion. In this case, Jackson waited until Landworks had incurred substantial invoices under the Ratification Agreement and needed payment upon threat of default of its obligations to third parties, and then categorically refused to even submit these invoices for payments owed, with prejudice already accruing due to lack of payment, unless Landworks Creations, LLC signed the document. Unconscionability is determined as a matter of fact at time of alleged contract formation—Struck v. Plymouth Mortgage Co., 414 Mass. 118,121

(1993)). The document identified by USF & G is not a contract, but rather more evidence of bad faith by the surety and its agents.

11. Nonetheless, USF & G asks this Court glibly and without a trial to rule that "work that Landworks performed after the Hold Agreement was executed and after the date of the Jackson Subcontract, was performed under the Jackson Subcontract." This is sheer fantasy by USF & G, and is clearly intended to deceive the Court. The Court should not, as a matter of law, rule that the contract somehow bars payment to Landworks.

12. It has always been the position, and will be the position at trial, that Landworks Creations, LLC was performing under its contract with USF & G in accordance either with its Standen obligations, or in accordance with direct order by USF & G's agents to perform additional work, and is entitled to payment for the work performed by Landworks at the direction and approval of USF & G's agents.

13. At no time during the four years since work was performed by Landworks Creations, LLC has anyone provided a shred of admissible evidence in discovery or as an exhibit to any motion that Landworks Creations, LLC did not perform the services requested of it; there has been no credible and legal excuse tendered for failure to pay.

14. In this motion in limine, Defendant USF & G is raising yet another bad faith defense, demanding that this Court accept at face value the notion that the Jackson "contract" be taken as face value, and that the Court somehow use this void document as yet another sledge hammer against a contractor who performed its work under the direction of USF & G in good faith expectation of payment.

15. Under this motion, the Defendant is apparently trying to claim somehow that the work performed at the Defendant's direction and behest is somehow to be viewed as a gift to

the Surety. There is no basis for the Court to read such an intent into the Ratification Agreement, or for the Court to accept the assertions of Defendant, USF & G at face value without a trial.

16. The Plaintiff is entitled to put into evidence all of the invoices for all of the work it performed at the Project after the failure of Standen, and to submit evidence of the retainage owed, and the amounts due for work performed until the time of winter shutdown in 2004-05.

17. In any event, Jackson was also insured under a payment bond by USF & G, thereby making the entire issue moot; Landworks is not asking USF & G to pay the costs of an unrelated entity.

18. The Plaintiff notes, again, that no evidence has been tendered which disputes that Landworks performed its work under direction of USF & G and its agents, and that the amounts correspond to the work performed.

19. The Plaintiff has already submitted evidence to this Court that demonstrates an intent by one of the Surety's agents to "bang the subcontractors," supported by expert testimony that "banging" the subcontractors was a term used to define a bad faith scheme to prevent payment for work performed.

20. This motion can only be construed as yet one more bad faith effort by USF & G to escape payment, and to completely frustrate the intent of G.L. c. 149 §29 (to effectuate the prompt and efficient payment of subcontractors on public projects).

21. The Court should take note of this pattern and practice of repeated efforts to use extralegal means to harm this Plaintiff.

22. Further, since this issue is being raised for the first time now, and was not addressed at the pre trial conference, at which time motions in limine to exclude experts and address jury issues were to be briefed between Friday the 2nd and Wednesday the 7th, this motion in limine is untimely, inappropriate and clearly designed to waste Plaintiff's time on the threshold of trial. Costs of responding to this motion should be granted, and the Motion in Limine must be DENIED.

          Respectfully Submitted,

          The Plaintiff,

          By its attorney,

          s/Robert N. Meltzer_____
          Robert N. Meltzer, BBO #564745
          The Mountain States Law Group
          P.O. Box 1459
          Framingham, MA 01701
          Phone: (508) 872-7116

May 7, 2008