UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-40072 FDS

| | |
|---|---|
| LANDWORKS CREATIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FIDELITY & | ) |
| GUARANTY COMPANY | ) |
| | ) |
| Defendant | ) |

### LANDWORKS CREATIONS, LLC 'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Landworks Creations, LLC ("Landworks"), pursuant to F.R.C.P. 51(b), moves that the jury in the above-captioned matter be instructed in accordance with the attached, specific requested jury instructions. Landworks reserves its rights to file supplemental jury instructions, or withdraw any of the instructions requested herein, in response to evidence and/or issues which may arise during the course of trial:

<u>Landworks Proposed Instruction No. 1</u>

<u>Contract</u>

A contract is a promise, or a set of promises, between two or more persons to do or not do a certain thing. Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent—that is, their agreement—to exchange promises. For example, in a contract for construction, as in the case here, the construction company promises to perform certain construction work, and the property owner agrees to pay for that work. The construction company may, in turn, enter into a contract with a subcontractor, who promise to perform some or all of that work, and the construction company promises to pay the subcontractor for that work. Each party has agreed to exchange a promise for a promise by the other party. In order for a contract to be valid and binding, there must be a present ability by the parties making the promise to be able to perform the promise.

The Plaintiff must first prove that there is a binding, contractual relationship between the parties. In order to determine whether a binding contract existed in this case, you must decide whether the parties intended to agree to the contract's terms as of the time of the contract. In order to prove the existence of a contract with the Defendant, the Plaintiff must prove each of the following three elements by a preponderance of the evidence: 1. that an offer was made 2.) that the offer was accepted and 3) that the Plaintiff and the Defendant each gave up something of value. This is referred to under the law as

"consideration."[1] If one of the parties parts with no value, then there is no consideration and the contract is not formed.[2]

                    ACCEPTED_____

                    REJECTED_____

                    MODIFIED_____

---

[1] Massachusetts Superior Court Civil Practice Jury Instructions §§14.1, 14.1.1, 14.1.2
[2] See, In re: Millivision, Inc. 328 B.R. 1 (2005), citing Trustees of Amherst Academy v. Cowls, 23 Mass. 427, 432-33 (1828)

3

<u>Landworks Proposed Instruction No. 2</u>

<u>Terms of Contract</u>

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty. The parties to a contract can agree to replace the contract with a new contract, or to modify the terms of the contract. However, one party cannot unilaterally change the terms of the contract. There must be an agreement to replace or modify the contract in the same manner as the original contract was formed."[3]

The law states that "a provision that an agreement may not be amended orally but only by a written instrument does not necessarily bar oral modification of the contract. Mutual agreement on modification of the requirement of a writing may 'be inferred from the conduct of the parties and from the attendant circumstances' of the instant case."[4]

In a construction contract, additional work can be requested by "change order," which is then part of the obligations of the party to perform, and for payment to be made.

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[3] Massachusetts Superior Court Civil Practice Jury Instructions §14.1.13, see, also, <u>Sargent v. Tenaska, Inc.</u>, 914 F.Supp. 722 (1996)
[4] <u>Cambridgeport Savings Bank v. Boersner</u>, 413 Mass. 432,439 (1992), citations omitted

4

Landworks Proposed Instruction No. 3

New "Contract" Void as Unconscionable

Here, the Defendant claims as part of its case that the Plaintiff entered into a new contract with the company called Jackson. The Plaintiff contends that the document between Jackson and Landworks is not a contract because the contract was unconscionable, that it was not given additional "consideration" for new promises and that the contract did not include new promises from Jackson in exchange for new promise from Landworks, and that Jackson could not provide consideration for promises made.

"As a general proposition, it is settled in this Commonwealth that a promise to pay one for doing that which he was under a prior legal duty to do is not binding for want of consideration."[5]

In addition, you may find that under certain circumstances a document claimed to be a contract, may not be enforceable as a contract, if that so-called contract was gained in a manner that is unfair, or under which the party, giving up rights, has no choice but to sign at the time the party was asked to sign the contract document.[6]

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[5] Swartz v Lieberman, 323, Mass. 109,112 (1948)
[6] Struck v. Plymouth Mortgage Co., 414 Mass. 118,121 (1993)

<u>Landworks Proposed Instruction No. 4</u>

<u>Ambiguity in Contract</u>

Sometimes the terms of a contract are ambiguous. A contract is considered ambiguous when its terms, or the words used, can reasonably support different interpretations. You should consider the contract words used, the agreement as a whole, other documents relating to the transaction, what the parties said, and the surrounding facts and circumstances in order to determine what the ambiguous contract terms were intended to mean. The additional evidence is relevant to help you to ascertain the intent and expectations of the parties where the contract terms are ambiguous. If terms are ambiguous, then those terms are interpreted against the party was drafted them. This means that in the case of doubt as to the contract's meaning, the instrument is to be read against the interest of the party that drafted it, or the party fulfilling the obligations of the party that drafted it.[7]

It has been said that "there is no surer way to find out what parties meant, then to see what they have done."[8]

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[7] Massachusetts Superior Court Civil Practice Jury Instructions §14.1.15(b)
[8] <u>TLT Construction Corp. v. RI, Inc</u>., 484 F.3rd 130, 136 (2007)

Landworks Proposed Instruction No. 5

Breach of Contract

A breach of contract is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, the non-breaching party must have completely performed its obligations. Where one party to a contract has failed to perform its obligations, then as a matter of law the other party is thereafter excused from performing its contractual obligations. In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

1. that there is a contract

2. that the party performed its obligations under the contract or is excused from performance

3. that the other party breached the contract; and

4. that the nonbreaching party suffered damages as a result of the breach of contract."[9].

