# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LANDWORKS CREATIONS, LLC,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **UNITED STATES FIDELITY AND** | ) C.A. No. 4:05-CV-40072-FDS |
| **GUARANTY COMPANY, and** | ) |
| **LOVETT SILVERMAN CONSTRUCTION** | ) |
| **CONSULTANTS, INC.** | ) |
| **Defendants.** | ) |

## PROPOSED JURY INSTRUCTIONS OF THE DEFENDANT,
## UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G")

Pursuant to F.R.Civ.P.51, the Defendant, USF&G, requests that the Court give the

following instructions to the jury.  USF&G reserves the right to submit appropriate amendments

and supplements to these Requests.

## INDEX

**Description**                                                           **Page No**.

General Instructions
| | | |
|---|---|---|
| 1. | Statement of Counsel | 3 |
| 2. | Questions by Counsel | 4 |
| 3. | Opening and Closing Arguments | 5 |
| 4. | Evidence | 6 |
| 5. | Burden of Proof | 7 |
| 6. | Preponderance of Evidence | 8 |
| 7. | Speculation | 9 |
| 8. | Inference | 10 |
| 9. | Expert Testimony | 11 |

Contract Instructions - General
| | | |
|---|---|---|
| 10. | Construction Contract Claim and Counterclaim | 12 |
| 11. | Contract Formation | 13 |
| 12. | Offer and Acceptance | 14 |
| 13. | Consideration | 15 |
| 14. | Consideration Under Seal | 16 |
| 15. | Consideration Under Revised Contract | 17 |
| 16. | Consideration Under Forbearance Contract | 18 |
| 17. | Terms of the Contract | 19 |
| 18. | Breach of Contract | 20 |
| 19. | Instructions on Damages | 21 |

Contract Instructions - Performance

| 20. | Performance by Plaintiff | 22 |
| 21. | Performance by Plaintiff | 23 |
| 22. | Full Performance | 24 |
| 23. | Quantum Meruit | 25-26 |

Contract Instructions – Defenses

| 24. | Defenses – General | 27 |

Contract Instructions – Damages Breach

| 24. | Damages – Breach of Contract | 28 |
| 25. | Damages – Breach of Contract – General | 29 |
| 26. | Damages – Costs and Attorneys' Fee | 30 |
| 27. | Damages- Breach of Contract- Interest | 31 |

**INSTRUCTION NO. 1**

### STATEMENTS OF COUNSEL

Statements made by counsel throughout the trial are not evidence unless adopted by a witness on direct or cross-examination.  You are not to be concerned with the objections made by counsel throughout the course of the trial during the examination of witnesses.  Counsel are obligated to make these objections and you are not to consider them in rendering your verdict. You are also to disregard any evidence that the judge has ordered to be stricken from the record.

*Mason v. General Motors Corp.,* 397 Mass. 183, 191-192 (1986).

**<u>INSTRUCTION NO. 2</u>**

### <u>QUESTIONS BY COUNSEL</u>

Questions asked by counsel are not evidence and you may not consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence. Only the answers are evidence.

**INSTRUCTION NO. 3**

## OPENING STATEMENTS AND CLOSING ARGUMENTS

The opening statements and closing arguments of counsel are not evidence. They are intended solely to help you understand the evidence. If your memory of the evidence differs from statements made by counsel, it is your memory or recollection of the evidence that governs.

**<u>INSTRUCTION NO. 4</u>**

**<u>EVIDENCE</u>**

The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were admitted into evidence as exhibits, and any facts on which the lawyers have agreed or which I have told you that you may accept as true.

**INSTRUCTION NO. 5**

## BURDEN OF PROOF

The burden of proof is on Landworks to prove each and every essential element of its claim by a preponderance of the evidence. If the evidence should fail to establish any one of the essential elements of Landworks' claims, or if the evidence is equally balanced as to any of the essential elements of Landworks' claims, then you must find for USF&G.

The same is true for the counterclaim by USF&G against Landworks.

*Gannon v. McDonald*, 361 Mass. 851 (1972);
*Kenney v. Sears, Roebuck & Co.,* 355 Mass. 604, 607 (1969); and
*Borrelli v. Top Value Enterprises*, 356 Mass. 110, 113 (1959).

**INSTRUCTION NO. 6**

## PREPONDERANCE OF THE EVIDENCE

To "establish by a preponderance of the evidence" means to prove something is more likely so than not so.  In other words, a preponderance of the evidence means the evidence which, when you consider and compare it to the opposing evidence, has more convincing force and produces a belief in your mind that what the proponent of that evidence seeks to prove is more likely true than not true.

