UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*open court*

| | |
|---|---|
| LANDWORKS CREATIONS, LLC, <br>     Plaintiff, <br> v. <br> UNITED STATES FIDELITY AND <br> GUARANTY COMPANY, and <br> LOVETT SILVERMAN CONSTRUCTION <br> CONSULTANTS, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 4:05-CV-40072-FDS <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR JUDGMENT AS A MATTER OF LAW
## BY DEFENDANT UNITED STATES FIDELITY GUARANTY COMPANY ("USF&G")

The Defendant, USF&G hereby moves, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, for judgment as a matter of law at the close of the Plaintiff's evidence as to Count I (breach of contract) and Count VI (G.L. c. 93A/176D), which are the only counts remaining in the case. As grounds for this motion, USF&G states as follows:

### I.    COUNT I - BREACH OF CONTRACT

#### A.    Landworks Is Not Entitled To Relief

Although the Plaintiff alleges that USF&G breached a contract and is owed $124,457.05 rather than the $135,601 claimed in its opening, Plaintiff is not entitled to relief under Count I for the following reasons:

    **1.    The Plaintiff cannot recover on the Standen Subcontract or the Hold Agreement.**

The Plaintiff, Landworks Creations, LLC, is not entitled to recover for a breach of the Standen Subcontract (Exhibit 3), the Subcontractor Hold Agreement Conditional Partial Release ("Hold Agreement") with USF&G (Exhibit 5) or the performance or payment bonds (Exhibit 4) because the person contracting with Standen and USF&G was Neal Matthews, doing business as

Landworks. The evidence is uncontradicted that Landworks Creations, LLC was not in existence until November, 2003. There is no evidence that Plaintiff has received an assignment or other transfer of Mr. Matthews rights, if any, in those contracts.

### 2. Landworks cannot recover in contract.

Plaintiff cannot recover in contract. Under Massachusetts law, <u>full</u> performance of the contract is required in order to recover under the contract. *U. S. Steel v. M. DeMatteo Const.Co.*, 315 F.3d 43, 48 (1st Cir. 2002). The evidence in this case is insufficient as a matter of law for Landworks to recover for breach of contract because Landworks admits that it did not fully perform. Therefore, Landworks is not entitled to relief under Count I of its complaint, and judgment should be entered in favor of USF&G.

### 3. Landworks is not entitled to *quantum meruit*.

Finally, Landworks did not plead *quantum meruit* in its complaint. Even it is allowed to amend to add a claim in *quantum meruit*, the evidence is insufficient for it to show the elements necessary for recovery: (1) substantial performance; and (2) a good faith intention to perform fully. *Id.* The evidence revealed that Landworks willfully failed to complete and/or perform a substantial portion of the work under the contract. Therefore, Landworks is not entitled to relief under *quantum meruit* and judgment should enter in favor of USF&G under Count I of the Plaintiff's amended complaint.

### II. COUNT VI - GENERAL LAW C. 93A/176D

Landworks alleges that USF&G violated G.L .c. 93A/176D by failing to investigate the claim and settle when liability was reasonably clear. This count was reserved for the Court. The Plaintiff cannot recover under its claim for the following reason:

Under Massachusetts law, an insurer's duty to settle arises only when liability has

become reasonably clear. *O'Leary-Alison v. Metropolitan Property & Casualty Insurance Co.*, 52 Mass. App. Ct. 214, 215 (2001). In fact, Chapter 93A may not attach even if the insurer's legal position ultimately turns out to be mistaken or unsuccessful. *M. Dematteo Construction Co. v. Century Indemnity Co.*, 182 F. Supp.2d 146, 164 (D. Mass. 2001), *Boston Symphony Orchestra v. Commercial Union Ins. Co.*, 406 Mass. 7, 14-5 (1989). The evidence revealed that USF&G properly investigated the claim and that there was a substantial dispute regarding the scope of the subcontracts, the work performed by Landworks, and the amount due Landworks, such that liability was never reasonably clear.

Although this count is reserved for the Court, the evidence at this stage of the trial is insufficient as a matter of law for recovery under C.L. c. 93A/176D and USF&G is entitled to judgment under Count VI of Plaintiff's amended complaint.

## CONCLUSION

Therefore, USF&G requests judgment as a matter of law at the close of the Plaintiff's evidence as to Count I, or in the alternative, a maximum judgment for the Plaintiff of $42,030. USF&G also requests judgment be entered in its favor as a matter of law under Count VI.

Respectfully submitted,
**UNITED STATES FIDELITY & GUARANTY COMPANY,**
By its attorneys,

/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
Cynthia J. Stephens, BBO No. 560670
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050; (617) 728-0052 (F)

Dated: May 21, 2008