## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **LANDWORKS CREATIONS, LLC,** | ) | |
| | ) | |
| **Plaintiff and Counterclaim-Defendant,** | ) | |
| | ) | |
| v. | ) | **Civil No.** |
| | ) | **05-40072-FDS** |
| **UNITED STATES FIDELITY AND** | ) | |
| **GUARANTY COMPANY,** | ) | |
| | ) | |
| **Defendant and Counterclaim-Plaintiff.** | ) | |
| | ) | |

## <u>JURY INSTRUCTIONS</u>

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

2

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The plaintiff has the burden of proving its claim by what is called the preponderance of the evidence. That means that for the plaintiff to prevail, the jury must believe that what the plaintiff claims is more likely true than not. To put it another way, if you were to put the plaintiff's evidence and the defendant's evidence on opposite sides of a scale, the plaintiff would have to make the scale tip somewhat in its direction.

In this case, both Landworks and USF&G are making a claim for breach of contract. You must apply the above standard to each claim—both parties are the "plaintiff" for purposes of their own separate claims.

3

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated.

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.

4

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, or to give greater weight to one or the other. It is for you to decide how much weight to give to any evidence.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inferences you draw must be reasonable, and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

Sometimes evidence that is based on reasonable inferences is referred to as "circumstantial evidence." "Direct evidence" is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. "Circumstantial evidence" is indirect evidence; that is, proof of facts from which you could draw the reasonable inference that another fact exists, even though it has not been proved directly.

Again, you are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

Whether a party has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience. You may believe everything a witness says, or only part of it, or none of it. It is entirely up to you.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; and the reasonableness or unreasonableness of the events that they have described.

## EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for his opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a deposition or interrogatory answer, you may consider that earlier statement for its truth or falsity, the same as any testimony at the trial.

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## BREACH OF CONTRACT - INTRODUCTION

Both Landworks and USF&G have brought claims for breach of contract. Each is the "plaintiff" as to its own claim, and the "defendant" as to the other's claim. You will be asked to render a verdict as to both claims. When I use the words "plaintiff" and "defendant" in these instructions, please remember that the terms apply to both parties, depending on the particular claim you are considering.

## ELEMENTS OF BREACH OF CONTRACT CLAIM

In order to prevail on a breach of contract claim, the plaintiff must prove the following

four elements by a preponderance of the evidence:

first, that there is a contract;

second, that the plaintiff (a) performed its obligations under the contract or (b) is excused

from performance;

third, that the defendant breached the contract; and

fourth, that the plaintiff suffered damages as a result of the breach.

## WHO MAY BRING BREACH OF CONTRACT CLAIM

In order for the plaintiff to bring an action for breach of contract, either (1) the plaintiff

must be a party to the contract or (2) a party to the contract must have transferred or assigned its

rights under the contract to the plaintiff.

## FIRST ELEMENT - CONTRACT

A contract is a promise (or set of promises) between two or more parties to do (or not do) certain things.

Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent—that is, their agreement—to exchange promises. For example, in a contract for the purchase and sale of a house, the buyer promises to pay a certain amount of money to the seller on a certain date, and the seller promises to deliver to the buyer on that date a deed to the seller's house. Each party has agreed to exchange a promise for a promise by the other party.

## FIRST ELEMENT - CONTRACT FORMATION

In order to prove the existence of a contract with the defendant, the plaintiff must prove each of the following three elements:

first, that an offer was made;

second, that the offer was accepted; and

third, that the plaintiff and the defendant each promised to provide or give up something called "consideration."

"Consideration," as I will explain, is something of value. There is also an exception to the requirement of consideration, which I will also explain, when a contract is made "under seal."

## FIRST ELEMENT - OFFER AND ACCEPTANCE

An offer is an expression of willingness or desire to enter into a contract made with the intent that if the other party accepts the offer, then there is a contract. Acceptance of an offer is an expression of willingness or desire to assent to the terms of the offer. The offer and acceptance may be formal – for example, the parties may prepare and sign a written contract specifying their rights and obligations in detail. The offer and acceptance need not, however, be formal, but may be inferred from the surrounding facts and circumstances.

17

## FIRST ELEMENT - CONSIDERATION

Consideration is something that is given in exchange from one party to another. To establish consideration, the plaintiff must prove that each party to the contract (1) gained a benefit to the maker of the promise or (2) incurred a detriment (such as an obligation or inconvenience) to the party to whom the promise is made. A one-sided promise – such as, "I promise to give you $25 for your birthday" – is not a contract. The contract must involve an exchange of consideration – such as, "I agree to pay you $25 if you agree to mow my lawn."

A contract without consideration is not an enforceable contract, and cannot be the basis of a claim for breach of contract, unless the contract is "under seal," which I will explain in a moment.

18

## FIRST ELEMENT - FORBEARANCE AS CONSIDERATION

When a party agrees to forbear or postpone an action (such as the filing of a lawsuit) in return for another party's agreement to do something (such as the making of a payment), this is known as "forbearance." "Forbearance" may constitute valid consideration for a contract.

## FIRST ELEMENT - SUBSTITUTE FOR CONSIDERATION - "UNDER SEAL"

Consideration is unnecessary when a contract is "under seal." A sealed contract, if otherwise valid, can be enforceable without consideration.