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[9] Massachusetts Superior Court Civil Practice Jury Instructions §14.1.19

<u>Landworks Proposed Instruction No. 6</u>

<u>Damages Against USF & G</u>

If the Defendant did breach the contract, you must then decide the amount of the plaintiff's damages, if any. Before the plaintiff can recover damages under any theory of recovery, it must prove that the defendant's breach caused damages.[10]

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract. In order to recover damages against the defendant, the plaintiff must demonstrate that the damages complained of were caused by the defendant's conduct.

The Plaintiff is entitled to recover damages sufficient to give it the benefit of contractual bargain, as long as such damages are reasonably proved. In other words, it is entitled to those damages that would put it in a position to obtain that which it has bargained to obtained, so far as compensation in money can be computed by rational methods upon a firm basis in fact.

In a construction case, where a contractor is claiming harm, and where future performance is legally excused, it may recover the entire contract price, less the cost that would have been incurred to complete the job had the contract not been breached.

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[10] Massachusetts Superior Court Civil Practice Jury Instructions §14.3

<u>Landworks Proposed Instruction No. 7</u>

<u>Suretyship</u>

Landworks in this case has brought suit against USF & G, which is the Surety, or insurer, of the obligations of Standen under its contract with Landworks. This is a lawsuit against USF & G arising out of what is referred to as Massachusetts General Laws c. 149 § 29, which states that:

> "In order to obtain the benefit of such bond for any amount claimed due and unpaid at any time, any claimant having a contractual relationship with the contractor principal furnishing the bond, who has not been paid in full for any amount claimed due for the labor, materials ... within sixty-five days after the due date for same, shall have the right to enforce any such claim (a) by filing a petition in equity within one year after the day on which such claimant last performed the labor or furnished the labor, materials ... included in the claim and (b) by prosecuting the claim thereafter by trial in the… court...."

The law says that "the obligation of the surety under a payment bond corresponds to that of the principal. Classically and characteristically, this correspondence is signified by a provision that principal and surety are bound, jointly and severally, in a stated penal sum, conditioned on the principal's performance"[11]

This means that USF & G in this case assumes the responsibilities for Standen's obligations under the contract if Standen defaulted on those obligations, as if Standen and USF & G were the same party.

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[11] <u>John W. Egan Company, Inc. v. Major Construction Management Corporation</u>, 46 Mass.App.Ct. 643, 646 (1999)

9

Landworks Proposed Instruction No. 8

Defense to Counterclaim for Breach of Contract

The Defendant in this case has argued that the Plaintiff, Landworks, has breached its contract by not completing final items of work. Legal reasons are called "defenses." In this case, with regard to the Counterclaim, Landworks has the burden of proving to you that it has a legal reason or defense for non-performance.[12]

          ACCEPTED_____

          REJECTED_____

          MODIFIED_____

---

[12] Massachusetts Superior Court Civil Practice Jury Instructions §14.2

Landworks Proposed Instruction No. 9

Defense to Counterclaim for Breach of Contract

The Defendant in this case has argued that the Plaintiff, Landworks, has breached its contract by not completing final items of work. Legal reasons are called "defenses." In this case, with regard to the Counterclaim, Landworks has the burden of proving to you that it has a legal reason or defense for non-performance.[13]

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[13] Massachusetts Superior Court Civil Practice Jury Instructions §14.2

Landworks Proposed Instruction No. 10

Breach of Contract-Defense of Excused Performance

It has been specifically noted in the context of public construction under general principles of contract law that failure to pay a subcontractor excuses the subcontractor from continuing the work and otherwise excuses further performance of the work.[1] This means that if you find that Landworks was justified in suspending its work because of non-payment, then Landworks is excused from further performance under its contract and that it hasn't breached the contract.

ACCEPTED_____

REJECTED_____

MODIFIED_____

Landworks Proposed Instruction No. 11

Expert Witnesses-Generally

    The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those persons whom we call "expert witnesses." Witnesses who by education and experience have become an expert in some filed of endeavor may testify as to their opinions on relevant issues in a manner which will help you understand the case. These are not witnesses who saw events, or were present at events, but who have, as a general rule, reviewed material after the fact. You may weigh its credibility as you would weigh other evidence, and you may elect to find it credible, or to disregard it in part or in its entirety. In doing so, you should consider the credibility and background of the expert and the reasons given for the testimony, and the completeness of the review of the material identified as important by the expert, as well as the other evidence in this case against which the expert witnesses testimony given.[14]

                               ACCEPTED_____

                               REJECTED_____

                               MODIFIED_____

---

[14] Cruz-Vargas v. R.J. Reynolds Tobacco., Co. 348 F.3rd 271,278 (1st Cir. 2003), Commonwealth v. Smith, 357 Mass. 168, 178 (1970), Dodge v. Sawyer, 288 Mass., 402,408 (1934)

<u>Landworks Proposed Instruction No. 12</u>

<u>Agency</u>

It is up to you, as the jury, to determine whether Jackson was serving as the agent of USF & G when it requested certain work to be performed by the Plaintiff. The law says that "[a]n agency relationship is created when there is mutual consent, express or implied, that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control."[15]

ACCEPTED_____

REJECTED_____

MODIFIED_____

---

[15] <u>Theos & Sons, Inc. v. Mack Trucks, Inc.</u> 431 Mass. 736, 742 (2000)

Respectfully Submitted,

**Landworks Creations, LLC**
By its attorney,

s/Robert N. Meltzer_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: May 12, 2008