*O'Connor v. Raymark Industries, Inc.,* 401 Mass. 586, 592 (1988).

**INSTRUCTION NO. 7**

## SPECULATION OR CONJECTURE

You are to decide what the facts are solely from the evidence admitted in this case, and not from speculation or conjecture. You can only reach conclusions upon facts that have been proven, and by rational inferences drawn from those proven facts.

*Gates v. Boston and Maine Railroad*, 255 Mass. 297, 304 (1926); and
*Zezuski v. Jenny Mfg. Co.,* 363 Mass. 324, 328 (1973).

**INSTRUCTION NO. 8**

## INFERENCES

An inference based on a possibility rather than a probability is not enough to support a finding for Landworks.

*Marcus v. Griggs, Inc.,* 334 Mass.139, 142 (1956).

**INSTRUCTION NO. 9**

## EXPERT TESTIMONY

During the course of this trial you have heard opinion testimony from expert witnesses. You are to determine the expertise of any witness who testified and give the opinion testimony of that witness such weight as you deem appropriate in your determination of the facts of this case.

In addition to the factors to be considered in evaluating the credibility of any witness, you may consider the expert witness's education, experience and knowledge, if any, in his field of expertise.

A mere guess, speculation or conjecture by an expert witness in the form of a conclusion from basic facts which do not tend toward that conclusion any more than a contrary one has no evidentiary value and should be disregarded. Furthermore, an expert opinion is not beneficial if it rests on assumed facts that you do not accept as true.

*Gill v. N.S. Radiological Assoc.*,10 Mass. App. Ct. 885, 886 (1980);
*Kennedy v. U-Haul Co., Inc.*, 360 Mass. 71, 73-74 (1971);
*Haggerty v. McCarthy*, 344 Mass. 136, 139-41 (1962).

11

**INSTRUCTION NO. 10**

## CONSTRUCTION CONTRACT CLAIM AND COUNTERCLAIM

In this case, as you know, there are claims made by the parties against each other, and there are a number of separate issues arising out of those claims. These issues will be submitted to you for your decision in the form of specific questions, which will constitute the form of your verdict.

The first claim for your consideration is the claim of Landworks against USF&G for breach of contract to recover sums that Landworks contends are due and unpaid under the contract between the parties for the site work Landworks performed at the Shrewsbury Middle School

The second claim is the counterclaim of USF&G against Landworks for breach of contract to recover sums that USF&G contends it is owed under the contract between the parties for Landworks incomplete and inadequate site work.

The following instructions apply to both Landworks' claim and USF&G's counterclaim.

**INSTRUCTION NO. 11**

**CONTRACT FORMATION**

A contract is a promise, or set of promises, between two or more persons to do or not do a certain thing.  Landworks must first prove that there is a binding contractual relationship between the parties.  In order to prove the existence of a contract with USF&G, Landworks must prove each of the following three elements by a preponderance of the evidence:

1.    that an offer was made;

2.    that the offer was accepted; and

3.    that Landworks and USF&G each gave up something of value, or promised to give up something of value.  This is referred to under the law as "consideration."

Under its counterclaim, USF&G must prove the same elements exist to prove the contract between Landworks and Jackson Construction Company.

*Quinn v. State Ethics Comm'n,* 401 Mass. 210, 216 (1987);
*David J. Tierney Jr., Inc. v. T. Wellington Carpets, Inc.,* 8 Mass. App. Ct. 237, 239–41 (1979).

**INSTRUCTION NO. 12**

## OFFER AND ACCEPTANCE

The first two determinations you must make are whether USF&G made an offer, and if so, whether Landworks accepted the offer. A contract requires both an offer and acceptance of the offer.

An offer is an expression of willingness or desire to enter into a contract made with the intent that, if the other party accepts the offer, then there is a contract. The offer must state with reasonable certainty what is to be exchanged between the parties. An offer may be made orally or in writing, or even by a person's conduct. What is important is that the offer be made in such a way as to justify another person in understanding that his or her acceptance of the bargain will bind both parties to the terms of the offer.

Acceptance of an offer is an expression of willingness or desire to assent to the terms of the offer.

*Cygan v. Megathlin,* 326 Mass. 732, 733 (1951);
*Restatement (Second) of Contracts* § 33 (1979);
*Gilbert & Bennett Mfg. Co. v. Westinghouse Elec. Corp.,* 445 F.Supp. 537, 545 (D. Mass. 1977).

**INSTRUCTION NO. 13**

## CONSIDERATION

Consideration is something that is given in exchange for an offer.  To establish

consideration, the plaintiff must prove a benefit to the maker of the promise, or a loss, trouble, or

inconvenience to, or a charge or obligation resting upon, the party to whom the promise is made.