Historically, a seal was a piece of wax attached to the document to be sealed that was stamped with the names or imprints of those signing the document. The seal showed that the parties were willing to honor the contract. Today, all that is required for a document to be "sealed" is that there be a written indication somewhere on the contract that shows that the parties intend the contract to be sealed.

Thus, a recital or statement in the contract to the effect that the contract is sealed, or is made under seal, or that the parties have given their seals, is sufficient to make it a sealed contract.

## FIRST ELEMENT - ECONOMIC DURESS

Even if it appears that there was a completed contract, there is no real agreement or assent, and therefore no contract, if the plaintiff forced the defendant into making the contract by means of "economic duress." In order to prove that a contract was made under economic duress, the defendant must prove by a preponderance of the evidence:

first, that the defendant involuntarily accepted the contract terms of the plaintiff;

second, that the circumstances permitted the defendant no reasonable alternative; and

third, that the circumstances were the result of unfair and coercive acts of the plaintiff.

Merely taking advantage of another's financial difficulty is not duress; rather, a party alleging financial difficulty must prove that the difficulty was caused by the plaintiff. "Economic duress" must result from the plaintiff's wrongful and oppressive conduct, and not from the defendant's poor management or poor business judgment.

## FIRST ELEMENT - TERMS OF CONTRACT

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.

## FIRST ELEMENT - MODIFICATION OF CONTRACT

The parties to a contract can agree either (1) to replace the contract with a new contract or (2) to modify the terms of the contract. However, one party cannot unilaterally change the terms of the contract – that is, it cannot change the contract all by itself. The parties must agree to replace or modify the contract, according to the same principles of contract formation that I have already explained to you.

## SECOND ELEMENT - PERFORMANCE OR EXCUSE

The second element that the plaintiff must prove in order to recover for breach of contract is that it either (1) made full and complete performance of all of its obligations under the contract or (2) is excused from further performance.

## SECOND ELEMENT - MATERIAL BREACH AS EXCUSE

A material breach of the contract by one party excuses further performance by the non-breaching party.

There are two kinds of breach of contract: material breaches and immaterial breaches. A material breach occurs when there is a breach of an essential feature of the contract, or when there is a breach that goes to the heart of the agreement. An immaterial breach involves something which is not an essential feature of the contract. Only a material breach excuses further performance.

## THIRD ELEMENT - BREACH

The third element that the plaintiff must prove in order to recover for breach of contract is that the defendant breached the contract.

Under this element, it does not matter whether the breach is material; the plaintiff need prove only that the defendant breached the contract. There can be no breach of contract if the defendant has fully performed its obligations.

When a party contracts to perform services for another, in addition to whatever explicit promises may be found in the contract, the party also implicitly promises to perform those services in a reasonably diligent, skillful, workmanlike, and adequate manner. The contract may be found to have been breached if the services were not performed in such a manner.

26

## FOURTH ELEMENT - DAMAGES

The fourth element that the plaintiff must prove in order to recover for breach of contract is that the plaintiff suffered damages as a result of the defendant's breach.

The fact that I am charging you on the issue of damages does not mean that I think damages should be awarded. I am giving you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider. If the plaintiff has not proved that the defendant breached the contract, then you should not consider the issue of damages.

## FOURTH ELEMENT - DAMAGES - BASIC PRINCIPLE

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

The plaintiff is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, the plaintiff is entitled to those damages that would put it in a position to obtain that which it has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact. Damages may not be based on speculation or conjecture.

Damages for breach of contract may be awarded only to compensate the injured party, and not to punish the breaching party.

## FOURTH ELEMENT - DAMAGES - CAUSATION

The plaintiff must demonstrate that the damages complained of were caused by the defendant's conduct. If the damages were caused by the plaintiff or by someone other than the defendant, then the plaintiff is not entitled to damages from the defendant.

The plaintiff may be awarded only those damages that flow naturally and as a probable result of the defendant's breach.

## FOURTH ELEMENT - MITIGATION OF DAMAGES

A party that has been damaged by a breach of contract of another is required to exercise reasonable care and diligence to avoid loss and to minimize damages. The plaintiff may not recover for losses that could have been prevented by reasonable efforts on its part.

## FOURTH ELEMENT - DAMAGES - CONSTRUCTION CONTRACT

If a construction contractor fails, without excuse, to complete a construction job, the measure of damages is the reasonable cost of (1) completing the work specified by the contract and (2) repairing the contractor's defective or deficient work, if any.

If the party that is responsible under a construction contract for paying a contractor fails, without excuse, to make payment owed under the contract, the measure of damages is the entire contract price, less (1) any payments previously made under the contract and (2) the reasonable cost that would have been incurred to complete the job had the contract not been breached.

You should take care to avoid duplicative or double recoveries. For example, if you award a plaintiff a certain amount that you conclude is due under the contract, you should not subtract that same amount from any award that you conclude is due to the defendant. To do so would compensate the plaintiff twice for the same breach of contract.

31

## FOURTH ELEMENT - DAMAGES - ATTORNEY FEES AND INTEREST

If you determine that the plaintiff is entitled to damages, you may not include any sum for court costs, expenses, or attorney fees.

Similarly, you may not include any amount for interest. The law automatically provides for interest on a damages award, and the Court will calculate the appropriate amount.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict as to each count must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and l will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, l will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. When you are communicating with me, please do not tell me—or anyone else—how the jury stands numerically until after you have reached a unanimous verdict.