A contract without consideration is unenforceable.

*Congregation Kadimah Toras-Moshe v. DeLeo*, 405 Mass. 365, 366 (1989);
*Loranger Constr. Corp. v. E.F. Hauserman Co.*, 376 Mass. 757, 763 (1978);
*Marine Contractors Co. v. Hurley*, 365 Mass. 280, 286 (1974).

**INSTRUCTION NO. 14**

**CONSIDERATION UNDER SEAL**

Consideration is unnecessary when a contract is a sealed contract.  A seal, which I will describe shortly, is a substitute for consideration.  If a contract is a sealed contract, then the fact that there was no consideration for the contract does not mean that the contract cannot be enforced.  A sealed contract, if otherwise valid, can be enforceable without consideration.

*Johnson v. Norton Hous. Auth.*, 375 Mass. 192, 194 (1978);
*Knott v. Racicot*, 442 Mass. 314, 319-324 (2004)

How do you know if a contract is a sealed instrument?  Historically, a seal was a piece of wax attached to the document to be sealed, and the wax was stamped with the names or imprints of those signing the document.  The seal showed that the parties were willing to honor the contract.  Today, all that is required for a document to be sealed is that there be a written indication somewhere on the contract that shows that the parties intend the contract to be sealed.

A contract is a sealed instrument if it states that it is a sealed instrument.  A recital or statement in the contract to the effect that the contract is sealed, or is under seal, or that it is intended to take effect as a sealed instrument, makes it a sealed contract.

*Marine Contractors Co. v. Hurley*, 365 Mass. 280, 285 n.2 (1974)

If you find that the subcontract between Landworks and Jackson included a written indication that shows that the parties intended the contract to be sealed, then you must find that it is a sealed contract, that the seal is a substitute for consideration, and that the contract otherwise is enforceable.

*Johnson v. Norton Hous. Auth.,* 375 Mass. 192, 194 (1978);
*Knott v. Racicot*, 442 Mass. 314, 319-324 (2004)

16

**INSTRUCTION NO. 15**

## CONSIDERATION UNDER REVISED CONTRACT

If you find that the subcontract between Jackson and Landworks was revised to contain new terms and prices and was agreed to by Landworks, you can also find that there was consideration that makes the Jackson subcontract enforceable against Landworks

*Congregation Kadimah Toras-Moshe v. DeLeo*, 405 Mass. 365, 366 (1989);
*Loranger Constr. Corp. v. E.F. Hauserman Co.*, 376 Mass. 757, 763 (1978);
*Marine Contractors Co. v. Hurley*, 365 Mass. 280, 286 (1974).

**<u>INSTRUCTION NO. 16</u>**

**<u>CONSIDERATION UNDER FOREBEARANCE AGREEMENT</u>**

You can also find consideration in a forbearance agreement. A forbearance contract involves the failure to receive payment when it is due. This is a loss, so an agreement to forbear or postpone filing a suit in return for an agreement to pay or payment.

*Ekchian v. Thermo Power Corp*., 56 Mass. App. Ct. 1116, WL 31856404 at *3, n.10 (2002);
*Fears v. Story*, 131 Mass 47, 49 (1881);
*Boyd v. Freize*, 71 Mass 553, 554-555 (1856).

If you find that the Hold Agreement between Landworks and USF&G is, at least in part, a forbearance agreement because of USF&G's promise to pay Landworks the debt owed by Standen if Landworks agreed not to sue USF&G and to perform the balance of the work, you can find that the Hold Agreement contains valid consideration.

*Ekchian v. Thermo Power Corp*., 56 Mass. App. Ct. 1116, WL 31856404 at *3, n.10 (2002);
*Fears v. Story*, 131 Mass 47, 49 (1881);
*Boyd v. Freize*, 71 Mass 553, 554-555 (1856).

If you do find that the Hold Agreement between Landworks and USF&G contains valid consideration, you can find that the Hold Agreement also provides consideration for the Jackson Subcontract, which is a fulfillment of the obligation (perform the balance of the work) called for in the Hold Agreement.

18

**INSTRUCTION NO. 17**

## TERMS OF THE CONTRACT

If you determine that a valid contract was formed between the parties, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.

*Kravetz v. Merchants Distrib., Inc.,* 387 Mass. 457, 460 (1982);
*Rosenfield v. United States Trust Co.,* 290 Mass. 210, 216 (1935).

**INSTRUCTION NO. 18**

## BREACH OF CONTRACT

A breach of contract is a failure to comply with one or more terms of the contract. In order to prevail on a breach of contract claim, Landworks must prove the following four elements by a preponderance of the evidence:

1.      that there was a contract between USF&G and Landworks;

2.      that Landworks performed its obligations under the contract;

3.      that USF&G breached the contract; and

4.      that Landworks suffered damages as a result of the breach of contract.

*Quinn v. State Ethics Comm'n*, 401 Mass. 210, 216 (1987);
*David J. Tierney Jr., Inc. v. T. Wellington Carpets, Inc.*, 8 Mass.App.Ct. 237, 239–41 (1979).

**INSTRUCTION NO. 19**

### COURT'S INSTRUCTIONS ON DAMAGES

The fact that I charge you on the measurement of damages is not, and should not be considered by you as any indication that I think damages should be awarded. I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider. If Landworks has not established the existence of the contract for which it contends and has not proven that USF&G breached the contract, then you will not consider the issue of damages.

If Landworks proves the existence of a contract and that USF&G breached the contract, you must then decide the amount of Landworks' damages, if any. Before Landworks can recover damages under any theory of recovery, it must prove that USF&G's breach caused damages.

*Lease-It, Inc. v. Massachusetts Port Auth.,* 33 Mass.App.Ct. 391, 397 (1992).

**INSTRUCTION NO. 20**

## PERFORMANCE BY PLAINTIFF

Where a person or entity contracts to perform services for another, it implicitly promises to perform the services in a reasonably diligent, skillful, workmanlike and adequate manner.  The contract may be found to have been breached if it was not performed in a workmanlike manner.

*Previews, Inc. v. Everets*, 326 Mass. 333, 335 (1950);
*Damiano v. Nat'l Grange Mut. Liab. Co*., 316 Mass. 626, 628-629 (1944);

**INSTRUCTION NO. 21**

## PERFORMANCE BY PLAINTIFF

If you find that Landworks did not perform its work in a reasonably diligent, skillful, workmanlike and adequate manner, you can find that it breached its contract and can award damages to USF&G for Landworks' breach.

*Previews, Inc. v. Everets*, 326 Mass. 333, 335 (1950);
*Damiano v. Nat'l Grange Mut. Liab. Co*., 316 Mass. 626, 628-629 (1944);

**INSTRUCTION NO. 22**

## FULL PERFORMANCE

To recover for a breach of contract, Landworks must also establish that it fully and completely performed all of its obligations under the contract. Full performance of the contract is required before recovery under a breach of contract claim. It is not enough to show that Landworks acted in good faith and substantially performed.

*U. S. Steel v. M. DeMatteo Const.Co.*, 315 F.3d 43, 48 (1st Cir. 2002);
*Hayeck Building & Realty Co., Inc. v. Turcotte, et al.*, 361 Mass. 785, 789 (1972)
*Glazer v. Schwartz,* 276 Mass. 54, 56 (1931);

## INSTRUCTION NO. 23

### QUANTUM MERUIT[1]

If Landworks is unable to prove its claim under the contract because it did not fully perform, it could still recover the value of its services under *quantum meruit*. This doctrine allows recovery under an implied contract to compensate for the reasonable value of services rendered. It is based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched. Under those circumstances, the law implies a promise to pay a reasonable amount for the services and materials furnished, even absent a specific contract.

*Salamon v. Terra*, 394 Mass. 857, 859 (1985);
*Boston Athletic Ass'n v. Int'l Marathons, Inc*., 392 Mass. 356, 367-368 (1984);
*Home Carpet Cleaning Co. v. Baker,* 1 Mass.App.Ct. 879 (*1974).\*

In order to prevail under *quantum meruit*, the burden in on the plaintiff to prove that it substantially performed with a good faith intention to perform fully. The entire contract is reviewed to determine what has been done, what was omitted, and whether the defendant obtained substantially what was called for in the contract. An intentional or willful departure from the terms of the contract without justification bars all recovery for work performed.

*U. S. Steel v. M. DeMatteo Const.Co*., 315 F.3d 43, 48 (1st Cir. 2002)
*Hayeck Building & Realty Co., Inc. v. Turcotte, et al*., 361 Mass. 785, 789 (1972)

If you find that Landworks did not fully perform the contract, you must determine if Landworks acted in good faith and did not deliberately fail to complete or improperly perform its

---

[1] This instruction is provisional only. It is USF&G's position that no claim in quantum meruit has been pleaded or may be proven under Count I (Breach of Contract).

work under the contract.  An intentional departure from the terms of the contract without justification bars all recovery for work performed.

*U. S. Steel v. M. DeMatteo Const.Co.*, 315 F.3d 43, 48 (1st Cir. 2002)
*Hayeck Building & Realty Co., Inc. v. Turcotte, et al.*, 361 Mass. 785, 789 (1972)

If you find that Landworks acted in good faith without a deliberate intent, without excuse, to finish its work, it cannot recover under *quantum meruit* unless you determine that USF&G substantially obtained what it bargained for under the subcontract.  You must review the entire contract to determine what Landworks did, what it failed to do, and whether USF&G obtained substantially what was called for in the contract.

You must find both good faith and substantial performance in order to find that Landworks can recover under *quantum meruit*.

*U. S. Steel v. M. DeMatteo Const.Co.*, 315 F.3d 43, 48 (1st Cir. 2002)
*Hayeck Building & Realty Co., Inc. v. Turcotte, et al.*, 361 Mass. 785, 789 (1972)

Finally, even if you find that Landworks substantially performed in good faith and is owed the value of the work it performed, which it values at $131,000, USF&G is entitled to a credit based on the fair value of the defective and incomplete site work.

*Hayeck Building & Realty Co., Inc. v. Turcotte, et al.*, 361 Mass. 785, 792-793 (1972)

**INSTRUCTION NO. 24**

## DEFENSES- GENERAL

A refusal or failure to perform may not be a breach of contract where there is a legal

reason not to perform.  Legal reasons are called "defenses."  I will explain several defenses to

you shortly.  The defendant has the burden of proving to you that it has a legal reason or defense

for its nonperformance.

*Beaudoin v. Lenza,* 338 Mass. 798 (1959);
*Realty Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co., Inc.,* 327 Mass. 535, 537
(1951);

**INSTRUCTION NO. 25**

## DAMAGES- BREACH OF CONTRACT

If a party breaches a contract, then the nonbreaching party has a right to elect a remedy to redress the breach. The type of breach must be considered in order to determine the remedies available to the nonbreaching party.

There are two kinds of breach of contract—material breaches and immaterial breaches. A material breach occurs when there is a breach of an essential feature of the contract, or when there is a breach that goes to the heart of the agreement.

An immaterial breach involves something which is not an essential feature of the contract.

If a party has materially breached the contract, then the nonbreaching party is excused from further performance under the contract and may elect to rescind or cancel the contract, or it may affirm the contract and sue to recover for its damages.

However, if a party breaches a contract in a nonmaterial way, the injured party may be entitled to bring an action for damages, but it may not stop performing its obligations under the contract.

*Lease-It, Inc. v. Massachusetts Port Auth.,* 33 Mass. App. Ct. 391 (1992);
E. Allan Farnsworth, *Contracts* § 8:16 (Little, Brown & Co., 1990).

**INSTRUCTION NO. 26**

## DAMAGES- BREACH OF CONTRACT- GENERAL

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

If you determine that Landworks prevails, then the only damage you can award is the unpaid contract balance that you determine to be due Landworks.

*Fernandes v. Union Bookbinding Co.,* 400 Mass. 27, 37–38 (1987);

**INSTRUCTION NO. 27**

## DAMAGES- BREACH OF CONTRACT- COSTS AND ATTORNEY'S FEES

If you determine that the plaintiff is entitled to damages, in deciding the amount of the

damages, you may not include any sum for court costs or for attorney fees.

*International Fidelity Ins. Co. v. Wilson,* 387 Mass. 841, 856 n.20 (1983);
*Boott Mills v. Boston & M. R.R.,* 218 Mass. 582, 589 (1914);
37 J. Nolan, *Massachusetts Practice,* § 205 at 328 (1979).

**INSTRUCTION NO. 28**

## DAMAGES – BREACH OF CONTRACT- INTEREST

If you are to award breach of contract damages to Landworks, you may not include any

amount for interest.  The law automatically provides for interest, and the clerk of courts will

calculate the appropriate amount.

*Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.,* 41 F.3d 764, 772 (1st Cir. 1994);
*Griffin v. General Motors Corp.,* 380 Mass. 362, 367 (1980);
*D'Amico v. Cariglia,* 330 Mass. 246 (1953);
M.G.L. c. 231, §6C.

Respectfully submitted,
USF&G
By its attorneys,


/s/ Peter G. Hermes
Peter G. Hermes, BBO #231840
Cynthia J. Stephens, BBO # 560670
HERMES, NETBURN, O'CONNOR
        & SPEARING, P.C.
260 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050
Date:  May 13, 2008           (617) 728-0052 - Fax
G:\DOCS\CJS\Travelers\Landworks\TRIAL Pleadings\Jury Instructions\5-12-08 Jury Instructions.doc

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (none) on May 2, 2008.


/s/ Peter G. Hermes
Peter G. Hermes

32